CLERK
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

DEC 4  4 16 PM '03

UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARPAD TOLNAY<br>Plaintiff | :<br>:<br>: |
| V. | : CIVIL NO. 3:02CV1514 (JCH) |
| MELVIN WEARING<br>Defendant | :<br>:<br>: DECEMBER 4, 2003 |

### REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 9(g) of the Local Rules of Civil Procedure, the defendant Melvin Wearing respectfully submits his reply to the plaintiff's opposition to the motion for summary judgment. Briefly, the defendant asserts the following three points:

**1.  Protected and unprotected speech in August 13, 2002 meeting.**

The undisputed fact is that the plaintiff and defendant made numerous statements in the August 13, 2002 meeting. In his memorandum of law in support of summary judgment, the defendant argues that even if some of the plaintiff's statements in the August 13, 2002 were protected under the First Amendment, the unprotected statements he made provided the basis for the plaintiff's suspension. As both parties note, "[w]hether an employee's speech addresses a matter of public concern is a question of law for the court to decide, taking into account the content, form, and context of a given statement as revealed by the whole record." Lewis v. Cowen, 165 F.3d 154, 163 (2d Cir.1999).

If the Court finds that all of the plaintiff's speech and conduct, even the plaintiff's statements as he walked out of the defendant's office on August 13, 2002, involved matters of public concern, there is no question that the defendant is entitled to the Pickering balancing test. See Connick v. Myers, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); Pickering v. Board of Education., 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968).

If the Court finds that only the alleged statements regarding "political corruption" and the plaintiff's denials of wrongdoing were protected, the defendant "may show by a preponderance of the evidence that it would have taken the same adverse employment action even in the absence of the protected conduct." Morris v. Lindau, 196 F.3d 102, 110 (2d Cir.1999).

> To make this determination, courts look to the test set forth in Connick and Pickering v. Board of Ed., 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). Under this test, defendants may offer evidence that the employee's conduct interfered with the employer's effective and efficient fulfillment of its responsibilities to the public to such an extent that the trial court determines that the interest of the employer in providing effective and efficient public services outweighs the employee's First Amendment right to free expression. (internal quotations and citations omitted).

Riccio v. West Haven, 196 F.Supp.2d 181, 186 fn.5 (D.Conn. 2002). Therefore, the Pickering balancing test must be utilized under the facts of this case.

**2.     The defendant is not foreclosed from asserting qualified immunity.**

This Court, in Parsons v. Pond, 126 F.Supp.2d 205, (D. Conn. 2000), held the following with respect to qualified immunity:

> In deciding on qualified immunity, "[a] subjective inquiry into an official's personal belief is rejected in favor of an objective analysis of what a reasonable officer in defendant's position would believe." Cartier v. Lussier, 955 F.2d 841, 843 (2d Cir.1992). As such, the determination of whether the defendants are entitled to qualified immunity "is not a subjective inquiry into their personal motives." Zahra v. Town of Southold, 48 F.3d 674, 687 (2d Cir.1995) (citations omitted); see also Sound Aircraft Servs., Inc. v. Town of E. Hampton, 192 F.3d 329, 334 (2d Cir.1999) ("Because the focus of the qualified immunity inquiry is on the objective reasonableness of the defendant's actions, motivation does not come into play." (citation omitted)). Thus, "[a]llegations of an improper subjective intent are irrelevant, if it could have been objectively reasonable for defendants to believe that their actions did not violate clearly established law." Gittens v. LeFevre, 891 F.2d 38, 42 (2d Cir.1989) (citation omitted). Although a plaintiff may allege an evil or malicious intent on the part of the defendants, "an allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." Cartier, 955 F.2d at 846 (citation and internal quotation marks omitted); see also Sound Aircraft, 192 F.3d at 334 ("Thus, qualified immunity may shield a defendant from liability even when the official conduct is motivated, in part, by hostility to the plaintiff.")

Id., 126 F.Supp.2d at 213, fn.8.

The plaintiff's case is based exclusively on the defendant's subjective motivations and the plaintiff's political speculations. The plaintiff states in his memorandum of law in opposition to the motion for summary judgment that "defendant's actions were driven by an ulterior and improper motive." (Memo. of Law in Opp., p. 24.) While the plaintiff argues that "issues of intent and motivation, in which this case turns, are inappropriate for resolution by way of

3

summary judgment," the plaintiff cites three cases that do not involve government employees or qualified immunity.

While the defendant is aware that subjective motivations in a case such as this are not rejected *per se*, this case is unique because of the various statements made in the August 13, 2002 meeting. Looking objectively, the question is whether a chief of police can suspend an officer for a period of time for ending and walking out of a meeting with the chief even if protected statements were made in the same meeting or at any other time. Heil v. Santoro, 147 F.3d 103 (2d Cir. 1998) is the only Second Circuit case cited by either party that comes close to the facts in this case. The court in Heil held that a chief of police could suspend an officer for unprotected speech and/or conduct even if protected statements were made along with the unprotected speech. Id., 147 F.3d at 109 (2d Cir. 1998). In the qualified immunity analysis, the Court must examine the situation and circumstances **the defendant faced**. See Stephenson v. Doe, 332 F.3d 68, 77 (2d Cir. 2003).

While the plaintiff attempts to distinguish Heil, he cites no other case with facts that come close to the facts of this case. The plaintiff cites O'Brien v. Town of Caledonia, 748 F.2d 403 (7th Cir. 1984) on page 32 of his memorandum of law, but that case is not relevant to the qualified immunity analysis because that analysis requires the Court to look to the law in this circuit. See Sound Aircraft Services, Inc. 192 F.3d at 337. Even if O'Brien was in this circuit, there is no evidence in that case suggesting O'Brien made unprotected statements along with

4

his protected statements. The plaintiff also relies heavily on Vasbinder v. Ambach, 926 F.2d 1333 (2d Cir.1991) to establish that defendant should have known that his conduct was unlawful under the First Amendment.[1] In Vasbinder, the defendants argued that unsatisfactory job evaluations provided the basis for discipline and not any protected speech. That is not the scenario in this case.

The defendant asserts that the manner in which the plaintiff ended the meeting consisted of unprotected speech. The plaintiff has not disputed that assertion. The defendant also stresses that the plaintiff's unprotected speech and conduct provided a valid basis for discipline. The plaintiff does not dispute that argument either. While the plaintiff disputes the **type** of discipline imposed and the motivations behind it, nowhere in his opposition papers does he deny that his unprotected speech provided a valid basis for any discipline. As such, the defendant was not barred from imposing discipline because the plaintiff engaged in protected speech when the defendant heard other speech and observed conduct that disrupted the August 13, 2002 meeting. The defendant is entitled to qualified immunity.

3.  **Defendant's disciplinary history.**

The plaintiff states that he should not have received a 10-day suspension when other officers allegedly committed more egregious violations of police regulations and did not receive 10-day suspensions. In support of his argument on pages 20 through 22, he relies on

---

[1] It must be noted that Judge Kearse delivered the opinions in Vasbinder and Heil.

disciplinary memoranda the defendant issued for other police officers for various violations of police rules and regulations. This premise is flawed for two reasons. One, the plaintiff's conduct was directed at the defendant. In none of the disciplinary memoranda of other officers provided in discovery did the respective officer engage in conduct or speech directed to the defendant, the head of a paramilitary organization.

Two, the defendant did not personally observe the other police officers when they violated police rules and regulations. In other instances, the defendant had to make determinations of credibility without personal knowledge of what actually happened. Here, the conduct took place right in front of the defendant.

The August 13, 2002 meeting was like no other confrontation that the defendant had with any other police officer. The defendant concedes that a 10-day suspension is not normally imposed as a method of discipline. But the plaintiff must concede that what happened on August 13, 2002, with specific attention to his own speech and conduct, was extraordinary. The defendant, the head of a paramilitary organization, is charged with the discipline of police officers. It is his determination, not the plaintiff's, of what violations of police rules and regulations merit a particular form of discipline. Therefore, the plaintiff's reliance on the defendant's pattern of discipline is misplaced.

WHERFORE, the defendant respectfully moves this Court to grant its motion for summary judgment.

THE DEFENDANT

By _____
Jonathan H. Beamon
Assistant Corporation Counsel
City of New Haven
165 Church Street, 4th Floor
New Haven, CT 06510
Telephone: (203) 946-7958
Federal Bar No. ct22937
E-Mail:jbeamon@newhavenct.net

## CERTIFICATION

I hereby certify that a copy of the foregoing Reply to Opposition to Motion for Summary Judgment has been mailed or delivered on December 4, 2003 to the following:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street
Suite 307
New Haven, CT 06510

_____
Jonathan H. Beamon