UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARPAD TOLNAY | : |
| Plaintiff, | : |
| | : Civil No. 3:02CV1514 (JCH) |
| V. | : |
| MELVIN WEARING | : |
| | : November 24, 2003 |
| Defendant. | : |

### PLAINTIFF'S LOCAL RULE 56 (a)2 STATEMENT
### OF MATERIAL FACTS IN DISPUTE

Pursuant to Rule 56(a)2 of the Local Rules of Civil Procedure, the plaintiff hereby responds to defendant's Local Rule 56(a) 1 Statement of Material Facts Not in Dispute and submits a counter statement of material facts in dispute. In response to defendant's Statement, the plaintiff responds as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted in part. The transcript of plaintiff's deposition testimony indicates, that at this particular point in the meeting with the defendant, plaintiff said "I think that I am done, and I think I need legal counsel".

14. Admitted in part. The plaintiff testified that Lieutenant Bombalicki asked him to sit down and then asked him to wait outside the room for him.

15. Admitted.

16. Admitted.

17. Admitted that this is what the defendant "stated" in his deposition.

18. Admitted.

19. Denied.

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE

1. Whether the defendant sought to harass and punish the plaintiff for effecting a lawful arrest and did so for improper political purposes.

2. Whether defendant sought to harass and punish the plaintiff for authoring and generating reports recounting criminal behavior by leaders of a church whose members constitute a

2

voting block for New Haven's mayor.

3. Whether the defendant sought to harass and punish the plaintiff on account of his generation of a written report wherein he recounted his decision to forego enforcing the law against one of the church leaders in still another incident where this individual was breaking the law for fear of retribution because of the individual's political connection to city hall.

4. Whether the defendant sought to harass and punish the plaintiff for his expression of opinion that another high-ranking police official, one Captain Francisco Ortiz, improperly intervened in plaintiff's law enforcement duties with respect to these religious leaders and sought to chill plaintiff from future enforcement of the laws against these religious leaders.

5. Whether the City of New Haven's mayor appeared before the congregation of the church led by the arrestees and apologized for the actions of the plaintiff in arresting two of their leaders for the purpose of currying political favor of church members.

6. Whether the defendant Wearing, either on the direct orders or for the purpose of staying in the good graces of, the mayor of the City New Haven exercised improper influence on the Superior Court's disposition of the criminal charges against the religious leaders by pressuring a supervisory state's attorney to nolle the charges.

7. Whether the defendant's denial that his personal appearance at Superior Court and contact with the prosecuting authority was for the purpose of influencing the outcome of the prosecution is credible.

8. Whether the defendant, well aware that the arrest action by the plaintiff was lawful and proper, sought to fabricate and orchestrate a pretext under which he could discipline and punish the plaintiff or his lawful actions and protected expression of opinion.

9. Whether the defendant scheduled a meeting with the plaintiff to discuss plaintiff's enforcement actions against the religious leaders for the sole purpose of devising and orchestrating a pretext under which he could punish the plaintiff for protective activity.

10. Whether, during his meeting with plaintiff, defendant repeatedly interrupted the plaintiff and refused to permit plaintiff to defend his conduct in arresting the religious leaders.

11. Whether during his meeting with plaintiff, defendant raised his voice, yelled at the plaintiff and engaged in abusive and insulting conduct, all designed to bait the plaintiff into admitting he had engaged in wrongdoing.

12. Whether the defendant, at being unsuccessful in baiting the plaintiff to make a seeming admission of wrongdoing, alternatively engaged in abusive, insulting and menacing conduct in an attempt to provoke the plaintiff to exhibit a response which would provide the defendant with a pretext under which he could discipline plaintiff.

4

13. Whether the defendant's imposition of a 10 day suspension of the plaintiff for the misconduct alleged was unprecedented in the department and disproportionate to punishment imposed in cases involving comparable and more serious misconduct.

14. Whether the defendant has imposed less severe punishment on other officers who in fact have committed misconduct of a like or more serious nature.

15. Whether the defendant refused to discipline other officers who were arrested and charged with crimes, engaged in public disturbances, hurled ethnic slurs and engaged in conduct unbecoming an officer.

16. Whether defendant Wearing established a pattern and practice of selective discipline within the department based upon improper and unlawful factors.

17. Whether defendant refused to discipline another officer who was deemed by her supervisors to have lied and otherwise refused to answer questions put to her by superior officers regarding the legitimacy of her bereavement leave and fabricated a death notice in an attempt to avoid discipline for taking paid leave after lying about a death in her family.

18. Whether, in interrogating and disciplining the plaintiff, defendant was motivated by a desire to cut off and chill any further speech by plaintiff and others on the issue of official corruption in the management of the department's affairs.

LAW OFFICES OF KAREN LEE TORRE • 51 ELM STREET, SUITE 307, NEW HAVEN, CONNECTICUT 06510 • TEL: (203) 865-5541

THE PLAINTIFF
ARPAD TOLNAY

BY: *[signature]*
Karen Lee Torre
Fed. Bar No. 01707
51 Elm Street, Suite 307
New Haven, CT 06150
Tel.203-865-5541
FAX:(203) 865-4844

His Attorney

### CERTIFICATION

I hereby certify that a copy of the foregoing was hand delivered on this 24th day of November, 2003, to

Jonathan H. Beamon, Esq.
Assistant Corporation Counsel
Office of the New Haven Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510

*[signature]*
KAREN LEE TORRE

LAW OFFICES OF KAREN LEE TORRE • 51 ELM STREET, SUITE 307, NEW HAVEN, CONNECTICUT 06510 • TEL: (203) 865-5541