**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **ARPAD TOLNAY** : | |
| Plaintiff : | |
| : | |
| V. : | **CIVIL NO. 3:02CV1514 (EBB)** |
| : | |
| **MELVIN WEARING** : | |
| Defendant : | **NOVEMBER 22, 2005** |

**MEMORADUM OF LAW IN SUPPORT OF MOTION IN LIMINE RE:**
**DEFENDANT'S DISCIPLINARY ACTIONS AGAINST POLICE OFFICERS**

Pursuant to Rules 402 and 403 of the Federal Rules of Evidence, the defendant hereby moves this Court, in limine, to preclude the plaintiff from offering evidence regarding other New Haven police officers who have been disciplined for the same violations he was disciplined for.

I.   **ISSUE PRESENTED**

Counsel for the defendant expects plaintiff to introduce evidence of the defendant's past disciplinary actions toward other police officers for "insubordination" and "conduct contrary to good order", among other violations, to demonstrate an improper motive on the part of the defendant when he suspended the plaintiff for the same violations.

II.   **LAW AND ARGUMENT**

   A.   **Evidence**

"[Rule 402 of the Federal Rules of Evidence] states as follows: All relevant evidence is admissible, except as otherwise provided ....  Evidence which is not relevant is not admissible." U.S. v. Yousef, 327 F.3d 56, 157 fn. 70 ($2^{d.}$ Cir 2003) (internal quotation marks omitted). "Under Federal Rule of Evidence 403, relevant evidence may be excluded if its probative value

is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Id. At 121.

### B. Any Evidence of Other Disciplinary Actions Must be Limited to Individuals Who Engaged in Similar Conduct.

A plaintiff may prove that retaliation was a "substantial" or "motivating" factor behind an adverse employment action either "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by defendant." Gordon v. New York City Bd. Of Educ., 232 F.3d 111, 117 (2d Cir. 2000).

There is no direct evidence of discriminatory animus in this case. The plaintiff will attempt to demonstrate indirectly that the disparate treatment of other police employees is evidence of the defendant's improper motives. However, the plaintiff is not similarly situated to the other police officers that the plaintiff plans to introduce at trial because none of those officers were insubordinate to the chief in the chief's presence. As such, any evidence of other officers who have been disciplined must be limited to officers who were insubordinate to the chief in the chief's presence because those are the circumstances involved in this case.

To allow evidence of any disciplinary action not limited to individuals who engaged in similar conduct as the plaintiff did is prejudicial to the defendant. Further, a comparison of the disciplinary actions against police officers who did not engage in similar conduct as the plaintiff is not relevant. Such a comparison would confuse the issues and may mislead the jury.

### III.   CONCLUSION

For the above stated reason, the defendant respectfully requests this Court to grant his Motion in Limine.

THE DEFENDANT

/s/_____
Jonathan H. Beamon
Assistant Corporation Counsel
City of New Haven
165 Church Street, 4th Floor
New Haven, CT  06510
Phone:  (203) 946-7958
Fax: (203) 946-7942
Federal Bar No. ct22937
E-mail: jbeamon@newhavenct.net

### C E R T I F I C A T I O N

I hereby certify that a copy of the foregoing Motion in Limine re: Defendant's Disciplinary Actions Against Police Officers been mailed, postage prepaid, on November 22, 2005 to the following:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street
New Haven, CT 06510

Robert A. Rhodes, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880-4739

/s/_____
Jonathan H. Beamon