UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARPAD TOLNAY<br>    Plaintiff | :<br>:<br>: |
| V. | :  CIVIL NO. 3:02CV1514 (EBB) |
| | :<br>: |
| MELVIN WEARING<br>    Defendant | :<br>:  NOVEMBER 22, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO QUASH SUBPOENA &
MOTION IN LIMINE RE:
TRIAL TESTIMONY OF MAYOR JOHN DESTEFANO, JR.**

The defendant hereby moves this Court, in limine, to preclude the testimony of Mayor John DeStefano, Jr. in the trial of this case pursuant to Rules 402 and 403 of the Federal Rules of Evidence. The defendant further moves this Court to quash the subpoena directed to the Mayor dated October 27, 2005.

I.   **FACTUAL BACKGROUND**

Briefly, the plaintiff alleges that in an effort to curry political favor with church members in the Hispanic community, the Mayor apologized at the Second Star of Jacob Church for the arrest of Rev. Armando Hernandez and Rev. Daniel Rodriguez, and the Mayor interfered with the arrest and prosecutorial process by causing the charges to be

withdrawn. (Complaint, ¶16-18.) The plaintiff also alleges that the defendant was appointed by, reports and is accountable to the Mayor. (Complaint, ¶15.)

## II. LAW AND ARGUMENT

### A. Evidence

"The trial court has considerable discretion in determining whether to admit or exclude evidence . . . and to exclude even relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or confusion, or by its cumulative nature." (Citations omitted.) Gierlinger v. Gleason, 160 F.3d 858, 871 (2d Cir. 1998).

### B. The Mayor's Testimony is Irrelevant, Unnecessary and Cumulative

The Mayor is not a named party to this action, nor is he a witness to the July 26, 2002 incident with Reverend Armando Hernandez and Reverend Daniel Rodriguez, the August 3, 2002 incident with Rodriguez, the August 13, 2002 meeting with the defendant and plaintiff and the August 15, 2002 meeting with the defendant and plaintiff.

At his deposition, the Mayor testified that he knows Hernandez and Rodriguez, as well as other clergy members in New Haven. He testified that he apologized at the church for the July 26, 2002 arrest on his own behalf, not for the New Haven Department of Police Service. He testified that he told the defendant that "he wished something other

than an arrest could have been done", but he has no recollection of telling or ordering the defendant to do anything to the plaintiff. He testified that he did not speak to the State's Attorney about the plaintiff. (See Deposition of John DeStefano, Jr., May 2, 2003, attached hereto as Exhibit A.)

The Mayor's has no first-hand knowledge of any relevant event in this case. Counsel for the defendant expects plaintiff's counsel to inquire about the Mayor's relationship with the Second Star of Jacob Church and its members and why he apologized for the July 26, 2002 arrests. That inquiry is irrelevant because the Mayor did not perform any adverse action against the plaintiff and there is no evidence that the Mayor told the defendant to take any adverse action against the plaintiff.

Further, the Mayor is not a party to this action and his motives are not on trial. His testimony could be prejudicial to the defendant if members of the jury disagree with the Mayor's actions in this case and decide to attribute the Mayor's actions with those of the defendant. In addition, the Mayor's testimony may also confuse the jury as to who the jury should find liable. Because the plaintiff alleges that the defendant retaliated against the plaintiff, it is cumulative and unnecessary to inquire about the motives of an individual who is not a party in this case. Therefore, the Mayor should be precluded from testifying in this case.

### C. The Mayor is a High Ranking Official and the Substance of his Testimony Can Be Obtained From Other Sources

"In general, a party may only obtain the deposition of a high-level government official by showing that official has particularized first-hand knowledge that cannot be obtained from any other source." L.D. Leasing Corp., Inc. v. Crimaldi, 1992 WL 373732 (E.D.N.Y.); see Marisol A. v. Giuliani, 1998 WL 132810 (S.D.N.Y.)(cases attached as Exhibit B.) "The purpose of this rule is not only to leave officials free to conduct government business . . . but also to protect the mental processes of executive and administrative officers in order [to] promote open channels of communication within government." (Citations omitted.) Id.

In L.D. Leasing Corp., Inc., David Dinkins, the Mayor of New York City, was precluded from testifying at a deposition and at trial because he lacked first-hand knowledge of the facts and circumstances surrounding the plaintiff's cause of action. In this case, the Mayor DeStefano's deposition was taken. However, that deposition did not yield any information that cannot be obtained from other sources. If a mayor can be precluded from a deposition on that basis, surely, he or she should be precluded from testifying at trial where the rules of evidence are much more restrictive.

## III. CONCLUSION

For the above stated reasons, the defendant respectfully moves this Court to grant his Motion in Limine and Motion to Quash Subpoena.

THE DEFENDANT

/s/ _____
Jonathan H. Beamon
Assistant Corporation Counsel
City of New Haven
165 Church Street, 4th Floor
New Haven, CT 06510
Phone: (203) 946-7958
Fax: (203) 946-7942
Federal Bar No. ct22937
E-mail: jbeamon@newhavenct.net

# CERTIFICATION

I hereby certify that a copy of the foregoing Memorandum of Law in Support of Motion in Limine re: Trial Testimony of Mayor John Destefano, Jr. has been mailed, postage prepaid, on November 22, 2005 to the following:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street
New Haven, CT 06510

Robert A. Rhodes, Esq.
Halloran & Sage. LLP
315 Post Road West
Westport, CT 06880-4739

/s/ _____
Jonathan H. Beamon

# EXHIBIT A

OFFICE OF THE CORPORATION COUNSEL · CITY OF NEW HAVEN
165 Church Street, New Haven, CT 06510
Telephone (203) 946-7958 · Facsimile (203) 946-7942 · Juris No. 42715

# **EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARPAD TOLNAY<br>**Plaintiff** | :<br>:<br>: |
| V. | :    CIVIL NO. 3:02CV1514 (EBB) |
| MELVIN WEARING<br>**Defendant** | :<br>:    NOVEMBER 21, 2005 |

### DEFENDANT'S MOTION TO QUASH SUBPOENA & MOTION IN LIMINE RE: TRIAL TESTIMONY OF MAYOR JOHN DESTEFANO, JR.

The defendant hereby moves this Court to quash the subpoena directed to Mayor John DeStefano, Jr. dated October 27, 2005. In addition, the defendant moves this Court, in limine, to preclude the testimony of Mayor John DeStefano, Jr. in the trial of this case. Pursuant to Rules 402 and 403 of the Federal Rules of Evidence, the potential testimony of Mayor DeStefano is irrelevant, unnecessary and cumulative.

The defendant has filed the attached Memorandum of Law in Support of the motions.

**ORAL ARGUMENT IS NOT REQUESTED**

THE DEFENDANT

/s/_____
Jonathan H. Beamon
Assistant Corporation Counsel
City of New Haven
165 Church Street, 4th Floor
New Haven, CT 06510
Phone: (203) 946-7958
Fax: (203) 946-7942
Federal Bar No. ct22937
E-mail: jbeamon@newhavenct.net

## CERTIFICATION

I hereby certify that a copy of the foregoing Motion to Quash Subpoena and Motion in Limine re: Trial Testimony of Mayor John Destefano, Jr. has been mailed, postage prepaid, on November 21, 2005 to the following:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Robert A. Rhodes, Esq.
Halloran & Sage. LLP
315 Post Road West
Westport, CT 06880-4739

/s/_____
Jonathan H. Beamon