UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | |
|    Plaintiff | : | |
| | : | |
| V. | : | CIVIL NO. 3:02CV1514 (EBB) |
| | : | |
| MELVIN WEARING | : | |
|    Defendant | : | NOVEMBER 23, 2005 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION IN LIMINE RE: TESTIMONY OF CHIEF FRANCISCO ORTIZ**

Pursuant to Rules 402 and 403 of the Federal Rules of Evidence, the defendant hereby moves this Court, in limine, to limit the scope of testimony from Chief Francisco Ortiz to events that took place in August 2002.

**I.    ISSUE PRESENTED**

Counsel for the defendant expects plaintiff to introduce evidence of Chief Francisco Ortiz's involvement with Reverend Daniel Rodriguez after the plaintiff's suspension in August 2002. Counsel expects plaintiff to introduce evidence surrounding an arrest of Rev. Rodriguez's son in October 2002 and Rodriguez's lobbying for Chief Ortiz to become chief after the defendant Melvin Wearing retired in 2003.

## II.  LAW AND ARGUMENT

### A.  Evidence

"[Rule 402 of the Federal Rules of Evidence] states as follows: All relevant evidence is admissible, except as otherwise provided ....  Evidence which is not relevant is not admissible."  U.S. v. Yousef, 327 F.3d 56, 157 fn. 70 (2$^{d.}$ Cir 2003) (internal quotation marks omitted).  "Under Federal Rule of Evidence 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  Id. at 121.

"The trial court has considerable discretion in determining whether to admit or exclude evidence . . . and to exclude even relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or confusion, or by its cumulative nature." (Citations omitted.)  Gierlinger v. Gleason, 160 F.3d 858, 871 (2d Cir. 1998).

### B.  Chief Ortiz's Testimony Regarding Events After August 2002 is Irrelevant.

Chief Ortiz is not a named party to this action, nor is he a witness to the July 26, 2002 incident with Reverend Armando Hernandez and Reverend Daniel Rodriguez.  After he sent a memorandum to the defendant on or about August 8, 2002 regarding the August 3, 2002 incident with the plaintiff and Rodriguez, he had no further role in the

case. He was not present at the August 13, 2002 meeting with the defendant and plaintiff nor was he present at the August 15, 2002 meeting with the defendant and plaintiff.

Counsel for the defendant expects plaintiff's counsel to inquire about the Chief's role in an October 2002 arrest of Reverend Daniel Rodriguez's son, as well as Rodriguez's public lobbying for Chief Ortiz to become chief in 2003. Chief Ortiz is not a party and his actions concerning Rodriguez after the plaintiff's suspension in August 2002 are irrelevant to this case. Therefore, the Chief's testimony should be limited to his involvement with the case as of August 2002.

### III.    CONCLUSION

For the above stated reasons, the defendant respectfully requests this Court to grant his Motion in Limine.

THE DEFENDANT

/s/_____
Jonathan H. Beamon
Assistant Corporation Counsel
City of New Haven
165 Church Street, 4th Floor
New Haven, CT  06510
Phone:  (203) 946-7958
Fax: (203) 946-7942
Federal Bar No. ct22937
E-mail: jbeamon@newhavenct.net

## **C E R T I F I C A T I O N**

I hereby certify that a copy of the foregoing Memorandum of Law in Support of Motion in Limine re: Testimony of Chief Francisco Ortiz has been mailed, postage prepaid, on November 23, 2005 to the following:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street
New Haven, CT 06510

Robert A. Rhodes, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880-4739

/s/_____
Jonathan H. Beamon