**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ARPAD TOLNAY | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 3:02CV1514 (EBB) |
| | : | |
| MELVIN WEARING | : | |
| Defendant | : | NOVEMBER 29, 2005 |

**JOINT TRIAL MEMORANDUM**

1.  <u>TRIAL COUNSEL:</u>

    Plaintiff:                           Karen Lee Torre, Esq.
                                         Law Offices of Karen Lee Torre
                                         51 Elm Street, Suite 307
                                         New Haven, CT  06510
                                         Tel No. (203) 865-5541
                                         Fax No. (203) 865-4844
                                         Federal Bar No. #ct01707
                                         E-Mail: ktorre@choiceonemail.com

    Defendant:                          Jonathan H. Beamon, Esq.
                                         Assistant Corporation Counsel
                                         City of New Haven
                                         165 Church Street
                                         New Haven, CT 06510
                                         Tel. No. (203) 946-7958
                                         Fax No. (203) 946-7942
                                         Federal Bar No #ct22937
                                         E-mail: jbeamon@newhavenct.net

*OFFICE OF THE CORPORATION COUNSEL · CITY OF NEW HAVEN*
*165 Church Street, New Haven, CT 06510*
*Telephone (203) 946-7958 · Facsimile (203) 946-7942 · Juris No. 42715*

1

Robert A. Rhodes, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880-4739
Phone:  (203) 227-2825
Fax:  (203) 227-6992
Federal Bar No. #ct13583
E-Mail: rhodes@halloran-sage.com

**2.    JURISDICTION:**

Jurisdiction of the Court is invoked under 42 U.S.C. §1983.

**3.    JURY/NON-JURY:**

This case is to be tried to the jury.

**4.    LENGTH OF TRIAL:**

Five to seven days. The Court has granted plaintiff's motion to make an opening

statement.  The defendant will make a brief opening statement.

**5.    FURTHER PROCEEDINGS:**

The defendant has filed motion in limine

**6.    NATURE OF CASE:**

The plaintiff claims he was retaliated against for exercising his First Amendment

right to free speech when the defendant suspended him.   The defendant was acting in

his official capacity but is sued only in his individual capacity.  During all times mentioned

in plaintiff's Complaint, the defendant was acting under color of law, that is, under color of

the constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the State of Connecticut and the City of New Haven.

7.    **PLAINTIFF'S CONTENTIONS:**

The plaintiff police officer claims the defendant police chief suspended him from employment and subjected him to other adverse actions as punishment for the exercise of First Amendment rights. The plaintiff attempted twice to take neutral law enforcement action against two New Haven residents with strong political ties to the city's Mayor, and, in connection with such activity, expressed orally and in writing his concerns that improper political influence impeded officers' enforcement of the law against the Mayor's political supporters. Plaintiff alleges that the defendant interfered with the arrest and prosecution process by exercising improper influence on the prosecuting authority and gaining thereby a dismissal of all charges against the Mayor's political supporters. In the wake of public controversy over the arrests and the plaintiff's own expression of opinion, the defendant retaliated against the plaintiff with adverse actions with the aim of punishing plaintiff's speech and chilling the plaintiff's future exercise of expressive rights. Plaintiff further alleges that defendant's course of conduct was designed to discourage him and fellow officers from taking enforcement actions against those known to be political supporters of the Mayor. Plaintiff alleges that he suffered embarrassment,

*165 Church Street, New Haven, CT 06510*
*Telephone (203) 946-7958 · Facsimile (203) 946-7942 · Juris No. 42715*

3

emotional distress, and professional and reputational injury.   Plaintiff's alleges that defendant's acts were willful, malicious and/or committed in reckless disregard of plaintiff's constitutional rights.

**8.    DEFENDANTS' CONTENTIONS:**

The defendant denies the material allegations of the plaintiffs' complaint which allege that he retaliated against the plaintiff for exercising his First Amendment right to speak on matters of public concern.   The defendant asserts that he suspended the plaintiff for walking out of a meeting with him and for disrespect.

**9.    LEGAL ISSUES**:

A.    Was the plaintiff retaliated against for exercising his First Amendment right to speak on matters of public concern?

B.    Is the defendant entitled to qualified immunity for his actions in this case?

The plaintiff disagrees that qualified immunity is a jury issue and furthermore, the issue of entitlement to qualified immunity was disposed of by the court's ruling denying summary judgment to defendant.

**10.    TRIAL BY MAGISTRATE JUDGE:**

Not applicable.

**11.    LIST OF WITNESSES:**

*OFFICE OF THE CORPORATION COUNSEL · CITY OF NEW HAVEN*
*165 Church Street, New Haven, CT 06510*
*Telephone (203) 946-7958 · Facsimile (203) 946-7942 · Juris No. 42715*

4

5

For the Plaintiff:  See attached list.

The plaintiff reserves the right to call any of the defendant's witnesses.

Defendants' Witnesses:

a)    Melvin Wearing, One Union Avenue, New Haven, CT 06519. Former Chief Wearing will testify as to his knowledge and/or participation in the events that are enumerated in plaintiff's complaint.

b)    Arpad Tolnay, One Union Avenue, New Haven, CT 06519.  Officer Tolnay will testify as to his knowledge and/or participation in the events that are enumerated in plaintiff's complaint.

c)    Scott Nabel, One Union Avenue, New Haven, CT 06519.  Mr. Nabel will testify as to his knowledge and/or participation in the events that are enumerated in plaintiff's complaint.

d)    Leo Bombalicki, One Union Avenue, New Haven, CT 06519.  Lt. Bombalicki will testify as to his knowledge and/or participation in the events that are enumerated in plaintiff's complaint.

e)    Jaime Sanchez (Abate), One Union Avenue, New Haven, CT 06519. Office Sanchez will testify as to her knowledge and/or participation in the events that are enumerated in plaintiff's complaint.

*OFFICE OF THE CORPORATION COUNSEL · CITY OF NEW HAVEN*
*165 Church Street, New Haven, CT 06510*
*Telephone (203) 946-7958 · Facsimile (203) 946-7942 · Juris No. 42715*

5

f)     Francisco Ortiz, One Union Avenue, New Haven, CT 06519.  Chief

Ortiz will testify as to his knowledge and/or participation in the events that

are enumerated in plaintiff's complaint.


The defendants reserve the right to call any of the plaintiff's witnesses.

**12.**     **<u>EXHIBITS:</u>**

Plaintiffs' Exhibits: See attached list.

Defendants' Exhibits:

1.     Memorandum from Chief Wearing dated August 16, 2002

2.     Wearing's summary of incident.

   **<u>Plaintiff's objection:</u> The document is a self-serving account by
   defendant of the event.  Since defendant will be testifying at
   trial, a written account in addition to his oral testimony would
   be cumulative and improper.**

3.     Plaintiff's 2002 attendance controller

   **<u>Plaintiff's objection:</u> The document was just disclosed on
   November 28, 2005 (yesterday) and was not previously
   disclosed during discovery although it fell within the scope of
   three separate discovery requests which plaintiff served on
   defendant under date of April 3, 2003.**

4.     Payroll records re: overtime plaintiff earned in 2002

*OFFICE OF THE CORPORATION COUNSEL · CITY OF NEW HAVEN*
*165 Church Street, New Haven, CT 06510*
*Telephone (203) 946-7958 · Facsimile (203) 946-7942 · Juris No. 42715*

6

**Plaintiff's objection: Same objection as that asserted to Exhibit 3 above.**

5.    Agreement resolve grievance dated October 16, 2003

**Plaintiff's objection: Same objection as that asserted to Exhibit 3 above.  In addition, the agreement is irrelevant to the issue whether defendant subjected plaintiff to retaliatory adverse actions in violation of 42 U.S.C. § 1983.  Moreover, the content of the document suggests the parties entered into the grievance compromise on the good faith and mutual understanding that the compromise would not be used by either party as precedent or in any other proceeding.  Counsel for the parties have discussed this issue and are in the process of coming to terms on a stipulation of fact to be conveyed to jurors which will serve to satisfy the need to eliminate from jury consideration any out-of-pocket financial loss suffered by plaintiff which was mitigated by partial reimbursement by the City of New Haven.  If such stipulation is reached, the exhibit will be unnecessary.**

6.    Letter from Wearing to Tolnay dated August 14, 2002

7.    Letter from Wearing to Abate and Tolnay dated August 9, 2002

8.    Memorandum from Ortiz to Wearing re: Citizens Complaint dated

August 8, 2002

9.    Memo from Tolnay to Ortiz dated August 3, 2002

10.    Photos of Chief's Office

11.    Certified Mayoral Election Results in New Haven, 2001 and 2003

The parties reserve the right to offer any of the respective parties' exhibits, to offer rebuttal exhibits for impeachment purposes and to supplement their exhibit list prior to trial.

**13.    TRIAL TO JURY:**

Stipulations of Fact and Law:

a)    That at all times mentioned in plaintiff's complaint, the defendant was Chief of the New Haven Department of Police Service.

b)    That at all times mentioned in plaintiff's complaint, the defendant was acting under color of law.

**14.    ANTICIPATED EVIDENTARY PROBLEMS:**

The parties will exchange exhibit notebooks prior to trial.    The parties will exchange lists of exhibits to which they do not object to full admission into evidence by the trial date.

*OFFICE OF THE CORPORATION COUNSEL · CITY OF NEW HAVEN*
*165 Church Street, New Haven, CT 06510*
*Telephone (203) 946-7958 · Facsimile (203) 946-7942 · Juris No. 42715*

8

The defendant has filed three motions in limine regarding the trial testimony of John DeStefano, evidence regarding other disciplinary measures taken by the defendant and the trial testimony of Chief Francisco Ortiz.

**15.    PROPOSED VOIR DIRE QUESTIONS:**

Both parties filed their Proposed Voir Dire Questions on or about November 10, 2005.

**16.    PROPOSED JURY INSTRUCTIONS:**

The plaintiff's Proposed Jury Instructions are being filed separately with this Memorandum.  Plaintiff's proposed verdict form is attached hereto.

The defendants' Proposed Jury Instructions are attached to this Memorandum. Defendant will submit a proposed verdict form shortly or before trial.

THE PLAINTIFF


BY:/s/_____
Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT  06510
Tel No. (203) 865-5541
Fax No. (203) 865-4844
Federal Bar No. #ct01707

*OFFICE OF THE CORPORATION COUNSEL · CITY OF NEW HAVEN*
*165 Church Street, New Haven, CT 06510*
*Telephone (203) 946-7958 · Facsimile (203) 946-7942 · Juris No. 42715*

9

THE DEFENDANT

BY:/s/_____
Jonathan H. Beamon
Assistant Corporation Counsel
City of New Haven
165 Church Street, 4th floor
New Haven, CT  06510
Phone:  (203) 946-7958
Fax:  (203) 946-7942
Federal Bar No. #ct22937
E-Mail: jbeamon@newhavenct.net

BY:/s/_____
Robert A. Rhodes, Esq.
Halloran & Sage
315 Post Road West
Westport, CT 06880-4739
Phone:  (203) 227-2825
Fax:  (203) 227-6992
Federal Bar No. #ct13583
E-Mail: RHODES@halloran-sage.com

*OFFICE OF THE CORPORATION COUNSEL · CITY OF NEW HAVEN*
*165 Church Street, New Haven, CT 06510*
*Telephone (203) 946-7958 · Facsimile (203) 946-7942 · Juris No. 42715*

10