UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | |
|    Plaintiff | : | |
| | : | |
| V. | : | CIVIL NO. 3:02CV1514 (EBB) |
| | : | |
| MELVIN WEARING | : | |
|    Defendant | : | DECEMBER 1, 2005 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION IN LIMINE RE: TESTIMONY OF DAVID NEWMAN**

Pursuant to Rules 402 and 403 of the Federal Rules of Evidence, the defendant hereby moves this Court, in limine, to limit the scope of testimony from David Newman to events that took place in August 2002 relative to the instant lawsuit.

I.  **ISSUE PRESENTED**

David Newman, a prosecutor for the Office of State's Attorney, was deposed on October 17, 2003 regarding his decision to nolle the charges against Armando Hernandez and Daniel Rodriguez, among other topics, on or about August 1, 2002. Counsel for the defendant has become aware on November 30, 2005 that David Newman was suspended for improper practices in unrelated matters to this case.

## II.  LAW AND ARGUMENT

### A.  Evidence

"[Rule 402 of the Federal Rules of Evidence] states as follows: All relevant evidence is admissible, except as otherwise provided .... Evidence which is not relevant is not admissible." U.S. v. Yousef, 327 F.3d 56, 157 fn. 70 (2$^{d.}$ Cir 2003) (internal quotation marks omitted). "Under Federal Rule of Evidence 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Id. at 121.

"The trial court has considerable discretion in determining whether to admit or exclude evidence . . . and to exclude even relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or confusion, or by its cumulative nature." (Citations omitted.) Gierlinger v. Gleason, 160 F.3d 858, 871 (2d Cir. 1998).

### B.  David Newman's Testimony Regarding Events After August 2002 is Irrelevant and Prejudicial to the Defendant.

Briefly, Newman's suspension and related proceedings are irrelevant in this case. His testimony should be limited to his actions on or about August 1, 2002 with regard to the arrests of Hernandez and Rodriguez. There are no allegations that the defendant has anything to do with Newman's suspension and the jury should not hold

any of Newman's actions against the defendant.  In addition, any possible probative value of the introduction of evidence surrounding Newman's suspension is greatly outweighed by the unfair prejudice to the defendant.

III.    **CONCLUSION**

For the above stated reasons, the defendant respectfully requests this Court to grant his Motion in Limine.

                                        THE DEFENDANT

                                        /s/_____
                                        Jonathan H. Beamon
                                        Assistant Corporation Counsel
                                        City of New Haven
                                        165 Church Street, 4th Floor
                                        New Haven, CT  06510
                                        Phone:  (203) 946-7958
                                        Fax: (203) 946-7942
                                        Federal Bar No. ct22937
                                        E-mail: jbeamon@newhavenct.net

## **C E R T I F I C A T I O N**

I hereby certify that a copy of the foregoing Memorandum of Law in Support of Motion in Limine re: Testimony of David Newman was hand delivered on December 1, 2005 to the following:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Robert A. Rhodes, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880-4739

/s/_____
Jonathan H. Beamon