UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARPAD TOLNAY : | |
| : | |
| Plaintiff, : | |
| : | Civil No. 3:02CV1514 (EBB) |
| V. : | |
| : | |
| MELVIN WEARING : | |
| : | November 30, 2005 |
| Defendant. | |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO QUASH SUBPOENA AND MOTION IN LIMINE
RE: TRIAL TESTIMONY OF MAYOR JOHN DeSTEFANO, JR.**

**I.   BACKGROUND**

Defendant, former New Haven Police Chief Melvin Wearing, moves to preclude the testimony at trial of Mayor John DeStefano, Jr. and by extension to quash the subpoena requiring DeStefano's appearance at trial. For the reasons which follow, the motion is entirely without merit and should be denied.

**II.   ARGUMENT**

While it is certainly understandable that the Mayor should wish to avoid taking the witness stand, the fact remains that the Mayor's political relationships and alliances are highly relevant to the conduct of his appointed Police Chief. Simply put, this case is all about politics and alleged influence peddling, and the role these factors played in the adverse employment

actions suffered by this plaintiff police officer.

Indeed, the court's extensive ruling denying defendant's motion for summary judgment reveals the court's rejection of defendant's constrained view of the case and its understanding that a "cohesive analysis of the claims" must include the entire picture, including the highly charged political context in which the events leading to the actionable conduct occurred. See Ruling on Motion for Summary Judgment at p. 2. Among other things, plaintiff's First Amendment claim is premised on the allegation that defendant was motivated to harm him on account of his expressions regarding perceived political interference with police duties and sought further to chill Tolnay from engaging in further criticisms or expressive conduct. Tolnay is charged with the burden of proof and the defendant and Mayor DeStefano seek to undercut Tolnay's ability to meet his burden by precluding the very "background scenario" leading to the parties' August 13, 2002 meeting which resulted in the adverse actions against the plaintiff. Included in the background scenario, of course, is the plaintiff's arrest of two individuals alleged to have strong political ties to the Mayor and who are valuable vote-getters for him. Proof regarding this relationship is not only relevant but essential.

Apart from relevance, the defendant and the Mayor make the further claim that the Mayor's testimony is "unnecessary" and that the "substance" of his anticipated testimony can be obtained from other sources. This argument is utterly meritless. Among many other facts, it is undisputed that without speaking to Tolnay or his fellow officers involved in the arrest (or the

2

citizens whose complaints prompted dispatch of police to the site of the arrest) the defendant, a political appointee of the Mayor, took the unprecedented step of appearing at Superior Court and exerting influence on the prosecutor to drop the charges against the arrestees.  Six days later, the Mayor appeared before the Congregation of the Second Star of Jacob Church, publicly apologized for Officer Tolnay's conduct and received, and no doubt enjoyed, thunderous applause.  The Mayor never spoke with Officer Tolnay nor the other officers involved to get their side of the story before embarrassing and besmirching them in public and in the press.

Despite the nolle of the charges, the arrestees nevertheless went ahead with a protest and march on the New Haven police station which involved 1,000 members and supporters of the Church and its leaders.  The march was allowed by Chief Wearing despite the leaders' failure to gain the required permit.  While Mayor DeStefano in his deposition would not concede his presence at the protest, plaintiff intends to show at trial that the Mayor's denials in this regard are incredible.

While the defendant and the Mayor claim that these facts can be established without the Mayor's appearance at trial, interestingly enough they do not suggest how this can be accomplished. Without the Mayor's testimony at trial, exactly how is the plaintiff to prove the very political connections upon which the constitutional claims are predicted?  Melvin Wearing will no doubt claim a lack of personal knowledge of the Mayor's relationship with the arrested ministers.  He will likewise claim a lack of personal knowledge respecting any contact the

3

ministers had with the Mayor regarding these events prior to the date discipline was imposed on the plaintiff. Wearing will likewise deny personal knowledge of the influence these arrestees had in the Mayor's selection of Wearing's successor, Chief Francisco Ortiz, whose political self-interest and alliance with the arrestees is part of the background scenario. The Mayor's choice of Ortiz as the successor to Wearing, the evidence shows, was a selection urged upon the Mayor by the arrestees. Neither Melvin Wearing nor any other witness is competent to attest to that alleged fact. Finally, the Mayor's reliance on L.D. Leasing Corp., Inc., 1992 WL 373732 (E.D.N.Y.) is wholly inapposite to the instant case. A review of that holding reveals that former New York City Mayor David Dinkins was relieved from attending a deposition for reasons which bear no resemblance to the instant facts. Mayor Dinkins was relieved not only because he had no firsthand knowledge relating to the facts at issue in that case but for the additional reasons that: 1) the facts sought to be established by the deposition of Dinkins were already established by the deposition of several other witnesses; and 2) the examination of the Mayor would relate to the enactment of a local law and thus implicated applicable case law precluding the "prob[ing] of mental processes" in the legislative and executive process. Id. at *1 citing United States v. Morgan, 313 U.S. 409, 422 (1941).

In the instant case, the essential predicate facts cannot be established by another witness nor will the examination of Mayor DeStefano involve, by any stretch of the imagination, a

4

probing of his "mental processes" in connection with the enactment of legislation.[1] For like reasons, defendant's reliance on Marisol v. Guliani, 1998 WL 132810 (S.D.N.Y.) is equally unavailing. In that case, the court found that the information sought by a discovery deposition of the Mayor could have been obtained through other sources. Id. at *4. Moreover, as in Dinkins, the court found that the examination would involve a probing of the Mayor's mental and deliberative processes involved in his executive decision-making on promulgation of city policy. Id. at *7-8. In the instant case, no serious claim can be made that the conduct of the Mayor relevant in this case involved any such activity. If anything, the opposite is true in that the defendant is accused of taking action in accord with the perceived political self-interest of the Mayor unrelated to the Mayor's executive responsibilities to the public.

## III.    CONCLUSION

For all of the foregoing reasons, the Motion should be denied.

---

[1] It is also worth noting that the Dinkins case involved a discovery deposition. Since depositions are designed as a tool to discover the existence of admissible evidence, as such, they can constitute a burden for a high government official. In contrast, we are now on trial in this case and the relevance of the Mayor's testimony has been fully developed.

THE PLAINTIFF

BY_____
KAREN LEE TORRE
Federal Bar No. ct01707
51 Elm St., Suite 307
New Haven, CT 06510
Tel. 203-865-5541
Fax. 203-865-4844
His Attorney

CERTIFICATION

      A copy of the foregoing was delivered by facsimile, on this 30th day of November, 2005, to:

Jonathan H. Beamon, Esq.
(203)946-7942

_____
KAREN LEE TORRE