UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARPAD TOLNAY | : |
|     Plaintiff | : |
| |   Civil No.  3:02CV1504 (EBB) |
| V. | : |
| MELVIN WEARING | : |
| | November 30 , 2005 |
|     Defendant | : |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION IN LIMINE RE:**
**TESTIMONY OF CHIEF FRANCISCO ORTIZ**

**I.    BACKGROUND**

Defendant seeks to preclude all evidence of Chief Francisco Ortiz's involvement with the Reverend Daniel Rodriguez after the plaintiff's August, 2002 suspension. The scope of defendant's motion includes evidence of any political lobbying by Rodriguez for the selection of Ortiz as the new Police Chief upon defendant's retirement. Defendant's motion is based entirely on the argument that the evidence is irrelevant under Rule 402.  The motion is without merit and should be denied.

**II.   ARGUMENT**

Defendant argues that Ortiz is not a party.  This is hardly persuasive.  Ortiz is a relevant witness and, like any other witness, any facts or matter which go to his credibility and bias are clearly relevant.  As this court's ruling denying defendant's motion for summary judgment clearly shows, Ortiz was a key figure in the events which unfolded in this case. Plaintiff alleges that his lawful arrest of two of Mayor DeStefano's biggest political supporters, and plaintiff's expressions of opinion

regarding the conduct of city officials in the wake of the arrest, were unlawful factors in the adverse actions which befell him.  An element of the proof of this claim, among others, is the allegation of the extent to which these arrestees wield political clout with the city administration.  The summary judgment record, including the extensive deposition transcripts, establish Mayor DeStefano's questionable denials of these claims.  The defendant of course likewise denies that the arrestees' political muscle played a role in his challenged conduct.  Unless Francisco Ortiz takes the witness stand and fully admits these facts, plaintiff is entitled to challenge the credibility of any denials, express or hedged, with evidence that Ortiz has behaved in a manner consistent with the possession and wielding of political clout by these arrestees and that evidence would include favorable treatment he accords these arrestees in exchange for their political support.  Indeed, as this court noted in its earlier ruling, part of plaintiff's expressive conduct, to which the court accorded First Amendment protection, involved plaintiff's criticism of Ortiz and his role in impeding plaintiff's neutral enforcement of the law against the Mayor's political supporters.  Connecting the political dots in this case is not a difficult task.  Tolnay alleges that the arrested ministers had strong political ties to Mayor DeStefano and were considered by the Mayor to be highly-valued patrons and vote-getters for him.  Per the city's charter, one gains the office of Police Chief by political appointment of the Mayor.  Ortiz is alleged to have had political ambitions to succeed Wearing upon his expected retirement.  With the arrested Ministers known to wield extensive political clout with the Mayor, Ortiz's self-interest, it is claimed, drove his conduct in collaboration with the defendant in retaliating against

Officer Tolnay.

Granting defendant's motion would severely and unfairly undercut Tolnay's overall proof and his claims as it would allow Wearing and Ortiz to mislead jurors by the exclusion of compelling evidence of the falsity of their denials. At best, defendant's motion is premature. If Francisco Ortiz admits under cross-examination that he has and is willing to bend the law for Messrs. Hernandez and Rodriguez because of their political clout, plaintiff will be satisfied and would be quite willing to forego evidence of examples of this conduct. But since it appears improbable that such an admission will be offered, the motion must be denied.

Respectfully submitted:

THE PLAINTIFF
ARPAD TOLNAY


BY: _____
Karen Lee Torre
Fed. Bar No. 01707
51 Elm Street, Suite 307
New Haven, CT 06150
Tel.203-865-5541
FAX:(203) 865–4844
His Attorney

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was hand-delivered on this 30th day of November, 2005, to:

Jonathan H. Beamon, Esq.
Assistant Corporation Counsel
Office of the New Haven Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT  06510

_____
KAREN LEE TORRE