UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARPAD TOLNAY | : |
|     Plaintiff | : |
| | Civil No.  3:02CV1504 (EBB) |
| V. | : |
| MELVIN WEARING | : |
| | November 30 , 2005 |
|     Defendant | : |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE RE: DEFENDANT'S DISCIPLINARY ACTIONS AGAINST POLICE OFFICERS**

Defendant seeks to preclude as irrelevant evidence related to disciplinary action he took as Police Chief against other police officers unless the officers' conduct is a mirror image of the conduct for which Tolnay was disciplined.  Once again, as with defendant's other motions in limine, his argument finds no support in case law and is in fact contradicted by this court's sound reasoning in its ruling denying defendant's motion for summary judgment.  In that ruling, the court aptly noted defendant's disciplinary practices with respect to other officers and employees who were disciplined for offenses falling into the general category of insubordinate or disruptive conduct, or other unprofessional behavior unbecoming a member of the department.  The court also took note of what it clearly considered relevant evidence of defendant's practices with respect to other more serious offenses by officers in connection with which Wearing took no action. See Ruling On Motion For Summary Judgment at p. 24, n. 21.  This court also relied on the testimony of Union official Leo Bombalicki, who is familiar with the department's disciplinary patterns and practices and states on

personal knowledge that the discipline imposed on Tolnay was highly excessive, unprecedented and a clear departure from established practice. See Ruling at p. 24. A review of this court's ruling shows the court's understanding of the relevance of this evidence as probative of the credibility of Wearing's claim that Tolnay's conduct deserved not only discipline, but the level of severity of the discipline imposed. All of this evidence goes to Wearing's credibility.

It is simply counter-intuitive to suggest that Wearing's tolerance of undisputably more serious offenses, some of a shocking nature, is of no relevance to Wearing's claim that he in good faith severely disciplined Tolnay for behaving disrespectfully in a meeting. To preclude this type of evidence would afford Wearing an advantage before the jury which he should not have, as the omission of the evidence would serve to mislead jurors, and the case law does not countenance it.

Moreover, it is axiomatic in employment trials that each case is different and presents its own unique set of facts and therefore no bright line rule should be applied respecting the admissibility of a defendant's disciplinary practices.

Simply put, the jury is to decide in this case whether retaliatory animus played a role in the defendant's decision both to discipline Tolnay and to discipline him severely. Evidence that Wearing takes no action against other officers who engage in must more serious conduct is highly relevant to the credibility of Wearing's claim and the jury should not be deprived of evidence needed to judge the credibility of this defendant.

For the foregoing reasons, and for those set forth in the court's ruling denying defendant's

motion for summary judgment, defendant's motion in limine should be denied.

          Respectfully submitted:

          THE PLAINTIFF
          ARPAD TOLNAY

BY: _____
          Karen Lee Torre
          Fed. Bar No. 01707
          51 Elm Street, Suite 307
          New Haven, CT 06150
          Tel.203-865-5541
          FAX:(203) 865–4844
          His Attorney

**CERTIFICATION**

      I hereby certify that a copy of the foregoing was faxed on this 30th day of November, 2005, to:

Jonathan H. Beamon, Esq.
Assistant Corporation Counsel
Office of the New Haven Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT  06510

                                            _____
                                            KAREN LEE TORRE