UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARPAD TOLNAY                            :

      Plaintiff,                    :

                                    :    Civil No.   3:02CV1514 (EBB)
V.                                      :

MELVIN WEARING                          :

      Defendant.                    :    December 6, 2005

**PLAINTIFF'S PROPOSED JURY CHARGE[1]**

I.    <u>INTRODUCTION</u>

You have now heard all of the evidence in this case. I shall now instruct you concerning the law

applicable to the case.  After that, you will hear the arguments of counsel and then you will return

to the jury room to deliberate in accordance with these instructions.  You must take the law as I

give it to you and if any attorney or any witness or exhibit has stated a legal principle

different from any that I state to you in my instructions, it is my instructions that you must follow.

The instructions as a whole constitute the law of this case and must be applied as a

whole; you should not single out any one instruction.  Regardless of any opinion you may have

as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict

upon any view of the law other than the instructions of the court. It would also be a violation of

---

[1]Taken from jury charge delivered by Honorable Janet Bond Arterton in <u>Arlio v. Lively</u>, No.
3:03CV02013 (JBA).

your sworn duty if you were to base any finding of fact on anything other than the evidence presented to you in this case. In deciding the facts, you must not be swayed by bias or prejudice for or against any party. All persons stand equal before the law and are to be dealt with as equals in a court of justice. You are also not to be swayed by sympathy. You should be guided solely by the evidence presented during trial, without regard to the consequences of your decision. You have been chosen to try the issues of fact and reach an impartial verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.

II.     ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide should be drawn from the facts you determine, and you weigh the evidence. No one may invade your province or function as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. You may review your notes for this purpose, but your notes are for your use only and not to be read or used by others.

III.    <u>CONDUCT OF COUNSEL</u>

It is the duty of the attorney on each side of the case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence.

4

IV.    <u>WHAT IS AND IS NOT EVIDENCE</u>

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence and the stipulations. It is the witnesses' answers that are evidence. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness agreed with it, you may find those facts to be true, but you may not consider it to be true simply because it was in the lawyer's question. Testimony that has been excluded by the court is also not evidence and may not be considered by you in rendering your verdict. Arguments by lawyers are not evidence because the lawyers are not witnesses. What they have said to you in their closing statements is intended to help you understand the evidence from their viewpoint in reaching your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls. Moreover, what I may have said during the trial or what I may convey in these instructions is not evidence and my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen. The fact that the plaintiff has brought suit against the defendant does not mean that he has suffered the wrong that he claims. The plaintiff must prove his case, and you may not attach any weight to the mere fact that allegations of wrongdoing have been made.

V.    WITNESS CREDIBILITY - GENERAL

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony. How do you determine truthfulness? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor - that is, his or her carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he or she says it that moves us. You should use all the tests for truthfulness that you would use in determining matters of importance to you in your every day life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear and know the things about which he or she testified, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of his or her testimony, its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony. Always remember that in assessing a witness's testimony you should use your common sense, your good judgment and

your own life experience.

VI.    <u>INTERESTED WITNESSES</u>

In evaluating the credibility of the witnesses in this case, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome may create a motive to testify falsely or inaccurately in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering has an interest in the outcome of this trial, you should bear that in mind when evaluating the credibility of his or her testimony, and accept it with great care. Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

VII.    <u>TESTIMONY OF POLICE OFFICERS</u>

The testimony of a police officer is entitled to no special suspicion or credibility simply because the witness is a police officer. A police officer who takes the witness stand subjects his or her testimony to the same examination and the same tests as any other witness. The testimony of people employed by the government, including police officers, is entitled to neither greater nor less credibility than the testimony of any other witness. As with any other witness, it is exclusively the province of the jury to give the testimony of a police officer the credibility it deserves.

VIII.    <u>IMPEACHMENT OF WITNESS</u>

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony. You may find an apparent inconsistency justified or unjustified. It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves. If a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness's testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

IX.     DIRECT & CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly use in reaching your verdict.  One type of evidence is direct evidence.  Direct evidence is when a witness testified about something he or she knows by virtue of his or her own senses - something he or she has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit.  Circumstantial evidence is evidence that tends to prove a disputed fact through proof of other facts.  For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  There are no windows in the courtroom and therefore you cannot look outside.  As you were sitting here assume someone walked in with an umbrella which was dripping wet.  Then assume a few minutes later another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact. But based on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.  You infer a fact from other facts using your reason and experience and common sense.  Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all the evidence presented.

X.    EVIDENCE ADMITTED FOR LIMITED PURPOSE

You will recall that some evidence was admitted during the course of this trial for a limited purpose only. Any such testimony or evidence which I identified as being received for a limited purpose you are to consider only as it relates to the limited issue for which it was allowed. You shall not consider such testimony and evidence in finding any other facts or as to any other issue. This instruction relates to three categories of evidence. First, with regard to the newspaper articles or portions thereof that were marked as plaintiff's exhibits 3, 5, 6 and 7, you will recall that when these exhibits were introduced, I instructed you that they were not being admitted for the truth of the matters contained therein but for the limited purpose of showing that the July 26, 2002 incident and the reaction to it was the subject of newspaper coverage. What that means is that you are not to consider any of the statements in the articles to be facts which you can consider in deciding this case. Further, there was evidence that the suspension and consequent loss of pay, was, 1 year and 2 months later, reduced and the plaintiff was reimbursed for 5 days pay. You are not to consider or speculate about the circumstances under which this occurred but are only to consider the reimbursement and the timing of it in considering one aspect of plaintiff's damage claims, which is out of pocket economic loss.

XI.    INFERENCE DEFINED

Attorneys use the term "inference" and in their arguments they may have asked you to infer, on the basis of your reason, experience and common sense, from established facts, that some other fact exists. An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist. There are times when different inferences may be drawn from facts. The plaintiff asks you to draw one set of inferences, while the defendant asks you to draw another. It is for you, and you alone, to decide what inferences you will draw. The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw - but not required to draw - from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience. However, no inference may be drawn from the mere fact that the plaintiff has filed this lawsuit.

13

## XII.    BURDEN OF PROOF

In civil actions, such as this one, the plaintiff bears the burden of proving each essential element of his or her claims by a preponderance of the evidence. I should point out that the burden of proof differs in civil cases from the burden of proof in criminal cases. In criminal cases, the burden of proof is proof beyond a reasonable doubt. That is not the standard here. In civil cases, the burden of proof is proof by a preponderance of the evidence. To prove by a preponderance of the evidence means to prove that something is more likely true than not true. If one side proves a fact by a preponderance of the evidence, that means the evidence it has presented has more convincing force than the opposing evidence and produces in your minds a belief that what is sought to be proved is more likely true than not true. It might be helpful to imagine a pair of scales in equal balance. Imagine that you can put the plaintiff's evidence on one side of the scale and the defendant's evidence on the other side of the scale. If the scales tip ever so slightly in favor of the plaintiff, then his evidence preponderates, and he has sustained his burden of proof. If the scales tip the other way, ever so slightly in favor of the defendant, then, obviously, the plaintiff has not sustained his burden of proof. Should you feel that the scales are evenly balanced, that neither party's evidence outweighs the other, then the plaintiff has failed to meet his burden of proving his case by a preponderance of the evidence, and the defendant prevails.

14

XIII.   PLAINTIFF'S SECTION 1983 CLAIMS

Tolnay has brought this lawsuit to obtain redress for what he contends was retaliation against him

for his exercise of his First Amendment right to freedom of expression. The law under which

plaintiff's claims arise, Title 42, Section 1983 of the United States Code provides that a plaintiff

may seek money damages against a person or persons who under the authority of state law,

deprived that plaintiff of any rights protected by the Constitution or laws of the United States.

Title 42 of the United States Code § 1983 says:

> Every person who, under color of any statute, ordinance,
> regulation, custom or usage of any State or Territory or the
> District of Columbia, subjects or causes to be subjected, any citizen
> of the United States or other person within the jurisdiction thereof
> to the deprivation of any rights, privileges or immunities secured
> by the constitution and laws, shall be liable to the party injured in
> an action at law, suit in equity or other proper proceeding for
> redress.

Acting under color of law means "under pretense of law" and simply means acting in one's

capacity as a public officer at the time of the acts complained of. In this case, there is no question

that the defendant, Melvin Wearing, was acting in his capacity as Chief of Police at the time of the

incidents that gave rise to this lawsuit. Thus, it is undisputed by the parties that he was acting

under color of law.  You must thus consider this element to have been proven.

XIV.  <u>INTENT</u>

As you consider the evidence presented to you on the constitutional claims, I instruct you that it is not necessary to find that the defendant had any specific intent to deprive the plaintiff of his constitutional rights. The plaintiff need only show that the defendant intended to commit the acts which resulted in a violation of the plaintiff's rights. Thus, in order to render a verdict in the plaintiff's favor, you need only find that the defendant intended his acts, not that he intended to violate constitutional rights.

## XV.    FIRST AMENDMENT RETALIATION CLAIM

The plaintiff, Arpad Tolney, claims that the defendant, Melvin Wearing, retaliated against him for engaging in activity protected by the First Amendment, which guarantees the rights to freedom of expression.  Specifically, Officer Tolnay alleges that the defendant suspended him from his employment, reassigned him to less desirable duty and forced him to undergo sensitivity/ diversity training because of concerns or opinions Officer Tolnay had expressed  regarding his belief that political considerations and influence were improperly affecting his neutral enforcement of the laws.  He alleges that, under the pretext of disciplining him for alleged insubordination, the defendant in fact retaliated against him because of protected First Amendment expression contained in Tolnay's case incident report concerning the August 3, 2002 motor vehicle stop involving Daniel Rodriguez; Tolnay's defense of his conduct during his August 13, 2002 meeting. with defendant concerned professional conduct on July 26 and August 3; and Tolnay's statements and opinion regarding the conduct of then-Captain Francisco Oritz, as expressed by  Tolnay in his case-incident report and in the August 13th meeting with defendant.  Officer Tolnay alleges that the defendant's actions were motivated in whole or in part by a desire to both punish Officer Tolnay for his expressions and opinion and to discourage Officer Tolnay and other officers from further speech on the issue.


Officer Tolnay is a government employee, and to prove his claim that he was unlawfully subjected to discipline and adverse actions in retaliation for First Amendment-protected activity, he must

demonstrate:

1.  That he engaged in speech or association which is protected under the First Amendment;

2.  That he suffered an adverse employment action; and

3.  That his protected activity was a motivating factor in the adverse employment actions taken by defendant.

**First Element: Protected Activity**

Whether the speech Officer Tolnay engaged in, and which he alleges motivated the defendant to take adverse action against him, is constitutionally protected is not an issue that you will decide. It is a legal determination which the Court makes. I instruct you Officer Tolnay's statements and expressions of opinion were and are protected by the First Amendment. Thus, if you find that Officer Tolnay expressed concerns and opinions that his ability to enforce the law neutrally was impeded by the conduct of his superiors and the political counseling of those involved in incidents requiring police response and further, that the inquiry into his conduct on July 26, and August 3, 2002 by the defendant was motivated by improper political consideration, then Officer Tolnay will have proved that he engaged in constitutionally protected speech.

**Second Element: Adverse Employment Action**

The second element of the First Amendment claim requires proof that plaintiff suffered an adverse employment action. A suspension from employment is an adverse employment action, and it is undisputed that the defendant Lively suspended Officer Tolnay. Thus you must consider the second element to have been proved by the plaintiff and this element required no finding by you. With respect to the defendant's reassignment of Officer Tolnay to detention duty for seven months, this is a factual issue for you to decide. A transfer or reassignment may under our laws constitute an adverse employment action if the plaintiff proves that the reassignment even though it provides the same rate of pay, is undesirable, involves less challenging or prestigious duties, inferior working conditions or environment or carries a professional stigma, you must determine whether, on the whole, the reassignment constitutes a negative change in the plaintiff's overall working conditions. In deciding the factual issues, you should consider all the testimony, including plaintiff's testimony regarding his subjective view of the reassignment and testimony regarding how assignment to Detective is viewed in the culture of the police department.

**Third Element: Motivating Factor**

In deciding whether the adverse actions were motivated by the plaintiff's protected activity, you must keep in mind the following legal principles and definitions. A motivating factor is a factor which plays a substantial role in a person's decision to undertake a certain action. A motivating factor need not be the sole factor which drives a defendant's conduct. The defendant may have taken action for many different reasons, so an improper motivating factor can be one of several factors and can be joined with a lawful factor. You may find that more than one factor played a role in the defendant's conduct. If so, then you must determine whether one of the motivating reasons was the plaintiff's protected activity as defined in the First Element. If you find that plaintiff's protected activity was a substantial factor in the defendant's decision to suspend him, then the plaintiff will have proved this element. If you find that the plaintiff has not proved that his protected activity was a motivating factor in defendant's decision to suspend the plaintiff, then you must find for the defendant on this count. You may find, for example, based on the evidence, that the defendant was indeed motivated to discipline Officer Tolnay for what the defendant viewed as Officer Tolnay's insubordination. Such a finding, however, does not dispose of the claim. You may still find that but for Officer Tolnay's protected activity, the plaintiff would not have been subjected to the same level of discipline or to any discipline at all.

21

**Defense: Same Decision**

The defendant, Melvin Wearing, denies any improper motivation in this regard and claims that he suspended Officer Tolnay for insubordination based on Officer Tolnay's behavior at the August 13, 2002 meeting. Officer Tolnay, on the other hand, claims that the defendant's stated reasons are a pretext, that is, that the defendant's reasons are a cover for what was in reality an impermissible desire to retaliate against and punish the officer because of his protected speech regarding politically-motivated law enforcement decisions in New Haven. What the defendant's actual motivations were is for you and you alone to determine using the criteria for evaluating the witnesses that I have already described to you earlier in this instruction.

If you find that the defendant in taking action against Officer Tolnay, was motivated by Tolnay's protected activity, then you must consider the defendant's affirmative defense that he would have made the same decision and taken the same actions against Officer Tolnay even if Tolnay had not engaged in protected activity. On this affirmative defense, the defendant, not the plaintiff, bears the burden of proof. The defendant is required to prove by a preponderance of the evidence that he would have taken action against Tolnay even without considering Tolnay's protected activity. This defense is not proved merely by showing that the defendant had other, valid reasons for suspending and reassigning Officer Tolnay. It is a defense only if the defendant would have acted for those other reasons in the absence of Officer Tolnay's protected activity. Therefore, if the defendant offers other, valid reasons for taking action against Officer Tolnay, the defendant must further show that he would have acted on those reasons in the same way. If the

22

defendant shows by a preponderance of the evidence that he would have reached the same decision without considering the plaintiff's protected activity, then you must find in favor of the defendant. If the defendant fails to meet his burden of proof on this affirmative defense, you must find for the plaintiff on this count.

## XVI.    COMPENSATORY DAMAGES

I shall now instruct you on the issue of damages. If you find for the plaintiff on liability on his claim, then you must decide how much, if any, damages to award. The fact that I am instructing you concerning damages does not mean that I have any opinion as to whether the defendant should in fact be held liable. If you find the defendant liable, it is for you, in the exercise of your best judgment, to say what is just and fair compensation for the injuries or consequences you found proved to have resulted. There is no fixed formula for you to apply. However, you should not speculate or guess as to damages, and under no circumstances should you let sympathy, bias, or prejudice affect your consideration of the law and the evidence. It is the plaintiff's burden to prove each element and item of damage. It is not the defendant's burden to disprove them. The plaintiff must prove each element of damages by a preponderance of the evidence. Plaintiff Tolnay is entitled to be compensated for those damages, if any, that he has proved by a preponderance of the evidence were proximately caused by a defendant's unlawful actions. "Compensatory damages" means what the plain meaning of the words suggest -- namely the damages necessary to compensate the plaintiff for the injury proved to have been inflicted by the defendant. They are meant to compensate both for economic and non-economic losses. In other words, the purpose of a compensatory damage award is to place the injured plaintiff in as good a condition or position as he would have been if the employment actions had not occurred. You may include within this figure compensation for the emotional harm to the plaintiff, including emotional distress or pain, humiliation, personal indignity, embarrassment, professional reputational injury, fear, anxiety

24

and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future. In your determination of the damages to be awarded to the plaintiff, you must first determine that there is a causal connection between the actions of defendant and the actual injuries you find. The defendant's actions must have been a substantial factor in bringing about the harm Officer Tolnay says he suffered. Therefore, if you find that anything else caused the plaintiff's injuries, then you must conclude that the plaintiff has failed to satisfy his burden of proof of damages.

XVII.  <u>NOMINAL DAMAGES</u>

If you find that the defendant violated Officer Tolnay's First Amendment rights by retaliation, but you find that the plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of ten dollars.

## XVIII. PUNITIVE DAMAGES

In addition to damages compensating Officer Tolnay for his injuries, you may, but need not, assess punitive damages against the defendant. You may award punitive damages if the plaintiff proves that the defendant's conduct was malicious and reckless, not merely unreasonable. An act is malicious and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the action on the safety and rights of others. The purposes of punitive damages are to punish a defendant for malicious, intentional or shocking conduct and to set an example in order to deter him and others from committing similar acts in the future. Punitive damages are intended to protect the community and to be an expression of the jury's indignation at the misconduct. Awarding punitive damages is within your discretion; you are not required to award them. If you decide to award punitive damages, you must use sound reason in setting the amount; it must not reflect bias, prejudice, or sympathy toward any party. But the amount may be as large as you believe necessary to fulfill the purposes of punitive damages. Even if you determine that the plaintiff has suffered no actual injury, you may, but need not, award him punitive damages over and above nominal damages.

## CONCLUSION

Your verdict must be unanimous and represent the considered judgment of each juror. Each of you must make your own decision, but you must consider impartially all the evidence and the views of your fellow jurors. It is your duty to consult with one another and to deliberate with a view toward reaching an agreement if you can do so consistent with the individual judgment of each juror. Until a verdict is agreed to by each juror, it is not a unanimous

verdict. In the course of your deliberations, do not hesitate to re-examine your individual view, or to change your opinion, if the deliberations and the views of your fellow jurors convince you it is erroneous. However, you should not surrender your honest convictions as to the facts as you find them or as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict. Remember at all times you are not partisan, rather you are the judges of the facts and your sole interest is to seek the truth from the evidence in the case. Upon retiring to the jury room you should first elect one among you to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. After you have retired to begin your deliberation, you are not to leave your jury room without first notifying the marshal, who will escort you. No deliberation may take place without all jurors being present.

EXPLANATION OF VERDICT FORM

You will take this verdict form to the jury room and answer the questions asked. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date and sign the verdict form. Then inform the marshal that you have reached a verdict. You are about to go into the jury room to begin your deliberations. You will have exhibits with you. If you want any of the testimony read, you must request that. Please remember that it is not always easy to locate what you might want, so be as specific as possible in your request. Your requests for testimony and, in fact, any communication with the court should be made to me in writing, signed by your foreperson, and given to one of the marshals. I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally. I must also caution you that in your communications with the court you should never specify your numerical division at any time.  It is proper to add a final caution. Nothing that I have said in these instructions -- and nothing that I have said ordone during the trial -- has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility. Thank you.

Respectfully submitted:

BY: _____

Karen Lee Torre
Fed. Bar No. 01707
51 Elm Street, Suite 307
New Haven, CT 06150
Tel.203-865-5541
FAX:(203) 865-4844
His Attorney

## CERTIFICATION

I hereby certify that a copy of the foregoing was hand-delivered on this 6th day of December, 2005, to:

Jonathan H. Beamon, Esq.
Assistant Corporation Counsel
Office of the New Haven Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT  06510

_____

KAREN LEE TORRE

30