IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | CIVIL ACTION NO. |
|     Plaintiff | : | 3:02-CV-1514 (EBB) |
| | : | |
| V. | : | |
| | : | |
| MELVIN WEARING | : | |
|     Defendant | : | DECEMBER 28, 2005 |

## MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT'S MOTION FOR REMITTITUR

Jonathan H. Beamon, Esq.
CT Fed. Bar No. 22937
Assistant Corporation Counsel
**OFFICE OF THE NEW HAVEN
 CORPORATION COUNSEL**
165 Church Street, 4th Floor
New Haven, CT 06510
Tel:    (203) 946-7958
Fax:    (203) 946-7942
E-Mail: JBeamon@Newhavenct.net

Robert A. Rhodes, Esq.
CT Fed. Bar No. 13583
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
Tel:    (203) 227-2855
Fax:    (203) 227-6992
E-Mail: Rhodes@halloran-sage.com

and

John B. Farley, Esq.
CT Fed. Bar No. 02239
Ralph W. Johnson III, Esq.
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT  06103
Tel:    (860) 522-6103
Fax:    (860) 548-0006
E-Mail: Johnsonr@halloran-sage.com

*Counsel for the Defendant,
Melvin Wearing*

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................................... 1

STANDARD OF REVIEW ......................................................................................... 1

ARGUMENT ............................................................................................................... 2

    IN THE ALTERNATIVE, THE COURT SHOULD ORDER A
    REMITTITUR ON THE NONECONOMIC AND PUNITIVE
    DAMAGES AWARDS ..................................................................................... 2

CONCLUSION ............................................................................................................ 3

## PRELIMINARY STATEMENT

The defendant, Melvin Wearing, the former Chief of Police for the City of New Haven, submits this memorandum of law in support of his motion, in the alternative, for a remittitur. In further support of his motion, Chief Wearing has submitted an appendix of exhibits (1 through 46). For the reasons set forth below, if the Court does not grant judgment as a matter of law in favor of Chief Wearing or a new trial, it should give the plaintiff the option of accepting a substantially reduced award of noneconomic, compensatory damages and a substantially reduced award of punitive damages or submitting to a new trial.

Chief Wearing has submitted memoranda of law in support of his motion for judgment as a matter of law and motion for a new trial. Those memoranda brief the issues relevant to this motion in detail. Accordingly, those memoranda are incorporated by reference.

## STANDARD OF REVIEW

Remittitur is the process by which a court compels a plaintiff to choose between reduction of an excessive verdict and a new trial. Earl v. Bouchard Trans. Co. Inc., 917 F.2d 1320, 1328 (2d Cir. 1990). A district court has the authority to enter a conditional order of remittitur, compelling a plaintiff to choose between reduction of an excessive verdict and a new trial, where the award is intrinsically excessive in the sense of being greater than the amount a reasonable jury could have awarded, although the surplus cannot be ascribed to a particular, quantifiable error. Bracey v. Board of Educ. of City of Bridgeport, 368 F.3d 108, 119 n.9 (2d Cir. 2004).

One of the objectives to consider for a standard for calculating remittitur is the ability to enable the parties to avoid the delay and expense of a new trial when a jury award is "intrinsically excessive." Earl, 917 F.2d at 1328. In addressing the standard, the Second Circuit

has recognized that a district court should remit a jury's award to the maximum amount that would be upheld by the district court as not excessive. Id. at 1330.

## ARGUMENT

### IN THE ALTERNATIVE, THE COURT SHOULD ORDER A REMITTITUR ON THE NONECONOMIC AND PUNITIVE DAMAGES AWARDS

As demonstrated in detail in Chief Wearing's memoranda of law in support of judgment as a matter of law and for a new trial, the jury's award of noneconomic, compensatory damages "emotional distress damages," $150,000 and its award of punitive damages, $5 million, was: (1) not supported by the evidence and (2) constitutionally excessive under BMW of N. Am., Inc. v. Gore, 517 U.S. 559 (1996) and State Farm Mut. Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003). Moreover, under the standard applied by the Second Circuit, the awards at issue are "were so extreme as to "shock" the judicial conscience and constitute a denial of justice. O'Neil v. Krzemski, 839 F.2d 9, 13 (2d Cir. 1988). They are also "intrinsically" excessive.

Consequently, to the extent the Court does not order a new trial outright, it should substantially reduce the $150,000 award of noneconomic compensatory damages and the $5 million award of punitive damages and offer the plaintiff the opportunity to accept that remittitur in lieu of a new trial.

## CONCLUSION

For the foregoing reasons and those set forth in detail in Chief Wearing's other memoranda of law, if the Court does not grant Chief Wearing's motion for judgment as a matter of law or his motion for a new trial outright, it should grant his motion for remittitur.

Dated: December 28, 2005                                    Respectfully submitted,

                                                            DEFENDANT
                                                            MELVIN WEARING


                                                    By: _____

Jonathan H. Beamon, Esq.                            Robert A. Rhodes, Esq.
CT Fed. Bar No. 22937                               CT Fed. Bar No. 13583
Assistant Corporation Counsel                       **HALLORAN & SAGE LLP**
**OFFICE OF THE NEW HAVEN**                         315 Post Road West
  **CORPORATION COUNSEL**                           Westport, CT 06880
165 Church Street, 4th Floor                        Tel:    (203) 227-2855
New Haven, CT 06510                                 Fax:    (203) 227-6992
Tel:    (203) 946-7958                              E-Mail: rhodes@halloran-sage.com
Fax:    (203) 946-7942
E-Mail: Jbeamon@Newhavenct.net                              and

                                                    John B. Farley, Esq.
                                                    CT Fed. Bar No. 02239
                                                    Ralph W. Johnson III, Esq.
                                                    CT Fed. Bar No. 15277
                                                    **HALLORAN & SAGE LLP**
                                                    One Goodwin Square
                                                    225 Asylum Street
                                                    Hartford, CT 06103
                                                    Tel:    (860) 522-6103
                                                    Fax:    (860) 548-0006
                                                    E-Mail: johnsonr@halloran-sage.com

                                                    His Attorneys

3

## **CERTIFICATION**

     This is to certify that on this 28th day of December, 2005, a copy of the foregoing was caused to be mailed via U.S. Mail to:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06150

                                                                            Ralph W. Johnson, III

773181_1.DOC