UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARPAD TOLNAY                                    :
                                               :
          Plaintiff,                           :
                                               :     Civil No.   3:02CV1514 (EBB)
V.                                             :
                                               :
MELVIN WEARING                                 :
                                               :     January 11, 2006
          Defendant.

**PLAINTIFF'S OBJECTION TO DEFENDANT'S
MOTION TO CORRECT/SUPPLEMENT RECORD**

Under date of December 28, 2005, the defendant filed a motion by which he seeks to file a

pleading post-judgment in this case and have the court consider it to have been filed on December

8, 2005.  Defendant seeks something unusual, which is a retroactive filing.  Accordingly, defendant

cites no Rule of Civil Procedure nor any case authority in support of his motion.  Nor does defendant

attach a memorandum of law in support of his motion.

Plaintiff objects to this motion for these reasons, namely, that neither the rules nor any case

authority appear to allow for this.  By defendant's admission, he did not file the pleading with the

Clerk of the Court but instead showed it to the Court during an informal Chambers conference.  The

pleading is attached to defendant's motion as Exhibit "A".  A review of defendant's exhibit "Exhibit

A," however, shows that it is a document entitled "Jury Interrogatories" which 1) bears the wrong

docket number and 2) is undated.[1]

Defendant's motion also contains the affidavit of Attorney Robert A Rhodes attached as Exhibit 1. While the undersigned certainly has no reason to contest any of the representations in that affidavit, the fact remains that the undersigned counsel is unable to ascertain with certainty whether defendant's Exhibit A is in fact a true and accurate copy of what was presented in chambers. First, the undersigned she actually was served with a copy of the pleading during the chambers conference. The undersigned's recollection is that she reviewed whatever version of it defense counsel had presented to the court. In reviewing Exhibit A attached to defendant's December 28, 2005 motion, the undersigned cannot attest that it is the same version as presented in the chambers conference. Moreover, due to the obvious omissions in the document, including the absence of a date, the absence of a certification and an erroneous docket number, the undersigned is concerned that a secretary at the offices of defense counsel may have printed out a former draft or a version that is not exactly the one presented in the December 8, 2005 chambers conference. For these reasons, it is all the more important not to permit counsel to attempt in this manner to cure a failure to file a pleading as it is

---

[1]The pleading bears a date of "December ____, 2005." See Defendant's Exhibit A at p. 1. The pleading, which purports to be a copy of what was presented to the Court during the December 8, 2005 chambers meeting, also does not contain a certification signed by counsel indicating service on plaintiff's counsel on December 8, 2005. Instead, the current document contains only a certification that same was delivered to counsel under date of December 28, 2005. Actually, even with respect to this latest filing, because the office of defense counsel mailed it to the wrong zip code address, the undersigned received it some nine days later.

fraught with risks of error, even unintentional error.[2]

   While it is understandable that any counsel should wish a court record to reflect a proposal or filing that he/she neglected to file, it nevertheless remains the responsibility of counsel to file pleadings in a timely and appropriate way.  As defendant has cited no rule or other authority to support a "correction" of the record in this manner, the motion must be denied.

---

[2]Moreover, a review of Attorney Rhodes' affidavit shows that it was prepared in haste as the attorney who swore to Mr. Rhodes' attestation did so without even including a date on which the oath was taken.  See Defendant's Exhibit A at p. 2.  As reported in this and other motions by plaintiff's counsel, clerical staff at the offices of defense counsel further caused a nine-day delay in the receipt by plaintiff's counsel of defendant's post-judgment motions by directing them to the wrong address. Given the omissions in the "Jury Interrogatories," the undated and uncertified jury interrogatories set forth as Exhibit "A", all of this together compounds the plaintiff's concern with respect to the accuracy of defendant's Exhibit 1.  If in fact a secretary printed off an earlier version of it, which well appears may be the case it is all the more inappropriate for the court to grant this motion.

3

THE PLAINTIFF

ARPAD TOLNAY


BY:_____
        KAREN LEE TORRE
        Federal Bar No. ct01707
        Law Offices of Karen Lee Torre
        51 Elm Street
        Suite 307
        New Haven, CT 06510
        (203) 865-5541


## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on this 10th day of January , 2006 to:

Jonathan H. Beamon, Esq.
Assistant Corporation Counsel
Office of the New Haven Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT  06510

Robert A. Rhodes, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

John Burns Farley, Esq.
Ralph W. Johnson III, Esq.
Halloran & Sage
One Goodwin Square
225 Asylum St.
Hartford, CT 06103


_____
KAREN LEE TORRE