UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARPAD TOLNAY : | |
| : | |
| Plaintiff, : | |
| : | Civil No.  3:02CV1514 (EBB) |
| V. : | |
| : | |
| MELVIN WEARING : | |
| : | January 11, 2006 |
| Defendant. | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
MOTION FOR REMITTITUR AND ACCOMPANYING
MEMORANDUM OF LAW**

In addition to his Motion for a New Trial, filed pursuant to Federal Rules of Civil Procedure Rule 59, the defendant has filed an additional motion, purportedly also pursuant to Rule 59, styled a "Motion for Remittitur" and an accompanying Memorandum of Law.  For the reasons set forth below, this court should strike the Motion for Remittitur and the accompanying memorandum:

1.  Rule 7 (a) (2) of the Local Rules limits memoranda or briefs in support of motions submitted to this court  to 40 pages or less.  The defendant has already exceeded the page limitations imposed by this rule by filing a 42-page memorandum in support of his Rule 59 motion for a new trial.

2.  Rule 59, upon which defendant purports to base his so-called "Motion for Remittitur," provides no authorization for such a motion  separate and distinct from the Motion for a New Trial and, as this court is well aware, remittitur is one alternative form of relief traditionally requested as

part of, and within the context of, a Rule 59 motion for a new trial. Defendant's filling of a separate motion for remitittur with an additional memorandum of law bears the hallmarks of an attempt to skirt the page requirements of the local rule by breaking the Rule 59 motion into discrete issues and tacitly asserting a right to file a 40-page memorandum of law in support of each issue. Because the defendant has already filed an oversized memorandum of law in support of his Rule 59 motion for new trial, the filing of an additional Rule 59 motion in an apparent effort to increase the de facto page limitation in support of such motions from 40 to 80 pages is inappropriate and unfairly burdensome to the plaintiff.

WHEREFORE, for all the foregoing reasons, this court should strike the defendant's motion for remittitur and the accompanying memorandum of law, or, in the alternative, should the court deny this motion and allow the filing of a separate motion for remittitur and accompanying memorandum of law, plaintiff should also be permitted to file an additional brief in opposition to defendant's motion.

        THE PLAINTIFF

        ARPAD TOLNAY


BY:_____
        KAREN LEE TORRE
        Federal Bar No. ct01707
        Law Offices of Karen Lee Torre
        51 Elm Street
        Suite 307
        New Haven, CT 06510
        (203) 865-5541


## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed on this 10th day of January , 2006 to:

Jonathan H. Beamon, Esq.
Assistant Corporation Counsel
Office of the New Haven Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT  06510

Robert A. Rhodes, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

John Burns Farley, Esq.
Ralph W. Johnson III, Esq.
Halloran & Sage
One Goodwin Square
225 Asylum St.
Hartford, CT 06103


        _____
        KAREN LEE TORRE