UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil No.  3:02CV1514 (EBB) |
| V. | : | |
| | : | |
| MELVIN WEARING | : | |
| | : | January 11, 2006 |
| Defendant. | | |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFS
IN SUPPORT OF HIS POST-TRIAL MOTIONS**

The defendant, by motion dated December 28, 2005, seeks leave of court to file supplemental briefs in support of his post-trial motions.  Plaintiff objects to this motion for the following reasons:

1. Defendant has already exceeded the page limitations imposed by local rule with respect to the filing of memoranda of law in support of defendant's motion for judgment as a matter of law and in support of defendant's motion for a new trial.   In respect to both post-judgment motions, defense counsel filed 42-page memoranda of law.  Rule 7 (a) (2) of the Local Rules expressly states that memoranda or briefs shall not exceed 40 pages exclusive of pages containing a table of contents, table of statutes, rules or the like.  Defendant did in fact include in his memoranda of law tables of contents which were not included in the numerical pagination of defendants' memoranda of law. Even with this exclusion, defendants memoranda in both cases exceeded the 40-page limit.

2.  Moreover, defendant has inappropriately sought further to evade the page limit by filing

still a third motion, a "Motion for Remittitur" and a memorandum of law in support of that motion. As this court is well aware, remittitur is one alternative form of relief traditionally requested as part of, and within the context of, a Rule 59 motion for a new trial.  In this case, defendant has filed a motion for a new trial under Rule 59 and an oversized brief in support of it.  Instead of addressing the issue of remittitur in the proper context of that Rule 59 motion, defendant evaded the brief page limitations by filing a separate "Motion for Remittitur" that is not recognized as a separate motion by the Federal Rules of Civil Procedure.[1]

WHEREFORE, for all the foregoing reasons, defendant's Motion for Leave to File Supplemental Briefs should be denied or, in the alternative, should this court grant the motion, plaintiff's counsel should be permitted to file oversized briefs and/or supplemental briefs in opposition thereto.

---

[1] Indeed, defendant's "Motion for Remittitur" was brought pursuant to Rule 59 of the Federal Rules of Civil Procedure.  See defendant's motion at p. 1.  Clearly the issue of remittitur is more proper the subject of defendant's Rule 59 motion for a new trial and cannot be the subject of a separate and distinct motion.

THE PLAINTIFF

ARPAD TOLNAY

BY:_____
    KAREN LEE TORRE
    Federal Bar No. ct01707
    Law Offices of Karen Lee Torre
    51 Elm Street
    Suite 307
    New Haven, CT 06510
    (203) 865-5541

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed on this 10th day of January , 2006 to:

Jonathan H. Beamon, Esq.
Assistant Corporation Counsel
Office of the New Haven Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT  06510

Robert A. Rhodes, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

John Burns Farley, Esq.
Ralph W. Johnson III, Esq.
Halloran & Sage
One Goodwin Square
225 Asylum St.
Hartford, CT 06103

_____
KAREN LEE TORRE