IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARPAD TOLNAY : | CIVIL ACTION NO. |
| Plaintiff : | 3:02-CV-1514 (EBB) |
| : | |
| V. : | |
| : | |
| MELVIN WEARING : | |
| Defendant : | JANUARY 23, 2006 |

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFS

Pursuant to Local Rule 7(d), the defendant, Melvin Wearing, the former Chief of Police for the City of New Haven, submits this reply memorandum of law in further support of his motion for leave to file supplemental briefs in support of his post-trial motions. For the reasons set forth below, the Court should grant Chief Wearing's motion.

### ARGUMENT

**I. SUMMARY OF THE PLAINTIFF'S ARGUMENTS**

The plaintiff asserts two claims in support of his objection to Chief Wearing's motion. First, he argues that Chief Wearing should not be allowed to file supplemental briefs because his initial memoranda of law in support of his post-trial motions exceeded the page limitation under Local Rule 7(a)2. Second, the plaintiff contends that Chief Wearing's motion for a remittitur, filed in the alternative to his motion for judgment and motion for a new trial, cannot be the subject of a separate motion. Both of the plaintiff's claims are without merit.

**II. THE DEFENDANT'S INITIAL MEMORANDA IN SUPPORT OF HIS POST-TRIAL MOTIONS COMPLIED WITH LOCAL RULE 7**

A review of Local Rule 7(a)2 reveals that the plaintiff's claim that Chief Wearing's memoranda of law exceed the 40 page, page limitation by 2 pages is without merit. Contrary to

the plaintiff's first claim, Chief Wearing's memorandum of law in support of his motion for judgment as a matter of law and his motion for a new trial complied with Local Rule 7(a)2. Local Rule 7(a)2 states as follows:

> Except by permission of the Court, briefs or memoranda shall not exceed forty (40) 8 ½" by 11" pages of double spaced standard typographical print, *exclusive of pages containing a table of contents, table of statutes, rules or the like.* The original of all motions or briefs shall be filed with the Clerk at the seat of Court where the Judge sits.

(Emphasis added)

Chief Wearing's memoranda of law in support of his motion for judgment and his motion for a new trial were both 40 pages in length. They included cover pages and tables of contents. As expressly set forth in Local Rule 7(a)2, the 40 pages of a memorandum of law is "exclusive" of the table of contents or the like. The signature block for the memoranda of law was on page 41 of each memoranda. This practice is allowed for in Connecticut state courts, the Second Circuit and this Court. See Fed. R. App. P. 32(a)(7)(certifications of counsel do not count towards page limitation); Conn. Practice Book § 67-3("The last page of a brief shall likewise not be counted if it contains only the signature of counsel of record."); Local Rule 7(a)2 ("or the like"). Moreover, the Clerk's office accepted all of Chief Wearing's post-trial motions and memoranda and has not issued any notice regarding any perceived problems with the pleadings.

Remarkably, the plaintiff's objection acknowledges that the page limitation under Local Rule 7(a)2 is "exclusive" of tables of contents and the like. (Pl.'s Objection at 1) Nevertheless, the plaintiff claims that Chief Wearing's memoranda exceeded the page limit by including tables of contents. As demonstrated above, the plaintiff's claim fails under the plain language of Local Rule 7(a)2. Accordingly, the Court should grant Chief Wearing's motion.

The plaintiff's accusations regarding the intent behind Chief Wearing's post-trial motions are inappropriate and also without merit. There was no attempt to evade the Local Rules. Chief Wearing has filed a motion for judgment as a matter of law. In the alternative to that motion, Chief Wearing filed a motion for a new trial. In the alternative to his motion for a new trial outright, Chief Wearing filed a motion for remittitur. (Def.'s Motion for Remittitur, at 1) The memorandum of law in support of the motion for remittitur is 3 pages in length, excluding the cover and table of contents. The vast majority of page 3 of the memorandum is the signature block information. The memorandum provides the Court with the standard of review for remittitur and incorporates by reference the arguments in support of Chief Wearing's motion for judgment and motion for a new trial. (Id. at 1-2) The plaintiff omits this information from his motion and instead, accuses Chief Wearing of attempting to evade the Local Rules.

Contrary to the plaintiff's accusations, there has been no attempt to evade the Local Rule by submitting excessive briefing. A review of Chief Wearing's pleadings confirms this. Rather, Chief Wearing is entitled to judgment as a matter of law based on the grounds set forth in his motion and accompanying memorandum of law. In the alternative, Chief Wearing should receive a new trial outright. If the Court does not agree with either of Chief Wearing's first two motions, it should order a remittitur.

Chief Wearing's post-trial claims are set forth in three motions. The Federal Rules of Civil Procedure do not prohibit this. This method is the most direct and organized manner to present the post-trial issues to the Court and to assist the Court with the framework within which it will conduct its analysis. See, e.g., Fed. R. Civ. P. 50(c)(1) (requiring alternative ruling on accompanying motion for new trial). There has been no attempt to circumvent either the Federal Rules of Civil Procedure or the Local Rules. The motion for remittitur is a motion in the

alternative. Given the size of the jury verdict in this case, $5,150,900, the organization of the motions and the quantity of the briefing is appropriate.

In fact, even if Chief Wearing sought to exceed the 40 page limitation or if this Court were to conclude that permission is necessary, given the size of jury verdict and the number of issues involved, good cause exists for allowing additional briefing and the Court should allow it. (See Def.'s Motion for Leave to Rule Supplemental Briefs) This is particularly true given the additional briefing would amount to 2 or 3 pages. As demonstrated in Chief Wearing's motion and below, supplemental briefing to fully address the trial transcripts is appropriate.

### III. CHIEF WEARING'S MOTION FOR A REMITTITUR FILED IN THE ALTERNATIVE IS PROPER

The plaintiff's second claim in support of his objection is also without merit. Rule 59 does not prohibit the filing of a separate motion for remittitur. Nor does any rule in the Federal Rules of Civil Procedure bar the filing of a good faith motion. In fact, Rule 1 of the Federal Rules of Civil Procedure requires that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." As discussed above in detail, Chief Wearing's motion for remittitur is a motion in the alternative to the motion for a new trial outright. Chief Wearing's three post-trial motions present the issues to the Court in the most direct and organized manner possible. As the motions are in the alternative to each other, their organization attempts to assist the Court with the framework within which it will conduct its analysis. Accordingly, the plaintiff's objection is misplaced.

The plaintiff's second claim is also inconsistent with the law governing remittitur. Even if Chief Wearing had not filed his motion, the Court would have a "duty" to order a remittitur if it concluded that the damages award in this case was excessive. Specifically, the Supreme Court has recognized that if the amount of damages awarded by a jury is excessive, "it is the duty of

4

the trial judge to require a remittitur or a new trial." Linn v. United Plant Guard Workers of Am., Local 114, 383 U.S. 53, 66 (1966). See Old Dominion Branch No. 496, Nat'l Assoc. of Letter Carriers, AFL-CIO v. Austin, 418 U.S. 264, 287 n.17 (1974). A district court's failure to exercise this duty constitutes an abuse of discretion. Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 305 (4th Cir. 1998). Consequently, even if a defendant does not request a remittitur, both the court of appeals and the district court can raise the issue sua sponte. Vadie v. Mississippi State Univ., 218 F.3d 365, 378 (5th Cir. 2000); United States ex rel. Maris Equip. Co., Inc. v. Morganti, Inc., 163 F.Supp. 2d 174, 191 (E.D.N.Y. 2001), aff'd 67 Fed.Appx 68 (2d Cir. 2003). Similarly, under Rule 59(d), a district court can grant a new trial based on grounds not asserted in the defendant's motion for a new trial. See Wagenmann v. Pozzi, 1986 WL 715, at *6 (D. Mass. Jan. 7, 1986), aff'd 829 F.2d 196 (1st Cir. 1987). Here, Chief Wearing has properly raised the issue of remittitur. The plaintiff cannot eliminate that fact or eliminate the requirement that the Court consider the issue of remittitur.

Accordingly, as Rule 59 does not prohibit the filing of a motion for remitittur in the alternative to a motion for a new trial outright and as Rule 1 requires that the Federal Rules of Civil Procedure be construed to produce a just determination in each action, the plaintiff's second claim is without merit.

### IV. THE FILING OF SUPPLEMENTAL BRIEFS WILL ASSIST THE COURT WITH ITS ANALYSIS OF THE POST-TRIAL MOTIONS

As Chief Wearing's motion indicated, his counsel had not received all of the transcripts of the trial as of the date the post-trial motions were filed, December 28, 2005. A review of the Court's electronic docket indicates that 5 days of those transcripts were filed with the Court on January 13, 2006.

5

Given the time constraints associated with post-trial motions, supplemental briefs are appropriate. Allowing Chief Wearing's counsel the opportunity to file supplemental briefs fully addressing the trial transcripts should assist the Court with its analysis of the post-trial motions. For example, as of the filing of the post-trial motions, Chief Wearing's counsel did not have the transcript for December 7, 2006. That day as part of its reasoning for denying Chief Wearing's Rule 50 motion, the Court indicated that issue of whether Chief Wearing's interest in maintaining discipline in the police department outweighed the plaintiff's interest in his speech under Pickering v. Board of Educ., 391 U.S. 563 (1968), was an issue for the jury. (Dist. Ct. Elec. Docket Entry No. 100, 12/7/05 Tr. at 147) Chief Wearing submitted a proposed jury instruction regarding the Pickering-balancing test. (Dist. Ct. Elec. Docket Entry No. 51-5, at pp. 4-6)

Nevertheless, despite its earlier analysis, the Court did not charge the jury on the Pickering-balancing test and did not provide it with interrogatories related to the issue. Chief Wearing's counsel took an exception when the Court did not instruct the jury regarding the Pickering-balancing test. (Dist. Ct. Elec. Docket Entry No. 101, 12/8/05 Tr. at 154) As set forth in Chief Wearing's motion for judgment, based on Chief Wearing's testimony regarding the adverse impact of direct insubordination by a police officer to the Chief of Police, he should have judgment entered in his favor under the Pickering balancing test. (Def.'s Mem. of Law in Support of His Motion for a New Trial, at 25-29) In the alternative, as set forth in his motion for a new trial, the issue should have been presented to the jury and thus Chief Wearing should receive a new trial. (Def.'s Mem. of Law in Support of His Motion for a New Trial, at 5-7)

This is but one example of the assistance that supplemental briefs analyzing the transcripts can provide the Court. Moreover, the supplemental briefs are consistent with the

6

Second Circuit's "clear preference" that matters be adjudicated on the merits. See Pecarsky v. Galaxiworld.Com Ltd., 249 F.3d 167, 174 (2d Cir. 2001). By opposing the supplemental briefs, the plaintiff is hindering or handicapping the Court's analysis.

## V.    THE COURT SHOULD SET THE DEADLINE FOR FILING SUPPLEMENTAL BRIEFS AT 30-DAYS AFTER ITS RULING ON THE INSTANT MOTION

Given the plaintiff's opposition to the instant motion, the filing of supplemental briefs within 30 days of receipt of the last transcript has become impracticable. Chief Wearing will not know if he has leave to file the supplemental briefs until after the Court rules on this motion. Accordingly, Chief Wearing requests that the Court grant his motion and set the deadline for his supplemental briefs analyzing the transcripts at 30 days from the date of the Court's ruling on this motion.

## CONCLUSION

For the foregoing reasons, the Court should grant Chief Wearing's motion for leave to file supplemental briefs addressing the trial transcripts.

                Respectfully submitted,

                DEFENDANT
                MELVIN WEARING

By: _____

Jonathan H. Beamon, Esq.
CT Fed. Bar No. 22937
Assistant Corporation Counsel
**OFFICE OF THE NEW HAVEN CORPORATION COUNSEL**
165 Church Street, 4th Floor
New Haven, CT 06510
Tel:   (203) 946-7958
Fax:  (203) 946-7942
E-Mail:  JBeamon@Newhavenct.net

Robert A. Rhodes, Esq.
CT Fed. Bar No. 13583
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
Tel:   (203) 227-2855
Fax:  (203) 227-6992
E-Mail:  rhodes@halloran-sage.com

and

John B. Farley, Esq.
CT Fed. Bar No. 02239
Ralph W. Johnson III, Esq.
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel:   (860) 522-6103
Fax:  (860) 548-0006
E-Mail:  johnsonr@halloran-sage.com

His Attorneys

## **CERTIFICATION**

      This is to certify that on this 23rd day of January, 2006, a copy of the foregoing was caused to be mailed via U.S. Mail to:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06150

**Certified Mail No.:
7001 1940 0001 4435 9761**

                                                                            Ralph W. Johnson, III

781725_1 DOC