IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARPAD TOLNAY | : CIVIL ACTION NO. |
| Plaintiff | : 3:02-CV-1514 (EBB) |
| | : |
| V. | : |
| | : |
| MELVIN WEARING | : |
| Defendant | : JANUARY 23, 2006 |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO THE PLAINTIFF'S MOTION TO STRIKE THE DEFENDANT'S MOTION FOR REMITTITUR AND ACCOMPANYING MEMORANDUM**

Pursuant to Local Rule 7, the defendant, Melvin Wearing, the former Chief of Police for the City of New Haven, submits this memorandum of law in opposition to the "Plaintiff's Motion to Strike Defendant's Motion For Remittitur and Accompanying Memorandum of Law" filed on January 12, 2006. For the reasons set forth below, the Court should deny the plaintiff's motion.

**ARGUMENT**

**I.    SUMMARY OF THE PLAINTIFF'S ARGUMENTS**

By his motion, the plaintiff claims that Chief Wearing's motion for remittitur and accompanying memorandum of law should be stricken because: (1) Chief Wearing's memorandum of law in support of his motion for a new trial exceeded the page limitation under Local Rule 7(a)2 and (2) Fed. R. Civ. P. 59 does not authorize a separate and distinct motion from a motion for a new trial. In support of his first claim, the plaintiff accuses Chief Wearing of trying to "increase the de facto page limitation in support of such motions from 40 to 80 pages." (Pl.'s Motion, at 2) In support of his second claim, the plaintiff maintains that "as this court is well aware, remittitur is one alternative form of relief traditionally requested as part of,

and within the context of, a Rule 59 motion for a new trial." (Id. at 1-2) As demonstrated below, both of the plaintiff's claims are without merit and his motion should be denied.

## II. THE DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR A NEW TRIAL COMPLIED WITH LOCAL RULE 7

Contrary to the plaintiff's first claim, Chief Wearing's memorandum of law in support of his motion for a new trial complied with the page limitation requirements under Local Rule 7. Local Rule 7(a)2 states as follows:

> Except by permission of the Court, briefs or memoranda shall not exceed forty (40) 8 ½" by 11" pages of double spaced standard typographical print, *exclusive of pages containing a table of contents, table of statutes, rules or the like*. The original of all motions or briefs shall be filed with the Clerk at the seat of Court where the Judge sits.

(Emphasis added)

Chief Wearing's memorandum of law was 40 pages in length. It included a cover page and table of contents. As expressly set forth in Local Rule 7(a)2, the 40 pages of a memorandum of law is "exclusive" of the table of contents or the like. The signature block for the memorandum in support of the motion for a new trial was on page 41. This practice is allowed for in Connecticut state courts, the Second Circuit and this Court. See, e.g., Fed. R. App. P. 32(a)(7)(certifications of counsel do not count towards page limitation); Conn. Practice Book § 67-3("The last page of a brief shall likewise not be counted if it contains only the signature of counsel of record."); Local Rule 7(a)2("or the like"). Moreover, the Clerk's office accepted all of Chief Wearing's post-trial motions and memoranda and has not issued any notice regarding any perceived problems with the pleadings. Thus, the plaintiff's first claim is without merit.

The plaintiff's accusations regarding the intent behind Chief Wearing's post-trial motions are inappropriate and also without merit. Chief Wearing has filed a motion for judgment as a

matter of law. In the alternative to that motion, Chief Wearing filed a motion for a new trial. In the alternative to his motion for a new trial outright, Chief Wearing filed a motion for remittitur. (Def.'s Motion for Remittitur, at 1) The memorandum of law in support of the motion for remittitur is 3 pages in length, excluding the cover and table of contents. The vast majority of page 3 of the memorandum is the signature block. The memorandum provides the Court with the standard of review for remittitur and incorporates by reference the arguments in support of Chief Wearing's motion for judgment and motion for a new trial. (Id. at 1-2) The plaintiff omits this information from his motion and instead, accuses Chief Wearing of attempting to submit 80 pages of briefing in support of his motion for a new trial.

Contrary to the plaintiff's accusations, there has been no effort to submit 80 pages of briefing on the new trial motion. A review of Chief Wearing's pleadings confirms that. Rather, Chief Wearing is entitled to judgment as a matter of law based on the grounds set forth in his motion and accompanying memorandum of law. In the alternative, Chief Wearing should receive a new trial outright. If the Court does not agree with either of Chief Wearing's first two motions, it should order a remittitur.

Chief Wearing's post-trial claims are set forth in three motions. Rule 59 does not prohibit this. This method is the most direct and organized manner to present the post-trial issues to the Court and to assist the Court with the framework within which it will conduct its analysis. See, e.g., Fed. R. Civ. P. 50(c)(1) (requiring alternative ruling on accompanying motion for new trial). There has been no attempt to circumvent either the Federal Rules of Civil Procedure or the Local Rules. The motion for remittitur is a motion in the alternative. Given the size of the jury verdict in this case, $5,150,900, the organization of the motions and the quantity of the briefing is appropriate.

In fact, even if Chief Wearing sought to exceed the 40 page limitation or if this Court were to conclude that permission is necessary, given the size of jury verdict and the number of issues involved, good cause exists for allowing additional briefing and the Court should allow it. (See Def.'s Motion for Leave to Rule Supplemental Briefs) This is particularly true given the additional briefing would amount to 2 or 3 pages.

Thus, it was appropriate for Chief Wearing to present the post-trial issues to the Court in the most orderly fashion possible. That is what Chief Wearing has done. Accordingly, the plaintiff's motion should be denied.

## III. RULE 59 DOES NOT PROHIBIT THE FILING OF A MOTION FOR REMITTITUR IN THE ALTERNATIVE TO A MOTION FOR A NEW TRIAL OUTRIGHT

The plaintiff's second claim in support of his motion is also without merit. Rule 59 does not prohibit the filing of a separate motion for remittitur. Nor does any rule in the Federal Rules of Civil Procedure bar the filing of a good faith motion. In fact, Rule 1 of the Federal Rules of Civil Procedure requires that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." As discussed above in detail, Chief Wearing's motion for remittitur is a motion in the alternative to the motion for a new trial outright. Chief Wearing's three post-trial motions present the issues to the Court in the most direct and organized manner possible. As the motions are in the alternative to each other, their organization attempts to assist the Court with the framework within which it will conduct its analysis. See, e.g., Fed. R. Civ. P. 50(c)(1)(requiring alternative ruling on accompanying motion for new trial). Accordingly, the plaintiff's motion should be denied.

The plaintiff's motion is an attempt either to directly or impliedly eliminate the remittitur issue from the post-trial motions. The Court should reject that attempt for several reasons. First,

as discussed above, the remittitur issue has been properly presented to the Court as an alternative motion in an orderly format. There was no attempt to evade the page limitation rule. As a review of the memorandum of law in support of the motion for remittitur confirms no additional arguments are contained in that 3 page pleading. Rather, it merely provides the standard of review and incorporates the arguments from the memorandum of law in support of the motion for a new trial.

Second, even without the separate motion, remittitur has been requested by Chief Wearing in the alternative to a new trial outright. Specifically, the granting of remittitur in the alternative was requested in Chief Wearing's memorandum of law in support of his motion for a new trial. At page 40 of that memorandum, Chief Wearing concluded by arguing that the Court should grant his "motion and order a new trial. In the alternative, the Court should grant Chief Wearing's motion for a remittitur." Thus, Chief Wearing has requested that the Court consider the issue of remittitur even without the separate motion.

Third, the plaintiff's motion is inconsistent with the law governing remittitur. Even if Chief Wearing had not filed his motion for remittitur, the Court would have a "duty" to order a remittitur if it concluded that the damages award in this case was excessive. Specifically, the Supreme Court has recognized that if the amount of damages awarded by a jury is excessive, "it is the duty of the trial judge to require a remittitur or a new trial." Linn v. United Plant Guard Workers of Am., Local 114, 383 U.S. 53, 66 (1966). See Old Dominion Branch No. 496, Nat'l Assoc. of Letter Carriers, AFL-CIO v. Austin, 418 U.S. 264, 287 n.17 (1974). A district court's failure to exercise this duty constitutes an abuse of discretion. Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 305 (4th Cir. 1998). Consequently, even if a defendant does not request a remittitur, both the court of appeals and the district court can raise the issue sua sponte. Vadie v.

Mississippi State Univ., 218 F.3d 365, 378 (5th Cir. 2000); United States ex rel. Maris Equip. Co., Inc. v. Morganti, Inc., 163 F.Supp. 2d 174, 191 (E.D.N.Y. 2001), aff'd 67 Fed.Appx 68 (2d Cir. 2003). Similarly, under Rule 59(d), a district court can grant a new trial based on grounds not asserted in the defendant's motion for a new trial. See Wagenmann v. Pozzi, 1986 WL 715, at *6 (D. Mass. Jan. 7, 1986), aff'd 829 F.2d 196 (1st Cir. 1987). Here, Chief Wearing has properly raised the issue of remittitur. The plaintiff's motion cannot eliminate that fact or eliminate the requirement that the Court consider the issue of remittitur.

Finally, the plaintiff's motion is contrary to the Second Circuit's "clear preference" that cases be adjudicated on the merits. See Pecarsky v. Galaxiworld.Com Ltd., 249 F.3d 167, 174 (2d Cir. 2001). Chief Wearing has properly requested remittitur as an alternative to a new trial outright. The merits of that request should be analyzed and adjudicated.

Accordingly, as Rule 59 does not prohibit the filing of a motion for remittitur in the alternative to a motion for a new trial outright and as Rule 1 requires that the Federal Rules of Civil Procedure be construed to produce a just determination in each action, the Court should deny the plaintiff's motion to strike.

6

## CONCLUSION

For the foregoing reasons, the Court should deny the plaintiff's motion to strike.

Respectfully submitted,

**DEFENDANT**
**MELVIN WEARING**

By: _____

| | |
|---|---|
| Jonathan H. Beamon, Esq. | Robert A. Rhodes, Esq. |
| CT Fed. Bar No. 22937 | CT Fed. Bar No. 13583 |
| Assistant Corporation Counsel | **HALLORAN & SAGE LLP** |
| **OFFICE OF THE NEW HAVEN** | 315 Post Road West |
| **CORPORATION COUNSEL** | Westport, CT 06880 |
| 165 Church Street, 4th Floor | Tel:    (203) 227-2855 |
| New Haven, CT 06510 | Fax:    (203) 227-6992 |
| Tel:    (203) 946-7958 | E-Mail:  rhodes@halloran-sage.com |
| Fax:    (203) 946-7942 | |
| E-Mail:  JBeamon@Newhavenct.net | and |

John B. Farley, Esq.
CT Fed. Bar No. 02239
Ralph W. Johnson III, Esq.
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel:    (860) 522-6103
Fax:    (860) 548-0006
E-Mail:  johnsonr@halloran-sage.com

His Attorneys

## **CERTIFICATION**

This is to certify that on this 23rd day of January, 2006, a copy of the foregoing was caused to be mailed via U.S. Mail, certified mail, to:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06150

**Certified Mail No.:
7001 1940 0001 4435 9761**

                                                  Ralph W. Johnson, III

781638_1 DOC