IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY<br>Plaintiff | : | CIVIL ACTION NO.<br>3:02-CV-1514 (EBB) |
| V. | : | |
| MELVIN WEARING<br>Defendant | : | JANUARY 23, 2006 |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE DEFENDANT'S MOTION TO CORRECT/SUPPLEMENT THE RECORD**

Pursuant to Local Rule 7(d), the defendant, Melvin Wearing, the former Chief of Police for the City of New Haven, submits this reply memorandum in further support of his motion to correct/supplement the record. In further support of his motion, Chief Wearing submits a second affidavit from his attorney, Robert A. Rhodes, attached hereto as Exhibit A. For the reasons set forth below, the Court should grant Chief Wearing's motion.

## ARGUMENT

### I. SUMMARY OF THE PLAINTIFF'S ARGUMENTS

The plaintiff submits two claims in opposition to Chief Wearing's motion. First, he maintains that Chief Wearing is seeking something unusual and there appears to be no authority allowing for it. Second, he contends that his counsel cannot attest that the jury interrogatories submitted with Chief Wearing's motion are the jury interrogatories given to her and the Court during the conference on December 8, 2005. In support of his second claim, the plaintiff maintains that his counsel is "concerned" that the jury interrogatories submitted with the motion might be an earlier version. (Pl.'s Objection, at 2) Both of the plaintiff's claims are without merit.

## II. CHIEF WEARING'S MOTION IS AUTHORIZED UNDER RULE 10 OF THE FEDERAL RULES OF APPELLATE PROCEDURE AND RULE 1 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Contrary to the plaintiff's first claim, Chief Wearing's request is not unusual. Rule 10(e) of the Federal Rules of Appellate Procedure provides that "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded: ...(B) by the district court before or after the record has been forwarded...." Under Rule 10, if an exhibit is viewed by the district court but inadvertently not filed with the Clerk, it can be included in the record via the supplementation of the record. See 20 James Wm. Moore, Moore's Federal Practice, §§ 310.10[2][b], 310.10[5][a] (3d ed. 2005). Rule 1 of the Federal Rules of Civil Procedure provides that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."

The jury interrogatories at issue were provided to the Court and the plaintiff's counsel at the conference on December 8, 2005. Chief Wearing's motion to correct/supplement was filed on December 28. The Court should resolve this issue while it is still fresh in the Court's and counsel's memory and while there is a chance that the Court has retained a copy of the jury interrogatories that were provided to it on December 8.

In particular, the purpose for correcting or supplementing the record to add the jury interrogatories is to confirm that Chief Wearing's counsel advised the Court of the propriety of submitting interrogatories to the jury on the issues of the balancing test under Pickering v. Board of Educ., 391 U.S. 563 (1968) and qualified immunity, if the Court did not resolve those issues as a matter of law in favor of Chief Wearing. The Court should consider this as part of its analysis of whether a new trial is required.

## III. THE PLAINTIFF'S COUNSEL'S "CONCERNS" ARE WITHOUT MERIT

The plaintiff's second claim ignores Attorney Rhodes's affidavit submiited with the motion. The affidavit confirms that the jury interrogatories submitted with the motion match the jury interrogatories given to the Court and the plaintiff's counsel at the December 8, 2005 conference. Indeed, the plaintiff concedes that his counsel has no basis to challenge the accuracy of Attorney Rhodes' affidavit. (Pl.'s Objection, at 2) The plaintiff's counsel's inability to confirm that the interrogatories in the exhibit match the interrogatories distributed at the conference is irrelevant. Her "concerns" about a staff person printing out a prior version of the jury interrogatories are similarly misplaced. Attorney Rhodes' second affidavit confirms that there were no prior versions of the jury interrogatories. (Rhodes' Second Aff. ¶ 5) There was only one jury interrogatories document related to this matter on Halloran & Sage's computer system. (Id.) The interrogatories submitted with the motion also match the hard copy of the interrogatories that Attorney Rhodes maintained following the conference. (Rhodes' Second Aff. ¶ 6)

As stated in both of Attorney Rhodes' affidavits, the interrogatories submitted with this motion to correct/supplement the record match the interrogatories submitted during the December 8, 2005 charge conference. The Court may still have a copy of the jury interrogatories provided to the Court at the December 8 conference. The Court's review of those interrogatories will confirm that they match the exhibit submitted in connection with this motion.

Thus, contrary to the plaintiff's objection, Chief Wearing's motion is proper. Accordingly, the Court should correct/supplement the record to reflect that the jury interrogatories were presented to it during the December 8 conference.

## CONCLUSION

For the foregoing reasons, the Court should grant Chief Wearing's motion to correct/supplement the record.

Respectfully submitted,

**DEFENDANT**
**MELVIN WEARING**

By: ______________________________

Robert A. Rhodes, Esq.
CT Fed. Bar No. 13583
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
Tel: (203) 227-2855
Fax: (203) 227-6992
E-Mail: rhodes@halloran-sage.com

and

John B. Farley, Esq.
CT Fed. Bar No. 02239
Ralph W. Johnson III, Esq.
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel: (860) 522-6103
Fax: (860) 548-0006
E-Mail: johnsonr@halloran-sage.com

His Attorneys

Jonathan H. Beamon, Esq.
CT Fed. Bar No. 22937
Assistant Corporation Counsel
**OFFICE OF THE NEW HAVEN CORPORATION COUNSEL**
165 Church Street, 4th Floor
New Haven, CT 06510
Tel: (203) 946-7958
Fax: (203) 946-7942
E-Mail: JBeamon@Newhavenct.net

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY<br>Plaintiff | : | CIVIL ACTION NO.<br>3:02-CV-1514 (EBB) |
| V. | : | |
| MELVIN WEARING<br>Defendant | : | JANUARY 19, 2006 |

**AFFIDAVIT OF ROBERT A. RHODES**

STATE OF CONNECTICUT )
) ss. Westport
COUNTY OF FAIRFIELD )

**ROBERT A. RHODES**, being duly sworn and upon personal knowledge, deposes and states as follows:

1. I am a partner in the law firm of Halloran & Sage LLP, counsel for the defendant, Melvin Wearing, in the above-captioned action. I submit this second affidavit in further support of the defendant's motion to correct/supplement the record.

2. I have read the "Plaintiff's Objection To Defendant's Motion To Correct/Supplement Record" dated January 11, 2006.

3. The plaintiff's counsel's statement that she is "concerned" that a staff person in my office may have printed out a former draft or a version that is not exactly the one presented in the December 8, 2005 conference is misplaced.

4. As I stated in paragraph 5 of my first affidavit, the jury interrogatories attached as Exhibit A was a copy of the jury interrogatories that I gave to the Court and the plaintiff's counsel at the December 8, 2005 conference.

5. The plaintiff's counsel's concerns expressed in the objection are misplaced. There was no previous or different version of the jury interrogatories and there was no error in printing out a different or prior version. There was only one jury interrogatories document related to this case on our computer system.

6. Finally, I have again reviewed the hard copy of the interrogatories that I maintained from the December 8 conference. The interrogatories in that document match the interrogatories submitted with my first affidavit.

Robert A. Rhodes

Subscribed and Sworn to before me this 19 day of January 2006.

~~Notary Public~~/
Commissioner of the Superior Court
Joshua Auxier

781958_1 DOC

**CERTIFICATION**

This is to certify that on this 23rd day of January, 2006, a copy of the foregoing was caused to be mailed via U.S. Mail, certified mail, to:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06150

**Certified Mail No.:**
**7001 1940 0001 4435 9761**

______________________________
Ralph W. Johnson, III

781836_1.DOC