UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARPAD TOLNAY | : |
| | : |
| Plaintiff, | : |
| | : Civil No. 3:02CV1514 (EBB) |
| V. | : |
| | : |
| MELVIN WEARING | : |
| | : January 30, 2006 |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

The plaintiff, Arpad Tolnay, prevailed at trial on his civil rights claims brought pursuant to 42 U.S.C. § 1983. As a prevailing plaintiff, Officer Tolnay is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 1988.

"The starting point for calculating a reasonable attorney's fee is to multiply the number of hours reasonably expended on the litigation times a reasonable hourly rate." Cohen v. Prudential Insurance Company of America, 935 F.2d 522, 524 (2d Cir. 1991) quoting Blum v. Stenson, 465 U.S. 886, 888 (1984). The "lodestar" is presumed to constitute a reasonable fee. Blum v. Stenson, supra at 897. That presumption has been characterized as a "strong" one. Jordan v. Multnomah, 815 F.2d 1258 (9th Cir. 1987).

As this Court is aware, the congressional intent of 42 U.S.C. §1988 is to ensure "effective access to the judicial process for persons with civil rights grievances." Hensley v. Eckerhart, 461

U.S. 457, 103 S. Ct. at 1937 citing H.R. Rep. #94-1558, p.1 (1976).  As the concurring justices in Hensley, supra, noted:

> In many cases arising under our civil rights laws the citizen who must sue to enforce the law has little or no money to hire a lawyer.  If private citizens are to be able to assert their civil rights and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must recover what it cost them to vindicate these rights in Court.

Id. at 445, 103 S. Ct. at 1945 citing S. Rep. #94-1011, p.2 (1976).

Thus, "no fee is reasonable unless it would be adequate to induce other attorneys to represent similarly-situated clients seeking relief comparable to that obtained in the case at hand." Id. at 449, 103 S.Ct. at 1948.

Thus, it is important that Courts set reasonable fees to compensate civil rights lawyers lest still fewer members of the bar consider taking these kinds of cases because of the risk of losing the case or prevailing yet realizing less than reasonable compensation consistent with current market billing rates.  In this sense, attorney fee awards are no different than compensatory and punitive awards which serve as a deterrent to official misconduct.  Such awards constitute not only a vindication for the aggrieved but are "a deterrent to future violations, to the benefit not only of plaintiffs, but of others in similar situations." Ustrak v. Fairman, 851 F.2d 983, 989 (7th Cir. 1988) citing Auban v. Fudala, 782 F.2d 287, 291 (1st Cir. 1986).

In accordance with established authority, this Court should fix compensation with appropriate

guidance by notice of prevailing rates in the community for similar work performed by attorneys of comparable standing and skill. Blum v. Stenson, supra at 895, n.11, 104 S. Ct. 1547 n.11.

The plaintiff in this case requests an award pursuant to 42 U.S.C. § 1988 which represents compensation for attorney fees calculated at the rate of $350.00 per hour for the undersigned counsel and $125 per hour for the services of paralegal David Bachman. It is respectfully submitted that the requested hourly rate of $350.00 is a reasonable market rate for plaintiff's counsel who has over 18 years of experience representing civil rights plaintiffs and trying cases to verdict in this District. See Affidavit of Attorney Karen Lee Torre, appended hereto.

The requested rate is supported by Attorney Joseph D. Garrison who enjoys a reputation as a leading member of the civil rights bar, has a wealth of experience in employment litigation and is a past president of the Connecticut Employment Lawyers Association and the National Employment Lawyers Association. Although Attorney Garrison has been a member of the bar longer than the undersigned, his trial experience and verdict record are comparable to the undersigned's, yet Attorney Garrison bills at a much higher hourly rate of $500. Attorney Garrison's knowledge of market rates in our bar community is well known and he has assisted a number of other judges in setting lodestar amounts by offering his expertise and opinion.

Upon calculating the appropriate lodestar, this court may consider other factors which may justify adjusting the lodestar upward or downward. One of these important factors is the nature of the results obtained. Orchano v. Advanced Recovery, Inc., 107 F.3d 94, 98 (2nd Cir. 1997). Certainly,

3

the outcome in this case warrants the requested hourly rate. Even were this court to believe that an hourly rate lower than $350 should be an appropriate lodestar, the court should nevertheless grant the requested rate as a reflection of the extraordinary results obtained. Another factor which should be considered is whether the litigation of this case resulted in the preclusion of employment by plaintiff's counsel due to her acceptance of the case. Orchano, 107 F.3d at 97. Once again, the undersigned counsel undertook this case at great risk to the exclusion of her ability to represent others on an on-going, paying basis. Defendant's choice to proceed with a motion for summary judgment also served greatly to increase counsel's time, expense and risk and greatly extended the life of the litigation. For this additional reason, the requested hourly rate is reasonable and should be granted.

In addition to compensation for all time expended up to the point of verdict and judgment, plaintiff is entitled to an award for attorney's fees for time expended by counsel in connection with post-judgment matters, including the preparation of the instant motion and accompanying documents. It is well-established in the Second Circuit that § 1988 fees can be awarded "not only [for] the cost of obtaining a favorable judgment but also for the cost of successfully defending that judgment". This includes the cost thus far of attending to defendants' numerous post-judgment motions as well as the time expended in preparing the instant application. See Weyant v. Okst, 198 F.3d 311, 316 (2nd Cir. 1999).

Finally, the plaintiff is entitled to an award of costs and expenses. It is respectfully submitted that the itemization of costs indicates that all expenses incurred were reasonable and necessary to the

4

competent prosecution and trial of this action. See Exhibit 2; Affidavit of Karen L. Torre at ¶ 10.

WHEREFORE, for all of the foregoing reasons, the undersigned counsel respectfully requests that this motion be granted.

THE PLAINTIFF

ARPAD TOLNAY

BY: _____
KAREN LEE TORRE
Federal Bar No. ct01707
Law Offices of Karen Lee Torre
51 Elm Street
Suite 307
New Haven, CT 06510
(203) 865-5541

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed on this 30th day of January, 2006, to:

Jonathan H. Beamon, Esq.
Assistant Corporation Counsel
Office of the New Haven Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510

Robert A. Rhodes, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

KAREN LEE TORRE