UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02 CV 1514 (EBB) |
| | : | |
| V. | : | |
| | : | |
| MELVIN WEARING | : | |
| Defendant | : | MARCH 21, 2006 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER

I.    INTRODUCTION

The plaintiff has served a notice of deposition of the defendant, Melvin Wearing, "to be conducted in aid of the judgment rendered herein."  This deposition has been scheduled for March 23, 2006 and the notice was faxed to undersigned counsel on March 17, 2006.  The notice of deposition also contains a lengthy and detailed request for production.  See Exhbit A. Pursuant to F.R.C.P. Rule 26(c), the defendant now moves for an order of protection to prevent the deposition of Melvin Wearing from taking place on March 23, 2006.  An affidavit of undersigned counsel has been attached as Exhibit B.

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No  412195

II.    <u>ARGUMENT</u>

A.    <u>THE DEPOSTION OF MELVIN WEARING SHOULD BE SCHEDULED AFTER THE COURT HAS RULED ON THE PENDING MOTION FOR STAY OF ENFORCEMENT AND EXECUTIONTOF JUDGMENT.</u>

On or about March 2, 2006, the defendant filed a Motion for Stay of Enforcement and Execution of Judgment. This motion, if granted, would prohibit the plaintiff from executing on the judgment until the post-judgment motions have been adjudicated. Therefore, if the Court grants the Motion for Stay of Execution, a deposition of Melvin Wearing concerning his assets would be moot and unnecessary, and would only serve to annoy embarrass and harass Mr. Wearing. The deposition would also constitute an undue expense. In the alternative, should the Court deny the motion and permit the plaintiff to execute on the judgment, the plaintiff can take the deposition of Mr. Wearing at that time. Additionally, any information concerning Mr. Wearing's assets can certainly be elicited during a hearing on the defendant's Motion for Stay. Finally, any possible prejudice to the plaintiff has been reduced by the disclosure of assets made by Mr. Wearing in the Motion to Stay Execution. The plaintiff is further protected by the fact that he has already placed a lien on Mr. Wearing's home.

Therefore, the Court should grant the present motion and issue a protective order prohibiting the deposition of Mr. Wearing until the Court has ruled on the Motion for Stay of Execution.

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No  412195

B.    THE DEPOSITION WAS NOTICED IN VIOLATION OF F.R.C.P. 30(b)(1).

The plaintiff did not provide reasonable notice of the deposition as required by Rule 30(b)(1). In the present case, plaintiff's counsel first contacted undersigned counsel on March 16, 2006 concerning the deposition and then noticed the deposition on Friday, March 17, 2006, only four business days prior to the deposition. The failure to provide more reasonable notice is especially egregious in light of the overly broad and unduly burdensome request for production which was attached to the notice of deposition. This Schedule A consists of 15 requests for production which would require a lengthy and detailed search for documents. Four business days are insufficient to comply with these requests. Additionally, the notice of deposition and request for production violate F.R.C.P. Rule 34(b) which allows 30 days to comply with a request for production.

The defendant has served objections to these requests for production and the deposition should be postponed until these objections can be resolved. The defendant would object to any attempt by the plaintiff to begin the deposition while these objections are pending and then resume the deposition after the objections have been resolved. Mr. Wearing should not have to sit for the proposed deposition on more than one occasion.

Therefore, the Court should issue an order prohibiting the deposition of Melvin Wearing until the Motion to Stay Execution has been adjudicated, or at least until the objections to the requests for production have been resolved and the defendant has had a reasonable time to comply.

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No  412195

C.    THE DEPOSITION SHOULD NOT TAKE PLACE UNTIL A PROTECTIVE ORDER HAS BEEN ENTERED CONCERNING THE USE OF ANY INFORMATION DISCLOSED DURING THE DEPOSITION.

The defendant objects to the deposition taking place without a protective order limiting the use of any information or documents disclosed during the course of the deposition. Specifically, the defendant seeks an order prohibiting the use of any information produced at the deposition for any purpose other than locating assets.  The defendant further seeks an order prohibiting the disclosure of any information produced at the deposition to third parties for any purpose other than locating assets.  Any other use of such information would only serve to annoy, harass and embarrass Mr. Wearing and should be prohibited.  Therefore, until the Court has issued a protective order as mentioned above, the deposition of Melvin Wearing should not be conducted.

D.    THE DEPOSITION SHOULD NOT TAKE PLACE UNTIL THE INVOVLEMENT OF ATTORNEY PATTIS HAS BEEN CLARIFIED.

The defendant has just received the appearance of Attorney Norman Pattis as counsel for the plaintiff.  This appearance raises potential issues concerning the status of plaintiff's counsel and pleadings which have been filed or may be filed in the future, as undersigned counsel believes that the Court's former longtime law clerk, Attorney Erin Kellaugher, is now employed by Attorney Pattis and would likely be involved in the drafting of motions and memoranda which would be considered by the Court.  This naturally raises concerns of

4

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

impropriety and the appearance of impropriety. Judge Underhill has stated in various decisions that he recuses himself from any litigation involving former law clerks for a period of two years following the conclusion of their clerkships. See, <u>Morande v. Metropolitan Group</u>, 2004 WL 247639 (D. Conn. Nov. 3, 2004); <u>Gardella v. International Paper, Co.</u>, 2004 WL 2516189 (D. Conn. Nov. 3, 2004); <u>Moss v. Wyeth, Inc.</u>, 2004 WL 2381742 (D. Conn. October 15, 2004). By retaining Attorney Pattis at this point in the case, the plaintiff has introduced issues which could compromise the impartiality of the present litigation and potentially result in the disqualification of Attorney Pattis from this case. These issues should be reviewed and clarified before Attorney Pattis takes any action or performs any services in this matter. Therefore, the deposition of Melvin Wearing should be prohibited until this matter has been clarified.

III.    <u>CONCLUSION</u>

For the foregoing reasons, the Court should enter an order prohibiting the plaintiff from conducting the deposition of Melvin Wearing until the Motion to Stay Execution has been adjudicated. The Court should also enter an order prohibiting the use and disclosure of any information discovered during the deposition for any purpose other than the locating assets.

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

DEFENDANT
MELVIN WEARING


By_____
    ROBERT A. RHODES
    HALLORAN & SAGE LLP
    Fed. Bar #ct 13583
    315 Post Road West
    Westport, CT 06880
    Telephone:  (203) 227-2855
    Facsimile:    (203) 227-6992
    rhodes@halloran-sage.com

HALLORAN
& SAGE LLP

315 Post Road West
Westport, CT 06880

Phone (203) 227-2855
Fax (203) 227-6992
Juris No  412195

## CERTIFICATION

This is to certify that on this 21st day of March, 2006, I hereby mailed a copy of the foregoing to:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06150

Norman A. Pattis, Esq.
649 Amity Road
Bethany, CT 06524

Jonathan H. Beamon, Esq.
Assistant Corporation Counsel
Office of the New Haven Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510

ROBERT A. RHODES

807611_1 DOC
807632-1
807632-1(HSFP)

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil No. 3:02CV1514 (EBB) |
| V. | : | |
| | : | |
| MELVIN WEARING | : | |
| | : | March 17, 2006 |
| Defendant. | | |

### NOTICE OF DEPOSITION

TO:    Robert A. Rhodes, Esq.
        Halloran & Sage, LLP
        315 Post Road West
        Westport, CT 06880

        Morgillo & Flynn, LLC
        605 Washington Ave., Suite 5
        North Haven, CT 06473

        Norman A. Pattis, Esq.
        649 Amity Road, P.O Box 280
        Bethany, CT 06524

PLEASE TAKE NOTICE that, pursuant to Rules 69 (a) and 30 of the Federal Rules of Civil Procedure, the plaintiff in the above-entitled action will take the deposition of the defendant Melvin Wearing on **Thursday, March 23, 2006**, at **3:00** in the afternoon, said deposition to take place at the Law Offices of Karen Lee Torre, 51 Elm Street, Suite 307 New Haven, CT. The examination is to be conducted in aid of the judgment rendered herein and the defendant is therefore commanded to produce at the said time and place those documents more fully set forth

in "Schedule A" appended hereto.

THE PLAINTIFF,

ARPAD TOLNAY

BY: _____

Karen Lee Torre
Fed. Bar No. 01707
51 Elm Street, Suite 307
New Haven, CT 06150
Tel.203-865-5541
FAX:(203) 865-4844
His Attorney

## CERTIFICATION

I hereby certify that a copy of the foregoing was faxed and mailed, postage paid, on this 17th day of March, 2006, to:

Robert A. Rhodes, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880
FAX: (203) 227-6992

Morgillo & Flynn, LLC
605 Washington Ave., Suite 5
North Haven, CT 06473
FAX: (203) 234-7733

_____
KAREN LEE TORRE

2

## SCHEDULE A

1.  Any and all documents of whatever kind and description which support or tend to support each and every one of the averments you made in the affidavit which you signed and submitted to the United States District Court appended to your March 2, 2006 Motion for Stay of Enforcement and Execution of Judgement.

2.  Any and all statements of account for the past 12 months from any bank or financial institution in which you have or share an account.

3.  Any and all state and federal tax returns for the past three years together with W-2, 1099 and like statements, issued by any employer or payer for the 2005 tax year together with any and all wage statements, payroll records and like documents which show your current wages, salary or other income from any existing employment.

4.  Any and all documents showing any investment income, dividends, equity holdings, payments and profits from any partnership or other business association, and pension benefits received in the past two years.

5.  Any and all documents showing your interest in any real estate wherever situated, whether within the District of Connecticut or without.

6.  Any and all documents showing salary and other income accruing to your spouse.

7.  Any and all documents of whatever kind and description which relate in any way to any transfer of any asset, in whole or in part, of any kind to your spouse, a third-party or entity

during the past eighteen months.

    8. Any and all documents showing any loans granted by you to any third person or any encumbrance which you have allowed against any real or liquid assets in which you have an interest in the past year.

    9. Any and all documents of whatever kind and description relating to any insurance available to satisfy all or part of the judgment rendered against you in this action.

    10. Any and all documents of whatever kind and description relating in any way to any agreement or promise by the City of New Haven or any one or more of its officials to indemnify you in respect to any financial obligation resulting from a judgment against you in this action.

    11. Any and all communications between you and any official or representative of the City of New Haven including, but not limited to, letters, memoranda, electronic communications, e-mail, notes, telephone messages and records, or other evidence of communications which relate in any way to the following:

        a) Any understanding on your part that you would enjoy indemnification by the City of New Haven for the full extent of your liability to the plaintiff for damages in this action;

        b) Any notice or advisement to you at any stage of this litigation with respect to the City of New Haven's obligation or election to afford to you indemnification to any extent;

2

c) Any and all communications advising that part or all of any commitment to indemnify you has been abandoned or withdrawn by the City of New Haven.

12. Any and all communications to you from any insurance carrier, or agent, representative or counsel to an insurance carrier, which relates in any way to any agreement or understanding reached with officials of the City of New Haven with respect to indemnification of you by the City of New Haven for your liability to the plaintiff in this action.

13. Any and all communications between you and any city official, including but not limited to, any member of the city's Litigation Management Committee wherein the subject was the city's indemnification of you in respect to any of all of the judgment rendered herein.

14. Any and all documents of whatever kind and description which relate in any way to any agreement by the City of New Haven to indemnify you in respect to the verdict and judgment entered against you in Kelly v. Wearing, Docket No. 3:02CV1120 (PCD).

15. Any and all documents of whatever kind and description which show, if such is the case, that your personal funds were expended in satisfaction of the terms of the obligation under the settlement agreement between parties in Kelly v. Wearing, Docket No. 3:02CV1120 (PCD).

3

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02-CV-1514 (EBB) |
| | : | |
| V. | : | |
| | : | |
| MELVIN WEARING | : | |
| Defendant | : | MARCH 21, 2006 |

## AFFIDAVIT OF ROBERT A. RHODES

| | | |
|---|---|---|
| STATE OF CONNECTICUT | ) | |
| | ) | ss. Westport |
| COUNTY OF FAIRFIELD | ) | |

I, **ROBERT A. RHODES**, being duly sworn and upon personal knowledge, deposes and states as follows:

1.    I am over the age of 18 and believe in the obligations of an oath and have personal knowledge of the facts contained in herein.

2.    I am the counsel for the defendant, Melvin Wearing, in the above-captioned matter.

3.    On Friday, March 17, 2006, I received a Notice of Melvin Wearing's deposition scheduled for March 23, 2006 with a lengthy request for production of documents attached as Exhibit A.

4.    On Monday, March 20, 2006, I contacted Attorney Karen Torre and requested that the deposition of Melvin Wearing be postponed until after the court has ruled on the pending Motion to Stay Execution filed on or about March 2, 2006.

5.    Attorney Torre did not agree to this request.

6.    Therefore, I am filing the present Motion for Protective Order concerning

the deposition of Melvin Wearing.

Robert A. Rhodes

Subscribed and Sworn to before me
this 21st day of March 2006.

Commissioner of the Superior Court
John W. Dietz
808001_1 DOC

2