UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARPAD TOLNAY | : |
|       Plaintiff, | : |
| V. | : Civil No. 3:02CV1514 (EBB) |
| MELVIN WEARING | : |
|       Defendant. | : March 22, 2006 |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

**I.   INTRODUCTION**

Under date of March 21, 2006, defendant moved this court for an order preventing his deposition which was scheduled to take place on March 23, 2006. For the reasons which follow, defendant's motion is utterly without merit, was interposed for a dilatory purpose and for the further purpose of improperly preventing the plaintiff from discovering information necessary to challenge the defendant's *ipse dixit* assertions in his affidavit appended to his pending motion for a stay of execution by which motion defendant also seeks to deprive plaintiff of security for the judgment by asking for relief from the obligation to post a bond. The March 23, 2006 deposition was scheduled after plaintiff's counsel gave courtesy notice to defendant's counsel and an opportunity to propose a time and date. Defense counsel indicated he was available on March 23, 2006, and, accordingly,

the plaintiff subsequently prepared and sent a notice of said deposition dated March 17, 2006.[1] After plaintiff's counsel made arrangements for the presence at this examination of the plaintiff, new co-counsel for the plaintiff and a court reporter, defense counsel telephoned plaintiff's counsel on March 20, 2006 and requested a cancellation of the deposition indefinitely until after this court rules on defendant's pending motion to stay execution and defendant's request to be relieved from posting security. Plaintiff's counsel declined.

At no time prior to filing the motion for protective order did defense counsel advise plaintiff's counsel of any dispute over a request for the production of documents appended to the deposition notice. Defense counsel merely asked for a cancellation of the deposition. Thus, in contravention of the requirements of Local Rule, defendant's motion for protective order was filed without defense counsel having first complied with his obligation to make a good faith effort to resolve any dispute over document production by discussion of the matter with plaintiff's counsel. Plaintiff's counsel is interested in examining Mr. Wearing irrespective of whether he can retrieve and produce the requested documents in time. Plaintiff's counsel would have made known that fact had defense counsel complied with his Local Rule obligations.

Plaintiff's counsel has a good faith basis to believe that the affidavit of Melvin Wearing submitted to this court is highly misleading with respect to sources of payment available to Wearing

---

[1] A copy of which is attached to defendant's Motion for Protective Order.

for satisfaction of any judgment in this case. The court's attention is further directed to the trial proceedings of December 7, 2005 when defense counsel abruptly abandoned questioning Wearing about his personal assets when he realized, through a sidebar conference, that plaintiff's counsel would inquire of Mr. Wearing on cross-examination as to the existence and extent of indemnification by the City of New Haven. Defense counsel thus made a tactical decision not to offer evidence of Wearing's personal finances because he did not wish Wearing to be cross-examined on the matter. Now, in avoidance of the obligation to post security, Wearing has submitted an affidavit setting forth the very testimony that he expressly declined to offer at trial in order to avoid cross-examination of it. It is entirely unfair to plaintiff to allow Mr. Wearing's unexamined affidavit to stand in the record. Moreover, plaintiff's counsel has every right of discovery in respect to defendant's assets in aid of the judgment. Thus, it is clear that defendant's motion for protective order is filed for an improper purpose and further, for dilatory reasons as defendant seeks to deprive the plaintiff and the court of information which may tend to prove the lack of merit of defendant's pending motion for an order relieving him from the obligation to post a bond. Defense counsel's failure to apprise plaintiff's counsel of the discovery dispute in advance of filing the motion is further evidence that it is filed for a dilatory and improper purpose.

II.   **ARGUMENT**

    A.   **Plaintff Has An Absolute Right To Depose Defendant And Engage In Other Discovery On the Defendant's Assets And Available Sources of Payments**

Plaintiff has an absolute right to engage in discovery for purposes of determining defendant's assets and available sources of payment, including insurance and municipal indemnification. Fed.R.Civ.Pro. Rule 69 (a). As Rule 69 (a) provides for discovery in aid of a judgment in the same manner as discovery is had during the pre-trial phase, Melvin Wearing must submit to oral examination by deposition. Rule 69 was intended to allow the party who gained the judgment with an efficient and meaningful means of uncovering the existence of assets of the judgment-debtor. Defendant's attempt to avoid being deposed on the grounds that he has a pending motion for a stay of execution and for relief from the obligation to post a bond is patently absurd. Moreover, defendant has interposed a host of objections which telegraph his intent to obstruct the examination by preventing plaintiff's counsel from delving into the availability of third-party sources of payment. See, e.g. Minpeco v. Hunt, 1989 U.S. District LEXIS 5723 (S.D.N.Y.) (The fact that post-trial motions are pending or that appeals will follow has no bearing on plaintiff's right to discovery of assets.) Wearing's argument is precisely the sort which the court in Minpeco believed to be so frivolous as to allow for the impression that it was designed merely to obstruct. Id. at p. *2. Likewise frivolous are defendant's wholesale objections to a variety of disclosures sought. Notably, defendant steadfastly continues to attempt to avoid inquiry into third-party sources of payment. An objection

4

to such disclosures is patently frivolous.  See Monticello Tobacco Co. v. American Tobacco Company, 12 F.R.D. 344 (S.D.N.Y. 1952) (the right to discovery of assets of a judgment-debtor extends to examination of the judgment-debtor's attorney for purpose of gaining information about the attorney's knowledge of the judgment-debtor's assets).  This is especially true in the instant case where defendant has not yet posted a supersedeas bond, leaving the plaintiff unsecured and vulnerable while the defendant submits sworn, unexamined statements regarding his assets which are themselves highly misleading.  See National Services Industries, Inc. v. Vafla Corp., 694 F.2d 246, 250 (11th Cir. 1982) (defendants sanctioned for making frivolous arguments and engaging in delay and obstruction against settled law that a plaintiff has a right to discovery of all assets available to secure and satisfy a judgment).

> B.  **Defendant Should Not Be Allowed to Escape Examination of the Averments in His Affidavit Especially When, to Avoid Such Examination, Defense Counsel Abandoned His Initial Effort To Put Such Evidence Before the Jurors.**

This court may recall that defense counsel made an aborted attempt to elicit evidence from Wearing as to his personal assets during the jury trial.  Defense counsel withdrew from this line of inquiry only after he became aware of plaintiff's intent to cross-examine Wearing regarding the existence of municipal indemnification.  See Exhibit A attached hereto (excerpt of transcript of December 7, 2005 trial proceeding).  After having made a tactical decision to avoid exposing his client to cross-examination at trial regarding collateral sources of payment, defense counsel, post-

judgment, submitted an affidavit from Wearing in which he sets forth his personal assets in a carefully parsed manner. The defendant's memorandum of law in support of his motion for a stay of execution (and relief from the obligation to post security) likewise is carefully parsed so as to avoid any specific references (or denials) in respect to collateral sources of payment. On the basis of this unexamined affidavit, defendant is attempting both to gain a stay of execution and relief from the obligation to post security. He is also using these unexamined averments in order to improperly influence the court with respect to his financial ability to pay the punitive award and has used this affidavit as a subtle means of influencing the court on the issue of remittitur. Defendant incredibly now seeks to obstruct the plaintiff's efforts to test the credibility of these assertions as he did at trial.

Time is of the essence as plaintiff has an interest in moving quickly so as to discover whether and the extent to which Mr. Wearing has misrepresented the nature and extent of his assets and/or transferred assets in evasion of the judgment. Defense counsel's various machinations, all designed to obstruct this process, are frivolous and ought properly to be rejected and sanctioned.

RESPECTFULLY SUBMITTED

THE PLAINTIFF

ARPAD TOLNAY

BY: _____
KAREN LEE TORRE
Federal Bar No. ct01707
Law Offices of Karen Lee Torre
51 Elm Street
Suite 307
New Haven, CT 06510
(203) 865-5541

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on this 22nd day of March, 2006 to:

Robert A. Rhodes, Esq.
John Burns Farley, Esq.
Ralph W. Johnson III, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

Norman A. Pattis, Esq
649 Amity Rd., PO Box 280
Bethany, CT  06524

_____
KAREN LEE TORRE

7

1

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

------------------------------x

ARPAD TOLNAY,
         Plaintiff,         3:02CV1514 (EBB)

    vs.

MELVIN WEARING,
         Defendant         December 7, 2005
------------------------------x

                              Federal Building
                              141 Church Street
                              New Haven, Connecticut

JURY TRIAL - VOLUME 5

EXCERPT

Held Before:
    The Honorable ELLEN BREE BURNS,
        Senior U.S.D.C. Judge

FALZARANO COURT REPORTERS
117 North Saddle Ridge
West Simsbury, CT 06092
860.651.0258

```
                                                              2
 1
         APPEARANCES:
 2
              For the Plaintiff:
 3
                   KAREN LEE TORRE, ESQ.
 4                 51 Elm Street
                   New Haven, CT 06510
 5                 203.865.5541

 6            For the Defendant:

 7                 HALLORAN & SAGE
                   315 Post Road West
 8                 Westport, CT 06880
                   203.227.2855
 9                      By:  ROBERT A. RHODES, ESQ.

10                 CORPORATION COUNSEL'S OFFICE
                   165 Church Street
11                 New Haven, CT 06510
                   203.946.8232
12                      By:  JONATHAN H. BEAMON, ESQ.

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1          MELVIN WEARING, Defendant, having been
 2   previously duly sworn by the Clerk, was
 3   examined and testified on his oath, as
 4   follows:
 5
 6          THE CLERK:  Sir, I remind you, sir,
 7   you're still under oath.
 8          THE WITNESS:  Yes.
 9
10              DIRECT EXAMINATION
11
12   BY MR. RHODES:
13      Q.   Chief, how old are you?
14      A.   I'm 62.
15      Q.   And how are you currently employed?
16      A.   I'm employed by the Board of Education in
17   Bridgeport as the director of school and police security.
18      Q.   And what is your annual salary?
19          MS. TORRE:  Objection.  Could we go to
20      sidebar?
21          THE COURT:  Yes.
22
23          (At sidebar:)
24
25          THE COURT:  What's this all about?
```

196

MR. RHODES: Your Honor, she's seeking punitive damages, so, I'm going to put on evidence as to his net worth, because otherwise, if they do return punitive damages, I need a basis for any remitter or anything like that.

MS. TORRE: Your Honor, he's trotting down a very thickety path here. If he's going to put on evidence of Melvin Wearing's financial ability to pay punitive damages award, he's going to have to -- there's going to be an inquiry by me as to the indemnification of the City of New Haven. And I'm going to ask for the opportunity to put on evidence that the City intended to pay any punitive award.

THE COURT: Does the City pay punitive or just compensatory?

MR. RHODES: Your Honor, for the compensatory damages, they have a self insurer.

MS. TORRE: That's not true. I won an $850,000 verdict. They paid $800,000 on that case. We want to start getting into a can of worms, I'll get into it.

1       MR. RHODES: I'm aware of that.

2       MS. TORRE: And ~~Glormack~~ Broadnax, you want to
3  start pulling in Norm Pattis to say who's
4  paying the punitive award for that.

5       MR. RHODES: Your Honor, based on that
6  could I have a minute with my client just to
7  confirm these facts. I will withdraw the
8  question, if that's the issue.

9       THE COURT: Does Wearing know?

10      MR. RHODES: I don't know, if he does or
11  doesn't know.

12      THE COURT: All right. You confirm it
13  with Mr. Wearing.

14

15          (End of sidebar.)

16

17      MR. RHODES: Your Honor, at this point,
18  we have no further questions.

19      THE COURT: Ms. Torre?

20      MS. TORRE: No, your Honor.

21      THE COURT: Thank you, Chief.

22

23          (Witness is excused.)

24

25      MR. RHODES: Your Honor, at this point

206

1              CERTIFICATE

3       I hereby certify that the foregoing
4  pages are a complete and accurate
5  computer-aided transcription of my original
6  stenotype notes taken of the Jury Trial, which
7  were held in the matter of: ARPAD TOLNAY VS.
8  MELVIN WEARING, held before the Honorable Ellen
9  Bree Burns, Senior USDC Judge, U.S. District,
10 141 Church Street, New Haven, Connecticut on
11 December 7, 2005.

                _____
17                  IRMA I. SANCHEZ
                    Court Reporter