UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil No.  3:02CV1514 (EBB) |
| V. | : | |
| | : | |
| MELVIN WEARING | : | |
| | : | March 29, 2006 |
| Defendant. | | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR ORDER PERMITTING REGISTRATION OF JUDGMENT**

**I.    BACKGROUND**

Judgment in favor of the plaintiff and against the defendant in the amount of $5,150,903.84 entered in this action.  Proceedings are ongoing before this court relating to defendant's pending motion by which he seeks relief from the obligation to post security for the judgment in consideration for a stay of execution.  The court commenced hearing evidence on March 28, 2006 and heard testimony from the defendant, yet to be completed, and testimony from former defense counsel Jonathan Beamon and Thomas W. Ude, Jr.  Under cross-examination at the evidentiary hearing on March 28, 2006, defendant disclosed personal assets which include real and other property in the State of South Carolina.[1]

---

[1] Defendant's affidavit of March 2, 2006 appended to his Motion for Stay of Execution And Enforcement of Plaintiff's Judgment was less forthcoming.  He made an unspecified reference to ownership of a second home "located outside the State of Connecticut".  See Def.'s Exh. 2 at ¶ 3(b).

In dispute at this time is the assertion by the City of New Haven, as communicated by Corporation Counsel Ude, that it is not at present committed to paying the punitive damages in this case. The court also heard evidence that the City of New Haven's insurance policy with the Coregis Insurance Company provided insurance coverage in this action. Defense counsel, in the body of defendant's memorandum of law in support of his motion for a stay of execution represented that Mr. Wearing "does not know exactly which portions or the judgment that Coregis will indemnify". See Def.'s Memorandum of Law dated March 2, 2006 at p. 2.[2] Upon this statement, defense counsel, who are the appointed counsel of Coregis Insurance Company, added their own representation that Coregis Insurance Company does not feel obligated to pay the punitive damages. Id. at p. ___.

This court also heard remarkable testimony from Attorney Ude and Attorney Beamon, the latter trial counsel, wherein they conceded under cross-examination that: 1) no letter advising of a reservation of rights was given to defendant; 2) defendant was not put on notice that the City would allegedly defer a decision on indemnification while taking a "wait and see" approach to the outcome; 3) defense counsel did not advise Mr. Wearing to retain private counsel or otherwise make arrangements for independent counsel to represent the defendant and maintain loyalty only to him. The court also heard testimony from Attorney Ude conceding that New Haven has paid punitive damages assessed against City employees/officials in the past. Attorney Ude also testified that he

---

[2] Since the memorandum of law was drafted (and thus this representation made) by Coregis-appointed counsel, such a statement is itself interesting.

could not identify a prior instance where Ude's office defended a case which resulted in a punitive damage award which the City thereafter refused to pay. It was also established that Melvin Wearing neither attended nor played a role in the October, 2005 settlement conference supervised by the Honorable Joan G. Margolis. It is evident that lawyers representing the City of New Haven and additional defense counsel of record answering to Coregis Insurance Company rejected plaintiff's pre-trial settlement offer and elected to proceed to trial and expose defendant to the full range of available remedies.

It has been further established that, in connection with the post-judgment settlement conference supervised by Magistrate Judge Margolis held on January 13, 2006, Melvin Wearing, as before, did not appear nor did he participate in the decision-making made in connection with that process. Under seal with the clerk of the court is evidence of a settlement offer communicated to plaintiff's counsel (in the presence of the Magistrate Judge) which, if acceptable to plaintiff, would have resulted in a tentative settlement subject to and conditioned on the approval of the City's Litigation Settlement Committee. The majority of the members of said Committee are political appointees of Mayor DeStefano, including the Mayor's appointed Chief Administrative Officer. The sealed settlement figure, it was established, would have involved payment of a sum which is inconsistent with the current claim of the City and Coregis that Wearing did not have municipal funds and insurance proceeds available to be applied to satisfaction of the punitive damages award.

Assistant Corporation Counsel Jonathan Beamon further testified regarding the events of

December 8, 2005 which occurred in the wake of a note submitted by the jury which requested information regarding sources of payment available to Wearing. <u>See</u> Court Exhibit 1. During the course of discussion with counsel on the matter of the appropriate response to the note, the court suggested to Attorneys Rhodes and Beamon that they might wish, in light of this development, to reassess their position on settlement. Attorney Beamon confirmed that immediately upon the court's suggestion, plaintiff's counsel approached Beamon and Rhodes in the hallway and asked whether defendant wished to make an offer of settlement before the jury returned with a verdict. Plaintiff's counsel was immediately rebuffed. This occurred in the absence of the defendant and without his input and without his even being advised. Indeed, Attorney Beamon, when asked who made the decision to decline to discuss settlement, testified to negotiate with plaintiff's counsel, testified "I don't know".

Before the March 8, 2006 evidentiary hearing, Attorney Beamon successfully moved to withdraw his appearance in this action and advised the court at the hearing that the reason for the withdrawal was a conflict of interest between Wearing and the City of New Haven. Although the full extent of plaintiff's evidence was laid out in his opposition to defendant's motion for summary judgment and the court issued a lengthy ruling recounting that evidence and ordering the action to proceed to jury trial, Attorney Beamon conceded that at no time heading into the trial or during the trial, was Wearing advised to seek independent counsel whose loyalties were not divided.

In light of City counsel's recent withdrawal, Melvin Wearing has now retained personal

4

counsel for the first time. Because his personal counsel had not yet filed an appearance, and given the obvious conflicts and division of loyalties, this court, with the consent of the plaintiff, agreed to interrupt the examination of Melvin Wearing until such time as independent counsel, loyal to Wearing's interests and right to indemnification and full insurance coverage, participate in these proceedings.

Although the evidence has yet to be concluded, while the plaintiff believes the evidence adduced thus far throws into serious question the representations made by carrier-appointed and City counsel, plaintiff nevertheless has a right to as much as security as possible while these issues are resolved. Accordingly, plaintiff seeks an order of this court permitting the registration of the judgment in the District Court in the State of South Carolina.

## II.    ARGUMENT

28 U.S.C. §1963 provides that a judgment may be registered in another District "when ordered by the court that entered the judgment for good cause shown." The right to so register the judgment exists irrespective of the pendency of an appeal or other post-judgment motions. See Donel Corp. v. Kosher Overseerers Ass'n. of A.M., Inc., 2001 U.S. Dist. LEXIS 19326, 2001 WL 1512589, *1 (S.D.N.Y. 2001); Woodward & Dickerson v. Kahn, 1993 U.S. Dist. LEXIS 4188, 1993 WL 106129, at *1 (S.D.N.Y. 1993). Good cause is established "upon a mere showing that [the defendant herein] has substantial property in the other ... District and insufficient [assets] in the rendering district to satisfy the judgment." Owen v. Soundview Fin. Group, Inc., 71 F.Supp.2d 278, 278-9 (S.D.N.Y.

1999).  See also, Jack Frost Laboratories, Inc v. Physicians' and Nurses' Manufacturing Corp., 951 F.Supp. 51, 52 (S.D.N.Y. 1997).

At present, Melvin Wearing is before the court having given a description of his personal assets within the District of Connecticut which are insufficient to satisfy the judgment in this case. It also should be noted that since the date of judgment, apart from the pending application for award of fees and costs, the post-judgment proceedings have driven up the plaintiff's attorney's fees and costs substantially and said amounts will be the subject of a soon-to-be-filed supplemental motion for award of fees and costs and additional supplemental motions will follow.  Accordingly, by defendant's own averments at this point, the plaintiff is entitled to the relief requested.  See, Commonwealth Associates v. Palomar Medical Technologies, 1997 U.S. Dist. LEXIS 7911 (S.D.N.Y. 1997)(good cause for registration exists under 28 U.S.C. §1963 where a defendant cannot establish that he at present has substantial property in the district sufficient to satisfy the judgment.

WHEREFORE, for the foregoing reasons, the plaintiff respectfully requests that this motion be granted.

        THE PLAINTIFF

        ARPAD TOLNAY


BY:_____
        KAREN LEE TORRE
        Federal Bar No. ct01707
        Law Offices of Karen Lee Torre
        51 Elm Street, Suite 307
        New Haven, CT 06510
        (203) 865-5541

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed on this 29th day of March , 2006 to:

| | |
|---|---|
| Robert A. Rhodes, Esq.<br>Halloran & Sage, LLP<br>315 Post Road West<br>Westport, CT 06880 | John Burns Farley, Esq.<br>Ralph W. Johnson III, Esq.<br>Halloran & Sage<br>One Goodwin Square<br>225 Asylum St.<br>Hartford, CT 06103 |
| Norman A. Pattis, Esq.<br>649 Amity Road<br>P.O. Box 280<br>Bethany, CT 06524 | Hugh F. Keefe, Esq.<br>Lynch, Traub, Keefe & Errante, P.C.<br>P.O. Box 1612<br>New Haven, CT 06506-1612 |

        _____
        KAREN LEE TORRE