UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARPAD TOLNAY<br>    Plaintiff | CIVIL ACTION NO.<br>3:02 CV 1514 (EBB) |
| V. | |
| MELVIN WEARING<br>    Defendant | APRIL 6, 2006 |

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

I.    INTRODUCTION

The defendant files the present reply to the Plaintiff's Opposition to Defendant's Motion for Protective Order. As background, the plaintiff served a notice of deposition of the defendant, Melvin Wearing, which was faxed to undersigned counsel on Friday, March 17, 2006. On Monday, March 20, 2006, undersigned counsel called Attorney Torre and requested that the deposition be postponed until the court has ruled on the pending Motion to Stay Execution. Attorney Torre denied this request and the Motion for Protective Order was immediately drafted. During the course of the drafting of said motion, other issues which supported the motion were subsequently identified by counsel and included in the motion. The plaintiff then objected to the Motion for Protective Order arguing that: (1) the plaintiff has an absolute right to discovery concerning the defendant's assets; and (2) the defendant should

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

not escape examination on the averments set forth in his affidavit. The defendant now files the present reply to address these arguments.

### A. THE PLAINTIFF DOES NOT HAVE AN ABSOLUTE RIGHT TO UNLIMITED DISCOVERY IN THIS MATTER.

The defendant has never argued that the plaintiff does not have a right to post judgment discovery in this matter. However, this right is not absolute or unlimited. This right is limited by the Federal Rules of Civil Procedure and all other applicable law.

Specifically, the plaintiff's right to discovery is limited by Rule 26(c) which prohibits discovery which is annoying, embarrassing, oppressive or constitutes an undue expense. In the present case, discovery into the defendant's assets could be rendered moot depending upon the court's ruling on the Motion for Stay of Execution, thus a deposition at this time would constitute an undue expense. Additionally, any cross examination of the defendant concerning his assets and the statements contained in his affidavit could have been done, and was in fact done, during the hearing on the Motion for Stay of Execution. Thus, the deposition would have been duplicative and would constitute and undue expense. The deposition would have undoubtedly caused annoyance and oppression as it was scheduled on such unreasonably short notice and requested many documents be produced.

Additionally, the defendant also seeks a protective order to prevent any improper use or disclosure of the highly personal information sought by the plaintiff. While the plaintiff argues that this point has been rendered moot by the filing of an affidavit, the plaintiff's argument is

2

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

false and misses the point. The affidavit was a summary of the defendant's primary assets. This summary intentionally did not include detailed and personal information such as addresses, account numbers, loan numbers and names of financial institutions which could potentially be used for identity theft. This type of detailed information should be kept in strict confidence in order to properly protect the defendant's assets from identity theft, and disclosed for very limited purposes in this case. Therefore, a protective order should be issued limiting the use and disclosure of this information for the purpose of locating assets.

The plaintiff's right to discovery does not excuse the plaintiff from Rule 30(b)(1) which provides that "reasonable notice" shall be given to parties of any depositions. In the present case, four business days does not constitute reasonable notice. The defendant would not have had a reasonable opportunity to meet with counsel and his newly retained personal counsel in preparation for his deposition.

The plaintiff's right to discovery is also limited by Rules 30(b)(5) and 34(b) which provide a party with 30 days to object or respond to requests for production served with a notice of deposition. The plaintiff's request for production would have allowed only four business days for compliance or objection. See Jin v. Rodriguez, 2006 WL 39091, *2 (E.D.Cal. Jan. 5, 2006)(Court required 45 days notice of deposition, as reasonable written notice must take into account the time allowed to respond to a request for production of documents.) Therefore, the notice was not reasonable and the Motion for Protective Order should be granted.

3

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

Finally, the plaintiff's right to discovery is also limited by the attorney-client privilege. Communications between a party and their counsel is privileged. The example cited by the plaintiff in his brief is not applicable to the current case. In <u>Monticello Tobacco Co. v. American Tobacco Company</u>, 12 F.R.D. 344 (S.D.N.Y. 1952), the court did not issue a blanket waiver of the attorney client privilege. Rather, the court held that the attorney-client privilege did "not extend to money or property received by, or in the custody or control of, the attorney ..." There has been no claim that any current or former counsel for the defendant is in custody or control of any money or property of the defendant.

Therefore, while the plaintiff has a right to post-trial discovery, this right is not absolute or unlimited, and is subject to the same rules and reasonable limitations which apply to all discovery. Thus, the Motion for Protective Order should be granted.

B. <u>THE DEFENDANT HAS NOT ESCPAED CROSS-EXAMINATION OF HIS AFFIDAVIT.</u>

The plaintiff also argues that the defendant should be cross-examined concerning the affidavit filed in support of the Motion for Stay of Execution. The defendant has been cross-examined at length concerning his assets and the statements set forth in his affidavit. This cross-examination took place during the first day of the hearing on the defendant's Motion to Stay Execution. Additionally, the plaintiff has already examined other witnesses concerning any possible third-party sources of payment. The defendant has only objected to these

315 Post Road West
Westport, CT 06880

4
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

particular questions and requests for production to the extent that they infringe upon the attorney-client privilege. Finally, any information concerning applicable insurance coverage, which is not subject to the privilege, has been provided to the plaintiff, including the policy and a reservation of rights letter.

As the plaintiff has had an opportunity to cross-examine the defendant regarding his assets, the Motion for Protective Order should be granted.

III.  CONCLUSION

For the foregoing reasons, the Court should grant the Motion for Protective Order and enter an order prohibiting the plaintiff from conducting the deposition of Melvin Wearing until the Motion to Stay Execution has been adjudicated. The Court should also enter an order prohibiting the use and disclosure of any information discovered during the deposition for any purpose other than the locating assets.

DEFENDANT
MELVIN WEARING

By _____
ROBERT A. RHODES
HALLORAN & SAGE LLP
Fed. Bar #ct 13583
315 Post Road West
Westport, CT 06880
Telephone:  (203) 227-2855
Facsimile:   (203) 227-6992
rhodes@halloran-sage.com

315 Post Road West
Westport, CT 06880

5
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

## CERTIFICATION

This is to certify that on this 6th day of April, 2006, I hereby mailed a copy of the foregoing to:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06150

Norman A. Pattis, Esq.
649 Amity Road
Bethany, CT 06524

Hubert Santos, Esq.
Sandra L. Snaden, Esq.
Santos & Seeley, P.C.
51 Russ Street
Hartford, CT 06106

ROBERT A. RHODES

807611_1 DOC
807632-1
815472-1(HSFP)

315 Post Road West
Westport, CT 06880

6

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195