UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | |
| Plaintiff | : | |
| | : | |
| V. | : | CIVIL NO. 3:02CV1514 (EBB) |
| | : | |
| MELVIN WEARING | : | |
| Defendant | : | APRIL 27, 2006 |

## MOTION TO QUASH

The subpoena respondent, Thomas W. Ude, Jr., through counsel, hereby moves to quash the subpoena attached hereto as Exhibit A for the reasons stated hereafter.

1. The subpoena is overbroad, in that it commands the respondent to produce the following documents or objects:

> any and all records (including those electronically stored) which refer to or reflect the City of New Haven's payment of any award or judgment of punitive damages against any City official/employee including any cases where a post-trial settlement involved the committal of City funds to satisfy any such obligation in whole or in part.

2. Rule 45(c)(1) requires that "an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." The subpoena issued here appears calculated to impose an undue burden upon Attorney Ude, in violation of Rule 45(c)(1).

3. The subpoena is the second one served on Attorney Ude in connection with the same portion of a post-judgment proceeding, and the third served upon him by

plaintiff's counsel within the past month. By previous subpoena duces tecum, Plaintiff's counsel previously commanded Attorney Ude to testify in Court, and produce documents. He did so at those proceedings on March 28, 2006. During his interrogation, plaintiff's counsel asked Attorney Ude a series of questions and then rested its interrogation of him. The service of a second subpoena in connection with the post judgment proceedings is unnecessary, undue burdensome, and harassing.

4. The previous hearing was on March 28, 2006. However, plaintiff's counsel chose to wait to issue the new subpoena less than 48 hours before it commands Attorney Ude to appear. There is no excuse or reason for plaintiff's counsel's failure to request this information previously. It is unclear what plaintiff seeks to unearth through conducting this discovery in the courtroom, but Attorney Ude should not be compelled to appear repeatedly at the plaintiff's command because, as appears to have occurred, plaintiff's counsel forgot or failed to plan its case by requesting in its first subpona, the documents it wanted.

5. The commandment of the subpoena attached hereto commands, in less than 48 hours, the production of documents that can only be located through exhaustive research, including the review of records that have been archived. The subpoena demands documents over the entire expanse of the City's history; it contains neither a date restriction nor any other restriction. Compliance with its terms would require the physical review of numerous records going back presumably decades if not centuries,

since the City of New Haven has been an incorporated municipality for more than 300 years.

6.  The subpoena commands the production of "electronically stored records" without limitation. Plaintiff's counsel provides no guidance as to how electronically stored records are to be brought to the courthouse. It should not be left to the subpoena respondent to ascertain the unspoken intent of plaintiff's counsel.

7.  The subpoena commands production of documents and objects involving "including settlements". Pursuant to Rule 408, Fed.R.Evid., "Evidence of (1) furnishing or offering or compromising to furnish, or (2) accepting or offering or promising to accept, key valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, it is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible." The sole apparent purpose for which the documents are requested appears to be the plaintiff's claim – apparently on behalf of his opponent Melvin Wearing – that the City of New Haven is somehow obligated, despite the absence of any law imposing that liability, to pay punitive damages on behalf of Melvin Wearing in this case.

8.  Finally, compliance with the subpoena as issued would require the production of documents that contain attorney-client communications, as well as documents that were prepared in anticipation of or during litigation – including litigation involving one or more of the plaintiffs' attorneys. Plaintiff's counsel should not be

permitted to violate the City of New Haven's right to confidentiality of its communications with its counsel; nor should any individuals whose records may be involved be deemed to have waived the privilege that attached to their communications. Finally, the Office of the Corporation Counsel is a law department, and

    For the foregoing reasons, the subpoena is improper and must be quashed in it entirety. Furthermore, respondent seeks reimbursement from plaintiff's counsel for respondent's own time, and seeks an order that plaintiff's counsel pay respondent's attorney fees incurred in connection with this motion and with the duplicitous subpoenas.

                              THE RESPONDENT,
                              THOMAS W. UDE, JR.


/s/:_____
        Hugh F. Keefe
        Lynch Traub Keefe & Errante, P.C.
        52 Trumbull Street
        P.O. Box 1612
        New Haven, CT 06506-1612
        Tel. #:  (203) 787-0275
        Fax # (203) 782-0278
        E-mail: hkeefe@ltke.com
        Fed. Bar #ct05106
        Its Attorney

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Motion to Quash was mailed on April 27, 2006 to the following:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Robert A. Rhodes, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880-4739

/s/:_____
     Hugh F. Keefe

J:\CYCOM32\WPDOCS\D026\P003\00017578.DOC

- 5 -