UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

ARPAD TOLNAY,                          :
                                       :
            Plaintiff,                 :    CIVIL NO.
                                       :
      v.                               :
                                       :    3:02 CV 1514 (EBB)
MELVIN WEARING,                        :
                                       :
            Defendant.                 :


**<u>RULING ON DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL
BRIEFS IN SUPPORT OF HIS POST-TRIAL MOTIONS</u>**

**I.   <u>INTRODUCTION</u>**

On December 28, 2005, the defendant filed the following three post-trial motions for relief: a motion for the entry of judgment as a matter of law, a motion for a new trial, and a motion for remittitur. In the preparation of these motions, the defendant relied, in part, on the transcripts of the trial proceedings provided by the court reporter. This case involved five days of trial testimony, plus one day for closing arguments and the jury charge. The jury returned a verdict on a seventh recorded day of the proceedings. Thus, there were seven transcript volumes that the court reporter needed to prepare. The defendant represents that, on the afternoon of the verdict, his counsel called the court reporter to request the transcripts on an expedited basis. On December 21, 2005, the defendant's counsel received three transcript volumes. On December 23, 2005,

counsel received one volume. As of December 28, 2005, the date the post-trial motions were filed, defendant's counsel had not received the transcripts of the proceedings held on December 5, 7, or 12.

The defendant requests permission to file supplemental briefs in support of his three post-trial motions. Should this Court grant his motion, the defendant requests the deadline be set at thirty days from the date of this Court's ruling.

The plaintiff opposes this motion. The plaintiff asserts that the defendant's motion should be denied because 1) he already exceeded the page limitations with respect to the memoranda of law related to his motions for judgment as a matter of law or for a new trial and 2) plaintiff claims the defendant attempts to evade relevant page limitations by seeking remittitur separately, in a third post-trial motion, as opposed to including the remittitur issue in his motion for a new trial.

For the following reasons, the defendant's motion is GRANTED.

**II.   DISCUSSION**

    **A.   *Page Limitations***

Local Rule 7(a)2 states that, "[e]xcept by permission of the Court, briefs or memoranda shall not exceed forty (40) ... pages ... exclusive of pages containing a table of contents, table of statutes, rules or the like." D. Conn. L. Civ. R. 7(a)2.

2

The plaintiff claims that the defendant's motion should be denied because he has already exceeded the page limit on the memoranda of law associated with both the motion for a new trial and the motion for judgment as a matter or law. According to the plaintiff, each of the referenced memoranda of law total 42 pages in length. This Court's review of the defendant's memorandum of law in support of his motion for judgment as a matter of law reveals a cover page, a table of contents, forty substantive pages (pages 1-40), a signature page (page 41), and a certification page (page 42). The same format appears in the memorandum in support of defendant's motion for a new trial.

This Court will accept the defendant's memoranda. For the purposes of this motion, the aforementioned signature and certification pages do not render either document excessive in length. The plaintiff's objection based on his claim that the defendant already exceeded the page limitation imposed by the Local Rules is overruled. This ruling does not excuse either party from observing and conforming to all relevant page limitations now and in the future.

    B.   *Separate Motion For Remittitur*

The plaintiff also objects to the defendant's separate filing of his motion for remittitur. The plaintiff asserts that the remittitur issue should have been included in the memorandum in support of defendant's motion for a new trial. He further

asserts that the defendant filed a separate motion in order to circumvent the above-referenced page limitations found in the local rules of this Court. The defendant denies this allegation and claims he acted in good faith and merely sought to provide a clear, organized presentation of his requests for post-trial relief.

This Court has found no case law, statute, or rule that requires the request for remittitur to be included in the memorandum in support of a motion for a new trial. Though the two relief options are related, they are not necessarily one and the same. See Grisanti v. Cioffi, No. 3:99 CV 49, 2001 WL 777435 (D. Conn. June 14, 2001) (Where appropriate, a new trial may be ordered or, in the alternative, the plaintiff may accept a remittitur of an excessive jury award); Mihalick v. Cavanaugh 26 F.Supp.2d 391 (D. Conn. 1998) (same).

While the defendant's organizational strategy might be considered nontraditional, his decision to file the remittitur request separately from his motion for a new trial does not appear to have been made in bad faith. Had the defendant, instead, merely requested permission to exceed the page limiations, this Court, given the size of the jury's verdict and the nature of the issues currently pending, would have been hard-pressed to deny such a request.

**III. <u>Supplemental Briefs</u>**

Having found that the defendant did not exceed the page limitations on his memoranda, and, further, that the separate filing of his remittitur motion and memorandum was permissible in this case, the Court now turns to the defendant's justification for his request to file supplemental briefs.

Since the defendant was forced to wait for the delivery of a portion of the trial record, he was unable to complete his research and preparation of the various post-trial motions. Additionally, the defendant asserts that the need for additional briefing is due to the reporter's delay in providing the trial transcripts, not the defendant's delay in making the request. As mentioned earlier, given the size of the jury's award, the defendant's request does not seem unreasonable.

**IV. <u>Conclusion</u>**

For the foregoing reasons, the defendant's Motion For Leave To File Supplemental Briefs In Support of His Post-Trial Motions (Doc. # 79) is hereby GRANTED. Defendant is ordered to submit any such supplemental briefs within thirty (30) days of this order.

            SO ORDERED

            _____
            ELLEN BREE BURNS
            SENIOR UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut this _____ day of April, 2006.