IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | CIVIL ACTION NO. |
|     Plaintiff | : | 3:02-CV-1514 (EBB) |
| | : | |
| V. | : | |
| | : | |
| MELVIN WEARING | : | |
|     Defendant | : | MAY 11, 2006 |

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO THE PLAINTIFF'S MOTION FOR PERMISSION TO REGISTER THE JUDGMENT

Robert A. Rhodes, Esq.
CT Fed. Bar No. 13583
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
Tel:   (203) 227-2855
Fax:   (203) 227-6992
E-Mail:  Rhodes@halloran-sage.com

and

Ralph W. Johnson III, Esq.
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel:   (860) 522-6103
Fax:   (860) 548-0006
E-Mail:  Johnsonr@halloran-sage.com

*Counsel for the Defendant,*
*Melvin Wearing*

**ORAL ARGUMENT REQUESTED**

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT .................................................................................... 1

BACKGROUND ......................................................................................................... 1

ARGUMENT .............................................................................................................. 2

    I.    THE PLAINTIFF'S MOTION SHOULD BE DENIED
AS PREMATURE AND AS CONTRADICTORY TO
PRIOR REPRESENTATIONS BY THE PLAINTIFF ................................... 2

    II.    THE PLAINTIFF'S MOTION SHOULD BE DENIED
BECAUSE THE JUDGMENT AT ISSUE IS
CONSTITUTIONALLY EXCESSIVE AND A STAY OF
EXECUTION SHOULD BE ENTERED ......................................................... 4

    III.    WITH THE PLACING OF A LIEN ON THE DEFENDANT'S
CONNECTICUT HOME, A STAY SHOULD BE ENTERED
UNDER RULE 62(F) ........................................................................................ 5

    IV.    IF THE COURT GRANTS THE PLAINTIFF'S MOTION,
IT SHOULD ORDER THE PLAINTIFF TO POST A BOND TO SECURE
ANY EXECUTION AND ORDER THAT ALL MONIES OBTAINED
BY THE PLAINTIFF BE DEPOSITED INTO AN ACCOUNT
HELD BY THE COURT .................................................................................. 6

CONCLUSION ........................................................................................................... 8

## PRELIMINARY STATEMENT

The defendant, Melvin Wearing, the former Police Chief for the City of New Haven, submits this memorandum of law in opposition to the plaintiff's motion for an order permitting registration of the judgment filed on March 30, 2006. On March 2, 2006, Chief Wearing filed a motion for a stay of the enforcement and execution of the judgment and a memorandum of law in support of the motion. (Elec. Docket Entries Nos. 123-25) Those pleadings are incorporated by reference.

For the reasons set forth below, the Court should deny the plaintiff's motion. Moreover, the Court should grant Chief Wearing's motion and enter a stay without requiring the posting of any security. In the alternative, the Court should enter a stay with the posting of a minimal amount of security to secure only the compensatory damages portion of the judgment. If the Court denies Chief Wearing's motion for a stay, it should order the plaintiff to post a bond to secure any execution on the judgment that he undertakes and require that any monies obtained from an execution be placed in an interest bearing account held by the Clerk's office.

## BACKGROUND

Following a jury verdict, a judgment was entered against Chief Wearing in the amount of $150,903.84 in compensatory damages and $5,000,000.00 in punitive damages. (Elec. Docket Entry No. 71) Chief Wearing filed a motion for judgment as a matter of law, a motion for a new trial and a motion for remittitur, in the alternative. Chief Wearing filed a motion for the stay of the execution or enforcement of the judgment on March 2, 2006. Despite Chief Wearing's pending motion for a stay and his request for an expedited ruling on the motion, the plaintiff placed a lien on Chief Wearing's home in Connecticut on or about March 6, 2006. (Elec. Docket Entry No. 187, 5/1/06 Hearing Tr. at 34)

1

## ARGUMENT

### I. THE PLAINTIFF'S MOTION SHOULD BE DENIED AS PREMATURE AND AS CONTRADICTORY TO PRIOR REPRESENTATIONS BY THE PLAINTIFF

The plaintiff's motion to register the judgment should be denied for several reasons. First, it is premature because Chief Wearing's motion for a stay of execution is pending before the Court and the time for filing of any appeal has not yet begun to run. Second, the plaintiff's motion contradicts the multiple representations to the Court that the plaintiff did not intend to execute on the judgment. (Elec. Docket Entry No. 160, 3/24/06 Tel. Conf. Tr. at 11; Elec. Docket Entry No. 168, 3/28/06 Hearing Tr. at 260) Third, the plaintiff's motion should be denied because there has been no evidence that Chief Wearing has "substantial" assets in South Carolina. Finally, it would be inappropriate to register the current judgment as it is constitutionally excessive and should be vacated.

28 U.S.C. § 1963 provides, in relevant part, as follows:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

Under § 1963, a district court may, "for a good cause," shown, allow the registration of a judgment in another district. Good cause includes a showing that the defendant has "substantial property in the other district and insufficient in the rendering district to satisfy the judgment." David D. Siegal, Commentary on 1988 revision to 28 U.S.C. § 1963.

2

The court in Educational Employees Credit Union v. Mutual Guarantee Corp., 154 F.R.D. 233, 235 (E.D. Mo. 1994) recognized that the "[c]ase law is extremely scant on the issue of the 1988 'Good Cause Shown' amendment to 28 U.S.C. § 1963. What can be located indicates that the majority of courts that have addressed the statute, since its 1988 amendment, have done so in the context of a pending appeal." Consequently, the Educational Employees court believed that the decisions concluding that the "Good Cause Shown" clause of the amended § 1963 only applies during the pendency of an appeal were "stronger" than the case law to the contrary. 154 F.R.D. at 235. "'Good Cause' can be established by 'an absence of assets in the judgment forum, coupled with the presence of *substantial* assets in the registration forum.'" Cheminova A/S v. Griffin L.L.C., 182 F.Supp. 2d 68, 80 (D.D.C. 2002) (emphasis added).

In the instant case, the plaintiff's motion for permission to register the judgment in the District of South Carolina should be denied because it is premature. Chief Wearing's motion for a stay of the enforcement and execution of the judgment is still pending. If that motion is granted, the plaintiff's motion should be denied. The plaintiff's motion is also premature and thus should be denied because the time for Chief Wearing to file an appeal, if necessary, has not yet begun to run. See Educational Employees, 154 F.R.D. at 235. Chief Wearing's post-trial motions are pending.

The plaintiff's motion should also be denied because it is contradictory with the plaintiff's representations to the Court during the March 24, 2006 telephone conference and during the March 28, 2006 hearing that the plaintiff did not intend to execute on the judgment. (Elec. Docket Entry No. 160, 3/24/06 Tel. Conf. Tr. at 11; Elec. Docket Entry No. 168, 3/28/06 Hearing Tr. at 260) The registration of the judgment in South Carolina is the first step towards execution on the judgment.

3

Moreover, the plaintiff's motion should be denied because there has been no evidence that Chief Wearing has "substantial" assets in South Carolina. To the contrary, the evidence is that he has a vacation home with a significant mortgage and a truck in South Carolina.

## II. THE PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE THE JUDGMENT AT ISSUE IS CONSTITUTIONALLY EXCESSIVE AND A STAY OF EXECUTION SHOULD BE ENTERED

The plaintiff's motion should also be denied because it would be inappropriate to register the current judgment, in the amount of $5,150,903.84, because it is constitutionally excessive. The Court should not allow the registration of a judgment that is constitutionally excessive on its face.

As demonstrated in Chief Wearing's memorandum of law in support of his motion for a new trial, the largest portion of the judgment, the $5 million punitive damages award, is constitutionally excessive. (Chief Wearing's New Trial Mem. of Law, at 19-37) The memorandum also demonstrates that the $150,000 in emotional distress damages is similarly excessive and unsupported by the evidence. (Id. at 18, 37-39) Consequently those portions of the judgment should not factor into the Court's determination of whether to allow the registration of the judgment outside of the District of Connecticut.

Without the punitive damages portion of the judgment alone, there is no basis to register the judgment outside of Connecticut under the standard governing a § 1963 motion. The portions of a judgment that will either be vacated or substantially reduced via remittitur should not be the basis for placing a defendant in a precarious financial position or placing an individual defendant in the position of having to defend execution proceedings outside his state of residence. Accord Olympia Equip. Leasing Co. v. Western Union Telegraph Co., 786 F.2d 794, 797 (7th Cir. 1986)(Posner, J.)(punitive damages are a "windfall").

4

Moreover, the application of the criteria for the analysis of a motion for stay under Rules 62(b) and 62 (d), identified in Silver v. Mendel, 1992 WL 163285, at **1-2 (E.D. Pa. July 8, 1992), Morgan Guar. Trust Co. v. Republic of Palau, 702 F.Supp. 60, 65 (S.D.N.Y. 1988), vacated on other grounds, 924 F.2d 1237 (2d Cir. 1991), and Dillon v. City of Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988), confirms that the Court should grant Chief Wearing's motion for a stay of enforcement and execution without requiring the posting of a bond or alternate security. This analysis is set forth in detail at pages 5 through 12 of Chief Wearing's memorandum of law in support of his motion for a stay filed on March 2, 2006. The analysis weighs heavily in favor of granting Chief Wearing's motion and denying the plaintiff's motion to register the judgment in South Carolina.

### III. WITH THE PLACING OF A LIEN ON THE DEFENDANT'S CONNECTICUT HOME, A STAY SHOULD BE ENTERED UNDER RULE 62(F)

As noted above and confirmed at the May 1, 2006 hearing, the plaintiff has placed a lien on Chief Wearing's home in Connecticut. (Elec. Docket Entry No. 187, 5/1/06 Hearing Tr. at 34) Thus, under Rule 62(f) of the Federal Rules of Civil Procedure, the Court should grant Chief Wearing's motion for a stay consistent with the automatic stay that applies in Connecticut state court practice. See Fed. R. Civ. P. 62(f); Conn. Practice Book § 61-11(a). Rule 62(f) provides that "[i]n any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts in that state." See FDIC v. Ann-High Associates, No. 97-6095, 1997 WL 1877195, at *1 (2d Cir. Dec. 2, 1997)(a stay under Rule 62(f) is mandatory). Under Connecticut state law, Chief Wearing would be entitled to an automatic stay of enforcement pending the conclusion of appellate proceedings. Specifically, Practice Book § 61-11(a) is

5

entitled "Automatic Stay of Execution." It provides, in relevant part, that "proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to take an appeal has expired." As the plaintiff has chosen to place a lien on Chief Wearing's home in Connecticut, despite the pendency of the motion for stay, Chief Wearing should now under Rule 62(f), be entitled to a stay of any further executions or enforcement of the judgment. See Ann-High Associates, 1997 WL 1877195, at **2-4 (recognizing that there are circumstances under which Rule62(f) would apply in Connecticut). Given the stay that should enter in this case, the Court should deny the plaintiff's request for permission to register the judgment in South Carolina.

### IV. IF THE COURT GRANTS THE PLAINTIFF'S MOTION, IT SHOULD ORDER THE PLAINTIFF TO POST A BOND TO SECURE ANY EXECUTION AND ORDER THAT ALL MONIES OBTAINED BY THE PLAINTIFF BE DEPOSITED INTO AN ACCOUNT HELD BY THE COURT

If the Court does not grant Chief Wearing's motion for a stay and grants the plaintiff's motion to register the judgment, it should order (a) that the plaintiff post a bond to secure any damages that result from his execution on or enforcement of the judgment and (b) that all monies obtained by the enforcement and execution of the judgment be deposited into an interest bearing account held by the Clerk's Office. See Harris v. Butler, 961 F.Supp. 61, 63-64 (S.D.N.Y. 1997) (approving depositing of monies and holding in escrow) (cited in Pl.'s Motion for Bond).

As the Court is aware, the plaintiff is an individual. If the plaintiff is allowed to execute on the judgment in Connecticut or South Carolina and obtain any monies from that execution, Chief Wearing's ability to retrieve those monies after he is successful on his post-trial motions and/or on appeal should be secured. Chief Wearing has demonstrated that his post-trial motions present a "substantial case on the merits." See Morgan Guar., 702 F.Supp. at 65. He has raised several significant legal issues in connection with both his motion for judgment as a matter of

6

law, his motion for a new trial and his motion for remittitur, in the alternative. At a minimum, Chief Wearing has demonstrated that the $5 million punitive damages award should be vacated. It is clearly excessive and unconstitutional.

Consequently, the plaintiff should not be allowed to execute on or enforce against a judgment in excess of $5 million, without providing security for the damages that will be inflicted on Chief Wearing if he is not able to obtain restitution after a judgment is entered in his favor or a new trial is ordered and without depositing any monies obtained into an interest bearing account held by the Clerk's Office. Accordingly, at a minimum, the Court should require the plaintiff to post a bond before executing on the judgment and to deposit any monies obtained with the Clerk. See Harris, 961 F.Supp. at 63-64.

## CONCLUSION

For the foregoing reasons, the Court should deny the plaintiff's motion.

Respectfully submitted,

**DEFENDANT
MELVIN WEARING**

By: _____
Robert A. Rhodes, Esq.
CT Fed. Bar No. 13583
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
Tel:    (203) 227-2855
Fax:   (203) 227-6992
E-Mail:  rhodes@halloran-sage.com

and

Ralph W. Johnson III, Esq.
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel:    (860) 522-6103
Fax:   (860) 548-0006
E-Mail:  johnsonr@halloran-sage.com

His Attorneys

## CERTIFICATION

This is to certify that on this 11th day of May, 2006, a copy of the foregoing was caused to be mailed via U.S. Mail to:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Norman A. Pattis, Esq.
649 Amity Road
Bethany, CT 06524

Hugh F. Keefe, Esq.
Lynch, Traub, Keefe and Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Hubert J. Santos, Esq.
Sandra L. Snaden, Esq.
Santos & Seeley, P.C.
51 Russ Street
Hartford, CT 06106


_____
Ralph W. Johnson, III

818600_1.DOC