IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARPAD TOLNAY : | CIVIL ACTION NO. |
| Plaintiff : | 3:02-CV-1514 (EBB) |
| : | |
| V. : | |
| : | |
| MELVIN WEARING : | |
| Defendant : | MAY 17, 2006 |

## MOTION FOR EXTENSION OF TIME

Pursuant to Local Rule 7(b)2, the defendant, Melvin Wearing, the former Chief of Police for the City of New Haven, requests a twenty-eight (28) day extension of time, from May 30, 2006 to and including June 27, 2006, of his deadline to file supplemental briefs in further support of his three, principal, post-trial motions (motion for judgment as a matter of law, motion for a new trial and motion for remittitur, in the alternative). He also requests a thirty-four (34) day extension of time, from May 24, 2006 to and including June 27, 2006, of his deadline to file reply briefs in further support of his three, principal, post-trial motions (motion for judgment as a matter of law, motion for a new trial and motion for remittitur, in the alternative).

The plaintiff's counsel opposes the granting of a motion for an extension of time. For the reasons set forth below, the Court should grant Chief Wearing's motion.

In support of his motion, Chief Wearing states as follows:

1. This is Chief Wearing's first request for an extension of the deadline for the supplemental briefs. It is his third request for an extension of the deadline of the reply briefs

2. The deadline for Chief Wearing to file reply briefs in support of his three principal, post-trial motions is currently May 24, 2006. The deadline for Chief Wearing to file

supplemental briefs in support of his three principal, post-trial motions is currently May 30, 2006.

3. The plaintiff has filed at least nine (9) motions for extension of time since the trial. Chief Wearing never objected to any of those motions and they were all granted.

4. Specifically, the plaintiff moved for and received four (4) extensions of time to file his opposition briefs to Chief Wearing's post-trial motions. The plaintiff's two opposition briefs were filed on March 20, 2006. Chief Wearing's counsel received the plaintiff's briefs on March 21, via emails from the Court. The plaintiff's opposition to Chief Wearing's motion for judgment as a matter of law appears to have been re-filed or designated as filed on May 22, 2006 by the Clerk's office. Eighty-two (82) days passed between the filing of the post-trial motions and the filing of the plaintiff's opposition briefs.

5. In addition to the four (4) extensions the plaintiff received in connection with the filing of his briefs in opposition to the post-trial motions, he also received three (3) extensions of time to file his opposition to Chief Wearing's motion for a stay. The last of the three extensions was an open-ended extension. Specifically, after the granting of the second extension, nunc pro tunc, the plaintiff's opposition was due on March 27. On March 28, when asked by the Court about the filing of the opposition, the plaintiff asked for and received a third extension of time to file the opposition until some, unidentified time after the conclusion of the proceedings on the motion for a stay.

6. The plaintiff also received two (2) extensions of time of his deadline to file his motion for an award of attorney's fees and costs. Moreover, Chief Wearing's counsel has recently informed plaintiff's counsel that he would not object to a motion by the plaintiff for an extension of time to file a reply brief in support of his motion for attorneys' fees and costs.

7.  Chief Wearing's counsel require the requested extension of time to fully analyze the plaintiff's two opposition briefs, totaling 29 pages and 51 pages, respectively, and the numerous cases and jury verdict reports cited in them, to analyze the portions of the volumes of trial transcripts that were not available at the time of filing, to research the issues raised in the briefs and to draft the reply/supplemental briefs in further support of the post-trial motions. Chief Wearing's counsel also require the requested extension of time because of competing case obligations and the other tasks in this case. Those tasks have included: (1) the attendance at a hearing in this case on April 27, 2006, (2) the preparation of and filing of an opposition to the plaintiff's motion for an award of attorney's fees and costs on May 3, (3) the preparation of and filing of an opposition to the plaintiff's motion to register the judgment on May 11, and (4) the attendance at a hearing in this case scheduled for May 23.

8.  Moreover, on May 8, the plaintiff's attorney served Halloran & Sage LLP with a subpoena demanding the firm's billing records and a deposition to be held on May 12. In response to that subpoena, Chief Wearing counsel had to prepare and file a motion to quash, or in the alternative, a motion for protective order on May 11.

9.  As the Court recognized in its ruling granting the request for leave to file supplemental briefs, the nature of issues involved in the post-trial motions are significant. The requested extension of time is reasonable and needed to address these significant issues. It would also appear reasonable and appropriate to have these related briefs due on the same date.

**WHEREFORE**, for good cause shown, Chief Wearing requests that the Court grant his motion to extend the deadlines at issue from May 24 and 30, respectively, to and including June 27, 2006.

Respectfully submitted,

**DEFENDANT**
**MELVIN WEARING**


By: _____
Robert A. Rhodes, Esq.
CT Fed. Bar No. 13583
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
Tel:    (203) 227-2855
Fax:    (203) 227-6992
E-Mail:  rhodes@halloran-sage.com

and

Ralph W. Johnson III, Esq.
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT  06103
Tel:    (860) 522-6103
Fax:    (860) 548-0006
E-Mail:  johnsonr@halloran-sage.com

His Attorneys

## **CERTIFICATION**

      This is to certify that on this 17th day of May, 2006, a copy of the foregoing was caused to be mailed via U.S. Mail to:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Norman A. Pattis, Esq.
649 Amity Road
Bethany, CT 06524

Hugh F. Keefe, Esq.
Lynch, Traub, Keefe and Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Hubert J. Santos, Esq.
Sandra L. Snaden, Esq.
Santos & Seeley, P.C.
51 Russ Street
Hartford, CT 06106

                                                                                   _____
                                                                                     Ralph W. Johnson, III

820990_1 DOC