IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02-CV-1514 (EBB) |
| | : | |
| V. | : | |
| | : | |
| MELVIN WEARING | : | |
| Defendant | : | MAY 19, 2006 |

## SUPPLEMENTAL MOTION FOR STAY OF ENFORCEMENT AND EXECUTION OF JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Pursuant to Rule 62(f) of the Federal Rules of Civil Procedure and Local Rule 7, the defendant, Melvin Wearing, the former Chief of Police for the City of New Haven, hereby moves the Court for an order staying the execution of, or any further proceedings to enforce, the judgment entered in favor of the plaintiff, pending the disposition of Chief Wearing's motion for judgment as a matter of law, motion for a new trial and motion for remittitur, in the alternative. On March 2, 2006, Chief Wearing filed a motion for a stay of the enforcement and execution of the judgment under Rule 62(b) and a memorandum of law in support of the motion. (Elec. Docket Entries Nos. 123-25) Those pleadings are incorporated by reference. This supplemental motion provides an additional ground for the entry of a stay. For the reasons set forth below, the Court should grant Chief Wearing's motion.

### BACKGROUND

Following a jury verdict, a judgment was entered against Chief Wearing in the amount of $150,903.84 in compensatory damages and $5,000,000.00 in punitive damages. (Elec. Docket Entry No. 71) Chief Wearing filed a motion for judgment as a matter of law, a motion for a new trial and a motion for remittitur, in the alternative. Chief Wearing filed a motion for the stay of the execution or enforcement of the judgment on March 2, 2006. Despite Chief Wearing's

**ORAL ARGUMENT REQUESTED**

pending motion for a stay and his request for an expedited ruling on the motion, the plaintiff placed a lien on Chief Wearing's home in Connecticut on or about March 6, 2006. (Elec. Docket Entry No. 187, 5/1/06 Hearing Tr. at 34) A copy of the lien placed on Chief Wearing's home and a correspondence from the plaintiff's attorney dated March 6, 2006 is attached hereto as Exhibit A.

## **ARGUMENT**

## I. **THE COURT SHOULD ENTER A STAY UNDER RULE 62(f)**

In addition to the grounds set forth in Chief Wearing's March 2 motion, the Court should enter a stay under Rule 62(f). Rule 62(f) provides as follows:

> In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state.

Fed. R. Civ. P. 62(f).

In FDIC v. Ann-High Associates, No. 97-6095, 1997 WL 1877195, at *1 (2d Cir. Dec. 2, 1997)(per curiam), the Second Circuit recognized that there are circumstances under which Rule 62(f) would apply in Connecticut. 1997 WL 1877195, at **2-4. In particular, it recognized that a "per se rule that Rule 62(f) may never be satisfied under Connecticut's lien law would be over broad." Id. at *3. Rather, the Second Circuit concluded that a judgment debtor can avoid posting a supersedeas bond if he demonstrates that: (1) the state law entitled him to appeal without a bond; (2) that a judgment can be made a lien against a judgment debtor's property under the state's lien law; and (3) that the circumstances are such that the judgment creditor can readily establish a lien that will be adequate to secure the judgment. Id. at *4. The Second Circuit further recognized in Ann-High Associates that "[i]n Connecticut, this will involve the

judgment debtor's disclosure of the value and location of both real and personal property in the state so that the judgment creditor will know where to file the lien and can evaluate the adequacy of its security." Id. Accordingly, "[i]f state law provides security pending appeal to a particular judgment creditor in the form of a lien, then federal courts must respect the state's determination that judgment debtors in the state may appeal without filing a bond. As a general proposition, if a judgment debtor can point to alternative and adequate means of securing the judgment pending appeal, the supersedeas bond requirement may be waived under other provisions of Rule 62." Id.

The Second Circuit in Ann-High Associates further held that while other exceptions to the supersedeas bond requirement are discretionary, a district court must grant a stay without a supersedeas bond if a judgment debtor shows that it has met the requirements of Rule 62(f). Id. at *4. As the appellants did not state whether they had any property in Connecticut, the Ann-High Associates court denied their motion for stay of execution pending appeal. Id.

As noted above and confirmed at the May 1, 2006 hearing, the plaintiff has placed a lien on Chief Wearing's home in Connecticut. (Ex. A; Elec. Docket Entry No. 187, 5/1/06 Hearing Tr. at 34) Chief Wearing has also identified his other assets. Thus, under Rule 62(f), the Court should grant Chief Wearing's motion for a stay consistent with the automatic stay that applies in Connecticut state court practice. Fed. R. Civ. P. 62(f); Conn. Practice Book § 61-11(a). See Ann-High Associates, 1997 WL 1877195, at *1 (a stay under Rule 62(f) is mandatory).

Under Connecticut state law, Chief Wearing would be entitled to an automatic stay of enforcement pending the conclusion of appellate proceedings. Specifically, Practice Book § 61-11(a) is entitled "Automatic Stay of Execution." It provides, in relevant part, that "proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to take an appeal has expired." As the plaintiff has chosen to place a lien on Chief Wearing's home in

Connecticut, despite the pendency of the March 2 motion for stay, Chief Wearing should now under Rule 62(f), be entitled to a stay of any further executions or enforcement of the judgment. See Ann-High Associates, 1997 WL 1877195, at **2-4.

As demonstrated in Chief Wearing's memorandum of law in support of his motion for a new trial, the largest portion of the judgment, the $5 million punitive damages award, is constitutionally excessive. (Chief Wearing's New Trial Mem. of Law, at 19-37)  The memorandum also demonstrates that the $150,000 in emotional distress damages is similarly excessive and unsupported by the evidence. (Id. at 18, 37-39)  Accordingly, those portions of the judgment should not factor into the Court's determination of whether to stay the enforcement and execution of the judgment.  Without the punitive damages portion of the judgment alone, the judgment has been secured by the lien.  Portions of a judgment that will either be vacated or substantially reduced via remittitur should not be the basis for placing the defendant in a precarious financial position.  See Olympia Equip. Leasing Co. v. Western Union Telegraph Co., 786 F.2d 794, 797 (7th Cir. 1986) (Posner, J.)(Punitive damages are a "windfall").  See also Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979)("if the judgment debtor's present financial condition is such that the posting a full bond would impose an undue financial burden, the court similarly is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection of the judgment creditor.").

Consequently, in the case at bar, Chief Wearing is entitled to the entry of a stay under Rule 62(f).

**II.   IF THE COURT DENIES THE DEFENDANT'S MOTION, IT SHOULD ORDER THE PLAINTIFF TO POST A BOND TO SECURE ANY EXECUTION AND ORDER THAT ALL MONIES OBTAINED BY THE PLAINTIFF BE DEPOSITED INTO AN ACCOUNT HELD BY THE COURT**

If the Court does not grant Chief Wearing's motion for a stay, it should order (a) that the plaintiff post a bond to secure any damages that result from his execution on or enforcement of the judgment and (b) that all monies obtained by the enforcement and execution of the judgment be deposited into an interest bearing account held by the Clerk's Office. See Harris v. Butler, 961 F.Supp. 61, 63-64 (S.D.N.Y. 1997)(approving depositing of monies and holding in escrow) (cited in Pl.'s Motion for Bond).

As the Court is aware, the plaintiff is an individual. If the plaintiff is allowed to execute on the judgment and obtain any monies from that execution, Chief Wearing's ability to retrieve those monies after he is successful on his post-trial motions and/or on appeal should be secured. Chief Wearing has demonstrated that his post-trial motions present a "substantial case on the merits." See Morgan Guar. Trust Co. v. Republic of Palau, 702 F.Supp. 60, 65 (S.D.N.Y. 1988), vacated on other grounds, 924 F.2d 1237 (2d Cir. 1991); Silver v. Mendel, 1992 WL 163285, at **1-2 (E.D. Pa. July 8, 1992). He has raised several significant legal issues in connection with both his motion for judgment as a matter of law, his motion for a new trial and his motion for remittitur, in the alternative. At a minimum, Chief Wearing has demonstrated that the $5 million punitive damages award should be vacated. It is clearly excessive and unconstitutional.

Consequently, the plaintiff should not be allowed to execute on or enforce a judgment in excess of $5 million, without providing security for the damages that will be inflicted on Chief Wearing if he is not able to obtain restitution after a judgment is entered in his favor or a new trial is ordered and without depositing any monies obtained into an interest bearing account held by the Clerk's Office. Accordingly, at a minimum, the Court should require the plaintiff to post

a bond before executing on the judgment and to deposit any monies obtained with the Clerk.  See

Harris, 961 F.Supp. at 63-64.

   **WHEREFORE**, Chief Wearing requests that the Court grant his motion and enter a stay.

                              Respectfully submitted,

                              **DEFENDANT
                              MELVIN WEARING**


                    By:    _____
                              Robert A. Rhodes, Esq.
                              CT Fed. Bar No. 13583
                              **HALLORAN & SAGE LLP**
                              315 Post Road West
                              Westport, CT 06880
                              Tel:    (203) 227-2855
                              Fax:    (203) 227-6992
                              E-Mail:  rhodes@halloran-sage.com

                                        and

                              Ralph W. Johnson III, Esq.
                              CT Fed. Bar No. 15277
                              **HALLORAN & SAGE LLP**
                              One Goodwin Square
                              225 Asylum Street
                              Hartford, CT  06103
                              Tel:    (860) 522-6103
                              Fax:    (860) 548-0006
                              E-Mail:  johnsonr@halloran-sage.com

                              His Attorneys

# EXHIBIT A

*Law Offices of*
## KAREN LEE TORRE

*51 Elm Street - Suite 307*
*New Haven, Connecticut 06510*

*Telephone - (203) 865-5541*
*Facsimile - (203) 865-4844*

March 6, 2006

Robert Rhodes, Esq.
Halloran & Sage
315 Post Road West
Westport, CT 06880
FAX: (203) 227-6992

Jonathan H. Beamon, Esq.
Assistant Corporation Counsel
Office of the New Haven Corporation Counsel
165 Church St., 4th Floor
New Haven, CT 06510
FAX: (203) 946-7942

VIA FAX AND REGULAR MAIL

RE:  **Tolnay v Wearing**
     **No. 3:02CV1514 (EBB)**

Dear Counselors:

Enclosed you will find copies of a judgment lien which I have recorded on the real property of the defendant in the above-captioned matter. Since he is represented by counsel, I thought it appropriate to send the copy to you rather than to Mr. Wearing directly.

Very truly yours,

Karen Lee Torre

KLT:dbb

Encs.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARPAD TOLNAY

v.                                          CIVIL NO. 3:02CV1514 (EBB)

MELVIN WEARING

## CERTIFICATE OF JUDGMENT LIEN

JUDGMENT DEBTOR'S NAME          JUDGMENT CREDITOR'S NAME
MELVIN WEARING                   ARPAD TOLNAY

It is hereby certified that **ARPAD TOLNAY** (the "Judgment Creditor") with an address at c/o Karen Lee Torre, Esquire, 51 Elm Street, New Haven, Connecticut 06510 obtained a Judgment in his favor on December 12, 2005 in the U. S. District Court at New Haven, in an action bearing the docket number 3:02CV1514 (EBB) against MELVIN WEARING (the "Judgment Debtor") with an address of Lots 83 and 84 Kilborn Street, West Haven, CT 06516. The original amount of the Judgment Creditor's Judgment is for $5,150,903.84, which Judgment remains unsatisfied.

To secure payment of said Judgment and the lawful post-judgment interest and costs thereon, a Judgment Lien in favor of said Judgment Creditor is hereby placed upon the real property of said Judgment Debtor situated in the City of West Haven, County of New Haven and State of Connecticut, commonly known as:

### Lots 83 and 84 Kilborn Street, West Haven

being the same premises conveyed to said Judgment Debtor by Warranty Deed recorded in the West Haven, Connecticut Land Records in Volume 537 at Page 522.

Dated at New Haven, Connecticut this 6th day of March, 2006.

PLAINTIFF/JUDGMENT CREDITOR
Arpad Tolnay

By:_____
        Karen Lee Torre, His Attorney
        51 Elm Street
        New Haven, CT 06510
        (203) 865-5541

cc:     Melvin Wearing
        Lots 83 and 84 Kilborn Street,
        West Haven, CT 06516

SCHEDULE A

All those certain pieces or parcels of land with all the buildings and improvements thereon situated in the Town of West Haven, County of New Haven and State of Connecticut being Lots #83-84 both inclusive on a Map of Hoffman Park belonging to J.W. Wilbur, made by Ernest W. Branch, Surveyor, dated October 16, 1913 on file in the West Haven Town Clerk's Office and bounded:

SOUTHERLY        by Kilborn Street, 60 feet;

WESTERLY         by Lot #85 as shown on said map, 100 feet;

NORTHERLY        by Lots #118 and 119 as shown on said map, 60 feet,

EASTERLY         by Lot #82 as shown on said map, 100 feet.

Said premises are also known as #17 Kilborn Street.

## CERTIFICATION

This is to certify that on this 19th day of May, 2006, a copy of the foregoing was caused to be mailed via U.S. Mail to:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Norman A. Pattis, Esq.
649 Amity Road
Bethany, CT 06524

Hugh F. Keefe, Esq.
Lynch, Traub, Keefe and Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Hubert J. Santos, Esq.
Sandra L. Snaden, Esq.
Santos & Seeley, P.C.
51 Russ Street
Hartford, CT 06106

The Honorable Ellen B. Burns
United States District Court
  for the District of Connecticut
141 Church Street
New Haven, CT 06510
(Courtesy Copy, Via Hand Delivery)


_____
Ralph W. Johnson, III

832744_1 DOC

7