IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02-CV-1514 (EBB) |
| | : | |
| V. | : | |
| | : | |
| MELVIN WEARING | : | |
| Defendant | : | JUNE 12, 2006 |

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO THE PLAINTIFF'S MOTION FOR ENTRY OF A BOND

Robert A. Rhodes, Esq.
CT Fed. Bar No. 13583
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
Tel:      (203) 227-2855
Fax:      (203) 227-6992
E-Mail:  Rhodes@halloran-sage.com

and

Ralph W. Johnson III, Esq.
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT  06103
Tel:      (860) 522-6103
Fax:      (860) 548-0006
E-Mail:  Johnsonr@halloran-sage.com

*Counsel for the Defendant,*
*Melvin Wearing*

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONENTES

**PAGE**

PRELIMINARY STATEMENT ...................................................................................... 1

BACKGROUND ............................................................................................................. 1

STANDARD OF REVIEW .............................................................................................. 2

ARGUMENT ................................................................................................................... 4

    I.      THE PLAINTIFF'S MOTION FOR A BOND IS
           WITHOUT MERIT ............................................................................................ 4

    II.     THE COURT SHOULD ENTER A STAY WITHOUT
           REQUIRING THE POSTING OF ANY SECURITY ......................................... 6

           A.     A Stay Should Be Entered Under Rule 62(b) ........................................... 6

           B.     A Stay Should Be Entered Under Rule 62(f) ............................................ 7

    III.    IN THE ALTERNATIVE, THE COURT SHOULD
           ORDER A STAY UPON THE POSTING OF A
           MINIMAL SECURITY TO SECURE ONLY A
           PORTION OF THE COMPENSATORY DAMAGES
           AWARD ............................................................................................................ 8

    IV.    IF THE COURT DOES NOT STAY EXECUTION OF
           THE JUDGMENT, IT SHOULD ORDER THE PLAINTIFF
           TO POST A BOND TO SECURE ANY EXECUTION
           AND ORDER THAT ALL MONIES OBTAINED BY
           THE PLAINTIFF BE DEPOSITED INTO AN ACCOUNT
           HELD BY THE COURT ................................................................................... 10

CONCLUSION .............................................................................................................. 12

## PRELIMINARY STATEMENT

The defendant, Melvin Wearing, the former Police Chief for the City of New Haven, submits this memorandum of law in opposition to the plaintiff's motion for the posting of a bond. On March 2, 2006, Chief Wearing filed a motion for a stay of the enforcement and execution of the judgment under Fed. R. Civ. P. 62(b) and a memorandum of law in support of the motion. (Elec. Docket Entries Nos. 123-25) Chief Wearing filed a supplemental motion for a stay under Fed. R. Civ. P. 62(f) on May 19, 2006. (Elec. Docket Entry No. 193) Those pleadings and the exhibits to them are incorporated by reference.

For the reasons set forth below, the Court should deny the plaintiff's motion. (See Argument § I below) Moreover, the Court should grant Chief Wearing's motion and supplemental motion and enter a stay without requiring the posting of any security. In the alternative, the Court should enter a stay with the posting of a minimal amount of security to secure a small portion of the compensatory damages award. If the Court denies Chief Wearing's motion for a stay, it should (1) order the plaintiff to post a bond to secure any execution of the judgment that he undertakes and (2) require that any monies obtained from an execution be placed in an interest bearing account held by the Clerk's office.

## BACKGROUND

Following a jury verdict, a judgment was entered against Chief Wearing in the amount of $150,903.84 in compensatory damages and $5,000,000.00 in punitive damages. (Elec. Docket Entry No. 71) Subsequently, Chief Wearing filed a motion for judgment as a matter of law, a motion for a new trial and a motion for remittitur, in the alternative. On February 14, 2006, the plaintiff filed a motion for a bond. Chief Wearing filed a motion for the stay of the execution or enforcement of the judgment under Rule 62(b) on March 2, 2006. Despite Chief Wearing's

pending motion for a stay and his request for an expedited ruling on the motion, the plaintiff placed a lien on Chief Wearing's home in Connecticut on or about March 6, 2006. On March 31, 2006, the plaintiff filed a motion seeking leave to register the judgment in South Carolina. Chief Wearing filed a supplemental motion for a stay under Rule 62(f) on May 19.

### STANDARD OF REVIEW

Rule 62(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]n the discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial...or of a motion for judgment...." In Silver v. Mendel, 1992 WL 163285 (E.D.Pa. July 8, 1992), the court recognized that courts weigh the following factors when ruling on a motion under Rule 62(b): (1) a defendant's net worth and ability to post a bond, (2) whether a defendant has cooperated with the court, and (3) whether a defendant's assets are within the jurisdiction. Id. at *1. The court further recognized that a defendant demonstrates that posting a bond is impossible or impractical by the submission of an affidavit verifying his financial condition. Id. Moreover, because the defendants in Silver were located within the district, the court found that the equities weighed in favor of continuing a stay without a bond. See HCB Contractors v. Rouse & Assoc., 168 F.R.D. 508, 513 (E.D.Pa. 1995)(granting stay without bond under Rule 62(d) where allowing execution would prompt foreclosures and move debtor into bankruptcy).

Rule 62(d) governs a stay pending the resolution of an appeal. To determine whether to grant a stay of the execution of a judgment under Rule 62(d), a court considers: (1) whether the movant is likely to prevail on the merits, (2) whether, without a stay, the movant will be irreparably injured, (3) whether issuance of a stay will substantially harm other parties interested

2

in the proceedings, and (4) wherein lies the public interest. <u>Morgan Guar. Trust Co. v. Republic of Palau</u>, 702 F.Supp. 60, 65 (S.D.N.Y. 1988), <u>vacated on other grounds</u>, 924 F.2d 1237 (2d Cir. 1991). The weight accorded to each of these factors should be "flexible" to ensure a just result "according to the unique circumstances of each case." <u>Id.</u> Indeed, the district court may grant a stay of a judgment without requiring a posting of a bond or condition the stay on the providing of only a partial bond. <u>See</u> <u>Texaco v. Pennzoil Co.</u>, 784 F.2d 1133, 1154 (2d Cir. 1986), <u>rev'd on other grounds</u>, 481 U.S. 1 (1987)(inflexible requirement that a bond be posted may amount to "a confiscation of the judgment debtor's property without due process"). "Thus, for example, where the latter three factors strongly favor interim relief, the court has required only that the petitioner demonstrate a 'substantial case on the merits,' even if ultimate success is not a mathematical probability." <u>Morgan Guar.</u>, 702 F.Supp. at 65. Consequently, the bond requirement should be eliminated or reduced if doing so "does not unduly endanger the judgment creditor's interest in ultimate recovery." <u>Id.</u>

In <u>Dillon v. City of Chicago</u>, 866 F.2d 902 (7th Cir. 1988), the Seventh Circuit recognized that when determining whether to waive the posting of security, a district court may look to the following criteria:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that a district court has in the availability of funds to pay the judgment…; (4) whether 'the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money'…; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position….

<u>Id.</u> at 904-05 (citations omitted).

Rule 62(f) provides as follows:

> In any state in which a judgment is a lien upon the property of the
> judgment debtor and in which the judgment debtor is entitled to a
> stay of execution, a judgment debtor is entitled, in the district court
> held therein, to such stay as would be accorded the judgment
> debtor had the action been maintained in the courts of that state.

Fed. R. Civ. P. 62(f).

In FDIC v. Ann-High Associates, No. 97-6095, 1997 WL 1877195 (2d Cir. Dec. 2,

1997)(per curiam), the Second Circuit recognized that there are circumstances under which Rule

62(f) would apply in Connecticut. Id. at **2-4. In particular, it concluded that a judgment

debtor can avoid posting a supersedeas bond if he demonstrates that: (1) the state law entitled

him to appeal without a bond; (2) that a judgment can be made a lien against a judgment debtor's

property under the state's lien law; and (3) that the circumstances are such that the judgment

creditor can readily establish a lien that will be adequate to secure the judgment. Id. at *4. The

Second Circuit further recognized in Ann-High Associates that "[i]n Connecticut, this will

involve the judgment debtor's disclosure of the value and location of both real and personal

property in the state so that the judgment creditor will know where to file the lien and can

evaluate the adequacy of its security." Id.

## ARGUMENT

## I.    THE PLAINTIFF'S MOTION FOR A BOND IS WITHOUT MERIT

The plaintiff's motion for the posting of a bond is without merit and should be denied.

The Federal Rules of Civil Procedure do not provide the Court with the authority to order a party

to post a bond. Rather, under Rule 62(b), the Court is to analyze the situation presented and to

determine whether to stay execution and enforcement of a judgment. As a general rule, if a bond

or other security is offered by a party and approved by the Court, the entry of a stay is automatic.

In those situations where a party cannot provide any security for the judgment or security to cover the entire judgment, the Court should waive the posting of any security. (See Argument § II below; Def.'s 3/2/06 Mem. of Law in Support of His Motion for Stay, at 5-12) Thus, the rules do not authorize the Court to order a party to provide a bond. Rather, Rule 62(b) gives the Court the authority to condition a stay upon the providing of security. Moreover, if the conditions of Rule 62(f) are satisfied, the entry of a stay is mandatory. Ann-High Associates, 1997 WL 1877195, at *1.

The plaintiff's citation to Harris v. Butler, 961 F.Supp. 61 (S.D.N.Y. 1997) is misplaced. (Pl.'s Motion, at 1) Harris does not hold that a court has the authority to require a party to post a bond. In Harris, the court merely denied a motion for stay pending an appeal absent the posting of a supersedeas bond under Rule 62(d) and based on the circumstances of that case. Nonetheless, although it would not stay the execution of the judgment, the Harris court recognized that it was appropriate to approve the parties' agreement that any monies obtained to satisfy the judgment be held in an interest bearing account pending the resolution of the appeal. 961 F.Supp. at 63-64.

As discussed below in § IV below, if the Court does not grant Chief Wearing's motion for a stay without the posting of security or with only minimal security to secure a small portion of the compensatory damages award, the plaintiff should be required to post a bond prior to executing on the judgment and any monies obtained to satisfy the judgment through execution or otherwise, should be placed in an interest bearing account held by the Clerk of the Court.

II.    **THE COURT SHOULD ENTER A STAY WITHOUT REQUIRING THE POSTING OF ANY SECURITY**

A.    **A Stay Should Be Entered Under Rule 62(b)**

This is a remarkable case. At the outset, as demonstrated in Chief Wearing's memorandum of law in support of his motion for a new trial, the largest portion of the judgment, the $5 million punitive damages award, is constitutionally excessive. (Chief Wearing's New Trial Mem. of Law, at 19-37) The memorandum also demonstrates that the $150,000 in emotional distress damages is similarly excessive and unsupported by the evidence. (Id. at 18, 37-39) Accordingly, those portions of the judgment should not factor into the Court's determination of whether to stay the enforcement and execution of the judgment. Without the punitive damages portion of the judgment alone, the judgment has been secured by the lien on Chief Wearing's home. Portions of a judgment that will either be vacated or substantially reduced via remittitur should not be the basis for placing the defendant in a precarious financial position. See Olympia Equip. Leasing Co. v. Western Union Telegraph Co., 786 F.2d 794, 797 (7th Cir. 1986)(Posner, J.)(Punitive damages are a "windfall"). See also Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979)("if the judgment debtor's present financial condition is such that the posting a full bond would impose an undue financial burden, the court similarly is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection of the judgment creditor.").

Moreover, the application of the criteria identified in Silver, Morgan Guar., and Dillon confirms that the Court should grant Chief Wearing's motion for a stay of enforcement and execution under Rule 62(b) without requiring the posting of a bond or alternate security. This analysis is set forth in detail at pages 5 through 12 of Chief Wearing's memorandum of law in

6

support of his motion for a stay filed on March 2, 2006. The analysis weighs heavily in favor of denying the plaintiff's motion.

**B.    A Stay Should Be Entered Under Rule 62(f)**

In addition to the grounds set forth in Chief Wearing's March 2 motion, the Court should enter a stay under Rule 62(f). The grounds for the entry of such a stay are set forth in full in Chief Wearing's May 19 supplemental motion for a stay.

As noted above and confirmed at the May 1, 2006 hearing, the plaintiff has placed a lien on Chief Wearing's home in Connecticut. (Elec. Docket Entry No. 187, 5/1/06 Hearing Tr. at 34; Ex. A to 5/19/06 Supp. Motion for Stay (lien)) Chief Wearing has also identified his other assets. Thus, under Rule 62(f), the Court should grant Chief Wearing's motion for a stay consistent with the automatic stay that applies in Connecticut state court practice. Fed. R. Civ. P. 62(f); Conn. Practice Book § 61-11(a). See Ann-High Associates, 1997 WL 1877195, at *1(a stay under Rule 62(f) is mandatory).

Under Connecticut state law, Chief Wearing would be entitled to an automatic stay pending the conclusion of appellate proceedings. Specifically, Practice Book § 61-11(a) is entitled "Automatic Stay of Execution." It provides, in relevant part, that "proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to take an appeal has expired." As the plaintiff has chosen to place a lien on Chief Wearing's home in Connecticut, despite the pendency of the March 2 motion for stay, Chief Wearing should now under Rule 62(f), be entitled to a stay of any further executions on or enforcement of the judgment. See Ann-High Associates, 1997 WL 1877195, at **2-4. Consequently, the plaintiff's motion should be denied.

**III.    IN THE ALTERNATIVE, THE COURT SHOULD ORDER A STAY UPON THE POSTING OF A MINIMAL SECURITY TO SECURE ONLY A PORTION OF THE COMPENSATORY DAMAGES AWARD**

In those situations where the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, a district court may substitute some form of guarantee of judgment responsibility for the usual bond. See Poplar Grove, 600 F.2d at 1191; Alexander v. Chesapeake, Potomac and Tidewater Books, Inc., 190 F.R.D. 190, 193 (E.D.Va. 1999). In these situations, the court "is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor." Poplar Grove, 600 F.2d at 1191; Alexander, 190 F.R.D. at 193. Thus, in this situation, a stay may issue where the judgment creditor/plaintiff "will be in nearly the same position at the conclusion of the appeal of th[e] case as they are currently." Alexander, 190 F.R.D. at 193. See id. at 193-94 (ordering bond or escrow account in the amount of $16,175.50 on judgment in excess of $127,000.00, where defendants were insolvent, but had previously put aside the amount ordered).

As discussed in Chief Wearing's memorandum of law in support of his March 2 motion for a stay under Rule 62(b), if the Court does not stay the execution without the posting of security, but rather, requires the posting of security sufficient to secure the $5 million punitive damages award, it will adversely affect Chief Wearing's ability to pay his other creditors and force him to consult with bankruptcy counsel. (Wearing Aff. ¶¶ 4-5) Under Rules 62(b) and 62(d), it is inappropriate to set a figure for security, which in the face of the defendant's financial condition, will drive the defendant into financial ruin and bankruptcy. Moreover, a successful plaintiff does not have a right to interfere with the rights of the defendant's other creditors. This

8

is particularly true where the damages award is punitive damages and thus a "windfall" for the plaintiff. See Olympia, 786 F.2d at 797 (Posner, J.).

The disregarding of the punitive damages award in calculating the amount of a security in the instant case is consistent with the efforts at reform in some of the state courts. For example, under Utah Rule of Civil Procedure 62(j)(2)(C), "no bond shall be required for punitive damages." Under § 52.006(a) of the Texas Civil Practice and Remedies Code, the amount of a punitive damages award is not a factor considered by the courts in determining the amount of security for a money judgment. Moreover, consistent with the federal case law discussed above, under the Texas statute, a court shall not set security at an amount that will cause the defendant "substantial economic harm." Id. § 52.006(c). Similarly, no security is required in an appeal in Connecticut state court. Conn. Practice Book § 61-11(a).

As discussed above, in this case, requiring Chief Wearing to post security in order to obtain a stay will not result in the plaintiff being in a better position to collect the judgment after the ruling on the post-trial motions and disposition of any subsequent appeal. Also, the plaintiff will not be in a better position to collect on the judgment if he is allowed to execute now. To the contrary, if he is allowed to execute, he will damage Chief Wearing's financial condition and likely reduce his likelihood of collecting on the judgment. See Olympia, 786 F.2d at 800 (Easterbrook, J., concurring)("The ensuing scramble to realize on the debtor's assets may make everyone worse off."). Accordingly, given Chief Wearing's financial condition, if it requires the posting of any security, the Court should exercise its discretion to require only a minimal amount of security to secure a small portion of compensatory damages award. Morgan Guar., 702 F.Supp. at 65. In particular, given the lien on Chief Wearing's home and the excessiveness of

the emotional damages award,(Def.'s New Trial Mem. of Law, at 18, 37-39), the Court should only require security on a small portion of the compensatory damages award.

## IV.  IF THE COURT DOES NOT STAY EXECUTION OF THE JUDGMENT, IT SHOULD ORDER THE PLAINTIFF TO POST A BOND TO SECURE ANY EXECUTION AND ORDER THAT ALL MONIES OBTAINED BY THE PLAINTIFF BE DEPOSITED INTO AN ACCOUNT HELD BY THE COURT

If the Court does not grant Chief Wearing's motion for a stay, it should (a) order the plaintiff to post a bond to secure any damages that result from his execution on or enforcement of the judgment prior to commencing any enforcement actions and (b) order that all monies obtained by the enforcement and execution of the judgment be deposited into an interest bearing account held by the Clerk's Office. See Harris, 961 F.Supp. at 63-64 (monies to be deposited and held in escrow). As the Court is aware, the plaintiff is an individual. If the plaintiff is allowed to execute on the judgment and obtain any monies from that execution, Chief Wearing's ability to retrieve those monies after he is successful on his post-trial motions and/or on appeal should be secured. Chief Wearing has demonstrated that his post-trial motions present a "substantial case on the merits." See Morgan Guar., 702 F.Supp. at 65. He has raised several significant legal issues in connection with both his motion for judgment as a matter of law, his motion for a new trial and his motion for remittitur, in the alternative. The significance of the issues raised by Chief Wearing's post-trial motions was recently confirmed or fortified by the Supreme Court's decision in Garcetti v. Ceballos, 126 S.Ct. 1951 (2006). At a minimum, Chief Wearing has demonstrated that the $5 million punitive damages award should be vacated. It is clearly excessive and unconstitutional.

Consequently, at a minimum, the plaintiff should not be allowed to execute on or enforce against a judgment in excess of $5 million, without (a) the plaintiff providing security for the damages that will be inflicted on Chief Wearing if he is not able to obtain restitution after a

judgment is entered in his favor or a new trial is ordered and (b) the plaintiff depositing any

monies obtained into an interest bearing account held by the Clerk's Office.

## CONCLUSION

For the foregoing reasons, the Court should deny the plaintiff's motion. Moreover, the Court should grant Chief Wearing's March 2 motion and May 19 supplemental motion and enter a stay without requiring the posting of any security. In the alternative, the Court should enter a stay with the posting of a minimal amount of security to secure a small portion of the compensatory damages award. If the Court denies the motion, the Court should order the plaintiff to (a) post a bond to secure any damages that result from any execution he undertakes on the judgment and (b) require that any monies obtained from any execution be deposited into an interest bearing account held by the Court.

Respectfully submitted,

**DEFENDANT**
**MELVIN WEARING**

By: _____

Robert A. Rhodes, Esq.
CT Fed. Bar No. 13583
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
Tel:     (203) 227-2855
Fax:     (203) 227-6992
E-Mail:  rhodes@halloran-sage.com

and

Ralph W. Johnson III, Esq.
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT  06103
Tel:     (860) 522-6103
Fax:     (860) 548-0006
E-Mail:  johnsonr@halloran-sage.com
His Attorneys

## **CERTIFICATION**

This is to certify that on this 12th day of June, 2006, a copy of the foregoing was caused to be mailed via U.S. Mail to:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Norman A. Pattis, Esq.
649 Amity Road
Bethany, CT 06524

Hugh F. Keefe, Esq.
Lynch, Traub, Keefe and Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT  06506-1612

Hubert J. Santos, Esq.
Sandra L. Snaden, Esq.
Santos & Seeley, P.C.
51 Russ Street
Hartford, CT  06106


_____
Ralph W. Johnson, III

814876_1 DOC

13