

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARPAD TOLNAY                    :
                                :
            Plaintiff,          :
                                :   Civil No.  3:02CV1514 (EBB)
V.                              :
                                :
MELVIN WEARING                  :
                                :   June 14, 2006
            Defendant.          :

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO QUASH
AND, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

I.  **BACKGROUND**

Pending before this Court is plaintiff's Motion/Application for an Award of Attorney's Fees and Costs, an award to which the plaintiff is entitled as the prevailing party. As with other matters in this case, defense counsel has now turned the issue of attorney's fees into a satellite litigation. Plaintiff's application included an accounting and description of all time expended by plaintiff's counsel. The accounting- in form, content and detail - is the same as every other fee application plaintiff's counsel has submitted to the judges of this Court for the past 18 years without a problem.[1] Indeed, the undersigned counsel's most recent fee application, submitted to The Honorable Janet Bond Arterton in the case of Arlio v. Lively, 3:03CV02013 employed

---

[1] For this reason, obviously, defense counsel cannot, and thus does not cite to a single opinion from a current or former judge in this District wherein the Court took issue with what defense counsel now claims is inappropriate "bundling" of task descriptions in the fee application.

the same format and manner of task description. Although defense counsel has retrieved and submitted as exhibits documents related to the undersigned's fee application in Arlio, defense counsel conveniently omits the fact that Judge Arterton granted the requested fees in full and found no problem with the accounting or the method of description of tasks.[2]

Defense counsel submitted a voluminous and broad-based attack on plaintiff's fee application in the instant case. They challenge the hourly rate requested by plaintiff's counsel and the accounting of hours and spent untold hours picking apart the time accounting.[3]

Upon defendant's challenge in this case to plaintiff's requested hourly rate and accounting of hours expended, the plaintiff, upon well-established authority, sought disclosure of the hourly rates and accountings of time expended by the defense attorneys in this same case. As is shown below, court after court has recognized the right of a plaintiff to discovery of such information and yet this defendant, as in other instances, wants to have his cake and eat it too. Very much the way he sought a stay of execution of the judgment without being held to the concomitant duty to post a bond, and then thereafter refused to submit to a deposition and

---

[2]

Defense counsel submitted the undersigned's fee application and supporting documents in Arlio as Exhibits 1 to 4 in defendant's May 13, 2006 "Appendix of Exhibits" submitted in opposition to Tolnay's Motion for Attorney's Fees and Costs.

[3]

See Exhibit 3 contained in defendant's May 3, 2006 "Appendix of Exhibits" showing a seven-page analysis by defense counsel of alleged "block/bundle entries" which undertaking was itself no doubt a very profitable billing exercise for defense counsel who, unlike plaintiff's counsel, have enjoyed timely payment for all hours expended since the very beginning of this litigation, irrespective of the outcome for their client.

discovery of his assets,[4] Wearing now likewise seeks to attack plaintiff's fee application while depriving plaintiff of discovery to which he is entitled and which is necessary for the plaintiff and the Court to assess the reasonableness of defendant's various challenges to the fee application.

Defendant asserts an utterly meritless claim of privilege against disclosure of the requested information. He cites not a single case in support of his claim that the privilege applies to the information sought. Worst yet, in contravention of the ethical duty of counsel to include in their legal briefs authority which contravenes their position, defendant's brief contains not a single cite to the numerous cases which clearly establish that the claim of privilege is frivolous. Numerous courts have rejected assertions of privilege in respect to this information, rendering defendant's assertion of privilege in this instance an act in complete disregard of Rule 11.[5]

---

[4] Wearing's tendency to demand privileges without obligations led this court to conduct an extended in-court hearing on his motion for stay of execution after Wearing demanded a stay by submission of an *ipse dixit* affidavit regarding his personal assets and thereafter refused to attend a deposition or make disclosures to plaintiff's counsel regarding the extent of his assets. Rather than attend to his discovery obligations in a cooperative manner, he instead filed a patently frivolous motion for protective order which led essentially to the deposition being conducted in a much more protracted and expensive hearing before this Court. Wearing's "I want my cake and eat it too" approach is again on full display in respect to plaintiff's fee application as he has filed an equally frivolous motion for protective order.

[5] On page 12 of their brief, defense counsel incredibly states, "[t]here is simply no authority for giving the plaintiff's attorney access to billing entries protected by the attorney-client privilege and work-product doctrine". This is a remarkably irresponsible statement given the wealth of case authority on this issue. See *infra* at pp. 7-10.

Defendant's other claims, to wit: insufficient time for compliance, overbreadth and burden, are equally frivolous. Finally, defendant's claim that the material is irrelevant is equally meritless.

II. ARGUMENT

    A. The Discovery Requested By Plaintiff Is Relevant To The Issues Raised By Defendant In His Opposition to Plaintiff's Fee Application.

The Defendant has launched a broad attack on virtually all aspects of plaintiff's motion. The plaintiff intends to demonstrate, with evidence of defense counsel's own billing and time expenditures, that his application for an award of fees is indeed reasonable and reflective of the nature and complexities of the case. Contrary to defendant's claim, no doubt contrived to lend a gloss of legitimacy to his motion, plaintiff's counsel does not seek to depose or question lawyers from Halloran & Sage. This is but an exaggeration as both the Notice of Deposition and the undersigned's teleconference with defense counsel made it clear that only the records are sought and no attestation other than that from a competent agent of Halloran & Sage confirming the accuracy of the billing and time accounting records.

As numerous courts have recognized, one extremely effective way this can be shown, which essentially constitutes an admission against interest, is to show that defense counsel litigated the instant case and billed their client for a comparable number of hours associated with the same tasks and obligations in this case.

It has been well-established that discovery of opposing counsel's time records in attorneys' fees litigation is appropriate and permissible. See, e.g., Cherco v. County of Sonoma, No. C 80-0334-TEH (N.D. Cal. 1984) (ordering granting plaintiff's Motion to Compel Production of defendant's time sheets and time records for each defendant's attorneys, law clerks and paralegals). Although there was once a split of authority on the question of relevance of counsel's time records in attorneys' fees litigation, see Blowers v. Lawyers Co-op Publishing Co. Inc., 526 F. Supp. 1324 (W.D.N.Y. 1981), an overwhelming number of courts agree that plaintiffs may discover the time records of defendants' counsel in attorney fee disputes. See, e.g., Mitroff v. Xomox Corp., 40 FEP Cases 1725 (S.D. Ohio 1985) (noting that plaintiffs should be permitted discovery because defendants are permitted to introduce their hours when defense counsel's hours are less than plaintiffs); Cherco v. County of Sonoma, supra (N.D. Cal. 1984); Blowers v. Lawyers Co-op Publishing Co., Inc., supra; Stastny v. Southern Bell Telephone & Telegraph Co., 77 F.R.D. 662 (W.D.N.C. 1978) (ordering disclosure of defense counsel's billing rates, hours, fees and costs even though defendant did not contest the non-fee expenses); Naismith v. Professional Golfers Ass'n, 85 F.R.D. 552 (N.D. Ga. 1979) (ordering discovery of defendant's counsel's hours, billing rates and total costs of defense). See also, Moore's Federal Practice, ¶24.13 at p. 178 ("[I]f a party contests the fees being sought against it, many courts have permitted discovery into the hours, if not the rates, charged in the litigation by its own counsel").

Numerous courts have considered the persuasive evidence of defendant's counsel's

expended hours and fees charged in setting a reasonable fee for the plaintiff. See, e.g., Ruiz v. Estelle, supra at 584 ("Federal courts have repeatedly noted the value of information concerning the defendants' counsel's time expenditure, in assessing the reasonableness of time claimed by plaintiffs"); Chrapliwy v. Uniroyal, Inc., 670 F.2d 760, 765 (7th Cir. 1982)("In this case counsel for each party worked approximately 11,000 hours. This similarity of hours expended would make it difficult to reduce the plaintiffs' claim of hours spent on that ground..."); McPherson v. School District #186, 465 F. Supp. 749, 758 (S.D. Ill. 1978) (court specifically noting that it had "compared the total number of hours billed the defendants for work by their attorneys in this case" in setting the plaintiff's fee award); Taylor v. Scarborough, 66 F.2d 589, 591 (2d Cir. 1933) ("While the fee paid counsel by the other side is by no means conclusive of what is a reasonable fee for the plaintiffs' services, we do think that is quite persuasive in the circumstances here disclosed"); In re Colton, 201 F. Supp. 13 (S.D.N.Y. 1961), aff'd, sub. nom., Colton v. U.S., 306 F.2d 633, 636 (2d Cir. 1962), cert. denied, 370 U.S. 951 (1963); Grumman Corp. V. LTV Corp., 533 F. Supp. 1385, 1391 (E.D.N.Y. 1982) (granting leave for both plaintiff and defendant to conduct discovery on reasonableness of rates and number of hours); Brown v. Rollins, 397 F. Supp. 571, 580 (W.D.N.C. 1974) (directing defendants to file statement showing the bases on which they have compensated their counsel); Swann v. Charlotte Mecklenburg Board of Education, 66 FRD 483, 485 (W.D.N.C. 1975) (noting "fees paid to opposing counsel" as a factor in setting plaintiff's fee award); Brinkman v. Gillman, 557 F. Supp. 610, 612-612 (S.D.

Ohio 1982), Aff'd 697 F.2d 163 (6th Cir. 1983) (comparing defendant's time to plaintiff's, noting that sound analysis underlies the decisions ordering discovery of defendant's hours, hourly rate and fees). As stated by the court in Stastny v. Southern Bell Telephone & Telegraph Co., supra:

> **In a contest over what time was reasonably and necessarily spent in the preparation of a case, it is obvious that the time that the opposition found necessary to prepare its case would be probative. Each party must prepare to question the same witnesses, must review the same documents and other evidence, and must anticipate a presentation by the opposition of a complexity related to the facts in issue. Similarly, work on pretrial motions would reflect what volume of work opposing attorneys deemed reasonable. The defendant must provide information as to the number of hours that each attorney (private and house counsel) spent on this case. They should also indicate on what matters the time was spent.**

77 F.R.D. 662 (W.D.N.C. 1978).

Since defense counsel have attacked the reasonableness of plaintiff's fee application and hours expended, fairness demands that defense counsel make the requested disclosures. Unless the plaintiff is permitted to discover this essential information, the defendant is left to advance an argument the merits of which are easily tested by the very evidence he insists on secreting from the court and counsel. Given the overwhelming case authority on this issue, defense counsel's objection is utterly without merit.

B. <u>Defendant's Assertion Of Privilege Is Patently Frivolous.</u>

Plaintiff's limited request seeks less information than that which has been ordered to be produced by some courts. See, e.g., Stastny v. Southern Bell, supra. It has been consistently

held that financial information such as that sought by plaintiff--terms of a fee arrangement, amounts paid pursuant to it and time ledgers--do not constitute either matters communicated to an attorney in professional confidence or the giving of legal advice. See, e.g., In re Michaelson, 511 F.2d 882 (9th Cir. 1975), cert. denied, 421 U.S. 978 (1979); Schofield v. United States, 721 F.2d 1221, 1222 (9th Cir. 1983)("[T]he fee arrangement between an attorney and his client is generally not privileged or protected by the privilege"); In re Osterhoudt, 722 F.2d 591, 593 (9th Cir. 1983)("Information regarding the fee arrangement ordinarily is not part of the subject matter of the professional consultation and therefore is not privileged communication even though it may evidence wrongdoing by the client"); U.S. v. Jeffers, 532 F.2d 1101, 1115 (7th Cir. 1976)(testimony of defendant's former attorney as to legal fees received was clearly relevant and nonprivileged; testimony did not disclose "a fundamental communication in the relationship"); Colton v. U.S., supra ("Those questions which pertain to the date and general nature of the legal services performed by the Colton firm for the [client] should be answered as they do not call for any confidential communication"); United States v. Haddad, 527 F.2d 537, 539 (6th Cir. 1975)(receipt of fee "is not normally a matter of confidence or a communication"); United States v. Hodgson, 492 F.2d 1175 (11th Cir. 1974)(IRS may require an attorney to produce records of all fees charged); United States v. Davis, 636 F.2d 1028, 1044 (5th Cir. 1981); United States v. Hartigan, 402 F. Supp. 776 (D. Minn. 1925)(client ledger not privileged); Application of Doe, 464 F. Supp. 757 (S.D.N.Y. 1979)(legal fees received from client not privileged); Indian Law

Resources Center v. Dept. of Interior, 477 F. Supp. 144, 149 (D.D.C. 1979); Kemp v. Williams, 30 FEP Cases 701 (D.D.C. 1981).

In In re Michaelson, supra, the Ninth Circuit rejected such claims of attorney-client privilege, stating:

> [I]t has been generally held that information concerning the fee arrangement between an attorney and his client, or the existence of the attorney-client relationship is not privileged or protected by the attorney-client privilege.
> The fee information requested in this instance is not a privileged professional communication between lawyer and client in which the client has a legitimate expectation of privacy.

511 F.2d at 888-89. See also United States v. Hodge & Zweig, 548 F.2d 1347, 1353 (9th Cir. 1977) ("[W]here a party demonstrates that there is a legitimate need for a court to require disclosure of such matters, the identity of an attorney's clients and the nature of his fee arrangements with his clients are not ... protected by ... privilege.")

Numerous courts have allowed discovery of the number of hours expended by defense attorney and/or defense counsel's fees and time records over privilege objections. See, e.g., Cherco v. County of Sonoma, No. C 80-0334-TEH (N.D. Cal. 1984); Stastny v. Southern Bell Telephone & Telegraph Co., supra; Colton v. United States, supra; Grumman Corp. V. LTV Corp., supra; Blowers v. Lawyers Cooperative Publishing Co., Inc., supra. In Stastny v. Southern Bell Tel. & Tel. Co., supra, a Title VII class action, plaintiffs' attorneys requested disclosure of the hourly rates and hours expended for all defense attorneys. Defendant resisted disclosure, invoked the attorney-client privilege, and further challenged the relevance ot the

9

information. The district court rejected these arguments and compelled the discovery, stating:

> **The attorney-client privilege is designed to promote freedom of consultation between lawyer and client. The privilege may therefore prohibit the disclosure of communications from the client to the attorney. The number of hours that attorneys worked to prepare and try a case would not, however, be a "communication," and would not be subject to the privilege.**

77 F.R.D. at 663, citing Colton v. United States, 306 F.2d 633 (2d Cir. 1962).

In Colton, attorneys were requested by the IRS to answer questions about their clients' tax returns, and ordered to produce "workpapers, correspondence files, memoranda and all other data" concerning tax returns from 1951-58. The attorneys' invocation of attorney-client privilege was rejected by the District Court and the ruling was affirmed by the Court of Appeals for the Second Circuit. 306 F.2d at 636. Similarly, in Blowers v. Lawyers Co-op Publishing, Inc., 526 F. Supp. 1324 (W.D.N.Y. 1981), a successful plaintiff in a Title VII action sought discovery of the number of hours expended by defendants' counsel. Over defendant's objections on the grounds of relevance and privilege, the court compelled discovery of defense counsel's hours. Accord Grumman Corp. v. LTV Corp., 533 F. Supp. 1385, 1391 (E.D.N.Y. 1982) (District court compelled disclosure of defense counsel's rates and hours expended.)

The maintenance of time records by attorneys, and their hourly rates and levels of experience, fulfill none of the purposes which underlie the attorney-client privilege. Information contained in attorneys' time records and their hourly rates do not "encourage clients to make full disclosure to their attorneys," Fisher v. United States, 425 U.S. 391, 403; 96 S. Ct. 1569, 1577;

10

48 L. Ed. 2d 39, 51 (1976), assist the attorney "to act more effectively," Weinstein, Evidence, ¶ 503[02], or "protect the client's freedom of expression," Mater of Fischel, 557 F.2d 209, 212 (9th Cir. 1977). Time records and specified hourly rates serve one primary purpose--they record work done on the case so that the attorneys can get paid, an interest not pertinent to or protected by the privilege. Thus, it is readily apparent that defendant's motion for a protective order is but another in a series of baseless and frivolous motions filed by defense counsel in a persistent course of obstruction of proceedings in this case.

Given the wealth of authority on this issue, defense counsel's failure to cite even one of these cases together with their statement that no such authority exists reveal the utter frivolity of their motion for protective order.

Accordingly, defendant's motion should be denied, his accompanying objections to the disclosures overruled, with the firm of Halloran & Sage ordered forthwith to produce the requested material and an authorized agent competent to attest to the accuracy and completeness of the same.

THE PLAINTIFF

ARPAD TOLNAY

BY: _____
KAREN LEE TORRE
Federal Bar No. ct01707

Law Offices of Karen Lee Torre
51 Elm Street
Suite 307
New Haven, CT 06510
(203) 865-5541

His Attorney

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, this 14th day of June, 2006, to:

Robert A. Rhodes, Esq.
John Burns Farley, Esq.
Ralph W. Johnson III, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

Hubert J. Santos, Esq.
Sandra L. Snaden, Esq.
Santos & Seeley, P.C.
51 Russ Street
Hartford, CT 06106

Norman A. Pattis, Esq.
649 Amity Road
P.O. Box 280
Bethany, CT 06524

KAREN LEE TORRE