IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | CIVIL ACTION NO. |
|     Plaintiff | : | 3:02-CV-1514 (EBB) |
| | : | |
| V. | : | |
| | : | |
| MELVIN WEARING | : | |
|     Defendant | : | JUNE 29, 2006 |

## AFFIDAVIT TO AUTHENTICATE EXHIBIT

The defendant files the enclosed Affidavit authenticating the attached insurance policy to be made a full exhibit in the hearing on the Defendant's Motion to Stay Execution and Enforcement of Judgment and Plaintiff's Motion for Bond which was concluded on May 23, 2006. The insurance policy which was marked as defendant's Exhibit B for identification on May 23, 2006 should now be admitted as a full exhibit.

Respectfully submitted,

**DEFENDANT
MELVIN WEARING**

By: _/s/_____
Robert A. Rhodes, Esq.
CT Fed. Bar No. 13583
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
Tel:    (203) 227-2855
Fax:    (203) 227-6992
E-Mail:  rhodes@halloran-sage.com

## **CERTIFICATION**

This is to certify that on this 29th day of June, 2006, a copy of the foregoing was caused to be mailed via U.S. Mail to:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Norman A. Pattis, Esq.
649 Amity Road
Bethany, CT 06524

Hugh F. Keefe, Esq.
Lynch, Traub, Keefe and Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Hubert J. Santos, Esq.
Sandra L. Snaden, Esq.
Santos & Seeley, P.C.
51 Russ Street
Hartford, CT 06106

Robert A. Rhodes

849351_1 DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | CIVIL ACTION NO. |
|     Plaintiff | : | 3:02-CV-1514 (EBB) |
| | : | |
| V. | : | |
| | : | |
| MELVIN WEARING | : | |
|     Defendant | : | JUNE 6, 2006 |

## AFFIDAVIT OF THOMAS UDE, JR.

STATE OF CONNECTICUT    )
                                        )   ss:
COUNTY OF NEW HAVEN    )

    I, **THOMAS UDE, JR.**, being duly sworn and upon personal knowledge, deposes and states as follows:

    1.    I am over the age of eighteen and understand the obligations of an oath and have personal knowledge of the matters contained herein.

    2.    I, Thomas Ude, Jr., am currently Corporation Counsel for the City of New Haven.

    3.    The insurance policy bearing policy number POD-001986-4 and attached as Exhibit A of this Affidavit is a true and authentic copy of the insurance policy which applies to the above-captioned matter.

    4.    To the best of my knowledge, there are no other insurance policies which are applicable to the above-captioned matter.

5. The letter attached as Exhibit B, dated January 30, 2003, is a true and authentic copy of the letter received by my office concerning a reservation of rights by the Coregis Insurance Company concerning the policy attached as Exhibit A.

6. These documents were disclosed to Attorney Karen Torre pursuant to a Subpoena on or about March 28, 2006.

_____
Thomas Ude, Jr.

Subscribed and Sworn to before me
this 19th day of June 2006.

_____
Notary Public /
Commissioner of the Superior Court

839576_1 DOC

NANCY PEPE
NOTARY PUBLIC
MY COMMISSION EXPIRES NOV 30 2010

2




EXHIBIT
A

B

# PUBLIC OFFICIALS AND EMPLOYEES LIABILITY INSURANCE

## Coregis Insurance Company
(A STOCK INSURANCE COMPANY, HEREINAFTER CALLED THE "COMPANY")

REFERENCE NO:   N/A                          POLICY NO:   POD-001986-4
                                             RENEWAL OF:  POD-001986-3

*NEW HA-1*
*JJN*

## DECLARATIONS

> NOTICE: THIS IS A CLAIMS MADE POLICY. EXCEPT AS MAY BE OTHERWISE PROVIDED HEREIN, THIS COVERAGE IS LIMITED TO LIABILITY FOR ONLY THOSE CLAIMS WHICH ARE FIRST MADE AGAINST THE INSURED AND REPORTED TO THE COMPANY WHILE THE POLICY IS IN FORCE.

A.  PUBLIC ENTITY:       City of New Haven

    MAILING ADDRESS:    200 Orange St
                        New Haven, CT  06510

*policy ext to 8/1/02*  *ext again to 8/12/02*

RECEIVED
AUG 3 0 2001
M & S NEW WINDSOR

B.  POLICY PERIOD:      FROM   July 01, 2001    TO   July 01, 2002
                        12:01 A.M. Standard time at the address stated herein.

*11/9/03   See endt. attached (next pg)*

C.  LIMITS OF LIABILITY:  $1,000,000              Each Loss and Aggregate for each policy year

D.  RETENTION:            $100,000                Each Loss

*ext again to 11/12/03*

E.  PREMIUM:              $103,076

THE DECLARATIONS PAGE AND THE FORMS LISTED BELOW AND ATTACHED HERETO, TOGETHER WITH THE COMPLETED AND SIGNED PROPOSAL SHALL CONSTITUTE THE CONTRACT BETWEEN THE INSURED (S) AND THE COMPANY.

FORMS AND ENDORSEMENTS MADE A PART OF THIS POLICY ARE LISTED ON THE ATTACHED SCHEDULE 1A.

DATE: August 21, 2001

_____
Sally A Hawk
Business Leader
Coregis Insurance Company

Countersigned by

_____

CFM89.1.0004 (9/89)

# Coregis Insurance Company

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

GENERAL CHANGE ENDORSEMENT

NAMED INSURED: City of New Haven

POLICY NUMBER: POD-001986

| EFFECTIVE PERIOD | ADD/ DELETE/ OTHER | FORM NAME | FORM NUMBER | ANNUAL ADDITIONAL/ RETURN PREMIUM | PRO-RATA PREMIUM |
|---|---|---|---|---|---|
| 8/12/2003 | Other | See below | | | $35,360 |

## OTHER: DESCRIPTION

In consideration of the premium paid, it is agreed and understood that the policy is extended to expire on November 9, 2003.

10/2/03

All other terms and conditions of this policy remain unchanged.

This endorsement is a part of your policy and takes effect on the effective date of your policy, unless another effective date is shown below.

| Must Be Completed | | Complete only when this endorsement is not prepared with the policy or is not to be effective with the policy. |
|---|---|---|
| Endt # | Policy # | Effective on and after _____, 20____ 12:01 a.m. standard time |
| | | Issued to _____ |
| | | Issued by _____ Insurance Company |
| | | Expiration date _____ |

Countersigned by _____
Authorized Representative

CXCEX 1000 03/01


INSURANCE
ORGANIZATIONS

## SCHEDULE 1A

## SCHEDULE OF FORM (S) AND ENDORSEMENT (S)

INSURED: City of New Haven
REFERENCE NO: N/A

POLICY NO: POD-001986-4
RENEWAL OR REPLACEMENT OF: POD-001986-3

| | |
|---|---|
| COR.OOG.1261 | Policy – Duty to Defend 95 ✓ |
| COR.OOG.1339 | Enhanced Employment Liability ✓ |
| COR.OOG.1266 | Non-Monetary Suit Defense ✓ |
| COR.OOG.1541 | Application of SIR to Claim Expenses ✓ |
| COR.OOG.1803 | CT Amendatory ✓ |

CFM89.1.0004 (9/89)


*INSURANCE ORGANIZATIONS*

THIS IS A CLAIMS MADE AND REPORTED POLICY.  PLEASE READ IT CAREFULLY.

# PUBLIC OFFICIALS AND EMPLOYMENT LIABILITY INSURANCE

In consideration of the payment of the premium and in the reliance upon the statements in the application attached hereto and made part of this Policy, and subject to all Policy terms and conditions, the Company and the Public Entity agree as follows:

## INSURING AGREEMENTS

I. **COVERAGE**

The Company will pay on behalf of the Insureds Loss as a result of civil Claims made against the Insureds by reason of a Wrongful Act, provided that Claim is first made during the Policy Period and written report of said Claim is received by the Company during the Policy Period or within sixty (60) days thereafter.

II. **DEFENSE, INVESTIGATION AND SETTLEMENT OF CLAIMS**

As respects Claims for Loss which is covered by this Policy:

A. The Company shall have the right and duty to select counsel and to defend any Suit.

B. In addition to the applicable limit of liability, the Company shall pay:

1. Claim Expenses incurred in the defense of covered Suits.

2. For appeal bonds in an amount not to exceed the Company's liability required for the appeal of a covered Suit defended by the Company, but the Company shall have no obligation to apply for or furnish any such bonds.

C. The Company is not obligated to defend any Suits, or to pay any Claim Expenses, after the Company's limit of liability has been exhaust by payment of Loss, or by deposit or tender of the limit of liability into a court.

D. The Company shall not commit any Insured to settlement without the consent of the Public Entity, which consent shall not be unreasonably withheld.

E. The Company shall have the right to recommend settlement of Claims. If the Public Entity refuses to consent to any settlement recommended by the Company, then the Company's liability for the Claim will not exceed the amount for which the Claim could have been settled, and Claim Expenses incurred up to the date of such refusal.

F. The Insured shall not settle any Claim without the prior written consent of the Company. The Company shall not be obligated to indemnify any Insured for Loss in connection with the settlement of a Claim to which the Company did not provide prior written consent.

III. **EXTENSIONS**

A. This Policy covers Loss by reason of any Claim made against the estates, heirs, or legal representatives or assigns of deceased persons who were Insureds at the time of the Wrongful Act upon which such Claim is based. This Policy also covers legal representatives or assigns of the Insureds in the event of their incompetency or bankruptcy.

    B       If granted by an Outside Extension Endorsement attached to and made a part of the Policy, the Policy may be extended to provide coverage for Claims to which the Policy otherwise applies against the designated persons for activities in the course and scope of serving on the designated outside entity, provided that the following conditions are satisfied.

            1.      The outside entity is tax exempt.

            2.      The appointment of the designated person to the outside entity is based solely upon the person's being an employee or official of the Public Entity; and

            3.      The person is directed by the Public Entity to serve on the outside entity.

## IV. TERRITORY

This Policy applies to Wrongful Acts committed anywhere in the world provided Claim is made in the United States of America, its territories or possessions

## V. DEFINITIONS

    A.      "Public Entity" means the entity identified in item 1 of the Declarations as legally constituted at the effective date of the Policy Period

    B.      "Insured" means the Public Entity and any person while acting solely within the course and scope of his or her duties and responsibilities on behalf of the Public Entity as:

            1.      an official,

            2.      a member of officer of the governing board, commission, department or unit within the total revenue indicated in the policy application;

            3.      an Employee; or

            4.      a Volunteer

Insured does not include any independent contractor as defined by federal tax laws, or person working on a retainer basis. Unless specifically endorsed heron, the definition of "Insured" does not mean the entity, any person, past or present, any official, member, officer of the governing board, commission, department, unit, employee or volunteer of the following:

        school, airport, transit authority, housing authority, hospital, nursing home, clinic, electric utility or gas utility.

    C.      "Employee" mean any person who has been hired to perform services either on a full-time or part-time basis by and for the Public Entity and to whom wages or salary are paid and on whose behalf federal or local taxes are withheld.

    D.      "Volunteer" means any person whose services are uncompensated and whose activities are directed and supervised by, and for the benefit of, the Public Entity. Volunteer does not include any person performing services which are ordered by, connected with, or supervised by any court, penal or law enforcement official or institution.

    E.      "Arising Out Of" means connected with, incidental to, or growing out of.

    F.      "Wrongful Act" means any act, error or omission of an Insured constituting a breach of a duty imposed by law or a breach of an Employment Contract.

    G.      "Employment Contract" means any contract of employment between the Public Entity and an Employee.

    H.      "Claim" means a demand for Money Damages as of right.

All Claims against all Insureds arising out of the same Wrongful act, or logically or causally connected Wrongful Act, will be considered one Claim All such Claims will be considered first made at the time the earliest such Claims was made against any Insured

I. "Money Damages" means monetary compensation for past harms or injuries.

J. "Claim Expenses" means fees and costs charged by any lawyer retained by the Company and, if authorized by the Company, all other reasonable fees or costs incurred in the defense of a Suit, including fees and costs incurred in an appeal. Claim Expenses does not include Loss, or salaries or costs of Insureds associated without the defense or investigation of a Claim

K. "Suit" means a proceeding in a court of law where Money Damages may be awarded.

L. "Loss" means Money Damages which the Insured becomes legally obligated to pay by reason of a Wrongful Act. Loss also includes pre-judgment and post-judgment interest on Money Damages covered by this Policy, and costs taxed against the Insured in any Suit defended by the Company

Loss does **not** include.

1. Punitive damages, exemplary damages or the multiplied portions of any damage award;

2. Sanctions, fines or penalties:

3. Liquidated damages as provided under a contract or statute;

4. Return of taxes, assessments, penalties, fines and/or fees;

5. Salaries and wages of any Insured, or other official, Employee or member or officer of the Public Entity, or any governmental body, in connection with the investigation and/or defense of Claims;

6. Matters uninsurable under the law or against public policy;

7. Costs of investigation and defense of Claims, including attorneys' fees and expenses, costs of appeal bonds, and costs taxed against the Insured where another entity or insurer is obligated to defend or reimburse the Insured for such costs;

8. Employment Benefits owed as a result of a written Employment Contract that is not the result of a collective bargaining agreement.

M. "Employment Benefits" means wages, salaries, bonuses, incentives, perquisites, fringe benefits or other payments, entitlements or benefits owed to any Employee as a result of an Employment Contract.

N. "Policy Period" means the period from the effective date of this Policy to the expiration date stated in the Declarations, or earlier termination date, if any. The Policy Period does not include the Extended Reporting Period, if any.

## VI. EXCLUSIONS

This Policy does not apply to the following, regardless of the cause of action or legal theory alleged:

A. any Claim or Loss Arising Out of any Insured gaining profit, remuneration or advantage to which any Insured was not entitled.

B. any Claim or Loss Arising Out Of any criminal, dishonest, malicious, fraudulent or knowingly wrongful act or omission.

C. any demand or proceeding seeking relief or redress in any form other than Money Damages, including any form of injunctive or other equitable relief, including, but not limited to, restitution, replevin, unjust enrichment, declaratory judgments, or an accounting.

D.  any Claim or Loss Arising Out Of death, bodily injury, sickness, disease, disability, shock, humiliation, embarrassment, mental injury, mental anguish, emotional distress, or injury to personal or business reputation or character.

E.  any Claim or Loss Arising Out Of invasion of privacy, disparagement or defamation, including, but not limited to, libel or slander.

F.  any Claim or Loss Arising Out Of assault, battery, false arrest, detention, imprisonment, malicious prosecution or abuse of process.

G.  any claim or Loss Arising Out Of trespass, nuisance, wrongful entry, eviction, or violation of rights of occupancy.

H.  any Claim or Loss Arising Out Of destruction, loss, theft, conversion, loss of use, diminution in value of, or injury to, any tangible property

I.  any claim or Loss Arising Out Of inverse condemnation, temporary or permanent taking, adverse possession or dedication by adverse use.

J.  any claim or Loss Arising Out Of strikes, lock-outs, riots, civil commotion's, war, whether or not declared, civil war, insurrection, rebellion, revolution or terrorism.

K.  any Claim or Loss Arising Out Of any violation of or failure to comply with the Employee Retirement Security Act of 1974 (ERISA) or any similar state statute.

L.  any Claim or Loss Arising Out Of any Insureds activities as a trustee or fiduciary as respects any type of employee benefit plan, including any pension, savings or profit sharing plan subject to ERISA or any other similar state statute.

M.  any Claim or Loss Arising Out Of breach of contract, whether oral, written or implied, except any Employment Contract.

N.  1.  any Claim or Loss Arising Out Of actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of any solid, liquid, gaseous, thermal, or aural irritant, pollutant, contaminant, or organism, including, but not limited to, noise, lead, smoke, vapors, soot, fumes, acids, alkalis, chemicals or waste materials (including those that are or are to be stored, recycled, reconditioned or reclaimed), into or upon land, air, water or property.
   2.  any Claim or Loss Arising Out Of any voluntary or governmental direction or request to test for, monitor, clean up, remove contain, treat, detoxify, remediate or neutralize any such irritant, pollutant, contaminant, noise, or organism, or land, air, water or property.
   3.  any Claim or Loss Arising Out Of electromagnetic fields or other electrical or magnetic waves or radiation.

O.  any Claim or Loss Arising Out Of the manufacture of, mining of, use of, removal of, or exposure to asbestos, asbestos products, asbestos fibers, or asbestos dust

P.  1.  any Claim or Loss Arising Out Of the use, handling, sale, distribution, transport, shipment, dispersal, storage, or disposal of any nuclear, radioactive or fissionable material, or any alleged violation of any environmental statute, regulation, or ordinance with respect to such material.

   2.  any Claim or Loss Arising Out Of the planning, construction, maintenance, operation or use of any nuclear reactor, nuclear waste storage facility or disposal site or any other nuclear facility, or nuclear reaction, nuclear radiation or radioactive contamination, or to any act or condition incident to the foregoing.

## CONDITIONS

I.  **SEVERABILITY**

The conduct or knowledge of any Insured shall be imputed to all other Insureds for the purposes of determining the validity and enforceability of this Policy, and the applicability of all exclusions except with respect to Exclusions A and B.

II. **AUTHORIZATION CLAUSE AND NOTICES**

The Public Entity shall act on behalf of all Insureds with respect to the giving and receiving of any notice, endorsements, cancellation and premiums  Notice to that individual and/or titled position named in the application at the address of the Public Entity shall also constitute notice to all Insureds.

III. **AUTHORITY OF AGENT OR BROKER**

No insurance agent or broker is authorized to act as the Company's agent to receive reports or notices hereunder, and any reports or notices to an insurance agent or broker shall not constitute compliance with the terms and conditions of this Policy.

IV. **CHANGES**

Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or change in any part of this Policy or stop the Company from asserting any right s under the terms of this Policy. The terms and conditions of this Policy shall not be waived or changed, except by endorsement issued by the Company to form a part of this Policy.

V. **ASSIGNMENT**

Assignment of interest under this Policy shall not bind the Company unless its consent is endorsed hereon.

VI. **TERMS OF POLICY CONFORMED TO STATUTE**

Terms of this Policy conflicting with any statute of the State wherein this Policy is issued are amended to conform to such statute

VII. **EXTENDED REPORTING PERIOD OPTION**

If the Company shall cancel or refuse to renew this Policy (other than for non-payment of premium), or the Public Entity does not renew this Policy, then the Public Entity shall have the right to purchase an Extended Reporting Period under the following terms and conditions:

A. The Extended Reporting Period shall be twelve (12) months immediately following the termination of the Policy Period.

B. The coverage during the Extended Reporting a period shall be limited to Claims for Wrongful Acts occurring prior to the termination of the Policy Period to which this Policy otherwise applies, provided that Claim is first made during the Extended Reporting Period and written report of said Claim is received by the Company during the Extended Reporting Period.

C. The Public Entity must notify the Company of the exercise of this option in writing within sixty (60) days of the termination of the Policy Period.

D. The premium for the Extended Reporting Period shall be fifty percent (50%) of the Policy Period premium, and shall be paid within sixty (60) days of the termination of the Policy Period.

The insurance provided by this Policy shall apply only in excess of any Other Insurance available to any Insured.

Other Insurance includes, but is not limited to, coverage or benefits provided by self-insurance arrangements, pools, self-insurance trusts, captive insurance companies, retention groups, reciprocal exchanges, or any other plan or agreement of risk transfer or assumption.

XIII. **LIMIT OF LIABILITY AND RETENTION**

Regardless of the number of: (1) Insureds; or (2) the number of Claims or claimants, the Company's liability for Loss shall not exceed the amount stated in the Declarations.

Such limit of liability shall apply in excess of the Retention stated in the Declarations. The Insured agrees that such Retention shall be uninsured. The Retention may be satisfied only by payment of Loss by the Insured, and may not be satisfied by the release or waiver of a claim or counterclaim.

If the Company pays any part of the Retention, the Insured shall promptly reimburse the Company for such payment

If the Company makes any payment under a reservation of rights, upon an adjudication that the Company had no obligation to make all or any portion of such payment, the Insured shall reimburse the Company within thirty (30) days.

XIV.   **ACTION AGAINST THE COMPANY**

No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this Policy, nor until the amount of the Insureds obligation to pay shall have been finally determined either by judgment against the Insured after actual and contested trial on the merits or by written agreement of the Insured, the claimant and the Company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this Policy to the extent of the insurance afforded by this Policy.

Nothing contained in this Policy shall give any person or organization any right to join the Company as a co-defendant in any action against any Insured to determine any Insureds liability. Bankruptcy or insolvency of any Insured or of any Insureds estate shall not relieve the Company of any of its obligations hereunder.

XV.   **SUBROGATION**

In the event of any payment of Loss under this Policy, the Company shall be subrogated to the extent of such payment to all of the Insureds right of recovery, and the Insured shall do everything that may be necessary to secure and preserve such rights of recovery, including the execution of such documents necessary to enable the Company to effectively bring suit in the name of the Insured or the Company. The Insured shall do nothing to prejudice such rights.

XVI.   **ENTIRE AGREEMENT**
By acceptance of this Policy, the Public Entity agrees and reaffirms as of the effective date of this Policy that:

A   the representations in the application, attached hereto and made a part hereof, are true, complete and accurate,

B.   this Policy is issued in reliance upon the truth and accuracy of such representations; and

C.   this Policy embodies all agreements between the Public Entity and the Company relating to this insurance.

This Policy is not valid or effective unless completed by the attachment of Declarations signed by an authorized representative of the Company and made a part hereof.

*[signature]*

**Sally A. Hawk**
**President**

*[signature]* Steven P. Stephan

**Steven P. Stephan**
**Secretary**

**COREGIS**
*INSURANCE ORGANIZATIONS*

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## ENHANCED EMPLOYMENT LIABILITY ENDORSEMENT

In consideration of the premium paid and as respects to any Claim or Loss Arising Out Of only Employment Claims, Exclusion D is deleted and replaced by the following:

D.  Any damage, whether direct, indirect, or consequential, Arising Out Of:

1.  death;

2.  any obligation of the Insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

For the purposes of this endorsement only, "Employment Claims" means any Claim by any employee Arising Out Of employee hiring, advancement, remuneration, treatment, condition or termination of employment.

Paragraph D of Insuring Agreement II is deleted and replaced by the following:

D.  The Company shall have the right to settle any Claim as the Company deems expedient without any Insured's consent.

All other terms and conditions of this policy remain unchanged.

This endorsement is a part of your POLICY and takes effect on the effective date of your POLICY, unless another effective date is shown below.

| Must Be Completed | | Complete only when this endorsement is not prepared with the POLICY or is not to be effective with the policy. |
|---|---|---|
| Endt # | Policy # | Effective on and after , 12:01AM Standard Time |
| 01 | POD-001986-4 | Issued to |
| | | Issued by       Coregis Insurance Company |
| | | Expiration Date, 12:01 AM Standard Time |

Countersigned by

*[signature]*

Sally A. Hawk
Business Leader
Coregis Insurance Company

COR.OOG.1339 (7/95)



**INSURANCE ORGANIZATIONS**

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## NON-MONETARY SUIT DEFENSE COSTS ENDORSEMENT

As respects to any Suit against the Insured seeking non-monetary relief by reason of a Wrongful Act, and which are otherwise covered by this Policy, the Company shall indemnify the Insured for reasonable costs and fees incurred in the defense of such Suits subject to the following conditions:

1. Suit is first filed against the Insured during the Policy Period, and written report of the Suit is received by the Company during the Policy Period or within sixty (60) days thereof.

2. The limit of the Company's liability for such costs and fees shall not exceed $10,000 per suit and $50,000 in the aggregate for the Policy Period.

3. Payments under this Endorsement shall be in addition to the Company's limit of liability as stated in the Declarations and Condition XIII.

4. The Company shall have no duty to investigate or defend any such Suits.

5. The Company shall have the right, at its option and expense, to investigate, take over the defense, or associate in the defense of any such Suit.

For the purposes of this endorsement only, "Suit" means an adjudicatory proceeding in a court of law.

All other terms and conditions of this policy remain unchanged.

This endorsement is a part of your POLICY and takes effect on the effective date of your POLICY, unless another effective date is shown below.

| Must Be Completed | |
|---|---|
| Endt # | Policy # |
| 02 | POD-001986-4 |

| Complete only when this endorsement is not prepared with the POLICY or is not to be effective with the policy. |
|---|
| Effective on and after, 12:01 AM Standard Time |
| Issued to |
| Issued by Coregis Insurance Company |
| Expiration date, 12:01 AM Standard Time |

Countersigned by

_____       _____
                                      Sally A. Hawk
                                      Business Leader
                                      Coregis Insurance Company

COR.OOG.1266 (6/95)


INSURANCE ORGANIZATIONS

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## APPLICATION OF THE SELF INSURED RETENTION TO CLAIMS EXPENSES

Condition XIII is deleted and replaced by the following:

XIII. LIMIT OF LIABILITY AND RETENTION

Regardless of the number of: (1) Insureds; or (2) the number of Claims or claimants, the Company's liability for Loss shall not exceed the amount stated in the Declarations.

Subject to the provisions of Insuring Agreement II, after the Self-Insured Retention has been exhausted by payment in full by the Insured for Loss or for Claim Expenses incurred in the defense of covered Suits, the Company shall pay Claim Expenses in addition to the limit of liability. Such limit of liability shall apply in excess of the Retention stated in the Declarations. The Insured agrees that such Retention shall be uninsured. The Retention may be satisfied only by payment of Loss or Claim Expenses by the Insured, and may not be satisfied by the release or waiver of a claim or counterclaim.

If the Company pays any part of the Retention, the Insured shall promptly reimburse the Company for such payment.

If the Company makes any payment under a reservation of rights, upon the adjudication that the Company had no obligation to make all or any portion of such payment, the Insured shall reimburse the Company within thirty (30) days.

All other terms and conditions of this policy remain unchanged.
This endorsement is a part of your POLICY and takes effect on the effective date of your POLICY, unless another effective date is shown below.

| Must Be Completed | | Complete only when this endorsement is not prepared with the POLICY or is not to be effective with the policy. |
|---|---|---|
| Endt # | Policy # | Effective on and after           , 12:01AM Standard Time |
| 03 | POD-001986-4 | Issued to |
| | | Issued by Coregis Insurance Company |
| | | Expiration Date           , 12:01 AM Standard Time |

Countersigned by

*Sally A. Hawk* (signature)

———————————————————————          ———————————————————————
                                              Sally A. Hawk
                                              Business Leader
                                              Coregis Insurance Company

COR OOG 1541 (1/96)



THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# CONNECTICUT AMENDATORY ENDORSEMENT

The **Conditions** section of the policy is amended as follows:

Condition VII. Option is deleted in its entirety and replaced by the following:

**VII.   EXTENDED REPORTING PERIOD OPTION**

If the Company shall cancel or refuse to renew this policy, or the Public Entity cancels or does not renew this policy, then the Public Entity shall have the right, upon payment of an additional premium of 100% of the policy premium, to an extension of cover granted by this policy in respect of any claim or claims made against the Insureds during the period of thirty-six (36) months following the date of such cancellation or non-renewal, but only in respect of any Wrongful Act committed before the date of such cancellation or non-renewal; provided, however, that the application of this extension must be made to the Company in writing and payment of the premium must be made within sixty (60) days of the effective date of cancellation or the expiration date of the policy.

**Condition XIII. Limit of Liability and Retention** is deleted and replaced by the following:

**XIII.   LIMIT OF LIABILITY AND RETENTION**

Regardless of the number of (1) Insureds; or (2) the number of claims or claimants, the Company's liability is limited as follows:

a. All judgments, awards and claims for prejudgment interest are included within the policy limits. Payment of prejudgment interest reduces the policy limits by the amount paid;

b. The Limit of Liability specified in the Declarations shall be the maximum liability for any one claim and shall be the aggregate limit for each policy year;

c. The Company shall only be liable to pay, subject to the Limit of Liability, for Loss in excess of the Retention stated in the Declarations for each and every Loss hereunder. The Insured agrees that such Retention shall be uninsured;

d. The Retention may only be satisfied by an actual cash payment by the entity or the Insureds. The Retention may not be satisfied by the release of a claim or counterclaim;

e. In the event this policy is extended in accordance with the provisions of the Extended Reporting Period Option above, the aggregate Limit afforded by the Extended Reporting Period Option shall be equal to the aggregate Limit stated on the Declarations and shall be a separate Limit in addition to the aggregate Limit of Liability stated on the Declarations.

**Condition XI. Cancellation** is deleted and replaced by the following:

**XI.   CANCELLATION AND NONRENEWAL**

COR.OOG.1803 (6/96)                                                                                                              PAGE 1 OF 2

A. CANCELLATION

This policy may be canceled by the Public Entity by surrender hereof to the Company or any of its authorized agents or by mailing to the Company written notice stating when thereafter the cancellation shall be effective. If the Public Entity cancels, earned premium will be computed in accordance with the customary short rate table and procedure.

If this policy has been in effect for less than sixty (60) days and is not a renewal, the Company may cancel by mailing to the Public Entity written notice stating when not less than thirty (30) days thereafter such cancellation shall be effective. If this policy is being canceled by the reason of the Insured's nonpayment of premium, the Company may cancel by not less that ten (10) days notice

If this policy has been in effect for sixty (60) days or more, or is a renewal, the Company may cancel by mailing or delivering written notice of cancellation at least:

1. Ten (10) days before the effective date of cancellation only for one or more of the following reasons:

   a. nonpayment of premium;

   b. conviction of any Insured of a crime Arising Out of acts increasing the hazard insured against;

   c. discovery of fraud or material misrepresentation by or with the knowledge of any Insured in obtaining the policy or in presenting any claim thereunder;

   d. discovery of any willful or reckless acts or omission by any Insured increasing hazard insured against;

   e. determination by the commissioner that the continuation of the policy would violate or place the Company in violation of the law, or

2. Sixty (60) days before the effective date of cancellation only for one or more of the following reasons:

   a. A material increase in the hazard insured against;

   b. a substantial loss of reinsurance affecting this particular line of insurance.

   If the Company cancels, the Company will mail or deliver notice of cancellation to the Public Entity at the last mailing address known to the Company. If mailed, the notice will be sent by registered or certified mail or mail evidenced by a United States post office certificate of mailing. The notice will state the reason for and the effective date of cancellation. If notice is mailed, proof of mailing will be proof of notice. If the Company cancels, earned premium will be computed pro rata

B. NONRENEWAL

If the Company refuses to renew this policy it will mail or deliver to the Public Entity, at the last mailing address known to the Company, written notice of nonrenewal not less than sixty (60) days prior to the expiration date of this policy. Notice will be sent by registered or certified mail or mail evidenced by a United States post office certificate of mailing. If notice is mailed, proof of mailing will be proof of notice.

COR.OOG.1803 (6/96)                                                                                                          PAGE 2 OF 2




*GE Commercial Insurance*

Coregis Insurance Company
525 W Van Buren, Suite 100
Chicago, IL 60607
312 921-0000

January 30, 2003

**VIA FACSIMILE**

City of New Haven
Office of the Corporation Counsel
165 Church Street
New Haven, CT 06510

Attn:   Nancy Pepe

RE:   INSURED:      City of New Haven
      CLAIM NO.:    ECD80175514
      POLICY NO.:   POD-001986
      PLAINTIFF:    Arpad Tolnay

Dear Ms. Pepe:

Coregis Insurance Company acknowledges receipt of the above-referenced claim. Coverage for this matter is being reviewed under the terms and conditions of your Public Officials and Employment Liability Insurance policy referenced above.

We have reviewed your policy in connection with the Complaint filed in the U.S. District Court against Melvin Wearing, civil number 3:02CV1514(JDH). Based upon the information available to us and the allegations contained in the Complaint, as presently framed, it appears that your policy may only cover part of this loss. As there are coverage issues involved, we will be proceeding under a Reservation of Rights.

The purpose of this letter is to explain how we reached this determination and to give you an opportunity to provide us with any additional information which you feel might impact our analysis of coverage

We are providing you with the following analysis of coverage under the terms and conditions of Public Officials and Employment Liability Insurance policy number POD-001986 with effective dates from August 12, 2002 to August 12, 2003. This is a claims-made-and-reported policy. The stated limit of liability is $1,000,000 per loss and in the aggregate for each policy year. The City's policy is written with a $100,000 self-insured retention applicable to covered loss including settlements and/or judgments. Defense costs are in addition to the limit of liability.

City of New Haven
January 29, 2003
Page 2

We realize that the Plaintiff's allegations are unsubstantiated. However, we must refer to these allegations as a basis for determining how your policy will apply. Our coverage determination is not intended to infer that any of the allegations contained in the Complaint have merit.

The Plaintiff has filed this current action alleging that the Chief of Police is taking retaliatory action against him based on the Plaintiff's discharge of public duties. In addition to compensatory damages, the Plaintiff seeks punitive damages. In this regard, please note that punitive damages are uninsurable in the state of Connecticut. If there were to be an award of punitive damages, that would be your responsibility.

Coregis reserves all its rights and defenses regardless of whether stated above.

If there is any additional information that you would like us to consider, we invite you to forward it to us. If you have any questions, please feel free to write or phone me at (312) 821-4073.

Sincerely,

Barbara Rocco
Claims Specialist

BR/mrl

cc:   Marshall & Sterling, Inc.


CC:    Thomas Ude, Corporation Counsel
       Jonathan Beamon, Esq.