IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02-CV-1514 (EBB) |
| | : | |
| V. | : | |
| | : | |
| MELVIN WEARING | : | |
| Defendant | : | JULY 28, 2006 |

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION TO QUASH AND, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

Robert A. Rhodes, Esq.
CT Fed. Bar No. 13583
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
Tel:      (203) 227-2855
Fax:     (203) 227-6992
E-Mail:   rhodes@halloran-sage.com

and

Ralph W. Johnson III, Esq.
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT  06103
Tel:      (860) 522-6103
Fax:     (860) 548-0006
E-Mail:  johnsonr@halloran-sage.com

*Counsel for the Defendant,*
*Melvin Wearing*

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT ..................................................................................................................... 1

I.    THE DEFENDANT'S MOTION SHOULD BE GRANTED BECAUSE
      THE INFORMATION SOUGHT IS NOT RELEVANT TO THE
      PLAINTIFF'S FEE APPLICATION AND ITS PRODUCTION IS UNDULY
      BURDENSOME .......................................................................................................... 1

II.   THE DEFENDANT'S MOTION SHOULD BE GRANTED BECAUSE
      THE INFORMATION SOUGHT IS PROTECTED BY THE WORK
      PRODUCT DOCTRINE AND THE ATTORNEY-CLIENT PRIVILEGE ....................... 3

III.  THE PLAINTIFF HAS NO RIGHT TO QUESTION THE DEFENDANT'S
      ATTORNEYS OR ANYONE ELSE REGARDING THE "ACCURACY"
      OR CONTENT OF THE BILLING DOCUMENTS ......................................................... 6

IV.   THE PLAINTIFF MISCHARACTERIZES THE DEFENDANT'S
      ARGUMENTS REGARDING THE FEE APPLICATION BY HIS
      ATTORNEY IN A RECENT CASE ............................................................................... 8

CONCLUSION ................................................................................................................. 10

## PRELIMINARY STATEMENT

The defendant, Melvin Wearing, submits this reply memorandum of law in further

support of his motion to quash, and in the alternative, for a protective order. As demonstrated in

the initial memorandum and below, Chief Wearing's motion should be granted.

## ARGUMENT

**I.    THE DEFENDANT'S MOTION SHOULD BE GRANTED BECAUSE THE
INFORMATION SOUGHT IS NOT RELEVANT TO THE PLAINTIFF'S FEE
APPLICATION AND ITS PRODUCTION IS UNDULY BURDENSOME**

The plaintiff claims that he has a right to compel the production of "any and all"

documents (presumably without any redactions) related to Halloran & Sage's billing records in

this case (including records for services *after* January 31, 2006), testimony about the "accuracy"

of the firm's billing records in this case and documents related to the firm's billings in other

cases because Chief Wearing has opposed the plaintiff's motion for attorney's fees and costs

incurred *prior to* January 31. (Pl.'s Oppo. Mem. at 2-7) The plaintiff's claim is without merit.

The cases cited by the plaintiff reveal nothing more than the fact that some decisions

have concluded that certain, limited and basic information contained within billing records, such

as the total number of hours and total fees expended, may discoverable in certain circumstances.

Contra Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1059-60 (2d Cir.

1989). None of the cases cited by the plaintiff authorize the him to engage in the full-scale

discovery of the defendant's attorneys' billing records in the case at bar, let alone to obtain un-

redacted copies of those documents or documents from other cases. See Hensley v. Eckerhart,

461 U.S. 424, 437 (1983)(fee application should not result in "second major litigation"); Nat'l

Ass'n of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1329 (D.C. Cir. 1982)("it

is not expected that the fee contests should be resolved after the type of searching discovery that

is typical where issues on the merits are presented."). Moreover, none of the cases cited by the

plaintiff require the production of "any and all" billing records, statements, etc., such as is

demanded by the plaintiff in the instant case.[1]

Specifically, by his attorney's subpoena, the plaintiff seeks:

1)    Any and all billing records, accountings, statements and other like records, including those generated and stored electronically, which show the amount of time expended by any partner, associate, or other attorney in the defense of this action.

2)    Any and all billing records, accountings, statements and other like records, including those generated and stored electronically, which show the amount of time expended by any paralegal or other non-lawyer in the defense of this action, where such expenditure of time was a billable event.

3)    Any and all records which show the hourly rates billed for time expended and work performed by any and all attorneys and paralegals in connection with the defense of this case.

4)    Any and all records which show the standard hourly rates billed to the firm's clients for time expended and work performed by any attorney or paralegal who performed services in the defense of this case.

5)    Any and all affidavits or accountings filed by any attorney or other employee in the firm of Halloran & Sage in any Connecticut state or federal court in the past two years wherein a representation was made regarding the hourly rates of attorneys and partners in the firm.

(Ex. B to Def.'s Intial Mem. (Pl.'s Subpoena)) The scope and quantity of the information

demanded by the plaintiff stand in stark contrast to the information that he provided in support of

---

[1]/    The other cases cited do no support for the plaintiff's demands. See Chrapliwy v. Uniroyal, Inc., 670 F.2d 760, 765-68 (7th Cir. 1982)(merely noting rates and hours expended in the case were similar); Taylor v. Scarborough, 66 F.2d 589, 591 (2d Cir. 1933)(noting amount of fee paid to opponent); Mitroff v. Xomox Corp., 631 F. Supp. 25 (S.D. Ohio 1985)(plaintiff only allowed to inquire into number of hours expended and rates charged); Ruiz v. Estelle, 553 F. Supp. 567, 584-85 (S. D. Tex. 1982)(employing interrogatories in unique prison litigation); Blowers v. Lawyers Co-op. Pub. Co., Inc., 526 F. Supp. 1324, 1326 (W.D.N.Y. 1981)(noting split of authority and allowing interrogatories about time spent and costs, not fees); Naismith v. Professional Golfers Ass'n, 85 F.R.D. 552, 564 (N.D. Ga. 1979)(rate and number of hours); Stastny v. Southern Bell Tel. & Tel. Co., 77 F.R.D. 662, 663 (W.D.N.C. 1978)(charges and hours to be identified).

his fee motion. Moreover, none of the cases cited by the plaintiff give him a right to obtain all of the information and documents demanded in his subpoena.[2] By contrast, the cases cited by the defendant in his initial brief, including case law from the Second Circuit, <u>Chambless</u>, 885 F.2d at 1059-60, indicate that the fees and hours of the defense counsel in the context of a plaintiff's fee application are ***not relevant***. (Def's Initial Mem. at 7) Accordingly, the defendant's motion should be granted.

## II.    THE DEFENDANT'S MOTION SHOULD BE GRANTED BECAUSE THE INFORMATION SOUGHT IS PROTECTED BY THE WORK PRODUCT DOCTRINE AND THE ATTORNEY-CLIENT PRIVILEGE

At the outset, the plaintiff has not acknowledged, let alone challenged, the defendant's argument that the subpoena must be quashed and/or a protective order issued based on the work product doctrine and lack of relevance. Having failed to address those arguments, the plaintiff has waived any challenge to them and the motion should be granted on those grounds. <u>Cf.</u> <u>Schwapp v. Town of Avon</u>, 118 F.3d 106, 112 (2d Cir. 1997); <u>United States v Restreppo</u>, 986 F.2d 1462, 1463 (2d Cir. 1993).

The plaintiff claims that the attorney-client privilege does not apply to the documents and information at issue. (Pl.'s Oppo. Mem. at 7-11) This claim is without merit. As demonstrated

---

[2]    The cases cited by the plaintiff generally find that basic information may be relevant where the defendant has asserted that the time spent by plaintiff's counsel in the litigation is excessive. In this case, the defendant has not challenged the amount of time spent by plaintiff's counsel generally throughout the litigation, but has rather made arguments that specific tasks engaged in by the plaintiff's attorney (***before*** Halloran & Sage appeared in the case) were billed excessively. (Docket Entry No. 185, Def's Mem. of Law in Opposition to Pl.'s Motion for Award of Fees and Costs, at 21-22 (excessive time was billed by plaintiff's counsel in (1) drafting the complaint; (2) preparing for certain depositions; and (3) opposing summary judgment)) Thus, even under the reasoning of the cases cited by the plaintiff, which are contrary to the Second Circuit's reasoning in <u>Chambless</u>, only the time spent by the defendant's attorneys on these discreet projects would be relevant to an analysis of the reasonableness of the time spent by the plaintiff on those same projects. The plaintiff, however, seeks much, much more by his subpoena. Accordingly, the Court should grant the defendant's motion to quash the subpoena and the document production demands.

below, the cases cited by the plaintiff are distinguishable, as they deal with criminal proceedings. A few of the cases merely support the limited proposition that some courts believe that *certain basic information* – such as the existence of the attorney-client relationship itself – does not come within the scope of the attorney-client privilege in certain circumstances.

The first case cited by the plaintiff, In re Michaelson, 511 F.2d 882 (9th Cir. 1975), involved criminal proceedings and an attorney's refusal to testify before a grand jury about the *existence* of an attorney-client relationship and consequently the existence of any fee agreement. Id. at 888-89.

Likewise, Schofield v. United States, 721 F.2d 1221 (9th Cir. 1983) and In re Osterhoudt, 722 F.2d 591 (9th Cir. 1983)(per curiam), both involved the disclosure, relative to grand jury proceedings, of the existence of an attorney-client relationship and the fee arrangement between an attorney and a client. Neither Schofield nor Osterhoudt involved a fee application, let alone discuss the applicability of the privilege in the context of a fee application. Moreover, in Schofield, which is actually captioned In re Grand Jury Proceeding, the attorney-client relationship no longer existed at the time of the grand jury investigation. 721 F.2d at 1222.

United States v. Jeffers, 532 F.2d 1101 (7th Cir. 1976), vacated in part 432 U.S. 137 (1977) also did not involve a fee application and also did not address the issue of whether information in billing records is within the scope of the attorney-client privilege. Like the Ninth Circuit cases, Jeffers merely indicates that the amount a party spends on attorney's fees does not come within the scope of the privilege in certain circumstances. 532 F.2d at 1114-15.

Colton v. United States, 306 F.2d 633 (2d. Cir. 1962) does not control in this case. It involved a criminal investigation, and did not discuss the issue of whether detailed information

contained in billing records can come within scope of the attorney-client privilege in the context of a fee motion.[3]

Indeed, of the eighteen cases cited by plaintiff, only three involved fee applications in civil rights cases. Those three cases held that certain limited and basic information concerning attorneys' fees might be discoverable. However, none of the cases held that the billing documents themselves had to be produced. See Blowers v. Lawyers Co-op. Pub. Co., Inc., 526 F. Supp. 1324, 1326 (W.D.N.Y. 1981)("information concerning the amount of time spent by defendants' law firm in defending the action and the amount of costs and disbursements may be discovered, but the amount of legal fees expended by defendants may not." Limited interrogatories used, billing records not at issue); Stastny v. Southern Bell Tel. & Tel. Co., 77 F.R.D. 662, 663 (W.D.N.C. 1978)(number of hours expended held not privileged); and Kemp v. Williams, 1981 WL 167 (D.D.C. Mar. 27, 1981)(description of *plaintiff's* fee arrangement and amounts paid under it held not privileged). Thus, at most, the three cases support the limited proposition that the number of hours expended and the dollar amount of fees paid may not be within the scope of the attorney-client privilege in some circumstances.

Moreover, the plaintiff's claim that privilege does not apply is belied by the authority to the contrary, including case law from the Second and Third Circuits. See Baker v. David Alan Dorfman, P.L.L.C., 232 F.3d 121, 123 (2d. Cir. 2000)(attorney-client privilege "generally

---

[3]/     See also United States v. Davis, 636 F.2d 1028 (5th Cir. 1981)(amount paid not privileged in case involving IRS summons); United States v. Hodge & Zweig, 548 F.2d 1347 (9th Cir. 1977)(fact of representation, not privileged); United States v. Haddad, 527 F.2d 537 (6th Cir. 1975)(amount of money paid not privileged in case involving IRS summons); United States v. Hodgson, 492 F.2d 1175 (10th Cir. 1974)(IRS case); Application of Doe, 464 F. Supp. 757 (S.D.N.Y. 1979)(amount of fee not privileged); Indian Law Resources Center v. Dept. of Interior, 477 F. Supp. 144, 149 (D.D.C. 1979)(Freedom of Information Act case); United States v. Hartigan, 402 F. Supp. 776 (D. Minn. 1975)(amount of fees collected not privileged in face of IRS subpoena).

protects from disclosure client documents and information, ***including but not limited to detailed legal bills***")(emphasis added); <u>Montgomery County v. MicroVote Corp.</u>, 175 F.3d 296, 304 (3d Cir.1999)(attorney billing records are privileged because they reveal the nature of the services rendered). In <u>Baker</u>, the Second Circuit noted that bills "showing services, conversations, and conferences between counsel and others are protected from disclosure." 232 F.3d at 123. Thus, in the instant case, the privilege can and does bar the production of the documents and information demanded by the plaintiff's subpoena.[4]  It would also be inappropriate and prejudicial to require the defendant to produce the documents sought in the midst of the ongoing litigation. Accordingly, the motion to quash and for a protective order must be granted.

## III. THE PLAINTIFF HAS NO RIGHT TO QUESTION THE DEFENDANT'S ATTORNEYS OR ANYONE ELSE REGARDIING THE "ACCURACY" OR CONTENT OF THE BILLING DOCUMENTS

The plaintiff claims that he is entitled to convene a deposition to have his attorney interrogate an unidentified agent of Halloran & Sage. In support of his claim, the plaintiff argues that his attorney does not seek to question attorneys from Halloran & Sage, but only seeks testimony "confirming the accuracy of the billing and time accounting records." (Pl.'s Oppo. Mem., at 4) The plaintiff's claim is without merit.

The plaintiff does not have a right to question anyone regarding the billing records related to the legal services provided to Chief Wearing in this case by Halloran & Sage or by the firm to its other clients in other cases. The "accuracy" of Halloran & Sage's billing records are not relevant to the adjudication of the plaintiff's fee application. The plaintiff has not cited any authority that gives him the right to convene the deposition he seeks or that holds that

---

[4]    The plaintiff's subpoena should also be quashed under the case law that the plaintiff cites. In particular, because the plaintiff demands far more than the limited, basic information, the plaintiff's discovery requests clearly and improperly invade documents and subject matter protected by the work product doctrine and the attorney-client privilege.

deficiencies in a plaintiff's motion for fees and costs can be overcome by analyzing the confidential details of the billing records generated by the defendant's attorneys and/or from the interrogation of the defendant's attorneys. Thus, in addition to being extremely prejudicial, a review of Halloran & Sage's billing records is clearly irrelevant to the analysis that the Court must undertake in ruling on the plaintiff's fee motion.

Moreover, the agent or agents of Halloran & Sage who would attest to the "accuracy" of the billing records would be attorneys. By demanding testimony regarding the accuracy of the billing entries, the plaintiff is in essence insisting upon the deposition of every attorney who has worked on the case. The plaintiff's tactics violate Rule 45(c)(1), which requires that "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Thus, the plaintiff's demands are inappropriate and the motion to quash should be granted.[5]

The Court should not allow the plaintiff's attorney to interrogate the defendant's attorneys regarding the legal services provided, strategies considered and research undertaken in this ongoing litigation. Such an interrogation is clearly inappropriate and prejudicial. It would invade the defendant's protected work product in the midst of an ongoing litigation. Indeed, the

---

[5] The Court should also consider the plaintiff's tactics with regard to the subpoena and the instant motion. The plaintiff noticed a deposition for 4 days after the service of the subpoena. Yet when the defendant filed the motion to quash, the plaintiff did nothing to prosecute his purported need for an expedited deposition for 32 days, at which time, he filed a motion for extension of time, *nunc pro tunc*, to respond to the defendant's motion. Thus, despite no apparent need to have the information on 4 days notice, the plaintiff sought to force the defendant's law firm to comply with a broad-sweeping document demand. The plaintiff has returned to this issue, now that it is convenient for him. It is well-established that the discovery rules do "not justify an examination which can serve no useful purpose in furthering the defendants cause other than to afford an opportunity to vex and harass an opposing litigant." New Sanitary Towel Supply, Inc. v. Consolidated Laundries Corp., 24 F.R.D. 186, 189 (S.D.N.Y. 1959). Consequently, the plaintiff's tactics are inappropriate and should not be condoned by this Court.

plaintiff's demands for billing records for services provided *after* January 31, 2006, a time period beyond the scope of the plaintiff's fee motion, confirms that the subpoena is being used as a vehicle for the plaintiff to obtain the defendant's legal strategy and work product.

If, the Court concludes that attorneys (or anyone else) are to be questioned or any billing documents are to be reviewed, that questioning and/or review should only be performed by the Court or a Magistrate Judge, during *ex parte, in camera* proceedings. Even assuming for the sake of argument that the documents or testimony is relevant, the only entity that would need to review the documents or question Chief Wearing's attorneys would be the judge who is going to rule on the plaintiff's motion for fees and costs.[6]

## IV.    THE PLAINTIFF MISCHARACTERIZES THE DEFENDANT'S ARGUMENTS REGARDING THE FEE APPLICATION BY HIS ATTORNEY IN A RECENT CASE

As part of the justification for his subpoena, the plaintiff attacks Chief Wearing's opposition to the fee motion. In particular, he maintains that "[a]lthough defense counsel has retrieved and submitted as exhibits documents related to the undersigned's fee application in Arlio [v. Lively, 3:03-CV-02013-JBA], defense counsel conveniently omits the fact that Judge Arterton granted the requested fees in full." (Pl.'s Oppo. Mem. at 2) This claim is without merit.

Chief Wearing's May 3, 2006 memorandum of law filed in opposition to the plaintiff's fee motion expressly stated that Judge Arterton had granted the motion in the Arlio. In fact, the memorandum argued that the plaintiff could not be awarded fees for work that his attorney carried over from the Arlio case and for which Judge Arterton had already ordered an award. Specifically, at page 24, the memorandum argued that "the Court should not order an award

---

[6]/    Although the defendant raises the need for *ex parte, in camera* proceedings, he reserves the right to appeal from any order requiring the disclosure/production of billing documents or the questioning of the defendant's attorney, even if that disclosure/production and/or questioning is to only occur *ex parte* and *in camera*.

against Chief Wearing for work on a fee motion that was largely prepared in another case, in which an award was already ordered by Judge Arterton, <u>Arlio</u>, 392 F.Supp.2d at 325."

Moreover, the plaintiff mischaracterizes the holding in <u>Arlio</u>. Judge Arterton's decision did not include an analysis of the plaintiff's attorney's billing practices, let alone an approval of those practices. Indeed, the fee motion in <u>Arlio</u> was virtually unopposed. The defendant's opposition to the fee motion in <u>Arlio</u> consisted of a two-page, four-paragraph objection. It contained a passing and general reference to excessive billing and then focused on the plaintiff's claim for certain costs. (**Exhibit 1**, Defendant's Objection to Plaintiff's Motion for Award of Fees and Costs, dated June 7, 2005, filed in <u>Arlio v. Lively</u>, 3:03-cv-02013 (JBA)(copy attached hereto)) <u>Arlio v. Lively</u>, 392 F. Supp.2d 317, 325 (D. Conn.2005)(defendant "does not object" to rate requested). Judge Arterton sustained the objections to the plaintiff's claim for certain costs. <u>Id.</u> at 325. Consequently, the plaintiff's claims regarding the fee application in <u>Arlio</u> do not support the enforcement of the subpoena at issue.

The plaintiff also asserts that the accounting set forth in his fee application "is the same as every other fee application plaintiff's counsel has submitted to the judges of this Court for the past 18 years without a problem . . . defense counsel cannot, and thus does not cite to a single opinion from a current or former judge in this District wherein the Court took issue with what defense counsel now claims is inappropriate 'bundling' of task descriptions in the fee application." (Pl.'s Oppo. Mem., at 1, n. 1) However, it should not be a surprise that the defendant did not cite decisions other than <u>Arlio</u> involving the plaintiff's attorney's previous fee applications. According to the plaintiff's attorney's affidavit submitted in support of the plaintiff's fee application, no such decisions exist. In particular, the plaintiff's attorney has represented that "[o]ther than Judge Arterton in <u>Arlio v. Lively</u>, no judge of the District Court

9

has had occasion in recent years to determine an appropriate hourly rate for my services since . . .

I have been relieved of the burden of filing a fee application . . ." (Docket Entry No. 108,

1/30/06 Aff. of Karen L. Torre, ¶ 23)

## CONCLUSION

For the foregoing reasons and those set forth in his initial memorandum, Chief Wearing

requests that the Court grant his motion and quash the subpoena and document production

requests in their entirety. In the alternative, he requests that Court enter a protective order

significantly limiting the information that must be provided. Moreover, if any information is to

be produced or testimony given, it should be produced directly and exclusively to the Court or a

Magistrate Judge in an *ex parte, in camera* proceeding held after the Court issues its rulings on

the post-trial motions.

Respectfully submitted,

**DEFENDANT
MELVIN WEARING**


By: _____
     Robert A. Rhodes, Esq.
     CT Fed. Bar No. 13583
     **HALLORAN & SAGE LLP**
     315 Post Road West
     Westport, CT 06880
     Tel:     (203) 227-2855
     Fax:     (203) 227-6992
     E-Mail:  rhodes@halloran-sage.com

              and

     Ralph W. Johnson III, Esq.
     CT Fed. Bar No. 15277
     **HALLORAN & SAGE LLP**
     One Goodwin Square
     225 Asylum Street
     Hartford, CT  06103
     Tel:     (860) 522-6103
     Fax:     (860) 548-0006
     E-Mail:  johnsonr@halloran-sage.com

     His Attorneys

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JAMES ARLIO

     Plaintiffs

VS.                                          CIVIL ACTION NO.
                                             3:03 CV 02013 JBA

MARLIN J. LIVELY,

     Defendant                      JUNE 7, 2005
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT'S OBJECTION TO PLAINTIFF'S
## MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS

     The defendant hereby objects to the plaintiff's motion for award of attorney's fees and costs

dated May 24, 2005 on the grounds that although this matter was pending for almost two years

before the trial commenced, plaintiff's counsel billed approximately 205 hours within six months in

2005, including 160 hours in the seven weeks prior to and through the time of trial. The number of

hours submitted is unreasonable particularly in view of the extensive experience claimed on the

part of plaintiff's counsel in handling matters such as this.

     Further, the itemization of expenses is objected to insofar as it seeks $396.71 for the

transcript of the deposition of the plaintiff since pursuant to Local Rule 27(c), each party pays for

its own deposition transcript and pursuant to Local Rule 54(c)(2)(ii) the plaintiff cannot recover the

cost of same since it was not used in lieu of live testimony and plaintiff's counsel obviously

obtained a copy of same merely for her own convenience. Further, the $216.00 expense for preparation and compilation of juror books and exhibits is objected to in that said juror books and exhibits were prepared solely at the request of plaintiff's counsel for her convenience and, therefore, said expense is not taxable pursuant to Local Rule 54(c)(3)(i). The $35.00 expense for attempted service of a subpoena is objected to since the witness referenced on the marshal's bill did not testify in court and, therefore, said expense is not taxable pursuant to Local Rule 54(c)(1). The two entries for the court reporter's fees totaling $214.53 are objected to for the reason that these costs represent expedited transcripts produced for the convenience of counsel which are not taxable pursuant to Local Rules 54(c)(7)(iv).

Lastly, plaintiff's counsel has failed to produce any written billing agreement between her and the plaintiff upon which her bill is allegedly based.

For the foregoing reasons, the plaintiff's motion for award of attorney's fees and costs should be denied or reduced to a more reasonable amount.

THE DEFENDANT MARLIN J. LIVELY


BY_____
        Colleen D. Fries - #ct13194
        Coyne, von Kuhn, Brady & Fries, LLC
        999 Oronoque Lane
        Stratford, CT 06614
        Phone: 203-378-7100
        Fax: 203-378-7711
        cdfries@coynevkbf.com

### _CERTIFICATION_

This is to certify that a copy of the foregoing has been sent, via U.S. Mail, this 7th day of

June, 2005, to:

Attorney Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510
Fax:  1-203-865-4844

_____
Colleen D. Fries
Coyne, von Kuhn, Brady & Fries, LLC
999 Oronoque Lane
Stratford, CT 06614
Phone:  203-378-7100
Fax:  203-378-7711
#ct13194
cdfries@coynevkhf.com

## CERTIFICATION

This is to certify that on this 28th day of July, 2006, a copy of the foregoing was caused

to be mailed via U.S. Mail to:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Norman A. Pattis, Esq.
649 Amity Road
Bethany, CT 06524

Hugh F. Keefe, Esq.
Lynch, Traub, Keefe and Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT  06506-1612

Hubert J. Santos, Esq.
Sandra L. Snaden, Esq.
Santos & Seeley, P.C.
51 Russ Street
Hartford, CT  06106


                                                    _____
                                                    Ralph W. Johnson III

847794_1 DOC