UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARPAD TOLNAY : | |
| : | |
| Plaintiff, : | |
| : | Civil No. 3:02CV1514 (EBB) |
| V. : | |
| : | |
| MELVIN WEARING : | |
| : | September 19, 2006 |
| Defendant. | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S
### 15-DAY MOTION FOR EXTENSION OF TIME

The plaintiff hereby objects to defendant's motion of this date requesting a 15-day extension of time to file a brief in reply to plaintiff's opposition to defendant's Motion for Relief from Judgment. Plaintiff does not object to a 4-day extension at most but objects to defendant's persistent dilatory motion and briefing habits in this case which went to verdict in early December of 2005.

Per force of Local Rule 7(d) a reply brief must be filed within 10 days and is strictly limited to 10 pages in length. Thus, there is no reason, other than to provoke further delay, for defense counsel to need an additional 15 days in addition to the 10 days already afforded by local rule. That counsel claims to need nearly four weeks (or 25 days) to file a 10-page reply is itself evidence of continued dilatory tactics.

Although defendant's improper and unnecessary filing of still another Rule 60 motion[1] caused

---

[1] As defense counsel pointed out in their memorandum of law in support of Chief Wearing's Motion for Relief from judgment, defense counsel already moved the court for judgment under Rule 60 at

plaintiff's counsel to author still another substantial brief, plaintiff's counsel, mindful of the delays in final disposition of this case, managed (despite being a solo practitioner and facing competing obligations) to file a substantial responsive brief in a timely manner after requesting a short, and modest, extension of four days to do so. If a solo practitioner can get a lengthy brief filed with no more than a 4-day delay, then Chief Wearing, with his army of defense attorneys, can get a 10-page memorandum filed within the 10-day limit imposed by rule or within a comparable extended time of 4 days.

Unless defense counsel intend to violate the ten-page limit, an act which this court should disallow, it appears unreasonable for counsel to claim that more than three weeks is necessary to write a 10-page document. Given defendant's established history, his counsel's motion for a 15-day extension will no doubt be followed by another motion for another 15 day-extension. It readily appears, therefore, that counsel, in both filing the most recent and repetitive motion under Rule 60, and now seeking an unnecessary and unreasonable delay in filing a reply which is constrained by rule to 10 pages in length, aims merely to forestall this court's ruling on pending motions to a time and date which defendant believes will suit his political needs.

For the foregoing reasons, the plaintiff respectfully requests this Court grant no more than a

---

the oral argument on July 21, 2006 and upon the authority cited by defendant in his extensive brief and submission on the issue of the applicability of Garcetti v. Ceballos. Plaintiff indicated his position that the filing of another motion and still another brief on the same issue was an improper dilatory act.

2

four-day extension and further, that the Court, in order to prevent further abuse, hold defendant to the 10-page limit imposed by Local Rule 7(d).

        THE PLAINTIFF

        ARPAD TOLNAY


      BY:_____
        KAREN LEE TORRE
        Federal Bar No. ct01707
        Law Offices of Karen Lee Torre
        51 Elm Street, Suite 307
        New Haven, CT 06510
        (203) 865-5541

## **CERTIFICATION**

       I hereby certify that a copy of the foregoing was mailed on this 19th day of September, 2006 to:

Robert A. Rhodes, Esq.
Ralph W. Johnson III, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

Norman A. Pattis, Esq
649 Amity Rd., PO Box 280
Bethany, CT   06524

Hubert J. Santos, Esq.
Santos & Seeley, P.C.
51 Russ Street
Hartford, CT 06106

 

_____
KAREN LEE TORRE