IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02-CV-1514 (EBB) |
| | : | |
| V. | : | |
| | : | |
| MELVIN WEARING | : | |
| Defendant | : | OCTOBER 10, 2006 |

## THE DEFENDANT'S MOTION FOR ACCEPTANCE OF HIS REPLY MEMORANDUM IN EXCESS OF PAGE LIMITATION OR, IN THE ALTERNATIVE, MOTION TO STRIKE THE PLAINTIFF'S OPPOSITION MEMORANDUM

Pursuant to Local Rule 7, the defendant, Melvin Wearing, the former Chief of Police for the City of New Haven, hereby moves the Court to accept his reply memorandum of law in further support of his motion for relief from judgment, which exceeds the page limitation under the Local Rules. In the alternative, Chief Wearing moves the Court to strike the plaintiff's opposition memorandum, as it exceeds the page limitation under the Local Rules by 10 pages and violates this Court's express admonition in its April 27, 2006 Ruling. The plaintiff's opposition memorandum was filed without leave from the Court. For the reasons set forth below, the Court should grant Chief Wearing's motion and accept his reply memorandum. In the alternative, it should strike the plaintiff's opposition memorandum.

In support of his motion, Chief Wearing states as follows:

1. The memorandum of law at issue is Chief Wearing's reply memorandum in further support of his motion for relief from judgment, pursuant to Rule 60. The reply memorandum is 25 pages of text. It exceeds the page limitation under Local Rule 7(d) by 15 pages. It has been filed contemporaneously with this motion.

2. This case involves a judgment in excess of $5.1 million. The case is deserving of and requires additional briefing. Indeed, the Court has previously recognized that the issues in this case are significant and that given the size of the verdict, it would be "hard-pressed" to deny a request for additional briefing. (4/27/06 Ruling, at 4) Despite diligence and considerable efforts, Chief Wearing's counsel could not prepare a reply memorandum within the 10-page limitation established by Local Rule 7(d) and still adequately respond to the plaintiff's opposition memorandum.

3. In particular, the additional pages were necessary to respond to the plaintiff's 50-page opposition memorandum and the numerous decisions cited in it. In his opposition memorandum, the plaintiff cited no less than 36 decisions. After the opposition was filed on September 11, 2006, and despite claiming at page 3 of the opposition that Chief Wearing had no "right to rebrief the issue[s] everytime he thinks a new opinion aids his cause," the plaintiff cited an additional decision to the Court via a letter dated September 14, 2006. Moreover, the plaintiff's opposition went beyond the issues raised by Chief Wearing's Rule 60 motion and advanced arguments related to the pre-Garcetti v. Ceballos analysis. Those arguments and the recent Second Circuit decisions cited by the plaintiff had to be replied to.

4. As part of the reply memorandum, Chief Wearing also needed to bring to the Court's attention the recent case law applying the Supreme Court's decision in Garcetti v. Ceballos, 126 S.Ct. 1951 (2006).

5. As noted above, the plaintiff's 50-page opposition memorandum violates Local Rule 7(a)2's 40-page limit on a response memorandum. It also violates this Court's express admonition in its April 27, 2006 Ruling. (4/27/06 Ruling, at 3 ("This ruling does not excuse either party for observing and conforming to all relevant page limitations now and in the

2

future.")) This is the second occasion on which the plaintiff has violated the page limitation under Local Rule 7(a)2 and this Court's admonition in the April 27 Ruling. As the opposition twice acknowledges, the plaintiff's Garcetti memorandum filed on June 30, 2006 was 48-pages in length. (Pl.'s Oppo. Mem. at 4, 40)

6. In addition to having to respond to a 50-page opposition, when considered in context, Chief Wearing's total, proposed briefing in connection with his Rule 60 motion is reasonable. In particular, under Local Rule 7, a movant is generally allowed a total of 50 pages of briefing in support of a motion, 40 pages in the initial memorandum and 10 pages in the reply memorandum. Here, Chief Wearing's initial memorandum was 32 pages of text and his reply memorandum is 25 pages of text, for a total of 57 pages of briefing. Thus, Chief Wearing's total, proposed briefing in support of his Rule 60 motion, 57 pages, is reasonable.

7. The plaintiff's two violations of Local Rule 7 and the Court's April 27 Ruling alone justify the granting of the instant motion. Moreover, as demonstrated above, independent, good cause exists for allowing Chief Wearing to exceed the page limitation and for the Court to accept the reply memorandum at issue. Accordingly, the Court should grant Chief Wearing's motion and accept his reply memorandum.

8. In the alternative, if the Court does not grant the instant motion, Chief Wearing requests that the Court strike the plaintiff's opposition memorandum of law dated September 8, 2006 and filed on September 11, 2006. (Elec. Docket Entry No. 232) The copy of the opposition served on counsel is attached as Exhibit A to Chief Wearing's reply memorandum. The copy of the opposition on the Court's electronic docket does not have any page numbers. It also has other formatting issues. For example, 5 pages of it are single-spaced in violation of Local Rule 7(a)2.

3

9. The opposition should be stricken as it violates Local Rule 7(a)2's 40-page limit on a response memorandum. Specifically, as noted above, the opposition is 50-pages in length. As previously noted, the plaintiff's opposition also violates this Court's express admonition in its April 27 Ruling. (4/27/06 Ruling, at 3 ("This ruling does not excuse either party for observing and conforming to all relevant page limitations now and in the future."))

10. The plaintiff did not seek leave from the Court to exceed the page limitation in connection with the opposition. As the text of the 50-page opposition confirms, this is the second time that the plaintiff has violated both Local Rule 7(a)2 and the April 27 Ruling. Specifically, the plaintiff's memorandum regarding Garcetti filed on June 30, 2006 was 48-pages in length. (Pl.'s Oppo. Mem. at 4, 40) As with the opposition at issue, the plaintiff's 48-page Garcetti memorandum was filed without leave from the Court.

11. Accordingly, if the Court does not accept Chief Wearing's reply memorandum of law, it should strike the plaintiff's opposition memorandum of law.

**WHEREFORE**, for good cause shown, Chief Wearing requests that the Court grant his motion and accept his reply memorandum of law in further support of his motion for relief from judgment under Rule 60. In the alternative, Chief Wearing requests that the Court strike the plaintiff's opposition memorandum of law.

        Respectfully submitted,

        **DEFENDANT**
        **MELVIN WEARING**


By: _____
        Robert A. Rhodes, Esq.
        CT Fed. Bar No. 13583
        **HALLORAN & SAGE LLP**
        315 Post Road West
        Westport, CT 06880
        Tel:   (203) 227-2855
        Fax:  (203) 227-6992
        E-Mail: rhodes@halloran-sage.com

        and

        Ralph W. Johnson III, Esq.
        CT Fed. Bar No. 15277
        **HALLORAN & SAGE LLP**
        One Goodwin Square
        225 Asylum Street
        Hartford, CT 06103
        Tel:   (860) 522-6103
        Fax:  (860) 548-0006
        E-Mail: johnsonr@halloran-sage.com

        His Attorneys

## CERTIFICATION

This is to certify that on this 10th day of October, 2006, a copy of the foregoing was caused to be mailed via U.S. Mail to:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Norman A. Pattis, Esq.
649 Amity Road
Bethany, CT 06524

Hugh F. Keefe, Esq.
Lynch, Traub, Keefe and Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Hubert J. Santos, Esq.
Sandra L. Snaden, Esq.
Santos & Seeley, P.C.
51 Russ Street
Hartford, CT 06106

The Honorable Ellen B. Burns
United States District Court
 for the District of Connecticut
141 Church Street
New Haven, CT 06510
*(Courtesy Copy, Via Hand Delivery)*

_____
Ralph W. Johnson, III

895916_1 DOC