IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02-CV-1514 (EBB) |
| | : | |
| V. | : | |
| | : | |
| MELVIN WEARING | : | |
| Defendant | : | OCTOBER 10, 2006 |

### NOTICE OF SUPPLEMENTAL AUTHORITY/EXHIBITS
### IN SUPPORT OF DEFENDANT'S POST-TRIAL MOTIONS
### RE: PUNITIVE DAMAGES ISSUES

Pursuant to Rule 1 of the Federal Rules of Civil Procedure and consistent with the

practice employed by the plaintiff of submitting supplemental authority to the Court, the

defendant, Melvin Wearing, the former Police Chief for the City of New Haven, submits the

following supplemental authority/exhibits in further support of his post-trial motions directed to

the punitive damages award. Specifically, the supplemental authority/exhibits relate to the

analysis under State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003) and BMW of N.

Am., Inc. v. Gore, 517 U.S. 559 (1996). They also relate to the analysis of the additional, "shock

the conscience" analysis employed by the Second Circuit in determining whether an award is

excessive. Mathie v. Fries, 121 F.3d 808, 816-17 (2d Cir. 1997).

Attached hereto as Exhibit A is the electronic docket for Milde v. Housing Authority of

the Town of Greenwich, No. 3:00-CV-02423 (AVC)(D.Conn.). Attached hereto as Exhibit B is

the judgment entered in Milde on September 19, 2006 as the result of a jury verdict. The jury in

Milde returned the verdict on the plaintiff's First Amendment retaliation claim under 42 U.S.C. §

1983. The compensatory damages award was $325,000. The punitive damages award was

$1,000.

**BACKGROUND**

By way of context, as the Court will recall, in Chief Wearing's motion for a new trial and motion for remittitur, he argued that the punitive damages award of $5 million in this case was unconstitutional under State Farm and Gore. He also argued that it was excessive under Mathie. More specifically, as part of the analyses under State Farm, Gore and Mathie, Chief Wearing argued that the appropriate and only points of comparison were other punitive damages awards in First Amendment retaliation cases under 42 U.S.C. § 1983 from cases in the District of Connecticut and the Second Circuit. Such awards and cases were identified in detail for the Court by Chief Wearing.

By way of clarification and to the extent there was any confusion at the oral argument on July 21, 2006, it has always been Chief Wearing's position (as confirmed by his memoranda of law) that the awards from the District of Connecticut and Second Circuit in First Amendment/retaliation cases under § 1983 are the proper and only points of comparison for the analysis under State Farm, Gore and Mathie. Thus, for example, contrary to the plaintiff's argument, verdicts in cases involving other statutes or causes of action, such as Title VII, are inapposite. Accordingly, neither verdicts in Title VII cases nor any section of the statute is applicable to the State Farm, Gore and Mathie analyses.

Indeed, Chief Wearing has always maintained that the record does not support an award of any punitive damages. In the alternative, he has always maintained that under the case law he has cited, if there are any punitive damages allowed, a ratio of 1 to 1 between the compensatory and punitive damages would be ***unconstitutional***. To be constitutional, the ratio, if any, between the compensatory and punitive damages in this case would have to be 1 to ***far less than*** 1. At most, under the circumstances of this case, only the most nominal punitive damages award, such

as an award based on the ratio in <u>Milde</u>, could pass the analyses under <u>State Farm</u>, <u>Gore</u> and <u>Mathie</u>.

## SUPPLEMENTAL AUTHORITY/EXHIBITS

As discussed in the decision granting in part and denying in part the defendant's motion for summary judgment in <u>Milde</u>, the case involved a claim of First Amendment retaliation in violation of 42 U.S.C. § 1983. <u>See</u> <u>Milde v. Housing Authority of the Town of Greenwich</u>, 2006 WL 2583086 (D. Conn. Sept. 5, 2006). In sum, the plaintiff alleged that she was **terminated** from her position as an administrator of the Housing Authority's facility for senior citizens because of statements she made regarding recreation services at the facility. Those statements were made to a newspaper. <u>Id.</u> at *7. The termination of the plaintiff's employment in <u>Milde</u> and other discipline imposed upon her were far worse than the conduct at issue in this case.

On September 18, 2006, a jury in the District of Connecticut entered a verdict in favor of the plaintiff and against an individual defendant, the plaintiff's former supervisor in the <u>Milde</u> case. (Ex. A, Elec. Docket Entry No. 188) The jury awarded $325,000 in compensatory damages and $1,000 in punitive damages. A judgment on the verdict was entered the next day. (Ex. B) Thus, the ratio between the compensatory and punitive damages in <u>Milde</u> was 1 to .0031. In other words, the punitive damages award was less than one-third of 1% percent of the compensatory damages award. For example, applying the ratio from <u>Milde</u> to the instant case, the punitive damages award here (assuming the compensatory damages award remained at $150,903) would be reduced to $468. If the Court reaches the analyses under <u>State Farm</u>, <u>Gore</u> and <u>Mathie</u>, it should consider the verdict in <u>Milde</u>.

## MOTION

To the extent the Court believes it necessary, Chief Wearing requests that the Court construe this notice as a motion for leave to submit the supplemental authority/exhibits and that the Court grant the motion. Good cause exists for the granting of such a motion. As the Court has previously recognized the issues raised by this case are substantial. The submitting of the supplemental authority/exhibits is done in good faith and to provide the Court with information and authority relevant to its analysis. Indeed, the Court can and should take judicial notice of the verdict and the judgment in Milde as they are from a case pending in this District. The plaintiff is not prejudiced in any manner by the notice. It merely informs the Court of the verdict in Milde, puts the verdict in context by summarizing the previous arguments and clarifies the record on what may have been a related point of confusion at the oral argument.

Respectfully submitted,

**DEFENDANT
MELVIN WEARING**

By: _____
Robert A. Rhodes, Esq.
CT Fed. Bar No. 13583
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
Tel:     (203) 227-2855
Fax:    (203) 227-6992
E-Mail:  rhodes@halloran-sage.com

and

Ralph W. Johnson III, Esq.
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT  06103
Tel:     (860) 522-6103
Fax:    (860) 548-0006
E-Mail:  johnsonr@halloran-sage.com

His Attorneys

## CERTIFICATION

This is to certify that on this 10th day of October, 2006, a copy of the foregoing was caused to be mailed via U.S. Mail to:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Norman A. Pattis, Esq.
649 Amity Road
Bethany, CT 06524

Hugh F. Keefe, Esq.
Lynch, Traub, Keefe and Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Hubert J. Santos, Esq.
Sandra L. Snaden, Esq.
Santos & Seeley, P.C.
51 Russ Street
Hartford, CT 06106

The Honorable Ellen B. Burns
United States District Court
  for the District of Connecticut
141 Church Street
New Haven, CT 06510
*(Courtesy Copy, Via Hand Delivery)*

897642 1.DOC

Ralph W. Johnson, III

6