IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02-CV-1514 (EBB) |
| | : | |
| V. | : | |
| | : | |
| MELVIN WEARING | : | |
| Defendant | : | MARCH 28, 2007 |

### THE DEFENDANT'S MOTION FOR AN ORDER AND TO THE EXTENT NECESSARY MOTION TO CORRECT/CLARIFY THE RECORD

Pursuant to Rule 10(e) of the Federal Rules of Appellate Procedure and Local Rule 7, the defendant, Melvin Wearing, the former Chief of Police for the City of New Haven, hereby moves the Court for the entry of an order directing the Clerk of the Court to docket Chief Wearing's reply memorandum in further support of his motion for a relief from judgment. That reply memorandum was filed on October 10, 2006 and a courtesy copy was provided to Chambers. A file-stamped copy of the reply memorandum is attached hereto as Exhibit 1.

In the alternative, and to the extent necessary, Chief Wearing moves the court to correct or clarify the record by having the Clerk docket his October 10, 2006 reply memorandum.

For the reasons set forth below, the Court should grant Chief Wearing's motion and direct the Clerk to docket the reply memorandum at issue.

### BACKGROUND

On October 10, 2006, Chief Wearing filed three pleadings. First, he filed a notice of supplemental authority. (Docket Entry No. 238) Second, he filed "the defendant's motion for acceptance of his reply memorandum in excess of page limitations or, in the alternative, motion to strike the plaintiff's opposition memorandum." (Docket Entry No. 237) Finally, he filed a

reply memorandum in further support of his motion for relief from judgment. (Ex. 1)  In addition to filing these pleadings, Chief Wearing provided the Clerk with a disk containing the documents in PDF format.

Chief Wearing filed the motion for acceptance or in the alternative to strike the plaintiff's opposition because his reply memorandum exceeded the 10-page limit set by the Local Rules.  A review of that pleading (Docket Entry No. 237) demonstrates that good cause existed for the Court to accept Chief Wearing's reply memorandum and to strike the plaintiff's opposition memorandum.[1]  In sum, the plaintiff's 50-page opposition memorandum exceeded the page limitations under the Local Rules and violated the Court's April 27, 2006 Ruling. (4/27/06 Ruling, at 3 ("This ruling does not excuse either party from observing and conforming to all relevant page limitations now and in the future."))  No opposition was ever filed to Chief Wearing's motion for acceptance/motion to strike.

On February 5, 2007, the Court entered a ruling denying Chief Wearing's Rule 50(b) motion and his motion for a new trial on liability.  The Court partially granted Chief Wearing's motion for remittitur, in the alternative, and gave the plaintiff the choice of either accepting a reduced punitive damages award or facing a new trial on damages.  On February 27, the plaintiff accepted the reduced punitive damages award.

---

[1]/     A file-stamped copy of the motion for acceptance/motion to strike is attached hereto as Exhibit 2.

## ARGUMENT

### I.    THE COURT SHOULD DIRECT THE CLERK TO DOCKET CHIEF WEARING'S OCTOBER 10, 2006 REPLY MEMORANDUM

As demonstrated in detail in Chief Wearing's October 10, 2006 motion for acceptance/ motion to strike, good cause existed for the Court to accept the reply memorandum in excess of the page limitation. Indeed, no opposition was ever filed to the motion for acceptance/motion strike.

Given the Court's February 5 Ruling, the Court should at this stage grant Chief Wearing's motion for the acceptance of his reply memorandum and direct the Clerk to docket the reply memorandum. Given the February 5 Ruling, there is no prejudice to the plaintiff. By contrast, Chief Wearing will be prejudiced as the record will be unclear. The Second Circuit should have a complete and clear record in this matter.

To the extent necessary, pursuant to Rule 10(e) of the Federal Rules of Appellate Procedure, the Court should correct or clarify the record by directing the Clerk to docket the reply memorandum. The original of that document and the disk should be in the possession of the Clerk of the Court. As noted above, a courtesy copy was delivered to the Court's Chambers and a file-stamped copy is attached to this motion as Exhibit 1.

### II.    THE CLERK OF THE COURT DID NOT HAVE THE AUTHORITY TO DEFER DOCKETING THE REPLY MEMORANDUM AT ISSUE

Chief Wearing's October 10 reply memorandum was not docketed apparently because of the practice of the Clerk's office not to docket pleadings which are accompanied by motions for the acceptance of those pleadings. By contrast, when a party files a pleading in excess of the page limitations without seeking leave to do so, it appears that the Clerk will docket that pleading. This practice and situation is inappropriate. Parties who follow the rules and seek

3

leave from the Court are prejudiced, while there are no ramifications for parties that violate the Local Rules.

In addition to being an obvious inequity, the Clerk's office does not have the authority to refuse to docket pleadings. <u>Accord</u> Fed. R. Civ. P. 5(e). To the contrary, the Clerks of the federal courts "must take … whatever is tendered to them." <u>Farzana K. v. Indiana Dep't of Educ.</u>, 473 F.3d 703, 707 (7th Cir. 2007). In this case, the Clerk should have docketed Chief Wearing's October 10, 2006 reply memorandum. Chief Wearing is entitled to make a record in this case.

Accordingly, the Court should grant the motion for acceptance and/or this motion and direct the Clerk to docket Chief Wearing's October 10, 2006 reply memorandum. (Ex. 1)

**WHEREFORE**, good cause having been shown, Chief Wearing requests that the Court grant his motion and direct the Clerk of the Court to docket his October 10, 2006 reply memorandum, a copy of which is attached hereto as Exhibit 1.

Respectfully submitted,

**DEFENDANT
MELVIN WEARING**

By: _____

Robert A. Rhodes, Esq.
CT Fed. Bar No. 13583
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
Tel:      (203) 227-2855
Fax:      (203) 227-6992
E-Mail:  rhodes@halloran-sage.com

                          and

Ralph W. Johnson III, Esq.
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel:      (860) 522-6103
Fax:      (860) 548-0006
E-Mail:  johnsonr@halloran-sage.com

His Attorneys

## CERTIFICATION

This is to certify that on this 28th day of March, 2007, a copy of the foregoing was caused to be mailed via U.S. Mail to:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Norman A. Pattis, Esq.
649 Amity Road
Bethany, CT 06524

Hugh F. Keefe, Esq.
Lynch, Traub, Keefe and Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Hubert J. Santos, Esq.
Sandra L. Snaden, Esq.
Santos & Seeley, P.C.
51 Russ Street
Hartford, CT 06106

The Honorable Ellen B. Burns
United States District Court
  for the District of Connecticut
141 Church Street
New Haven, CT 06510
*(Courtesy Copy, Via Hand Delivery)*

_____
Ralph W. Johnson, III

966373_1 DOC