IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARPAD TOLNAY : | CIVIL ACTION NO. |
| Plaintiff : | 3:02-CV-1514 (EBB) |
| : | |
| V. : | |
| : | |
| MELVIN WEARING : | |
| Defendant : | APRIL 27, 2007 |

## NOTICE OF APPEAL

Notice is hereby given that the defendant, Melvin Wearing, in the above named case, hereby appeals to the United States Court of Appeals for the Second Circuit from the judgment entered against him on December 14, 2005 and all portions and aspects of all adverse rulings and orders entered in this case. The defendant also appeals from any amended or other judgment that has entered or will enter against him expressly or by operation of the Federal Rules of Appellate and Civil Procedure.

The adverse rulings and orders include, but are not limited to: (1) the ruling entered on March 9, 2005 denying the defendant's motion for summary judgment, (2) the ruling in court on December 1, 2005 denying the defendant's motion in limine concerning evidence related to prior disciplinary actions and denying the defendant's motion to quash the subpoena requiring the testimony of Mayor DeStefano, (3) the ruling(s) in court on December 1 and 2, 2005 denying the defendant's objection(s) to the admission of the hearsay news articles and related testimony; (4) the ruling(s) in court on December 5, 2005 denying the defendant's objection(s) to the admission of testimony and evidence concerning prior disciplinary actions; (5) the ruling in court on December 6, 2005 allowing testimony by Mayor DeStefano regarding indemnification over the defendant's objection; (6) the ruling in court on December 7, 2005 denying the defendant's

motion for judgment pursuant to Rule 50(a), (7) the court's failure on two occasions on December 8, 2005 to charge the jury regarding the need for any punitive damages award to have a "reasonable relationship" with the compensatory or actual damages suffered by the plaintiff; (8) the court's failure on December 8, 2005 to charge the jury and submit interrogatories to it related to the analysis under Pickering v. Board of Educ., 391 U.S. 563 (1968); (9) the court's failure on December 8, 2005 to charge the jury and submit interrogatories to it so it could determine whether the speech at issue was protected under the First Amendment; (10) the court's failure on December 8, 2005 to charge the jury and submit interrogatories to it related to the qualified immunity analysis; (11) the ruling in court on December 8, 2005 denying the defendant's requested supplemental instruction in response to the jury's note, which inquired about who would be responsible for the payment of any award; (12) the ruling entered on February 5, 2007 which: (a) denied the defendant's motion for judgment as a matter of law pursuant to Rule 50(b), (b) denied the defendant's motion for a new trial on liability, (c) denied the defendant's motion for a new trial and motion for a remittitur, in the alternative, on the non-economic, compensatory damages award, and (d) denied or only partially granted the defendant's motion for a new trial and motion for a remittitur, in the alternative, on the punitive damages award, as the ruling only reduced or remitted the punitive damages award from $5 million to $1,350,000; (13) the February 5, 2007 Ruling's implicit or effective denial of the defendant's motion for relief from judgment pursuant to Rules 60(b)(1) and 60(b)(5)-(6); and (14) the March 30, 2007 order denying *inter alia* the defendant's motion for a new trial and denying as moot the defendant's motion for relief from judgment.

    The defendant also appeals from the rejection of his arguments in support of his summary judgment motion, trial motions and objections, requests for jury instructions and jury

interrogatories and post-trial motions that were not expressly addressed by the district court in its rulings and orders.

Pursuant to the Second Circuit's Local Rules, the defendant will file a pre-argument statement (Form C). As part of that statement, a preliminary statement of the issues will be attached as Addendum B. That preliminary statement of the issues is hereby incorporated by reference into this Notice of Appeal.

Respectfully submitted,

**DEFENDANT
MELVIN WEARING**

By: _____

Robert A. Rhodes, Esq.
CT Fed. Bar No. 13583
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
Tel:    (203) 227-2855
Fax:    (203) 227-6992
E-Mail: rhodes@halloran-sage.com

and

Ralph W. Johnson III, Esq.
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel:    (860) 522-6103
Fax:    (860) 548-0006
E-Mail: johnsonr@halloran-sage.com

His Attorneys

3

## CERTIFICATION

This is to certify that on this 27th day of April, 2007, a copy of the foregoing was caused to be served via U.S. Mail to:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Norman A. Pattis, Esq.
649 Amity Road
Bethany, CT 06524

Hugh F. Keefe, Esq.
Lynch, Traub, Keefe and Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Hubert J. Santos, Esq.
Sandra L. Snaden, Esq.
Santos & Seeley, P.C.
51 Russ Street
Hartford, CT 06106

Joseph D. Garrison, Esq.
Alexandra K. Block, Esq.
Garrison Levin-Epstein Chimes
  & Richardson
405 Orange Street
New Haven, CT 06511

_____
Ralph W. Johnson, III

979881_1 DOC

4