IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02-CV-1514 (EBB) |
| | : | |
| V. | : | |
| | : | |
| MELVIN WEARING | : | |
| Defendant | : | JUNE 8, 2007 |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO THE PLAINTIFF'S
SUPPLEMENTAL APPLICATION FOR THE AWARD OF ATTORNEYS' FEES AND COSTS**

Robert A. Rhodes, Esq.
CT Fed. Bar No. 13583
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
Tel:     (203) 227-2855
Fax:     (203) 227-6992
E-Mail:  Rhodes@halloran-sage.com

and

Ralph W. Johnson III, Esq.
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel:     (860) 522-6103
Fax:     (860) 548-0006
E-Mail:  Johnsonr@halloran-sage.com

*Counsel for the Defendant,*
*Melvin Wearing*

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ........................................................................1

BACKGROUND ...........................................................................................1

STANDARD OF REVIEW ..............................................................................2

ARGUMENT ................................................................................................4

I.  THE HOURLY RATES REQUESTED ARE
    UNREASONABLE ...........................................................................4

    A.  The $400 Per Hour Rate Requested For
        The Plaintiff's Attorneys Is Excessive....................................4

    B.  The $165 Per Hour Rate For A Paralegal
        Is Excessive........................................................................8

II.  THE NUMBER OF HOURS REQUESTED
     ARE INAPPROPRIATE .....................................................................9

    A.  The Billing Records Contain Time That
        Is Inappropriate ..................................................................9

    B.  The Billing Records Submitted Contain
        Inappropriate Block Or Bundled Billing................................10

    C.  The Billing Records Submitted Contain
        Overly Vague Terms............................................................13

    D.  The Billing Records Contain Tasks That
        Are Clerical Or Paralegal Tasks ..........................................16

    E.  The Time Expended Was Inappropriate
        On Several Specific Tasks ...................................................20

    F.  The Time Claimed For The Supplemental
        Application Is Inappropriate ................................................22

III.  ASPECTS OF THE REQUEST FOR COSTS
      SHOULD BE REJECTED...................................................................24

CONCLUSION..............................................................................................25

## PRELIMINARY STATEMENT

The defendant, Melvin Wearing, the former Chief of Police for the City of New Haven, submits this memorandum of law in opposition to the plaintiff's first supplemental application for an award of attorneys' fees and costs dated March 19, 2007.[1]  In further support of his opposition, Chief Wearing also submits Exhibits 1 and 2, which are attached hereto.  Exhibit 1 identifies the instances of inappropriate, block or bundled billing by the plaintiff's counsel.  Exhibit 2 is an itemization of the receipts submitted by the plaintiff in connection with his request for an award of expenses.  The plaintiff did not itemize his expenses, but rather, merely attached 19 receipts as a collective exhibit.  Exhibit 2 demonstrates that the plaintiff is demanding $838.28 more in expenses than accounted for by his receipts.

After thoroughly reviewing the plaintiff's counsels' billing records, if there is any award, the Court should reduce the requested fees and costs by a significant percentage.

## BACKGROUND

By his supplemental application, the plaintiff seeks an additional $385,960 in attorneys' fees and an additional $13,044.34 in what he labels as "costs."  Specifically, the plaintiff seeks $366,800 for Attorney Karen Torre's work (917 hours @ $400/hr), $19,160 for Attorney Norman Pattis' work (47.9 hours @ $400/hr) and $9,108 for the work of a legal assistant/paralegal (55.2 hours @ $165/hr).  The plaintiff includes the paralegal's work as part of his "costs" and in addition to it seeks an additional $3,936.34 in what he labels as "litigation expenses."  Thus, in total the supplemental application requests an additional $399,004.34.

---

[1]  In further support of his opposition, Chief Wearing relies upon his memorandum of law and exhibits filed on May 3, 2006 in opposition to the plaintiff's first motion for attorney's fees and costs.

By his previous motion for attorney's fees and costs, the plaintiff sought an award of $173,219.14. Specifically, he sought $168,805.00 for time (482.3 hours) expended by Attorney Torre, $1637.50 for time (13.1 hours) expended by a paralegal and $2,776.64 in litigation expenses. The plaintiff sought to have his attorney's time billed at a rate of $350 per hour and to have a paralegal's time billed at a rate of $125 per hour.

Consequently, together, the two applications seek $572,223.48 in fees, expenses and costs.

## STANDARD OF REVIEW

"A plaintiff who has 'prevail[ed]' in the litigation has only established his eligibility for, not his entitlement to, an award of fees." LeBlanc-Steinberg v. Fletcher, 143 F.3d 748, 758 (2d Cir. 1998). The court retains the discretion to determine, under all the circumstances, what constitutes a "reasonable" fee, and in appropriate circumstances, the court may conclude that, even though a plaintiff has formally prevailed, no award of fees to that plaintiff would be reasonable. Id. It is well established that "[t]he applicant bears the burden of demonstrating through proper documentation, that an appropriate amount of time was expended at an appropriate hourly rate." Mr. and Mrs. B v. Weston Bd. of Educ., 34 F. Supp. 2d 777, 781 (D. Conn. 1999).

In Hensley v. Eckerhart, 461 U.S. 424, 430 (1983), the Supreme Court identified twelve factors that are appropriate to consider in ruling on a motion for attorney's fees under 42 U.S.C. § 1988. Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the "preclusion of employment" by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8)

the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Id.

A party seeking an award of fees has a burden of establishing his entitlement to the award. J.P. Sedlak Assoc. v. Connecticut Life & Cas. Ins. Co., 2000 WL 852331, at *2 (D.Conn. Mar. 31, 2000). Applications for fee awards should be documented by contemporaneously created time records that specify for each attorney, the hours expended, and the nature of the work done. Id. Fee applications must meet certain standards of specificity in order for a court to render a determination that the claimed fees represent time reasonably expended on the case, and charge a reasonable hourly rate. Id. at *3.

A fee applicant bears the burden of providing documentation to prove that an appropriate amount of time was billed and expended at a reasonable hourly rate. Id. at *6. Where a party fails to keep adequate records, courts do not award the full amount requested. Id. at *6 (citing Weston Bd. of Educ.). Vague entries, such as review of file, review of correspondence, research, conference with client, and preparation of brief, do not provide a court with an adequate basis upon which to evaluate the reasonableness of a fee application. Id. When time entries are lacking in this regard, courts typically apply an across-the-board reduction. Id. Similarly, an applicant cannot recover for fees for hours that are excessive, redundant or otherwise unnecessary. Id. at *7.

In reviewing a fee application, courts examine the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case. Id. at *2. Unreasonable expenditures of time should be excluded from the calculation. Id. Counsel may recover fees only for the entries that "identify the general subject matter of [their] time

expenditures." Hensley, 461 U.S. at 437. See Petronella v. Acas, 2004 WL 1688525 at *2 (D. Conn. Jan. 23, 2004). Fees should likewise not be awarded for duplicative services and unnecessary expenditures of time, and the records submitted must be sufficient to permit the court to assess the reasonableness of the time expended. Weston Bd. of Educ., 34 F. Supp. 2d at 781. Simply stated, "hours that simply should not have been spent at all," cannot be awarded. See Copeland v. Marshall, 641 F.2d 880, 902-03 (D.C. Cir. 1980)(en banc). It is appropriate to adjust downward the fees requested in order "to account for hours unreasonably spent or without appropriate detail." Crocco v. Xerox Corp., 1998 WL 264814, at *3 (D. Conn. May 12, 1998)(Burns, J.).

Further, "in the filing of a fee application, 'each individual who has billed time on the case must submit an affidavit indicating their training, level of experience, and swearing or affirming that the time contained in the time records attributed to each individual was actually billed . . . on the case.'" J.P. Sedlak, 2000 WL 852331 at *2 (citing Weston Bd. of Educ., 34 F. Supp. 2d at 783).

Moreover, where the result is the product of counsel's expertise, there is no basis for the enhancement of the figure. See Lepper v. Avco Lycoming Div., 691 F. Supp. 579, 583 (D. Conn. 1986)(Burns, J.). "That figure, . . ., is 'fully compensatory' for the time actually spent on th[e] action." Id.

## ARGUMENT

## I.    THE HOURLY RATES REQUESTED ARE UNREASONABLE

### A.    The $400 Per Hour Rate Requested For The Plaintiff's Attorneys Is Excessive

If there is any award in this case, the rates demanded by the plaintiff are inappropriate. Recently, the Second Circuit addressed the analysis related to an attorneys' fee application. It

held that as part of the process, a district court must set a "reasonable hourly rate." Arbor Hill

Concerned Citizens Neighborhood Ass'n v. County of Albany, 484 F.3d 162, 169 (2d Cir. 2007).

A "reasonable hourly rate is the rate a paying client would be willing to pay." Id. More

specifically, the Second Circuit instructed as follows:

> In determining what rate a paying client would be willing to pay,
> the district court should consider, among others, the Johnson
> factors; it should also bear in mind that a reasonable, paying client
> wishes to spend the minimum necessary to litigate the case
> effectively. The district court should also consider that such an
> individual might be able to negotiate with his or her attorneys,
> using their desire to obtain the reputational benefits that might
> accrue from being associated with the case. The district court
> should then use that reasonable hourly rate to calculate what can
> properly be termed the 'presumptively reasonable fee.'

Id.

In order to establish a reasonable rate, an applicant must provide the court with affidavits

or other proof. See Petronella, 2004 WL 1688525 at *1. The judges in this district have been

mindful of the Second Circuit's admonition that they should exercise moderation in their award

of attorney's fees to avoid "a windfall award, which could result by awarding significantly more

than the rates actually charged by counsel." Tsombanidis v. City of West Haven, 208 F. Supp.

2d 263, 274 (D. Conn. 2002).

By his initial motion, the plaintiff sought to have his attorney awarded a rate of $350 per

hour and to have the paralegal's rate set at $125 per hour. The plaintiff now demands that his

attorneys (Attorneys Torre and Pattis) be awarded a rate of $400 per hour and that the paralegal

who worked on this case be awarded a rate of $165 per hour. There is, however, no evidence

that paying clients would pay either attorney or the paralegal at any of the rates they demand.

See Arbor Hill, 484 F.3d at 169. As such, the rates demanded are not "reasonable" and should

be rejected.

The rate requested is inconsistent with the rates that the plaintiff's attorney actually charges her clients, which is the standard established by the Second Circuit in Arbor Hill. At paragraph six of her first affidavit (dated January 30, 2006) in this case, Attorney Torre indicated that she "currently bill[s] paying clients at the hourly rate of $300.00 ...." (Torre 1/30/06 Aff. ¶ 6) Simultaneously, she conceded that "the clients that I represent never can pay for my services on an hourly rate basis since they tend to be government employees ...." (Torre 1/30/06 Aff. ¶ 25) In paragraph 6 of her affidavit dated May 24, 2005 and submitted in the Arlio case, Attorney Torre indicated that she was charging clients at a rate of $250 to $300 per hour. Accordingly, this Court should reject the request for a rate of either $350 or $400 per hour.

Indeed, a $400 per hour rate for Attorneys Torre and Pattis is not the reasonable, paying rate for attorneys with their experience in the District of Connecticut. On January 19, 2006, Judge Smith awarded a rate of $350 per hour for Attorney John Williams in a civil rights case. See Galazo v. Pieksza, 2006 WL 141652, at *3 (D. Conn. Jan. 19, 2002). Attorney Williams was admitted to the Connecticut bar and the bar of this Court in 1968 and his practice focuses on federal civil rights issues. See www.johnrwilliams.com/attorneys (website for John R. Williams and Associates LLC). He has at least nineteen years more federal court experience than Attorney Torre, who was admitted to the bar of this Court in 1987. Paragraph 5 of Attorney Pattis' affidavit indicates that he began practice in 1993. Thus, neither Attorney Torre nor Attorney Pattis have as much experience as Attorney Williams and neither should receive either a $350 or $400 per hour rate in this case.

The same is true for the plaintiff's attempt to compare his attorneys to Attorney Hubert Santos. Attorney Santos was admitted to the bar in 1969. (www.santosandseeley.com) Thus, neither of the plaintiff's attorneys have the same level of experience as Attorney Santos.

Consequently, if there is any fee award, Attorneys Torre and Pattis' rates should be set at an amount below $300 per hour.

Contrary to the plaintiff's argument, the nature of this case does not justify a $400 per hour rate for either of the plaintiff's attorneys or a rate of $165 per hour for the paralegal. Nor does labeling the case as "novel" without explanation. The "Second Circuit has cautioned that 'attorney's fees are to be awarded with an eye to moderation, seeking to avoid either the reality or appearance of awarding windfall fees.'" Tsombanidis, 208 F. Supp. 2d at 270 (citation omitted).

An upward adjustment is justified only in the "rare" or "exceptional" case. Lepper, 691 F. Supp. at 581 (Burns, J.). Other than a conclusory statement that the case is novel, the plaintiff has presented no analysis as to how that is so. As the Court recognized in its February 5, 2007 Ruling, the amount of the verdict was inappropriate and unconstitutional. Moreover, where the result is the product of counsel's expertise, there is no basis for enhancement. Id. at 583. In the instant case, the plaintiff has presented his attorneys as experienced civil rights litigators. If there is to be any award, there is no basis for going above a reasonable rate, as that figure constitutes full compensation. Id. See Arbor Hill, 484 F.3d at 169.

The conclusory statement in the plaintiff's attorney's affidavit that she "risked" not being able to take other cases as a result of her taking this case is irrelevant to the requisite analysis and does not justify an increased award or a billing rate of $400 per hour. As noted above, the Supreme Court in Hensley identified the relevant consideration to be the actual "preclusion of employment." 461 U.S. at 430. There is no evidence that the plaintiff's attorney turned down any work as a result of having taken on this case, let alone lost a client who was willing to pay her on an hourly basis. In fact, at paragraph 25 of her January 30, 2006 affidavit, the plaintiff's

attorney indicates that her clients cannot pay her on an hourly basis because they are usually

municipal employees who cannot afford to pay on an hourly basis. (Torre 1/30/06 Aff. ¶ 25)

Moreover, the plaintiff's attorney's involvement in the Arlio case did not preclude her from

taking the instant case.

Exhibit 1 to the appendix filed by Chief Wearing on May 3, 2006 was an affidavit by

Attorney Pattis dated June 3, 2005 and submitted in support of Attorney Torre's fee request in

Arlio v. Lively, No. 3:03-cv-02013 (JBA). In Arlio, Judge Arterton in a decision entered on

September 28, 2005 set Attorney Torre's lodestar rate at $300 per hour, absent objection. See

Arlio v. Lively, 392 F. Supp. 2d 317, 325 (D.Conn. 2005), rev'd 474 F.3d 46 (2d Cir. 2007).

Arlio was a § 1983, First Amendment retaliation case brought by a police sergeant against the

Chief of Police for the Town of Trumbull. See id.

Having had a judge in this district set Attorney Torre's rate at $300 per hour on

September 28, 2005 and having had Attorney Pattis submit an affidavit that her rate should be set

at $300 per hour, it is inappropriate to claim an entitlement to a rate of $400 per hour for a case

that was tried in December 2005. (Pattis 6/3/05 Aff. ¶ 7 ("I believe that $300 per hour is the

lodestar rate for an attorney of Attorney Torre's skill, training, and expertise."))

Thus, under Arbor Hill, if there is an award in this case, at most, the Court should set

Attorney Torre's and Pattis' rates far below $300 per hour.

**B.      The $165 Per Hour Rate For A Paralegal Is Excessive**

The request for an award of rate of $165 per hour for the plaintiff's attorney's paralegal is

also inappropriate and excessive. As noted above, an affidavit needs to be submitted in support

of any individual whose work is claimed as part of the fee application. J. P. Sedlak, 2000 WL

852331, at *2. See Detje v. James River Paper Corp., 167 F. Supp.2d 248, 251 (D.Conn. 2001)(Burns, J.)(reducing the rate requested for attorneys in the absence of mandatory affidavit).

In this case, instead of presenting evidence on the rate that a paying client would pay for a paralegal in a § 1983 case in the District of Connecticut, the plaintiff has presented an affidavit from the paralegal summarizing his prior career as an attorney. That affidavit does not answer the relevant question and is thus irrelevant. It does not appear that the paralegal is authorized to practice law in Connecticut and the Court cannot consider his prior legal experience as an attorney in setting a reasonable rate for a paralegal.

Consequently, the plaintiff has submitted no evidence that a paying client would pay $165 per hour for a paralegal in a § 1983 case in the District of Connecticut. See Arbor Hill, 484 F.3d at 169. Accordingly, the Court should disallow all the fees claimed for the paralegal.

If the court allows any of the paralegal's time, the rate assigned to that time should be substantially reduced. For example, in Tsombanidis, Judge Goettel indicated that a rate of $50 per hour was an appropriate rate for a paralegal in the District of Connecticut. 208 F. Supp.2d at 277. Similarly, in the fee application in Arlio, the Attorney Torre sought a rate of $65 per hour for the paralegal who worked on that case with her. (See Ex. 2 in Def.'s 5/3/06 Appendix (Pl.'s Attorney's billing records in Arlio))

## II.    THE NUMBER OF HOURS REQUESTED ARE INAPPROPRIATE

### A.    The Billing Records Contain Time That Is Inappropriate

The 917 hours of attorney time claimed in the sixteen pages of billing records for Attorney Torre includes time that does not relate to this case. Specifically, Attorney Torre's billing records on March 22, 2006 include an entry for 1.2 hours for the following: "Receipt and review of faxed letter from defense counsel re: defendant's motion to dismiss; research Rule 11

implications of same." Chief Wearing did not file a motion to dismiss in March of 2006. Thus, it appears that this entry relates to some other case that Attorney Torre was handling. Accordingly, if there is any award at all, that amount should not be awarded to the plaintiff as part of his fee application.

**B.    The Billing Records Submitted Contain Inappropriate Block Or Bundled Billing**

To decide on a fair and reasonable award of attorney's fees, courts employ a two step approach. First, the court determines the amount of hours reasonably spent in litigation. Hensley, 461 U.S. at 433. Second, the court multiplies that amount by a reasonable hourly rate. The number of hours originally spent on the litigation will not necessarily equal the number of hours actually spent. Soler v. G & U, Inc., 658 F. Supp. 1093, 1096 (S.D.N.Y. 1987) (citing Copeland v. Marshall, 641 F. 2d 880, 891 (D.C. Cir. 1980)(en banc)). Consequently, "[t]he court must scrutinize the hours claimed to distinguish 'raw [unbillable]' time from 'billable' time." Soler, 658 F. Supp. at 1096 (citation omitted). This distinction must be made because time not properly billable to a client cannot be billed to an adversary. Id. (citing Copeland, 641 F.2d at 891). The court must be alert to possible duplication of services or unfair billing. Soler, 658 F. Supp. at 1096.

Block billing or bundled billing is inappropriate in the context of a fee application. See In re Olson, 884 F.2d 1415, 1428-29 (D.C. Cir. 1989) (per curiam). It occurs when a number of different activities are grouped together with one single claim for time. This practice makes it impossible to determine how much time was allocated to each activity, leaving the court no way to separate the proper portions of the claim from the improper portions. Drake v. Perrin, 593 F. Supp. 1176, 1178 (E.D. Pa. 1984)(disallowing blocked billing entries from lodestar calculation). See Metro Data Systems, Inc. v. Durango Systems, Inc., 597 F. Supp. 244, 245 (D. Ariz.

1984)(combined time for different activities does not give court any guidance as to how much time was devoted to each activity).

Courts have recognized that the "commingling of activities within one time entry impedes the court's efforts to evaluate the reasonableness of any of the listed activities." Commission Express National, Inc. v. Rikhy, 2006 WL 385323, at *5 (E.D.N.Y. Feb. 17, 2006) (quoting Soler v. G & U, Inc., 801 F. Supp. 1056, 1061-62 (S.D.N.Y. 1992)). See Soler, 801 F. Supp. at 1062 (excluding block billing from award); Drake, 593 F. Supp. at 1178 (same). See also Weston Bd. of Educ., 34 F. Supp. 2d at 781 (records submitted must be sufficient to permit the court to assess the reasonableness of the time expended).

A fee applicant has the burden of establishing the reasonableness of his fee request and his "[s]upporting documentation must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expected. In re Olson, 884 F.2d 1415, 1428-29 (D.C. Cir. 1989). Time records that lump together multiple tasks make it "impossible to evaluate their reasonableness." Role Models America, Inc. v. Brownlee, 353 F.3d 962, 970 (D.C. Cir. 2004). "[W]hen an attorney bill[s] for more than one task in a day, the court is left to approximate the amount of time which should be allocated to each task. With such inadequate descriptions the court cannot determine with a high degree of certainty, as it must, that the billings are reasonable." Id. at 971.

In the instant case, the time records submitted in support of the plaintiff's supplemental application are deficient. Specifically, the sixteen pages of billing records from Attorney Torre contain 228 entries. Of the 228 entries, 170 entries, or 75%, contain block or bundled billing. More specifically, 45 of the entries (totaling 100.7 hours) block two tasks together in one entry. 31 of the entries (totaling 86.9 hours) block 3 tasks together in one entry. 31 of the entries

11

(totaling 145.6 hours) block four tasks together in one entry. 14 of the entries (totaling 52.8 hours) block 5 tasks together in one entry. 13 of the entries (totaling 48.4 hours) block 6 tasks together in one entry. 6 of the entries (totaling 51.4 hours) block 7 tasks being performed together in one entry. 6 of the entries (totaling 42 hours) block 8 tasks together in one entry. 4 of the entries (totaling 32.3 hours) blocks 9 tasks together in one entry. 4 of the entries (totaling 41.6 hours) block 10 tasks in one entry. 4 of the entries (totaling 30.1 hours) block 11 tasks together in one entry. 1 entry (totaling 4.5 hours) blocks 12 tasks together in one entry. 3 of the entries (totaling 21.3 hours) block 13 tasks in one entry. 2 of the entries (totaling 16.5 hours) blocks 14 tasks together in one entry. 1 of the entries (totaling 6.5 hours) blocks 16 tasks in one entry. 2 entries (totaling 14.3 hours) block 17 tasks in one entry. 1 entry (totaling 8.5 hours) blocks 18 tasks in one entry. 1 entry (totaling 7.5 hours) blocks 20 tasks in one entry and 1 entry (totaling 11.2 hours) blocks 22 tasks in one entry.

The specific block or bundled entries at issue are identified in detail in **Exhibit 1** attached hereto. The 228 entries constitute 722.1 hours of the 917 hours of attorney time claimed by the plaintiff for Attorney Torre's work. The lumping of tasks together in the billing records makes it "impossible [for the court] to evaluate their reasonableness." Role Models, 353 F.3d at 970. Consequently, all of this time should be eliminated from the plaintiff's fee application. If not, at a minimum, a substantial percentage of this time should be eliminated.

As the plaintiff seeks to have his lead attorney awarded the highest rate for a civil rights litigator in the District of Connecticut, as recognition for her experience in the area, the plaintiff's counsel should be aware of the need to provide this Court with the necessary billing records in support of a fee application and the prohibition against block billing in a motion for fees. In other words, the plaintiff cannot have it both ways. If the plaintiff's counsel is to be

12

recognized as an experienced civil rights litigator, counsel must be held to the case law governing fee motions. Thus, there is no excuse for the blocked billing and the Court should not enter an award based on the practice.

Finally, the plaintiff cannot correct any of the deficiencies (identified above and below) in his motion in his reply brief. If he were allowed to do so, Chief Wearing would be deprived of an opportunity to respond to the plaintiff's motion for fees. Consequently, if there is any award at all, the Court should disallow all of time in the blocked entries. In the alternative, if the Court does not disallow all of the block entry time, it should apply a substantial percentage deduction to all the time requested in order to address the block entries.

### C.      The Billing Records Submitted Contain Overly Vague Terms

Applications for attorney's fees "must be accompanied by contemporaneous time records that specify for each attorney, the date, hours expended, and nature of the work done." <u>Weston Bd. of Educ.</u>, 34 F. Supp. 2d at 781. Where adequate records have not been kept, the court should not award the full amount requested. <u>Id.</u> (citation omitted) "Entries stating such vague references as 'review of file,' 'review of correspondence,' 'research,' 'conference with client,' and 'preparation of brief' do not provide an adequate basis upon which to evaluate the reasonableness of the services and hours expended on a given matter." <u>Id.</u> "Courts have applied an across-the-board reduction where entries fail to indicate the issue researched or the subject of a conference call, telephone call, or meeting." <u>Id.</u> See <u>Smart SMR of New York, Inc. v. Town of Stratford</u>, 9 F. Supp. 2d 143, 152 (D. Conn. 1998) (applying a 30% reduction to the fee award because the descriptions in counsel's time records are vague and insufficient).

Counsel may recover fees only for the entries that "identify the general subject matter of [their] time expenditures." <u>Hensley</u>, 461 U.S. at 437 n.12. "To survive a dispute about the

sufficiency of time entries, lawyers should include a reference line in their description of the work they perform." Smart SMR, 9 F. Supp. 2d at 153. Truncated descriptions, such as "document review," "research," "telephone with [client]" and "letter to [client]" are insufficient. See id.

In the case at bar, in addition to having blocked billing, the billing records contain numerous vague references which are inappropriate and should thus, be eliminated from the calculation. These vague references occur in 33 of the entries for Attorney Torre's work, as follows:

02/10/2006    -    "Conference with counsel; research and preparation for settlement conference";

02/12/2006    -    "Extensive preparation for settlement conference";

02/13/2006    -    "a.m. preparation [for settlement conference]";

03/08/2006    -    "Continue drafting opposition to defendant's Rule 50 motion";

03/08/2006    -    "Continued legal research on defendant's Rule 50 motion; transcript and document review; drafting of opposition;…";

03/09/2006    -    "Continued document review and writing of opposition to defendant's Rule 50 motion;…";

03/11/2006    -    "Document review and legal research re: … defendants' post-verdict motions";

03/12/2006    -    "Legal research for opposition to Rule 59 motion";

03/14/2006    -    "draft opposition to defendant's motion for stay and relief from bond; document and trial review of same; continued drafting of opposition to defendant's Rule 50 motion";

03/16/2006    -    "All day work on drafting opposition to defendant's Rule 59 motion; continued review and study of defendant's authority and legal research";

03/17/2006    -    "continued research and all day drafting of opposition to defendant's Rule 59 motion";

03/20/2006   -   "All day work on final drafting in preparation of plaintiff's memorandum of law in opposition to defendant's Rule 50 motion, Rule 59 motion, and motion for remittitur";

03/21/2006   -   "Legal research on defendant's motion for stay of execution; research on issue of defendant's request for relief from bond;…";

03/22/2006   -   "Continued legal research and drafting of opposition to defendant's motion for stay of execution and relief from bond;…legal research for opposition to [defendant's protective order]; draft of opposition to defendant's motion for protective order;…; re-draft of legal argument in opposition to motion for a protective order;…P.M. continued drafting of memorandum of law in opposition to defendant's motion for stay…";

03/23/2006   -   "Final drafting and proofing of memorandum of law in opposition to defendant's motion for stay and relief from bond;…";

03/24/2006   -   "document review in preparation for court conference; continued drafting and research on brief and opposition to motion for stay and relief from bond";

03/25/2006   -   "Continued legal research and drafting of brief in opposition to stay/bond motion";

03/27/2006   -   "document review on defendant's objections to discovery";

03/28/2006   -   "A.M. preparation for hearing on defendant's motion for stay and relief from bond";

04/04/2006   -   "continued legal research on issue of defendant's pending motion for relief from bond and issue of assets";

04/20/2006   -   "P.M. file review; draft of 1st half of motion for order re: conduct of witness counsel";

04/21/2006   -   "Conference with staff";

04/23/2006   -   "Continued document review and research in preparation for continued hearing";

04/26/2006   -   "Extensive legal research in preparation for 4/27/06 hearing";

04/27/2006   -   "A.M. preparation for continued hearing in district court";

04/28/2006   -   "document review";

05/01/2006   -   "A.M. preparation for continued hearing on defendant's motion for stay of execution; conference with staff";

05/05/2006   -   "legal research on [defendant's opposition to plaintiff's fee application]";

05/11/2006   -   "legal research on [opposition to protective order]";

05/21/2006   -   "document review for preparation for 5/23/06 continued hearing";

05/23/2006   -   "preparation for [continued hearing]"; "conference with co-counsel";

07/27/2006   -   "Attention to necessity of supplemental fee application; file review";

09/04/2006   -   "Document review."

As the plaintiff seeks to have his lead attorney awarded the highest rate for a civil rights litigator in the District of Connecticut, as recognition for her experience in the area, the plaintiff's counsel should be aware of the need to provide this Court with the necessary billing records in support of a fee application and the prohibition against vague billing entries in a motion under § 1988. In other words, the plaintiff cannot have it both ways. If the plaintiff's counsel is to be recognized as an experienced civil rights litigator, counsel must be held to the case law governing fee applications under § 1988. Thus, there is no excuse for the vague billing entries and the Court should not grant an award based on them. See Metro Data Systems, 597 F. Supp. at 247 (counsel has a duty to the court and the client "to make a good faith effort to exclude hours that were excessive, redundant, or otherwise unnecessary."). See also Hensley, 461 U.S. at 434 (good faith effort).

Accordingly, if there is any award, the Court should cut the application by a significant percentage to account for the vague entries.

### D.     The Billing Records Contain Tasks That Are Clerical Or Paralegal Tasks

Hours requested in a § 1988 fee application may be compensated at reduced rates for "purely clerical or secretarial tasks" and for paralegal work such as "factual investigation,

16

including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence." Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989). The Supreme Court in Jenkins, recognized the need to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Id. In particular, the Court recognized that "'[s]uch non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it.'" Id. (quoting Johnson v. Georgia Highway Express. Inc., 488 F.2d 714, 717 (5th Cir. 1974)).

In the instant case, a review of the plaintiff's attorney's billing records reveals numerous tasks that should not be billed at an attorney's rate, let alone at $350/hr or $400/hr, as they amount to clerical or paralegal tasks. Those tasks include the following:

03/10/2006 - "attention to filing and counsel copies"

03/14/2006 - "conference with staff [re: defendant's motion for extension of time]; docket new deadline; check status of docket notices; ...; conference with staff; note to file, docketing of same"

03/15/2006 - "Receipt and review of court reporter bill; telephone call from court reporter, 2 times, and conference with same;...; receipt and review of corrected bill;"

03/17/2006 - "attention to fax and mail to defense counsel; telephone call to court reporters office re: same";

03/22/2006 - "Attention to cancellation of court reporter for 3/23/06 deposition of defendant;...; travel to USDC to file [opposition to defendant's motion for protective order] and deliver copy to chambers; conference with staff and attention to service to defense counsel via facsimile;..."

03/22/2006 - "Print and send [e-mail] to file"

03/24/2006 - "multiple telephone calls for arrangement of service of subpoenas"; "docketing conference with staff re: [three subpoenas]"; "attention to preparation of witness fee payments"; "conference with Marshall's office re:

17

service of subpoenas"; "meeting with Marshall's staff; attention to service of subpoenas"…follow-up conference with Marshall's office re: status of service of subpoena"

03/24/2006 - "conference with staff re: [defendant's motion for enlargement of time]; docket new requested deadline"

03/27/2006 - "check status of subpoena returns"

03/28/2006 - "review of expenses; check status of transcript purchase"

03/29/2006 - "update files and certifications and conference with staff re: appearance of Attorney Keefe and Attorney Pattis"; "attention to filing and service"

03/29/2006 - "conference with staff"; "copies to all counsel of record and attention to delivery of chambers copy"

03/29/2006 - "Attention to filing and chambers delivery"

04/01/2006 - "review and attention to litigation costs and the status of payment"

04/03/2006 - "conference with staff re: telephone call from chambers re: scheduling of continued hearing; check calendar and docket same"

04/04/2006 - "attention to ordering and purchase of hearing transcript"

04/07/2006 - "Docket review…conference with staff and note to staff; attention to update of counsel records"

04/13/2006 - "check status of availability of transcript"

04/18/2006 - "attention to status of gaining hearing of transcript and conference with staff re: same and telephone calls to court reporter services"

04/19/2006 - "check status of transcript order for March bond hearing"; "conference with staff to review cost accounting"

04/20/2006 - "check status of subpoenas for [4/27 hearing]"

04/21/2006 - "attention to chambers delivery and copies to counsel"

04/21/2006 - "attention to USDC filing, chambers service and counsel copies; appearance at USDC for same"

04/21/2006 - "attention to service of [letter] on other counsel"

04/25/2006    -    "conference with staff re: organizing and filing of ECF notices and docket deadline entries"; "attention to arrangements for service of [subpoenas]"

04/26/2006    -    "Fax document/letter to Attorney Pattis"

04/26/2006    -    "check status of service of subpoena on Attorney Ude"; conference with staff re: return of service of subpoena duces tecum"; "attention to arrangement of service of subpoena and conference with staff, 3 times re: same"; "conference with staff - note to docket"

04/28/2006    -    "conference with staff and attention to arrangements for service of [subpoena]"

05/01/2006    -    "attention to invoice expense on [subpoena]"

05/03/2006    -    "File organization;...;conference with staff re: litigation expenses"

05/05/2006    -    "conference with staff re: arrangements for Marshal service and court reporter"

05/19/2006    -    "travel and appearance to Board of Alderman liaison office to retrieve documents in response to FOIA requests."

05/22/2006    -    "Check status of service of subpoena on Mayor DeStefano and return of Marshal's service"

06/05/2006    -    "attention to USDC and chambers filing"

06/06/2006    -    "attention to USDC filing and delivery of chambers copy, appearance at USDC"

06/08/2006    -    "docket [hearing schedule]; conference with staff re: same"

06/27/2006    -    "attention to USDC filing; chambers delivery and service of copies to counsel"

06/30/2006    -    "attention to filing and chamber delivery"

09/05/2006    -    "attention to filing in USDC and delivery to chambers and counsel service"

09/11/2006    -    "attention to copies and service; appearance at USDC for filing and delivery of copies to chambers"

09/14/2006    -    "delivery to chambers letter with enclosure re: Judge Arterton's decision on Garcetti v. Ceballos"

09/19/2006    -    "Note date of USDC filing and review same"

19

02/26/2007    -    "appearance at USDC for filing and delivery"

03/14/2007    -    "oversea (sic) submission of service of supplemental fee application"

Section 1988 does not authorize the entry of a fee award at a $400 per hour rate or any other rate for the tasks identified above. As the plaintiff seeks to have his lead attorney awarded the highest rate for a civil rights litigator in the District of Connecticut, as recognition for her experience in the area, the plaintiff's counsel should be aware of the Supreme Court's ruling in Jenkins. In other words, the plaintiff cannot have it both ways. If the plaintiff's counsel is to be recognized as an experienced civil rights litigator, counsel must be held to the case law governing fee applications under § 1988. Thus, there is no excuse for the failure to take account for the clerical/paralegal tasks that are included in the billing entries and the Court should not base an award on inappropriate billing tasks. As these tasks are clerical/paralegal in nature, they should not be calculated at an attorney's billing rate. See Metro Data Systems, 597 F. Supp. at 247 (counsel has a duty to the court and the client "to make a good faith effort to exclude hours that were excessive, redundant, or otherwise unnecessary."). See also Hensley, 461 U.S. at 434 (good faith effort).

Accordingly, if there is any award at all, a significant and additional percentage cut should be applied in any award calculation.

**E.    The Time Expended Was Inappropriate On Several Specific Tasks**

The plaintiff's supplemental fee request also includes extensive work by Attorney Torre on matters which should not be recoverable under 42 U.S.C. § 1988. More specifically, a plaintiff may be awarded fees for the prosecution of his case and the presentation of his fee application. There is no authority supporting a fee award against Chief Wearing under the statute for the plaintiff's researching and investigating a future claim against a non-party,

municipality.  Nevertheless, Attorney Torre's billing records include entries for such tasks.

Specifically, those entries are as follows:

03/07/2006    -    "Extensive legal research re: issue of indemnification in third party status; legal research re: issue of use of statements in settlement conferences as relevant to false statements"

03/15/2006    -    "Research on issue of collusion to hide indemnification as assets"

03/23/2006    -    "legal research on Wearing's rights against carrier and city and plaintiff's subrogation; fax docs to prospective new counsel"

03/23/2006    -    "Legal research on discovery of assets and liability for collusion to frustrate creditor"

03/24/2006    -    "conference with legal consult re: insurance; research statute/cases on subrogation; continued research on collaboration to deny payment sources"

03/29/2006    -    "continued legal research on issue of collaboration to frustrate judgment creditor and ..."

04/04/2006    -    "continued facts investigation of issue of collusion to frustrate judgment creditors"

05/04/2006    -    "Telephone consult with counsel re: subrogation of defendant's interests; continue legal research on issue of subrogation"

05/11/2006    -    "legal research on subrogation of rights ..."

05/21/2006    -    "Continued legal research on plaintiff's subrogation to defendant's rights; start drafting a letter to the city re: same;...; review cases on indemnification and subrogation"

05/23/2006    -    "conference with Courant Reporter Lynn Tuohy re: Attorney Keefe's accusations against plaintiff's counsel; telephone conference with co-counsel re: same; draft letter to Attorney Keefe"

06/10/2006    -    "Telephone conference with New Haven Register Reporter re: statement/admission of Attorney Ude re: indemnification of defendant; memorandum to file re: same"

06/12/2006    -    "Review prior New Haven Register article for statements/admissions of Attorney Ude; note to file"

07/26/2006   -   "Hearing transcript review for 3rd party claims and litigation on bond issue
                 and issue of fraud."

Similarly, the plaintiff should not be allowed to recover for his counsel's preparation for

and participation in the four days of hearings related to Chief Wearing's motions for stay.  The

plaintiff demanded the hearing.  It took place on March 28, April 27, May 1, and May 26, 2006.

As the transcripts for those proceedings confirm, (Elec. Docket Entries 169, 191, 187 and 199),

the hearings consisted almost exclusively of the plaintiff's counsel engaging in extended

arguments with counsel for witnesses who are employed by the City of New Haven.  Chief

Wearing should not be ordered to pay for such proceedings.

Attorney Torre's billing records also include claims for working on an opposition brief to

Chief Wearing's motion for stay on March 14, 22, 23, 24 and 25, 2006.  As the Court will recall

and as the docket confirms, despite multiple motions for extension of time to do so, the plaintiff

never filed a written opposition.  The Court should not award any amount for this work.

Moreover, Attorney Torre's billing entry on May 23, 2006, seeks payment for her

telephone conversation with a reporter from The Hartford Courant regarding statements made by

the attorney for the New Haven witnesses.  Fees should not be awarded for such tasks.  See New

Mexico Citizens For Clean Air & Water v. Espanola Mercantile Co., Inc., 72 F.3d 830, 835 (10th

Cir. 1996).

Accordingly, if there is any award at all, a significant and additional cut should be

applied in any award calculation.

F.    **The Time Claimed For The Supplemental Application Is Inappropriate**

"Compensation for time spent on the fee request may be denied all together when the 'fee

claims are exorbitant or the time devoted to presenting them is unnecessarily high,' or when the

plaintiff's counsel completely failed to keep to adequate or contemporaneous time records."

Martin A. Schwartz & John E. Kirklin, SECTION 1983 LITIGATION: STATUTORY
ATTORNEY'S FEES, § 4.10, at 215 (3d ed. 1997)(footnotes omitted)(quoting Gagne v. Maher,
594 F.2d 336, 344 (2d Cir. 1979)).

The time that the plaintiff has expended on the preparation of his supplemental
application is excessive. A review of the application reveals that it consists of a cursory motion,
three relatively short affidavits, a notice of manual filing and the attachment of billing records.

Entries for work on a supplemental fee application appear in Attorney Torre's billing
records on April 1, (2 hours), April 18, April 19, July 27, (2 hours), July 28, (1 hour), and July
29, 2006 (6 hours) (including the drafting of an affidavit for an expert which has never been
filed), February 26, 2007 (1.5 hours), February 27, (2 hours), February 28, (2.5 hours), March 1,
(7.5 hours) (first entry for the day), March 1, (second entry) (2.7 hours), March 2, March 3,
March 4, (2.6 hours), March 5, (the larger part of 5.5 hours), March 7, (larger part of 3.7 hours),
March 8, March 13, and March 14, 2007. Thus, from those entries where it is possible to tell
how much time was spent on the supplemental application, the plaintiff is demanding more than
39 hours to be awarded for his preparation of his supplemental application. There are also seven
more days on which the plaintiff's attorney maintains she worked on the supplemental fee
application but does not identify how much time she spent on it.[2] This is inappropriate. The
Court can reach this conclusion by simply reviewing the plaintiff's cursory pleadings.

Moreover, with regard to his litigation expenses, the plaintiff did not provide the Court
with an itemization of those expenses. Rather, he merely attached all of his invoices collectively
as an exhibit. In particular, the plaintiff is demanding $3,936.34 in litigation expenses, not
including the fees for the work of a paralegal. A review of the bundle of invoices submitted by

---

[2]/     This is an example of why bundled or block billing is inappropriate in a fee application.

the plaintiff, as detailed in **Exhibit 2**, reveals, however, that those invoices only memorialize $3,098.06 in expenses.

### III.    ASPECTS OF THE REQUEST FOR COSTS SHOULD BE REJECTED

Local Rules 54(c)(2)-(3) indicate that costs incurred solely for the convenience of the attorney are not recoverable. See <u>Arlio</u>, 392 F. Supp. 2d at 325 (party may recover costs "necessarily obtained for the preparation of the case and not for the convenience of counsel."). Furthermore, unsupported and vague expenses are not recoverable.

In the instant case, the plaintiff's request for an award of costs is also inappropriate. As noted above, **Exhibit 2** is an itemization of the receipts provided by the plaintiff. By his supplemental application, the plaintiff maintains that he is entitled to an award of $3,936.34 in litigation expenses (not including the paralegal's work). **Exhibit 2** demonstrates that the plaintiff has only provided $3,098.06 in receipts. Accordingly, if there is any award at all, the Court should only award the expenses which have been documented.

Moreover, the Court should review the receipts for items that are not properly reimbursed in a fee award. In particular, the $30.15 federal express expense should not be awarded under the Local Rules.

## **CONCLUSION**

If the Court makes any award in this case, it should substantially reduce the application in the manner set forth above in detail.

Respectfully submitted,

**DEFENDANT**
**MELVIN WEARING**

By: _____

Robert A. Rhodes, Esq.
CT Fed. Bar No. 13583
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
Tel:    (203) 227-2855
Fax:    (203) 227-6992
E-Mail:  rhodes@halloran-sage.com

and

Ralph W. Johnson III, Esq.
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel:    (860) 522-6103
Fax:    (860) 548-0006
E-Mail:  johnsonr@halloran-sage.com

His Attorneys