UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARPAD TOLNAY, | : |
| Plaintiff, | : CIVIL NO. |
| v. | : |
| | : 3:02 CV 1514 (EBB) |
| MELVIN WEARING, | : |
| Defendant. | : |

RULING ON PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS AND PLAINTIFF'S FIRST SUPPLEMENTAL APPLICATION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS

INTRODUCTION

After a trial in this case, the jury found that Defendant Wearing had violated Plaintiff Tolnay's First Amendment rights. Plaintiff's award, after remittitur, was $1,500,903.84. Pursuant to 42 U.S.C. § 1988, Plaintiff now moves for attorney's fees and costs.

FACTUAL BACKGROUND

In Plaintiff's Motion for Award of Attorney Fees (Doc. 106), he seeks attorney's fees and costs relating to the period between June 21, 2002 and January 30, 2006. For this period, Plaintiff seeks awards for 482.3 hours expended by Attorney Karen L. Torre at a rate of $350 per hour for a total of $168,805; 13.1 hours expended by Paralegal David B. Bachman at a rate of $125 per hour for a total of $1,637.50; and $2,776.64 in litigation costs.

1

In Plaintiff's First Supplemental Application for an Award of Attorney's Fees (Doc. 246), he seeks additional fees and costs relating to the period between January 30, 2006 and March 19, 2007. For this period, Plaintiff seeks awards for 917 hours expended by Attorney Torre at a rate of $400 per hour for a total of $366,800; 47.9 hours expended by Attorney Norman A. Pattis at a rate of $400 per hour for a total of $19,160; 55.2 hours expended by paralegal David B. Bachman at a rate of $165 per hour for a total of $9,108; and $3,936.34 in litigation costs.

<u>LEGAL ANALYSIS</u>

<u>A. PREVAILING PARTY STATUS</u>

The Court may award "a reasonable attorney's fee" to the "prevailing party" of a civil rights action.  42 U.S.C. § 1988 (2000). "A typical formulation" of prevailing party status is that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983) (<u>quoting</u> <u>Nadeau v. Helgemoe</u>, 581 F.2d 275, 278-79 (1st Cir. 1978)).

Plaintiff was awarded in excess of 1.5 million dollars in his § 1983 action.  He most assuredly prevailed on a "significant issue in litigation which achieve[d] some of the benefit [he] sought in bringing suit."  Therefore, the Court awards Plaintiff attorney's

fees.

## B. CALCULATION OF THE REASONABLE FEE AWARD

The Court next determines what fee is reasonable. Analysis of the reasonable fee, which traditionally has been referred to as the "lodestar,"[1] "involves determining the reasonable hourly rate for each attorney and the reasonable number of hours expended, and multiplying the two figures together to obtain the presumptively reasonable fee award." Porzig v. Dresdner, Kleinwort, Benson, North America L.L.C., No. 06-1212, 2007 WL 2241592, at *5 (2d Cir. Aug. 7, 2007)(citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 117 (2d Cir. 2007)). The fee applicant bears the burden of producing "satisfactory evidence" that the fee requested in reasonable. See Tsombanidis v. City of West Haven, 208 F.Supp.2d 263, 270 (D.Conn. 2002) (citing Blum v. Stenson, 465 U.S. 886, 896, n. 11 (1984)).

## 1. REASONABLE HOURLY RATE

In order to determine a reasonable hourly rate, the Court must consider "what a reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens, 493 F.3d at 112, 117-18. In

---

[1] Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 117 (2d Cir. 2007) (abandoning use of the term "lodestar" and holding that courts should instead calculate a "reasonable fee"). See also id. at 118 n.4 ("While we do not purport to require future panels of this court to abandon the term ["lodestar"] - it is too well entrenched - this panel believes that it is a term whose time has come").

3

making this determination, the Court should "bear in mind all of the case-specific variables that [courts] have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." Id. at 117.  These variables include the following twelve so-called Johnson-factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 114 n.3 (citing Johnson v. Ga. Highway Exp., 488 F.2d 714, 717-19 (5th Cir. 1974))

i. HOURLY RATE REQUESTED IN PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES

In support of his request for an hourly rate of $350 for Attorney Torre, Plaintiff submits the Affidavits of Joseph D. Garrison and Karen L. Torre.  Mr. Garrison states that he is an attorney practicing in New Haven, Connecticut; that he is an experienced member of the plaintiffs' bar; that he is familiar with the market for plaintiffs' attorney's fees; that he bills at a rate of $500 per hour for his work representing plaintiffs in employment lawsuits; and that an attorney of Ms. Torre's skill and experience would bill at a rate of $350 to $400 per hour if she worked in his office.  (Garrison Aff. ¶¶ 1, 3, 4, 8, 9.)  Ms. Torre states that

4

she has 18 years of experience as a trial lawyer; that she specializes in employment law cases that present First Amendment issues; that she has won significant victories in her area of expertise; and that she normally bills clients at a rate of $300 per hour.  (Torre Aff. ¶¶ 2, 6-22.)

The result obtained in this case was exceptionally favorable to Mr. Tolnay.  In addition, this case presented highly complex issues and required extensive commitment of time and labor on the part of Ms. Torre.  Therefore, applying the Johnson-factors to this case, a substantial fee is reasonable.  A fee of $350 per hour is well within the "prevailing market rates in the relevant community" for the types of services Ms. Torre rendered.  See Blum v. Stenson, 465 U.S. 886, 895 (1984).  Although Ms. Torre generally bills her clients at a rate somewhat lower than $350 per hour, any reasonable client would be willing to pay $350 per hour for a lawyer of Ms. Torre's skill and experience in a case as complex and time-consuming as this case.  See Arbor Hill Concerned Citizens, 493 F.3d at 112 n.2.  Therefore, Plaintiff's requested rate of $350 per hour is reasonable.

No affidavit attached to the Memorandum of Law in Support of Plaintiff's Motion for Award of Attorney's Fees relates to the reasonableness of the hourly rate requested by Paralegal David Bachman.  However, the Affidavit of David B. Bachman, submitted as Exhibit C to Plaintiff's First Supplemental Application for An

Award of Attorney's Fees, states that Paralegal Bachman earned a J.D. from the University of Michigan in 1989; that in the past he was admitted to the Connecticut Bar; that he has practiced as a lawyer; and that, in his accounting of time spent working on this case, he has included only time spent performing "higher-level work, such as legal research," and has excluded time spent on clerical tasks. (Bachman Aff. ¶ 11.) A reasonable client would be willing to pay a member of his legal team who had Mr. Bachman's qualifications and experience a substantial fee to perform legal research on the issues that arose in this case. See <u>Sulkowska v. City of New York</u>, 170 F. Supp. 2d 359, 367 (S.D.N.Y. 2001) (finding that a $95 hourly rate was reasonable for a paralegal who did not have a law degree but who had a "high level of legal experience for a paralegal" and whose "role throughout the litigation was more akin to an associate or co-counsel"). Therefore, the hourly fee of $125 requested for the work performed by Mr. Bachman is reasonable.

<u>ii. HOURLY RATE REQUESTED IN PLAINTIFF'S FIRST SUPPLEMENTAL APPLICATION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS</u>

In order to justify the increased hourly rate of $400 that Plaintiff requests for time expended by his attorneys after January 30, 2006, Attorney Torre cites the passage of time since the litigation was initiated, the novelty and complexity of the post-verdict issues in this case, and the risks she bore as she continued to devote a large amount of her time to the case. (Torre Aff. ¶ 6.) It is undoubtedly true that a "reasonable, paying

6

client" would be willing to pay a lawyer a considerable hourly fee to defend a verdict such as the verdict Ms. Torre won for Officer Tolnay.  Nonetheless, a reasonable client "might be able to negotiate with his or her attorneys."  See Arbor Hill Concerned Citizens, 493 F.3d at 118.  Such a reasonable client would not necessarily agree to an increase from $350 to $400 in the hourly wage he or she was would be willing to pay post-verdict.  Bearing in mind that "attorney's fees are to be awarded with an eye to moderation, seeking to avoid either the reality or the appearance of awarding windfall fees," New York State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1139 (2d Cir.1983) (quotations ommitted), the Court finds that an hourly rate of $350 is reasonable for all of the hours reasonably expended by Ms. Torre on this case.

The Court finds that the reasonable hourly rate for the work done by Attorney Norman Pattis is the same as the reasonable hourly rate for Attorney Torre.  Plaintiff will therefore receive an award based on an hourly rate of $350 for the work done by both attorneys.

Plaintiff requests an award of $165 per hour for time Paralegal David Bachman spent performing legal research subsequent to January 30, 2006.  The Court is aware that particularly complex legal issues related to the Supreme Court's decision in Garcetti v. Cebollas, 126 S.Ct. 1951 (2006), arose after the verdict in this

7

case. In a situation such as this, a reasonable client would pay an experienced paralegal with a law degree a fee that was substantial, though considerably lower than the fee paid to a lawyer, for time spent researching difficult legal issues. However, the $165 hourly rate requested is exceptionally high for a paralegal and the Court finds that an hourly rate of $125 is reasonable for the hours expended by Paralegal Bachman during this period.

2. REASONABLE NUMBER OF HOURS EXPENDED

Applications for attorney's fees "must be accompanied by contemporaneous time records that specify for each attorney, the date, hours expended, and nature of the work done." New York State Ass'n for Retarded Children, 711 F.2d at 1148. In reviewing the fee application, the Court will exclude hours that were not "reasonably expended." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

i. NUMBER OF HOURS REQUESTED IN PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES

The time records attached to Plaintiff's Motion for Award of Attorney Fees are sufficiently specific with respect to the nature of the work Ms. Torre did during this period. Defendant argues that some of the entries in Ms. Torre's accounting of the time she spent working in this case between June 21, 2002 and January 30, 2006 fail to demonstrate that Ms. Torre expended her time reasonably. (Def.'s Mem. of Law in Opp. to the Pl.'s Mot. for the

Award of Attorneys' Fees and Costs, Doc. 185, at 9-13.) In particular, Defendant points to the first four entries in Exhibit 1 of the Memorandum of Law in Support of Plaintiff's Motion for Award of Attorney's Fees, all of which relate to time expended before the July 26, 2002 arrest that initiated the events which led to the filing of this case. (Id. at 9-10.) The Court therefore reduces the hours awarded for Attorney Torre's work by the four hours contained in these entries.

Defendant also disputes several entries that relate to motions that were never filed by Plaintiff and motions on which Plaintiff did not prevail. (Doc. 185 at 11-12.) However, it is entirely appropriate for Plaintiff to request an award of fees for these entries since he is eligible for fees for work done by his attorney relating to issues on which he did not prevail. See Murphy v. Lynn, 118 F.3d 938, 951 (2d Cir. 1997) (holding that a plaintiff's lodestar amount need not be reduced where successful and unsuccessful claims were interrelated). With the exception of the four hours noted above, the Court finds all of the hours requested for this time period "were usefully and reasonably expended." Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994).

ii. HOURLY RATE REQUESTED IN PLAINTIFF'S FIRST SUPPLEMENTAL APPLICATION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS

The time records submitted for hours Ms. Torre expended after January 30, 2007 are sufficiently specific with respect to the nature of the work she did. Contrary to Defendant's assertions,

9

these records are not overly vague and do not contain "numerous" entries for tasks that are "purely clerical" in nature. (See Opp. to the Pl.'s Supp. Application for the Award of Attorneys' Fees and Costs, Doc. 262, at 13-17.)  Defendant also objects that at least 39 of the hours billed by Ms. Torre were devoted to her preparation of Plaintiff's First Supplemental Application for An Award of Attorney's Fees. (Doc. 262 at 23.)  However, Defendant ignores the rule that "a reasonable fee should be awarded for time reasonably spent in preparing and defending an application for § 1988 fees. Weyant v. Okst, 198 F.3d 311, 316 (2d Cir. 1999).  The Court therefore finds that the hours requested by Plaintiff for this time period were "usefully and reasonably expended."

## C. COSTS

An application for costs must be submitted to the Clerk of the Court, not to the Court itself.  D. Conn. R. Civ. P 54(a).

## CONCLUSION

Attorneys' fees in the amount of $ 513,657.50 are hereby awarded to Plaintiff's counsel.  The motions (Doc. Nos. 106 and 246) are GRANTED.

SO ORDERED

  /s/
ELLEN BREE BURNS
SENIOR U.S. DISTRICT JUDGE

Dated at New Haven, Connecticut this 19th day of September, 2007.

**10**