UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil No.  3:02CV1514 (EBB) |
| V. | : | |
| | : | |
| MELVIN WEARING | : | |
| | : | September 25, 2007 |
| Defendant. | | |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF
### MOTION FOR RECONSIDERATION

**I.   BACKGROUND**

In its September 19, 2007 ruling on plaintiff's Application for Attorney's Fees and Costs and his Supplemental Application for Attorney's Fees and Costs, although awarding attorney fees, this court declined to award costs to Officer Tolnay. Plaintiff incurred the sum of $15,820.98 in litigation expenses associated with his successful prosecution of this action. Citing D. Conn. L. Civ. R. 54(a), this Court held that plaintiff must submit such a request to the Clerk of the Court. Plaintiff respectfully submits this aspect of the Court's ruling was in error as the Court misconstrued the local rule providing for the taxation of costs by a clerk with the provisions of 42 U.S.C. §1988 under which plaintiff moved and this Court has authority for granting such awards in any action brought and successfully prosecuted under 42 U.S.C. §1983. For the reasons which follow, plaintiff thus respectfully urges this Court to reconsider its ruling on this point.

**II.    ARGUMENT**

While the local rule applies to bills of cost submitted pursuant to 28 U.S.C. §§ 1821,1920, 1923 and 1924, in a case brought to vindicate civil rights under 42 U.S.C. § 1983, as this case was, 42 USC § 1988 provides the vehicle for an award of costs to a prevailing party (as well as an award of attorneys' fees).

In addition to providing that a successful civil rights plaintiff should apply to the court for his or her costs, 42 U.S.C. § 1988 also allows the court to tax a greater range of costs than those available under the statutes to which the Local Rule pertains.  Because plaintiff properly applied for an award of costs under 42 U.S.C. § 1988, and based on the analysis presented below, he respectfully moves that this court reconsider the portion of the September 19, 2007 ruling in which it referred the plaintiff to the clerk of the court for  recovery of costs, some of which the clerk is not empowered to review and award.  Instead, the District Court must assess the plaintiff's application for costs and award such costs as it believes appropriate under 42 U.S.C. § 1988 in keeping with its statutory purpose of shifting the expense of vindication of civil rights to the civil rights violator.

In pertinent part, 42 U.S.C. § 1988 provides:

> In any action or proceeding to enforce a provision of sections 1977, 1977A, 1978, 1979, 1980, and 1981 of the Revised Statutes [42 USCS §§ 1981-1983, 1985, 1986], . . . the court, in its discretion, may allow the prevailing party, . . . , a reasonable attorney's fee as part of the costs . . .

In interpreting this provision, courts have consistently held that § 1988 allows the recovery of costs beyond those authorized under 28 U.S.C. § 1920 and under our Local Rules, D. Conn. L. Civ. R. 54(c). For instance, in <u>Tsombanidis v. City of West Haven</u>, 208 F.Supp. 2d 263, 285-86 (D. Conn. 2002) (Goettel, J.), the District Court noted that, unlike the other provisions, § 1988 allows the prevailing party to recover all "**reasonable out-of-pocket expenses** incurred by attorneys and normally [charged] to their clients." (Citation and internal quotation marks omitted)(emphasis supplied).

Similarly, the Southern District of New York in this Circuit has noted that "'costs' pursuant to a section 1988 award include not only those costs ordinarily taxable pursuant to 28 U.S.C. § 1920, as implemented by Fed. R. Civ. P. 54(d)(1) and its Local Rule 54.1, but also those reasonable costs that are ordinarily charged to clients in the legal marketplace." <u>Anderson v. City of New York</u>, 132 F. Supp. 2d 239, 245 (S.D.N.Y. 2001). In <u>Aston v. Sec'y. of Health and Human Services</u>, 808 F. d 9, 12 (1986), the Second Circuit identified "out-of-pocket disbursements for items such photocopying, travel and telephone costs" as recoverable under § 1988. None of those expenses would fall under the costs a party can recover under any of the statutes covered by our local rules addressing bills of costs.

More recently in this District, in <u>Arlio v. Lively</u>, 392 F.Supp. 2d 327, 345 (D.Conn), *reversed on other grounds*, 474 F.3d 476 (2d Cir. 2007), Judge Arterton properly awarded the plaintiff costs under § 1988 pursuant to the same type of application submitted in the instant case,

3

including the cost of deposition transcripts that would not have been reimbursable under the other provisions for taxable costs. Judge Arterton did not reject the application or opine that it must be presented to the Clerk. (courtesy copy attached – <u>see</u> Exhibit 1).

Because the range of allowable costs under 42 U.S.C. § 1988 so far exceeds the costs permitted under the bills of cost for which the clerk's office bears a primary clerical responsibility, submitting such cost requests to the court is not only necessary but customary in this district. In <u>Arlio</u>, the undersigned counsel submitted the very same type of fee/cost application that she has submitted in all other cases in which she has gained a plaintiff's verdict in a §1983 action in the past 18 years. To the undersigned's recollection, no judge in this district has previously denied an award of costs in ruling on such application by holding that the clerk, and not the court, is to decide the matter. Plaintiff's counsel in this case relied on <u>Arlio</u> and numerous other cases in submitting the costs as part of plaintiffs §1988 application and this court's ruling appears to depart from other judges in this District and elsewhere.

Moreover, not only is the clerk constrained by local rule in terms of what costs may be allowed, the clerk, even if he/she were authorized, is in no position to judge for example whether a plaintiff's request for the cost of a particular deposition transcript is reasonable as the clerk will be unable to assess whether a plaintiff's decision to order any given transcript was reasonably necessary. Because the court has experience and familiarity with the case that the clerk lacks, only the court can fairly rule on requests for costs under 42 U.S.C. § 1988. The local rule respecting

4

bills of costs addresses a carefully limited right of costs-recovery that any prevailing party has in a civil case whereas a prevailing party in a §1983 civil rights action has an independent and far more expansive right of recovery, a matter which the statute explicitly vests in the authority of the District Court.

Accordingly, for the foregoing reasons, plaintiff respectfully requests this Court reconsider its ruling on the issue of costs and thereafter amend its order and any intervening judgment to include an additional award of costs to Officer Tolnay reflecting his substantial expenses in successfully prosecuting this action.

Respectfully submitted:

BY: _____
Karen Lee Torre
Law Offices of Karen Lee Torre
Fed. Bar No.  01707
51 Elm Street, Suite 307
New  Haven, CT 06150
Tel. 203-865-5541
Fax 203-865-4844
E-mail: ktorre@choiceonemail.com

Plaintiff's Attorney

5

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, on this 25th day of September, to:

Robert A. Rhodes, Esq.
Ralph W. Johnson, III, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

Hubert J. Santos, Esq.
Santos & Seeley, P.C.
51 Russ Street
Hartford, CT 06106

Norman A. Pattis, Esq.
649 Amity Road
P.O. Box 280
Bethany, CT 06524

Alexandra K. Block, Esq.
Joseph D. Garrison, Esq.
Garrison, Levin-Epstein, Chimes, Richardson
405 Orange Street
New Haven, CT 06511-6489

_____
Karen Lee Torre