FILED

Oct 1 3 20 PM '07

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARPAD TOLNAY

        Plaintiff,

V.                                     Civil No.  3:02CV1514 (EBB)

MELVIN WEARING

                                                October 1, 2007
        Defendant.

## PLAINTIFF'S REQUEST FOR STATUS CONFERENCE

Plaintiff's counsel respectfully requests a status conference with the court at the court's earliest convenience for the reasons which follow.

The following motions by plaintiff remain pending: 1) Motion for Bond to Secure Judgment, filed February 17, 2006 (Doc. No. 117); and 2) Motion to Permit Registration of Judgment, filed March 30, 2006 (Doc. No. 155).

As this court is aware, its rulings respecting the jury's verdict are the subject of an appeal by defendant which is pending before the Second Circuit Court of Appeals. Plaintiff remains justly concerned that he remains unsecured and defendant is enjoying an appeal process without being made to discharge his obligation to provide security to the plaintiff pending the outcome of the appeal process.

On March 30, 2007, this court issued orders denying as moot certain motions, among them defendant's own "Motion for Stay of Enforcement and Execution of

Judgment and Request for Expedited Adjudication and for Immediate Stay Pending Resolution of the Instant Motion."[1]

Plaintiff's Motion for Bond to Secure Judgment has yet to be ruled on. As the Court may recall, extensive and time-consuming evidentiary hearings before this Court ensued in the wake of: 1) Wearing's refusal to answer asset interrogatories; 2) Wearing's refusal to appear for a deposition regarding his assets; and 3) Wearing's submission of an affidavit wherein he set forth his assets but offered no explicit representations regarding his third-party sources of payment. At said hearings, plaintiff took the position that Wearing failed to credibly establish that he is without third-party sources of security and payment. At a minimum, Mr. Wearing admits that he is covered under the city of New Haven's municipal liability policy and it was by no means established as a matter of uncontroverted fact that Corregis Insurance Co., the City of New Haven's liability carrier, is not liable to Mr. Wearing for satisfaction of the entire judgment and/or at minimum is obligated to post the necessary bond on appeal.

Nor did Chief Wearing establish that he is without municipal indemnification for the jury's punitive award, as remitted by this Court. To the contrary, all of the evidence adduced at the hearings showed that Wearing's counsel at Halloran & Sage understood he was so indemnified since they treated him as a fully indemnified client (by proceeding through multiple pre-trial and post-trial Magistrate Judge-supervised settlement conferences without their client and without even notifying Wearing or advising him of

---

[1] Said motion by defendant Wearing was properly denied as moot since Wearing had moved for a stay of execution pending disposition by this court of his post-verdict motions for judgment as a matter of law, a new trial or remittitur.

2

the goings-on, negotiations and respective demands and offers of the "parties" and further unilaterally rejecting, again without consulting their client, this Court's suggestion that the parties negotiate toward settlement during the jury's deliberations but before they reached a verdict.)[2]

Moreover, inasmuch as former New Haven Corporation Counsel Thomas W. Ude himself testified that a decision on municipal indemnification for Wearing had not yet been made ( an assertion which, plaintiff contends, represented a questionable strategic tactic to influence this court's decision on remittitur), Wearing did not establish by credible evidence any entitlement to a free pass on the obligation to post security pending the outcome of appeal.

In addition, this Court has yet to rule on Officer Tolnay's March 30, 2006 Motion to Permit Registration of Judgment.[3] Wearing opposed that motion, leading to increased concern on the part of the plaintiff regarding his unsecured status and Wearing remaining free to dispose of assets to evade satisfaction of any final judgment.

Given the passage of time since the dispute over these issues arose, Officer Tolnay wishes to re-initiate discovery regarding the state of Mr. Wearing's assets. Given Wearing's previous responses to such efforts, it is anticipated that Mr. Wearing will again refuse to answer interrogatories or submit to deposition examination. Rather than endure more time-consuming motions, the cost and inconvenience of aborted efforts to gain

---

[2] These facts were drawn out at the aforesaid evidentiary hearings prompted by Wearing's refusal to allow discovery regarding his assets and sources of payment of the judgment.

[3] That motion being filed as a result of discovery of out-of-state real property owned by Wearing as to which plaintiff wishes to record a judgment lien to secure his right of recovery.

3

compliance with discovery requests and time-consuming motions to compel and other pleadings which such inevitable disputes will no doubt provoke, plaintiff's counsel thinks it would be highly worthwhile to have a status conference with the court regarding these long-standing motions, plaintiff's concern about his unsecured status and an understanding of the means by which plaintiff can monitor defendant's assets and determine whether he has moved or disposed of any assets.

RESPECTFULLY SUBMITTED,

THE PLAINTIFF, ARPAD TOLNAY

BY: _____
KAREN LEE TORRE
Fed. Bar No. ct01707
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, Connecticut 06510
Tel. (203) 865-5541
E-mail: ktorre@choiceonemail.com

His Attorney

4

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, this 1st day of October, 2007, to:

Hubert J. Santos, Esq.
Santos & Seeley, P.C.
51 Russ Street
Hartford, CT 06106

Robert A. Rhodes, Esq.
Ralph W. Johnson III, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

Norman A. Pattis, Esq.
649 Amity Road
Bethany, CT 06524

Alexandra Block, Esq.
Joseph D. Garrison, Esq.
Garrison, Levin-Epstein, Chimes and Richardson
405 Orange Street
New Haven, CT 06511-648

_____
KAREN LEE TORRE

5