IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | CIVIL ACTION NO. |
|     Plaintiff | : | 3:02-CV-1514 (EBB) |
| | : | |
| V. | : | |
| | : | |
| MELVIN WEARING | : | |
|     Defendant | : | OCTOBER 15, 2007 |

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO THE PLAINTIFF'S MOTION FOR RECONSIDERATION

Pursuant to Local Rule 7, the defendant, Melvin Wearing, the former Chief of Police for the City of New Haven, submits this memorandum of law in opposition to the plaintiff's motion for reconsideration filed on September 25, 2007. For the reasons set forth below, the Court should deny the plaintiff's motion. If the Court addresses the plaintiff's motion, it should deny his request for an award of costs. In the alternative, the Court should reduce any award of costs in the manner set forth below.

## ARGUMENT

### I. THE COURT SHOULD DENY THE PLAINTIFF'S MOTION

A review of Local Rule 54(a) confirms that applications for the award of costs should be submitted to the Clerk of the Court. Thus, the Court's interpretation of the Local Rule in its September 19, 2007 ruling was correct. Accordingly, the Court should deny the plaintiff's motion for reconsideration.

### II. THE COURT SHOULD DENY THE PLAINTIFF'S REQUEST FOR AN AWARD OF COSTS

If the Court addresses the plaintiff's motion for reconsideration, it should enter an order denying the plaintiff's request for an award of costs. By a ruling entered on September 19, 2007,

the Court awarded the plaintiff $513,657.50 in attorneys' fees. The Court's ruling represented an award of 1,511.5 of the 1,515.5 hours that the plaintiff was requesting for work conducted by his attorneys and a paralegal. The Court only reduced the amount of time sought by the plaintiff by 4 hours. Those 4 hours were in billing entries dated prior to July 26, 2002, the earliest date of the events in the underlying lawsuit. It is respectfully submitted that given the extremely generous award of fees, the Court should deny the plaintiff's request for an award of costs.

### III.   IF COSTS ARE AWARDED, THE AMOUNT SHOULD BE REDUCED

In the alternative, if the Court awards the plaintiff any costs, that award should be reduced in the manner set forth in Chief Wearing's opposition memoranda filed on May 3, 2006 and June 8, 2007.[1]

Specifically, at pages 27 through 29 of Chief Wearing's May 3, 2006 opposition memorandum, he demonstrated that several items for which the plaintiff seeks an award of costs, are inappropriate. First, the request for $163.60 for the services of a marshal on October 7, 2003 (documented by an invoice dated May 26, 2004) is inappropriate because there is no identification of who was served and what the purpose of the service was. (See Plaintiff's "Itemization of Litigation Expenses" attached as Exhibit B to the Pl's Motion for Fees) Accordingly, this expense should be disallowed.

Second, the expenses of having papers sent via courier to the Court constitute expenses for the "convenience of counsel" rather than recoverable litigation costs. In particular, the request for an award of the expenses associated with courier services on November 10, 2003

---

[1]   As the Court noted at pages 1-2 of its September 19 ruling, the plaintiff's motion was seeking $2,776.64 in litigation expenses and the plaintiff's supplemental application was seeking $3,936.34 in costs. Thus, the combined amount was $6,712.98. Nevertheless, without explanation, the plaintiff's motion for reconsideration demands an award of $15,820.98. (Pl.'s 9/25/07 Mem., at 1)

2

($52.00) and November 24, 2003 ($77.00) are inappropriate. (Pl's Ex. B, setting forth the following expenses: "11/10/03 - GoFor Services - Delivery to Fed Court in Bridgeport - - $52.00;" "11/24/03 - GoFor Services - Delivery to Fed Court in Bridgeport - - $77.00.") Those expenses should be disallowed. See Arlio v. Lively, 392 F.Supp.2d 317, 325 (D.Conn. 2005), rev'd on other grounds, 474 F.3d 46 (2d Cir. 2007) (party may not recover costs incurred for the "convenience" of counsel).

Third, there is a duplicate fee charged for the witness fee of Lieutenant Leo Bombalicki. The plaintiff has not explained why two witness fees were appropriate for Bombalicki. (Pl.'s Ex. B, compare "11/17/05 - Lt. Leo Bombalicki - Witness Fee - - $50.00" with "12/08/05 - Lt. Leo Bombalicki - - 130.00.") Only one such fee is properly listed as an expense. The defendant submits that the $50.00 fee is the properly billed fee, rather than the $130.00 fee, inasmuch as the lower figure is in line with the only other witness fee listed as an expense, the $41.00 witness fee charged for Chief Ortiz.

Finally, the extra expense of alternative format deposition transcript copies should be eliminated, as such expenses are solely for the convenience of counsel. (See Pl.'s Ex. B., Invoice corresponding to "5/2/03 - Morgillo & Flynn - Deposition of John DeStefano and Melvin Wearing," listing $7.10 and $9.30 as extra expenses for the ordering of condensed deposition transcripts; see also Invoice corresponding to "10/17/03 - Morgillo & Flynn - Deposition of David Newman & Sherri Murowski," listing $5.20 and $2.40 as condensed transcript costs) Within the request for reimbursement for the deposition transcripts for the Mayor and Chief Wearing, the invoice indicates that the plaintiff was charged $7.10 and $9.30 for condensed transcript copies. Similarly, in the request for reimbursement for the costs of the deposition transcripts of David Newman and Sherri Murowski, the invoices include costs of condensed

transcripts, totaling $7.60. These amount should be eliminated from the request. See Drown v. T.F.C. Conway, 2005 WL 3019147, at *1 (D. Conn. Oct. 26, 2005). See also Local Rule 54(c)(7)(iii).

In sum, the total amount of expenses that should be disallowed is $446.60, as set forth above. If there is an award of costs, the plaintiff's request for reimbursement of expenses should be adjusted accordingly from $2776.64 to $2330.04 for the costs sought by the plaintiff's motion.

Similarly, pages 23 through 24 of Chief Wearing's June 8, 2007 opposition memorandum demonstrated that several items that the plaintiff was requesting in connection with his supplemental application for costs were inappropriate. Specifically, in Exhibit 2 to Chief Wearing's June 8 memorandum, he provided the Court with an itemization of the receipts provided by the plaintiff. By his supplemental application, the plaintiff maintains that he was entitled to an award of $3,936.34 in litigation expenses. Exhibit 2 to Chief Wearing's June 8 memorandum demonstrated that the plaintiff had only provided $3,098.06 in receipts. Accordingly, if there was any award at all, the Court should only award the expenses which have been documented. Moreover, Chief Wearing demonstrated that the plaintiff's request for $30.15 in connection with an invoice from Federal Express should not be awarded under the Local Rules.

4

## CONCLUSION

For the foregoing reasons, the Court should deny the plaintiff's motion for reconsideration. If the Court addresses the plaintiff's motion, it should deny the plaintiff's request for an award of costs. In the alternative, if the Court awards the plaintiff any costs, that award should be reduced in the manner set forth above.

Respectfully submitted,

**DEFENDANT**
**MELVIN WEARING**

By: _____
Robert A. Rhodes, Esq.
CT Fed. Bar No. 13583
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
Tel:   (203) 227-2855
Fax:   (203) 227-6992
E-Mail:  rhodes@halloran-sage.com

and

Ralph W. Johnson III, Esq.
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel:   (860) 522-6103
Fax:   (860) 548-0006
E-Mail:  johnsonr@halloran-sage.com

His Attorneys

## **CERTIFICATION**

This is to certify that on this 15th day of October, 2007, a copy of the foregoing was caused to be served via U.S. Mail to:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Norman A. Pattis, Esq.
649 Amity Road
Bethany, CT 06524

Hugh F. Keefe, Esq.
Lynch, Traub, Keefe and Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Hubert J. Santos, Esq.
Sandra L. Snaden, Esq.
Santos & Seeley, P.C.
51 Russ Street
Hartford, CT 06106

Alexandra K. Block, Esq.
Joseph D. Garrison, Esq.
Garrison Levin-Epstein Chimes
 Richardson
405 Orange Street
New Haven, CT 06511

_____
Ralph W. Johnson III

1051095_1 DOC