UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. |
| | : | |
| v. | : | |
| | : | 3:02 CV 1514 (EBB) |
| MELVIN WEARING, | : | |
| | : | |
| Defendant. | : | |
| | : | |

RULING ON PLAINTIFF'S MOTION FOR ORDER PERMITTING REGISTRATION OF
JUDGMENT [DOC. NO. 155]

INTRODUCTION

After a trial in this case, the jury found that Defendant Wearing had violated Plaintiff Tolnay's First Amendment rights. The Plaintiff's award, after remittitur, was $1,500,903.84. In addition, the Defendant is liable for over $500,000 in attorney's fees and costs awarded by the Court to the Plaintiff. The Plaintiff moves, pursuant to 28 U.S.C. § 1963, for an order permitting him to register the judgment in the United States District Court for the District of South Carolina. For the following reasons, the Plaintiff's motion is granted.

BACKGROUND

It is undisputed that Defendant Wearing's personal assets within the state of Connecticut are insufficient to satisfy the judgment in this case. There is considerably less clarity regarding the question of whether the judgment might be satisfied

by funds from some other source. In particular, it is unclear whether the other City of New Haven will indemnify the Defendant. The Plaintiff directs the Court's attention to an "assertion by the City of New Haven...that it is not at present committed to paying the punitive damages in this case." (Pl.'s Mem. in Supp. [Doc. No. 156] at 2.) The Plaintiff has attempted to show that this assertion is false and that the City is willing to indemnify the Defendant. However, while the Plaintiff may have been successful in calling into question the credibility of statements made by representatives of the City, he has not yet been successful in establishing that either the City or its insurance carrier are committed to paying the punitive damages. The Defendant does not shed any light on this issue in his Memorandum in Opposition to the motion. At no point does the Defendant claim he has sufficient assets in Connecticut to satisfy the judgment or that the judgment will be satisfied by either the City of New Haven or its insurance company.

At the evidentiary hearing following the trial, Defendant Wearing testified that he has assets located outside of the State of Connecticut. Specifically, he admitted to owning a house and a vehicle in South Carolina. (Pl.'s Mem. in Supp. at 1.)

## DISCUSSION

28 U.S.C. § 1963 provides that while an appeal is pending a court may order a judgment may be registered in another district

"when ordered by the court that entered the judgment for good cause shown."  "'Good cause'" can be established 'upon a mere showing that the defendant has substantial property in the other [foreign] district and insufficient [property] in the rendering district to satisfy the judgment.'"  Jack Frost Laboratories, Inc. v. Physicians & Nurses Mfg. Corp., 951 F. Supp. 51, 52 (S.D.N.Y. 1997) (quoting Woodward & Dickerson v. Kahn, No. 89 Civ. 6733, 1993 WL 106129 at *1 (S.D.N.Y. April 2, 1993)); see also Owen v. Soundview Financial Group, Inc., 71 F. Supp. 2d 278, 278-79 (S.D.N.Y. 1999); Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 809 F. Supp. 1259, 1275 (E.D. Mich. 1992)(good cause found where plaintiffs were unable to locate sufficient assets in state where judgment was entered and plaintiffs established that defendant had assets in another state) aff'd in part, rev'd in part, vacated in part, 43 F.3d 1054 (6th Cir. 1995); Schreiber v. Kellogg, 839 F. Supp. 1157, 1162 (E.D. Pa. 1993) (good cause found where defendant did not contest that he had insufficient assets in the state where the judgment was rendered).

    The Court finds the Plaintiff has made the required showings 1) that the Defendant lacks assets sufficient to satisfy the judgment in Connecticut and 2) that the Defendant has substantial assets in South Carolina.

    The Defendant's personal assets in Connecticut are insufficient to satisfy the judgment, even after remittitur.  It is

simply unclear to the Court whether the judgment will be satisfied by some other source, such as the City or its insurance carrier. The Defendant has declined to make any representations regarding this question and has not argued that the judgment will be satisfied by any source other than his personal assets. Until the parties clarify this issue, the Court can only conclude that the Plaintiff has successfully made the required showing that the Defendant has insufficient assets in Connecticut to satisfy the judgment.

The Defendant owns a home and a car in South Carolina. However, the Defendant argues that these items do not amount to "substantial" assets in South Carolina. (Def.'s Mem. in Opp. [Doc. No. 190] at 3.) The Defendant does not elaborate on this assertion in his Memorandum. Elsewhere, the Defendant has stated that his South Carolina home is mortgaged with a significant outstanding balance on the mortgage. The Court finds that ownership of a home and a vehicle, even if there is a partially unpaid mortgage on the home, satisfies the requirement that the Defendant have substantial assets in the district in which the Plaintiff seeks to register the judgment.

The Defendant argues in his Memorandum that the jury verdict was constitutionally excessive and that the Court should not order such an excessive judgment to be registered in another district. (Id. at 4.) Whatever conceivable merit this argument might have

had before the jury verdict of over $5 million was reduced by remittitur to the current judgment, the Defendant's argument is not persuasive at this point.  The Court does not believe that the judgment that the Plaintiff seeks to register in South Carolina is excessive.

The Defendant argues that the Court should not grant this motion because the Plaintiff has, the Defendant claims, made representations to the Court that he does "not intend to execute on the judgment." (Id. at 3.)  Without the context for these alleged representations, it is difficult for the Court to determine exactly what the Plaintiff agreed not to do.  It seems highly unlikely, for example, that the Plaintiff agreed never to execute on the judgment under any circumstances.  Furthermore, while registering the judgment in South Carolina may be a preliminary step that makes execution on the judgment possible, registration in another state is not the same thing as execution.  The Court is not persuaded that the Plaintiff's attempt to register the judgment in another state is inconsistent with any representations he has made to the Court.

The Defendant argues that the Court cannot order the judgment to be registered in South Carolina because the Court should instead order a stay of enforcement and execution.  (Id. at 3-5.)  The Defendant made this argument at a time when motions to stay were pending before the Court.  The Court has since denied those

motions to stay as moot. (See Doc. No. 250.)

The Defendant makes an additional argument that the Court should grant a stay pursuant to Federal Rule of Civil Procedure 62(f). (Def.'s Mem. in Opp. at 5.) Rule 62(f) provides that

> In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state.

The Plaintiff has placed a lien on the Defendant's Connecticut house. (Def.'s Mem. in Opp. at 5.) The Defendant argues that this act entitles the Defendant to an "automatic stay of enforcement" pending resolution of his appeals. (Def.'s Mem. in Opp. at 5.) The Defendant cites FDIC v. Ann-High Associates, No. 97-6095, 1997 WL 1877195 (2d Cir. 1997), a case in which the Second Circuit considered whether, in Connecticut, Rule 62(f) entitled a judgment debtor to a stay without posting a supersedeas bond pending resolution of his or her appeal. However, the Second Circuit's decision and analysis does not support the Defendant's claim that a Connecticut judgment debtor is entitled to an automatic stay when a lien has been placed on his property in order to secure a judgment.

The Second Circuit in Ann-High held that there is no "per se rule" when it comes to applying Rule 62(f) to federal district court judgments to be enforced in Connecticut. See id. at *3. Instead, the court must make a "fact-based inquir[y]." Id. at *4.

6

The Court held that, among other requirements, a judgment debtor is only entitled to a stay without posting a supersedeas bond where the judgment debtor demonstrates

> that the circumstances are such that the judgment creditor can readily establish a lien that will be adequate to secure the judgment. In Connecticut, this will involve the judgment debtor's disclosure of the value and location of both real and personal property in the state so that the judgment creditor will know where to file the lien and can evaluate the adequacy of its security.

Id. Plainly, the lien placed on the Defendant's Connecticut home by the Plaintiff does not satisfy this requirement. The Defendant cannot show that the lien on his home provides the Plaintiff with adequate security because it is undisputed that the Defendant's personal assets in Connecticut are insufficient to satisfy the judgment. The Defendant is not entitled to a stay without posting a supersedeas bond simply as a result of the lien placed on his Connecticut home. The fact that the Plaintiff has placed a lien on the Connecticut home does not prevent him from registering the judgment in South Carolina.

Finally, the Defendant argues that if the Court grants the Plaintiff's motion to permit registration, that the Court should then 1) order the Plaintiff to post a bond "to secure any damages that result from his enforcement and execution of the judgment" and 2) order that all money recovered by the Plaintiff be placed in an interest bearing account held by the Clerk of the Court. (Def.'s Mem. at 6.) The Defendant has not cited any authority to support

of its argument that the Court should condition its order permitting registration of the judgment in South Carolina upon a bond posted by the Plaintiff.  Harris v. Butler, 961 F. Supp. 61 (S.D.N.Y. 1997), the case cited by the Defendant in support of his argument that the Court should order any recovery to be placed in an account held by the Clerk is distinguishable.  In Harris, the plaintiff himself requested that the court place his recovery in such an account.  Id. at 63-64.  The court found this arrangement to be a "practical and fair solution" to the parties' dispute in large part because the plaintiff was incarcerated and therefore "incapable of fully enjoying the damages award."  Id. at 63-64.  The special circumstances of that case are not analogous to the situation in the present case.  In any event, it is premature for the Court to consider ordering a bond or any other arrangement to ensure adequate security.  A more appropriate time to address issues of this sort would be after the Plaintiff has begun to enforce and execute the judgment and after the parties have moved for any appropriate stays.

CONCLUSION

Having shown good cause, the Plaintiff may register the judgment in South Carolina. The Plaintiff's Motion [Doc. No. 155] is therefore GRANTED.


SO ORDERED

___/s/_____
ELLEN BREE BURNS
SENIOR U.S. DISTRICT JUDGE


Dated at New Haven, Connecticut this 25th day of October, 2007.