UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARPAD TOLNAY, : | |
| : | |
| Plaintiff, : | CIVIL NO. |
| : | |
| B. : | |
| : | 3:02 CV 1514 (EBB) |
| MELVIN WEARING, : | |
| : | |
| Defendant. : | |
| : | |

RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION [DOC. NO. 273]

INTRODUCTION

In a previous ruling [Doc. No. 272], the Court granted Plaintiff Tolnay's Application Attorney's Fees and Costs [Doc. No. 106] and his Supplemental Application for Attorney's fees and Costs [Doc. No. 246]. In granting those motions, the Court awarded attorney's fees to the Plaintiff but declined to award costs, instead directing the Plaintiff to submit an application for costs to the Clerk of the Court in accordance with Local Rule 54. The Plaintiff asks the Court to reconsider its ruling insofar as the Court declined to award costs. For the following reasons the Plaintiff's motion is GRANTED.

DISCUSSION

Plaintiff Tolnay submitted applications seeking attorney's fees and costs pursuant to 18 U.S.C. § 1988, which provides for an award of fees and costs to the "prevailing party" in a civil rights

1

action. [Doc. Nos. 106, 246.]  The Court incorrectly applied Local Rule 54, instead of § 1988, in declining to award costs to the Plaintiff.

Section 1988 provides for an award of costs beyond what a party may recover in other civil actions under Local Rule 54. Federal Rule of Civil Procedure 54, and by extension the local rule based upon it, allows only for taxing of costs that may be recovered by the prevailing party in "most civil suits." Reichman v. Bonsignore, Brignati & Mazzotta P.C., 818 F.2d 278, 283 (2d Cir. 1987).  In contrast, an award under a fee-shifting statute such as § 1988 "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." Id. (citing Laffey v. Northwest Airlines, Inc., 746 F.2d 4, 30 (D.C. Cir. 1984), cert. denied, 472 U.S. 1021 (1985)); see also Anderson v. City of New York, 132 F. Supp. 2d 239, 245 (S.D.N.Y. 2001) ("'costs' pursuant to a section 1988 award include not only those costs ordinarily taxable pursuant to 28 U.S.C. § 1920, as implemented by Fed. R. Civ. P. 54(d)(1) and [the local based on it], but also those reasonable costs that are ordinarily charged to clients in the legal marketplace").  Thus, "[i]dentifiable, out-of-pocket disbursements for items such as photocopying, travel, and telephone costs are generally taxable under § 1988." See Kuzma v. Internal Revenue Service, 821 F.2d 930, 933-34 (2d Cir. 1987).  Costs for some of these items,

2

including, for example, telephone costs and some travel costs, cannot be awarded under Local Rule 54 by the Clerk of the Court. See Local Rule 54(c)(7). The Plaintiff is therefore correct that the Court should have considered his application for costs in its prior ruling rather that directing the him to submit an application to the Clerk of the Court, who is not empowered to award some of the costs to which the Plaintiff is entitled.

The Court must determine whether the costs requested by the Plaintiff fall within the category of "reasonable out-of-pocket expenses...which are normally charged fee-paying clients." In his Application Attorney's Fees and Costs [Doc. No. 106], Plaintiff Tolnay sought $2,776.64 in litigation costs. In his First Supplemental Application for Attorney's fees and Costs [Doc. No. 246], he sought $3,936.34 in litigation expenses[1]. In total, Tolnay seeks an award for litigation costs totaling $6,712.98. However, the Defendant contends that some of the costs requested

---

[1] In his Memorandum in Support for of his Motion for Reconsideration, Tolnay states that he seeks a total of $15,820.98 in costs. (Doc. No. 274 at 1.) The Court believes that this is a mistake on the part of Counsel for the Plaintiff. In his First Supplemental Application for An Award of Attorney's Fees and Costs, Tolnay requested $13,044.34 in costs. (Doc. 246 at 2.) However, this figure seems to include $9,108 requested in fees for time expended by Paralegal David Bachman. In the "Itemization of Litigation Expenses" attached to his Memorandum in Support of his Supplemental Application, Tolnay itemized costs totaling only $3,936.34. (Doc. 246, Ex. D.) The Court has already awarded fees for work performed by Mr. Bachman in its prior ruling and, therefore, the Court need not consider this component of the award the Plaintiff seeks.

3

should not be awarded.

First, the Defendant argues that the "extremely generous" award of attorney's fees in this case precludes an additional award for costs. (Def.'s Mem. in Opp." at 2 [Doc. No. 276]. The Court disagrees. The Plaintiff is entitled to an award of both costs and fees under § 1988.

The Defendant also argues that the Court should not award some of the specific costs the Plaintiff seeks.

A.  Costs Requested in the Plaintiff's Application for Attorney's Fees and Costs

The Defendant argues that $163.60 requested for service by a marshal should not be awarded because the Plaintiff has given no indication of who was served by the marshal served. (Def.'s Mem. in Opp. at 2.) The Court disagrees. The invoice documenting this expense clearly indicates that the service was in connection with this case. This information is sufficient to establish that the expense was reasonably incurred and is taxable.

The Defendant claims that costs associated with the Plaintiff's use of courier services cannot be recovered by the Plaintiff. The Defendant argues, quoting Arlio v. Lively, 392 F. Supp. 2d 317, 325 (D. Conn. 2005), rev'd on other grounds, 474 F.3d 46 (2d Cir. 2007), that such costs are for the "convenience of counsel" and are disallowed. (Def.'s Mem. in Opp. at 3.) Arlio applied Local Rule 54 in disallowing certain costs that the court found to be for the convenience of counsel. See id. Because the

4

Plaintiff seeks costs under § 1988, Local Rule 54 and cases applying that rule are inapplicable. Costs of courier services are "reasonable out-of-pocket expenses...which are normally charged fee-paying clients" and therefore can be recovered under § 1988.

The Defendant objects that two costs relating to witness Lieutenant Bombalicki are duplicative. (Def.'s Mem. in Opp. at 3.) However, the Plaintiff's supporting documentation clearly shows that these two costs are not duplicative. The invoice dated November 11, 2005 is for a "subpoena fee." (Doc. No. 106, Ex. 2.) The cost associated with December 8, 2003, the date on which Lieutenant Bombalicki testified, is described as a "Fee for Court Appearance." (Id.) These two items therefore relate to separate expenses, both of which were reasonably incurred.

The Defendant objects to approximately $24.00 in costs related to "alternative format deposition copies." (Def.'s Mem. at 3.) The Court finds that these expenses were reasonably incurred.

B.  <u>Costs Requested in the Plaintiff's First Supplemental Application for Attorney's Fees and Costs</u>

The Defendant argues that the award for costs requested in the Plaintiff's First Supplemental Application for Attorney's Fees and Costs should be reduced because the Plaintiff has submitted only $3,098.06 in receipts for the $3,936.34 in costs he seeks. (Def.'s Mem. in Opp. at 4.) However, the Court does not require receipts for every single transaction in order to determine that the costs requested are reasonable. The information contained in the

5

Supplemental Affidavit of Karen Lee Torre and its exhibits, including the Plaintiff's "Itemization of Litigation Expenses" [Doc. No. 246, Ex. D.], is sufficiently detailed for the Court to determine whether the costs for which no receipt has been submitted were reasonably incurred. The Court has reviewed all five itemized costs for which no receipt was submitted and finds that they reflect "reasonable out-of-pocket expenses...which are normally charged fee-paying clients."

CONCLUSION

The Plaintiff's Motion to Reconsider (Doc. No. 273) is GRANTED. Costs in the amount of $6,712.98 hereby awarded to the Plaintiff counsel.

SO ORDERED

\_\_\_\_/s/_____
ELLEN BREE BURNS
SENIOR U.S. DISTRICT JUDGE

Dated at New Haven, Connecticut this 25th day of October, 2007.