IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02-CV-1514 (EBB) |
| | : | |
| V. | : | USCA DOCKET NOS. |
| | : | 07-0959-cv (L); 07-1846-cv (Con) |
| MELVIN WEARING | : | |
| Defendant | : | FEBRUARY 20, 2008 |

### AMENDED NOTICE OF APPEAL

Notice is hereby further given that the defendant, Melvin Wearing, in the above named case hereby appeals to the United States Court of Appeals for the Second Circuit from the Amended Judgment entered against him on January 23, 2008 and all portions and aspects of all adverse rulings and orders entered against him in this case.

On March 6 and April 27, 2007, notice and amended notice, respectively, were given that the defendant, Melvin Wearing, in the above named case, hereby appealed to the United States Court of Appeals for the Second Circuit from the judgment entered against him on December 14, 2005 and all portions and aspects of all adverse rulings and orders entered against him in this case.

The adverse rulings and orders included, but were not limited to: (1) the ruling entered on March 9, 2005 denying the defendant's motion for summary judgment, (2) the ruling in court on December 1, 2005 denying the defendant's motion in limine concerning evidence related to prior disciplinary actions and denying the defendant's motion to quash the subpoena requiring the testimony of Mayor DeStefano, (3) the ruling(s) in court on December 1 and 2, 2005 denying the defendant's objection(s) to the admission of the hearsay news articles and related testimony; (4) the ruling(s) in court on December 5, 2005 denying the defendant's objection(s) to the admission

of testimony and evidence concerning prior disciplinary actions; (5) the ruling in court on December 6, 2005 allowing testimony by Mayor DeStefano regarding indemnification over the defendant's objection; (6) the ruling in court on December 7, 2005 denying the defendant's motion for judgment pursuant to Rule 50(a), (7) the court's failure on two occasions on December 8, 2005 to charge the jury regarding the need for any punitive damages award to have a "reasonable relationship" with the compensatory or actual damages suffered by the plaintiff; (8) the court's failure on December 8, 2005 to charge the jury and submit interrogatories to it related to the analysis under Pickering v. Board of Educ., 391 U.S. 563 (1968); (9) the court's failure on December 8, 2005 to charge the jury and submit interrogatories to it so it could determine whether the speech at issue was protected under the First Amendment; (10) the court's failure on December 8, 2005 to charge the jury and submit interrogatories to it related to the qualified immunity analysis; (11) the ruling in court on December 8, 2005 denying the defendant's requested supplemental instruction in response to the jury's note, which inquired about who would be responsible for the payment of any award; (12) the ruling entered on February 5, 2007 which: (a) denied the defendant's motion for judgment as a matter of law pursuant to Rule 50(b), (b) denied the defendant's motion for a new trial on liability, (c) denied the defendant's motion for a new trial and motion for a remittitur, in the alternative, on the non-economic, compensatory damages award, and (d) denied or only partially granted the defendant's motion for a new trial and motion for a remittitur, in the alternative, on the punitive damages award, as the ruling only reduced or remitted the punitive damages award from $5 million to $1,350,000; (13) the February 5, 2007 Ruling's implicit or effective denial of the defendant's motion for relief from judgment pursuant to Rules 60(b)(1) and 60(b)(5)-(6); and

(14) the March 30, 2007 order denying *inter alia* the defendant's motion for a new trial and denying as moot the defendant's motion for relief from judgment.

The defendant also appealed from the rejection of his arguments in support of his summary judgment motion, trial motions and objections, requests for jury instructions and jury interrogatories and post-trial motions that were not expressly addressed by the district court in its rulings and orders. The defendant also appealed from any amended or other judgment that had entered or would enter against him expressly or by operation of the Federal Rules of Appellate and Civil Procedure.

Pursuant to the Second Circuit's Local Rules, the defendant filed a pre-argument statement (Form C). As part of that statement, a preliminary statement of the issues was attached as Addendum B. That preliminary statement of the issues is hereby incorporated by reference into this Amended Notice of Appeal. An amendment to Form C and the preliminary statement of the issues was also filed. That amendment is incorporated by reference into this Amended Notice of Appeal. The defendant's opening and reply briefs filed in the Second Circuit in Docket Nos. 07-0959-cv (L); 07-1846-cv (Con) are also incorporated into this Amended Notice of Appeal.

To the extent necessary, notice is also hereby given that the defendant, Melvin Wearing, in the above named case, hereby appeals to the United States Court of Appeals for the Second Circuit from any further judgment, amended judgment or other judgment that has entered or will enter against him expressly or by operation of the Federal Rules of Appellate and Civil Procedure.

Respectfully submitted,

**DEFENDANT
MELVIN WEARING**

By: _____
Robert A. Rhodes, Esq.
CT Fed. Bar No. 13583
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
Tel:     (203) 227-2855
Fax:    (203) 227-6992
E-Mail:  rhodes@halloran-sage.com

and

Ralph W. Johnson III, Esq.
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel:     (860) 522-6103
Fax:    (860) 548-0006
E-Mail:  johnsonr@halloran-sage.com

His Attorneys

4

## CERTIFICATION

This is to certify that on this 20th day of February, 2008, a copy of the foregoing was caused to be served via U.S. Mail to:

Karen Lee Torre, Esq.
Law Offices of Norman A. Pattis
129 Church St., 4th Floor
New Haven, CT 06510

Norman A. Pattis, Esq.
649 Amity Road
Bethany, CT 06524

Hugh F. Keefe, Esq.
Lynch, Traub, Keefe and Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Hubert J. Santos, Esq.
Sandra L. Snaden, Esq.
Santos & Seeley, P.C.
51 Russ Street
Hartford, CT 06106

Joseph D. Garrison, Esq.
Alexandra K. Block, Esq.
Garrison Levin-Epstein Chimes
 & Richardson
405 Orange Street
New Haven, CT 06511

 

                                                     Ralph W. Johnson, III

1123452_1 DOC