FILED

2008 FEB 21  P 4: 10

U.S. ... RT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | |
| Plaintiff, | : | |
| V, | : | Civil No. 3:02CV1514 (EBB) |
| MELVIN WEARING | : | |
| Defendant. | : | February 21, 2008 |

## MOTION TO STRIKE DEFENDANT'S EXHIBIT

The plaintiff, Officer Arpad Tolnay, hereby moves this court to strike from the record defendant's "Exhibit A" appended to his "Reply Memorandum Of Law In Support Of His Motion For A Stay Of The Enforcement And Execution Of The Judgment Pending Appeal And For Immediate Stay Pending A Ruling On The Instant Motion".

The exhibit in dispute is a purported letter dated January 9, 2008 from one Michael J. DeLonay directed to Attorney Hubert J. Santos. The two-page document purports to be an advisement from "Swiss Re" insurance company and it sets forth but self-serving statements regarding the full extent of municipal insurance available to Wearing.

The attachment of this new evidence is entirely improper. First, while local rules permit Wearing to file a brief reply to Tolnay's opposition to his motion, his counsel do not have the right to attach new documents, exhibits and other evidence.

1

Second, this exhibit is not authenticated, appears to have been generated only recently for purposes of influencing this court's decision with respect to the requested appeal bond and misleads by omission more than anything else. For example, the purported letter, which reads like a self-serving "position statement", is from a carrier whose conduct is responsible for this judgment since it refused, on multiple occasions, to settle the case within the policy and coverage limits and made that decision along with its Halloran &Sage-appointed counsel *without the knowledge or involvement of their insured and client, Wearing.* The reason, Tolnay has maintained throughout, is because Wearing was fully indemnified by the city for the entire outcome, above and beyond the portion covered by insurance, and then, for strategic reasons only, temporarily "un-indemnified" in an effort to influence the court's ruling in respect to remittitur, (and by extension the Second Circuit on appeal), frustrate the plaintiff and at once manage the political discomfort associated with an embarrassing verdict for city officials. After a full hearing upon which this court is now poised to adjudge the credibility of the sworn witnesses on these issue, Wearing has improperly submitted an unauthenticated, self-serving hearsay statement, which is not even permitted by the local rule applicable to reply memoranda.

Third, the evidence constitutes inadmissible hearsay as it is unquestionably an out-of-court statement by a non-party being introduced through the back door as an appended exhibit. This is entirely improper.

Finally, as this court is well aware, having been caused to devote a great deal of time to it,

extensive evidentiary hearings were held regarding defendant's questionable suggestion that he is definitely without third party sources of payment to satisfy the judgment in this case. Numerous witnesses were called to the stand, properly placed under oath and examined by counsel for both sides.

Whoever wrote this letter did not appear at the hearing nor did any representative of the City of New Haven's insurance carriers appear at the hearings. There has been no cross-examination or contest with respect to the self-serving statements made in this exhibit.

Obviously, defense counsel attached the letter for a reason – they expect this court to read it and credit its contents as fact, despite its hearsay character and its improper introduction post-hearing.

For all of the above reasons, the plaintiff respectfully requests the court to strike the exhibit from the record. In the alternative, counsel requests the court to reopen the evidentiary hearing for the purpose of examination of the author of the document and discovery of any and all other communications between the company he purportedly represents and any party or counsel in this case.

Respectfully submitted:

ARPAD TOLNAY

BY _____
Karen Lee Torre
Fed. Bar No. 01707
129 Church St., Suite 405
New Haven, CT 06150
Tel.203-865-5541
FAX:(203) 865-4844
His Attorney

**CERTIFICATION**

I hereby certify that a copy of the foregoing was sent by regular U.S. Mail on this 21st day of February, 2008, to:

Robert A. Rhodes, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

Ralph W. Johnson, ,III, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum St.
Hartford, CT 06103

Norman A. Pattis, Esq.
649 Amity Road
Bethany, CT 06524

Hubert J. Santos, Esq.
Santos & Seeley, P.C.
51 Russ St.
Hartford, CT 06106

Sandra L. Snaden, Esq.
Santos & Seeley, P.C.
51 Russ St.
Hartford, CT 06106

_____
KAREN LEE TORRE