UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARPAD TOLNAY | : |
| | : |
| Plaintiff, | : |
| | :    Civil No.   3:02CV1514 (EBB) |
| V. | : |
| | : |
| MELVIN WEARING | : |
| | :    MARCH 31, 2008 |
| Defendant. | |

**PLAINTIFF'S RESPONSE TO SUPPLEMENT TO DEFENDANT'S MOTION
FOR STAY OF ENFORCEMENT AND EXECUTION OF THE JUDGMENT
PENDING APPEAL AND FOR IMMEDIATE STAY PENDING NEW RULING
ON THE INSTANT MOTION**

On March 10, 2008, counsel for the defendant Wearing submitted to this Court a "supplement" to his pending motion seeking a stay of enforcement and execution of the judgment. [1]  Defense counsel's "supplement" was a accompanied by another affidavit from Melvin Wearing in which he discloses his ownership of a tract of land in South Carolina, a real property interest which he did not disclose either in his first affidavit attesting to his assets or in his testimony before this court during the bond hearings.

Lest Wearing or his counsel mislead this court into assuming that they filed this supplement on their own initiative, plaintiff wishes to advise the court, and to have the record properly reflect, that Mr. Wearing submitted his most recent affidavit only after

---

[1] As this court is aware, defendant's motion provoked extensive proceedings before this court as well as extensive briefing by counsel. The parties await this court's ruling on the matter.

plaintiff's counsel discovered that Wearing owned this property and sent a letter to Wearing's counsel demanding an explanation and further inquiry.

Plaintiff's counsel engaged the services of counsel in South Carolina to register this court's judgment in that state pursuant to this court's earlier ruling authorizing such registration.   In February, 2008, plaintiff's counsel was advised by South Carolina counsel that a property search indicated that Mr. Wearing appeared to have additional real estate assets and the location of the property was inconsistent with Mr. Wearing's attestations and his affidavits and on the witness stand.

Upon hearing of this, the undersigned counsel sent a letter to Attorney Robert Rhodes of Halloran & Sage and requested an explanation. A true copy of that letter of February 20, 2008, is attached hereto as Exhibit 1.

It was only after the undersigned sent this letter did Wearing and his counsel file a supplement and an amended affidavit. In his March 10, 2008, supplement, Wearing's counsel chose to omit any reference to the circumstances in which this new disclosure was taken place. By this response, plaintiff's counsel wishes to correct any false impression that Wearing or his counsel were acting on their own initiative.  During the bond hearings, Wearing was pointedly questioned regarding the content of his affidavit and the extent of his out-of-state property and interests. Mr. Wearing swore that he owned no other property other than the vacation home to which he referred.

2

Since the credibility of Mr. Wearing and other city officials is a factor in the

disputed issues regarding the necessity of bond, plaintiff wished to set the record straight.

———

RESPECTFULLY SUBMITTED,

THE PLAINTIFF, ARPAD TOLNAY

BY:_____

    KAREN LEE TORRE
    Fed. Bar No. ct01707
    Law Offices of Karen Lee Torre
    129 Church St. Suite 405
    New Haven, Connecticut 06510
    Tel. (203) 865-5541
    Fax: (203) 865-4844

His Attorney

<u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing was mailed, this 31st day of March, 2008,
to:

Robert A. Rhodes, Esq.
Ralph W. Johnson, III, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

Hubert J. Santos, Esq.
Santos & Seeley, P.C.
51 Russ Street
Hartford, CT 06106

_____
KAREN LEE TORRE

3