IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2008 JUN 24  P 2: 35
DISTRICT COURT
NEW HAVEN, CT

| | |
|---|---|
| ARPAD TOLNAY<br>    Plaintiff | : CIVIL ACTION NO.<br>: 3:02-CV-1514 (EBB)<br>: |
| V. | : |
| MELVIN WEARING<br>    Defendant | :<br>: JUNE 24, 2008 |

## DEFENDANT'S REQUEST FOR ORDER/RULING OR CLARIFICATION

On June 20, 2008, the Court held a forty-five (45) minute telephonic, status conference in this case. (Docket Entry No. 316) That conference was not memorialized by a court reporter or court monitor.

At the outset of the conference, the plaintiff's attorney advised the Court that she intended to begin immediately executing against the defendant, Melvin Wearing's personal assets, including his wages. Plaintiff's counsel also indicated that she would place any monies seized either in an interest bearing trust account or in an account held by the Clerk's Office.

In response to the plaintiff's attorney's statements, the Court did not prohibit the plaintiff's attorney from proceeding with the execution on or enforcement of the amended judgment. The Court also did not prohibit the plaintiff's attorney from proceeding with the execution on or enforcement of the amended judgment, despite Mr. Wearing's personal attorney's three requests that there be a two week "moratorium" on the execution/enforcement. To the contrary, during the conference, the Court granted the plaintiff's attorney the relief she requested in connection with the execution/enforcement. Moreover, the Court will be monitoring Mr. Wearing's deposition, which is to be held in the conference room adjacent to the Court's chambers on June 25, 2008, beginning at 10:00 a.m.

As discussed in the status conference, the plaintiff maintains that the purpose of the deposition is for Mr. Wearing to orally disclose the details of his personal assets. That information will be used by the plaintiff's attorney to execute against Mr. Wearing's personal assets. The Court indicated that it was willing to consider entering a protective order limiting the disclosure of Mr. Wearing's financial information exclusively to individuals who would be carrying out the execution/enforcement of the amended judgment and presumably prohibiting such individuals from making any further disclosure of the information. The plaintiff's attorney had no objection to the request for a protective order.

During the June 20 conference, the Court indicated that it had seen Mr. Wearing's renewed motion for a stay of execution of the amended judgment pending appeal/motion for reconsideration filed on June 6, 2008. (Docket Entry No. 313) In particular, the Court referenced the letters attached as exhibits to the memorandum of law in support of the motion.

Consequently, given the results of the June 20 conference, it is Mr. Wearing's understanding that his June 6 renewed motion for a stay/motion for reconsideration has been denied by the Court. If this understanding is correct, it is respectfully submitted that the Court should enter an order/ruling on Mr. Wearing's June 6 motion on its docket before the June 25 deposition. It is also respectfully submitted that, in light of the plaintiff's attorney's representations regarding depositing monies into a trust account or Clerk's Office account, the Court's order/ruling should require such depositing.

If Mr. Wearing's understanding is incorrect, it is requested that the Court clarify the situation for the parties prior to Mr. Wearing's deposition on June 25.

The plaintiff's attorney has advised the Court that she will be executing on the amended judgment immediately. On June 25, Mr. Wearing will be deposed in the Court's conference

room. Indeed, the Court may personally witness Mr. Wearing identifying the details of his personal assets so that the plaintiff's attorney may execute against them. Moreover, the Court has indicated that it will be unavailable the week of June 30, as it will not be in Chambers.

Thus, the logical conclusion is that as a result of the information received by the Court at the June 20 status conference and the Court's actions/rulings during the conference, the Court has denied Mr. Wearing's June 6 motion and will not stay the execution/enforcement of the amended judgment pending the resolution of the appeals before the Second Circuit. If that understanding is correct, an order/ruling on the June 6 motion should be entered on the Court's docket before Mr. Wearing's June 25 deposition. If the understanding is incorrect, it is respectfully submitted that the Court needs to clarify the situation before the June 25 deposition.

WHEREFORE, Mr. Wearing requests that the Court grant his request in the manner set forth above.

        Respectfully submitted,

        **DEFENDANT**
        **MELVIN WEARING**

By: _/s/ Ralph W. Johnson III_
        Robert A. Rhodes, Esq.
        CT Fed. Bar No. 13583
        **HALLORAN & SAGE LLP**
        315 Post Road West
        Westport, CT 06880
        Tel:    (203) 227-2855
        Fax:   (203) 227-6992
        E-Mail:  rhodes@halloran-sage.com

        and

        Ralph W. Johnson III, Esq.
        CT Fed. Bar No. 15277
        **HALLORAN & SAGE LLP**
        One Goodwin Square
        225 Asylum Street
        Hartford, CT 06103
        Tel:    (860) 522-6103
        Fax:   (860) 548-0006
        E-Mail:  johnsonr@halloran-sage.com

        His Attorneys

## CERTIFICATION

This is to certify that on this 24th day of June, 2008, a copy of the foregoing was caused to be mailed via U.S. Mail to:

Karen Lee Torre, Esq.
Norman A. Pattis, Esq.
Law Offices of Norman A. Pattis
129 Church Street, 4th Floor
New Haven, CT 06510

Hugh F. Keefe, Esq.
Lynch, Traub, Keefe and Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Hubert J. Santos, Esq.
Sandra L. Snaden, Esq.
Santos & Seeley, P.C.
51 Russ Street
Hartford, CT 06106

Joseph D. Garrison, Esq.
Alexandra K. Block, Esq.
Garrison Levin-Epstein Chimes
 & Richardson
405 Orange Street
New Haven, CT 06511

The Honorable Ellen B. Burns
United States District Court
 for the District of Connecticut
141 Church Street
New Haven, CT 06510
*(Courtesy Copy, Via Hand Delivery)*

Ralph W. Johnson, III

1198196_1.DOC