UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 3:02CV1514 (EBB) |
| | : | |
| MELVIN WEARING | : | |
| Defendant | : | JUNE 25, 2008 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA DUCES TECUM AND MOTION FOR PROTECTIVE ORDER

Non-party respondent, New Haven Corporation Counsel, John R. Ward ("Attorney Ward"), files the instant Memorandum in Support of his Motion to Quash and for Protective Order, pursuant to Fed.R.Civ.P. 26(c) and Fed.R.Civ. P. 45.

### I. FACTUAL BACKGROUND:

The Plaintiff, Arpad Tolnay ("Tolnay"), filed this action against the sole Defendant former Chief of New Haven Police, Melvin Wearing ("Wearing"), with the Court on August 29, 2002, and this case was tried before a jury in December 2005. (Civil Docket, # 1, 54)  On December 14, 2005, the jury rendered a verdict in favor of Tolnay for $5,150,903.84.  (Civil Docket, # 71)  On December 28, 2005, defense counsel filed, *inter alia*, a Motion for Remititur.  (Civil Docket, # 74)   On February 14, 2006, Tolnay's counsel filed a Motion for Bond and to Secure Judgment, and hearings were held before this Court in spring 2006 regarding Mr. Wearing's ability to post bond, which included testimony from former Corporation Counsel, Tom W. Ude, and former Assistant Corporation Counsel Jonathan Beamon regarding the City of New Haven's (hereinafter referred to as "City") position on indemnification. (March 28, 2006 Hearing

1
{W1610365}

Tr. at pp. 135-139, 144, 155, 158, 167, 178, 180, 254-255, attached as Exhibit B)  On October 24, 2007, defense counsel filed a Motion for Stay of Enforcement and Execution of the Judgment Pending Appeal.  (Civil Docket, # 278)  On January 23, 2008, this Court reduced the verdict, and entered an amended judgment in favor of Tolnay in the amount of $1,500,903.84 and $520,370.48 in fees and costs.  (Civil Docket, # 295)  On February 20, 2008, defense counsel filed a Notice and Amended Notice of Appeal. (Civil Docket, # 297-299).

On April 3, 2008, this Court granted in part denied Mr. Wearing's Motion for Stay of Enforcement and Execution of Judgment.  (Civil Docket, # 307).  In light of the Court's decision, Mr. Wearing's counsel requested the City of New Haven to post bond on his client's behalf.  (Attorney Santos letter, April 7, 2008, attached as Exhibit C)  On April 30, 2008, Attorney Rhodes, who also represents Mr. Wearing, requested in writing the City of New Haven's position regarding posting of the bond on behalf of Mr. Wearing.  (Attorney Rhodes letter, April 30, 2008, attached as Exhibit D).  On May 28, 2008, Attorney Ward notified Attorney Santos that the City was not able to comply with counsels' request to post bond.  (Attorney Ward letter, May 28, 2008, attached as Exhibit E).

On June 6, 2008, Attorney Rhodes filed a Renewed Motion for Stay, citing in part the City's unequivocal position regarding indemnification of Melvin Wearing.  (Civil Docket, # 313)  On June 23, 2008, at approximately 10 a.m., Attorney Ward was served with the deposition subpoena.  On June 23, 2008, shortly after Attorney Ward was served, the undersigned spoke with Attorney Torre and inquired about the purpose of the

deposition, and Attorney Torre stated that defense counsel's filing of a second motion to stay execution of judgment is the reason she intends to depose Attorney Ward about the City's indemnity decision. The undersigned indicated that a Motion to Quash and Motion for Protective Order would be filed on various grounds, including the fact that former Corporation Counsel Attorney Ude has already testified that the City will not indemnify Mr. Wearing.[1]

## II.    LEGAL STANDARD

### A.    The Court Has Authority To Quash the Subpoena.

Under Rule 45 of the Federal Rules of Civil Procedure, a subpoena served upon a non-party witness shall be quashed or modified when it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. Proc. 45(c)(3)(A)(iii)-(iv). A similar provision limiting the scope of a discovery is also found in the Federal Rules of Civil Procedure regarding discovery. Fed. R. Civ. Proc. 26(b)(2); United States Environmental Protection Agency v. General Electric, 197 F.3d 592, 597 (2d Cir. 1999), *rehearing granted on other grounds*, 212 F.3d 689 (remanded on other grounds).

Rule 26(b)(1) sets forth the scope and limitations of permissible discovery. "Parties may obtain discovery regarding any matter not privileged that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if

---

[1] During the June 23, 2008 telephone conversation, the undersigned did not provide Attorney Torre with every reason for filing the motions, and indeed there is no rule that requires such. A good faith effort to discuss the subpoena issue with Attorney Torre deteriorated quickly. During the conversation, the undersigned stated that Attorney Ward would not be produced since the instant motions would be filed with the Court on June 24, 2008. Since Plaintiff's counsel did not provide a "reasonable" period of time (seventy two hours) to respond to the Subpoena, the undersigned is filing the instant motions within forty-eight hours of receiving the Subpoena and the day before Attorney Ward is scheduled to be deposed.

3
{W1610365}

the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The court will quash a non-party subpoena where the discovery requests are "overly broad, immaterial to the plaintiff's claims, and not reasonably calculated to lead to the discovery of admissible evidence." Jackson v. AFSCME Local 196, 246 F.R.D. 410, 414 (D. Conn. 2007). "Rule 45 does not permit a party to use a subpoena to obtain information from non-parties that is unrelated to the action in which the rule 45 subpoena is issued." Azevedo v. Club Getaway, Inc., No. 3:06CV01222(CFD), 2007 WL 1732585, *2 (D. Conn. 2007).[2]

Moreover, "[t]he party seeking the discovery must make a prima facie showing, that the discovery sought is more than merely a fishing expedition." Id. A party is likewise not entitled to pursue a fishing expedition in hopes of finding heretofore unknown damaging evidence. Rapkin v. Rocque, 228 F. Supp. 2d 142, 156 (D. Conn. 2002) (stating that the court "will not tolerate discovery requests that are mere fishing expeditions"). It is within the Court's discretion to determine whether discovery should be limited based on the relevant facts and circumstances of a particular case. Gelb v. American Telegraph & Telephone Co., 813 F. Supp. 1022, 1034 (S.D.N.Y. 1993); see generally In re DG Acquisition Corp., 151 F.3d 75, 79 (2d Cir. 1998);

### III.    ARGUMENT

####    A.    Plaintiff's Counsel Does Not Have Any Authority to Command Attorney Ward's Deposition Attendance.

This case is currently on appeal before the United States Court of Appeals, and judgment was previously entered by the Court in January 2008. Thus, the general rules

---

[2] This case and all other unreported cases are attached as Exhibit F.

of discovery are not applicable here since there is no litigation pending before this Court. Assuming *arguendo* that Mr. Wearing's ability to post bond is currently at issue,[3] the City's decision not to indemnify Mr. Wearing is not relevant to that issue since the City cannot be ordered to post bond on Mr. Wearing's behalf. It is undisputed that the City does not have any legal obligation to indemnify Mr. Wearing, and counsel's attempt to depose Attorney Ward regarding the City's indemnification decision is not only unauthorized, but is also unnecessary, constitutes harassment, wastes parties' resources, wastes judicial resources, and seeks discovery of privileged communications. Moreover, counsel's attempt to depose Attorney Ward is nothing more than a mere fishing expedition since there is no legitimate reason for counsel to depose him.

Presumably, counsel will assert that the need to depose Attorney Ward is to elicit testimony she believes will bolster an alleged misrepresentation claim regarding the City's position that it will not indemnify Mr. Wearing.[4] That argument is wholly unsubstantiated and irrelevant. The City has now unequivocally taken the position that it cannot comply with Mr. Wearing's counsels' request to post bond on Mr. Wearing's behalf. Mr. Wearing's financial obligations are not those of the City's, and any reason that counsel can advance to support deposing Mr. Wearing again does not apply with equal weight to the City. For these reasons alone, the Court has sufficient reason to Quash the Subpoena and enter a Protective Order.

---

[3] Although the undersigned did not participate in the conference call with Judge Burns held on June 20, 2008, the undersigned has since learned that Attorney Torre seeks to execute on the judgment entered in favor of her client. Thus, Plaintiff's counsel has scheduled Mr. Wearing's deposition for June 25, 2008.

[4] That reason was offered by Plaintiff's co-counsel, Attorney Pattis, during the hearing that was held in March 2006. (3/28/06 Tr. at pp. 135-139) Counsel claimed that the City allegedly planned to indemnify Mr. Wearing after the Court reduced the verdict, as a motion for remititur was pending before the Court in March 2006.

5
{W1610365}

**B.    The Factors Advanced by the Second Circuit Regarding Deposing Attorneys Weigh Heavily In Favor of Attorney Ward, and This Court Should Grant Attorney Ward's Motion to Quash and Motion for Protective Order.**

The Second Circuit has recognized that depositions of opposing attorneys are generally disfavored. United States v. Yonkers Bd. Of Educ., 946 F.2d 180, 185 (2nd Cir. 1991). "Depositions of the attorney usually merely embroils the parties and the court in controversies over the attorney-client privilege and more important, involve forays into the area most protected by the work product doctrine-that involve an attorney's mental impressions or opinions." Stavola v. Northeast Utilities, et. al., 2006 WL 2850414 (D. Conn.2006).

The Second Circuit has established a four factor balancing test to determine whether the deposition of an attorney is appropriate. In re Subpoena Issued to Dennis Friedman, 350 F.3d 65 (2nd Cir. 2003). The factors to be considered are: (1) the need to depose the lawyer; (2) the extent of the lawyer's involvement in the current case before the court; (3) the likelihood that questions posed would seek information protected by the attorney-client privilege; and (4) the extent discovery has already been conducted on the issue upon which the attorney is to be questioned. Id. at 72. (*emphasis added*). The Dennis Friedman factors weigh heavily against allowing the deposition of Attorney Ward.

In this case, counsel for the Plaintiff is seeking non-discoverable privileged information that Attorney Ward has obtained from and/or communicated to City

6
{W1610365}

officials, and/or legal advice that he has received from counsel. A deposition is inappropriate where the questions posed would presumably call for the divulgence of privileged information. Nastasia v. New Fairfield Sch. Dist., 2006 WL 1699599, at * 3 (D.Conn. 2006) (applying Dennis Friedman factors, the court held that the deposition of the School district's attorney was inappropriate because the questioning would likely elicit information protected by the attorney-client privilege and attorney's deposition was unnecessary as it would lead to less relevant information than that already adduced); Stavola, 2006 WL 2850414, at * 2 (D.Conn.2006) (court upheld a protective order issued for the proposed deposition of an attorney where the court found that communications made in confidence for the purpose of seeking or giving legal advice); see also Gragg v. Int'l Mgmt. (UK) Group, Inc., 2007 WL 1074894 (N.D.N.Y.2007) (the court, in applying Dennis Friedman factors, found "outcome determinative" the fact that the proposed depositions would implicate privileged and/or attorney work product") (*emphasis added*). "[T]he attorney-client privilege protects both the confidential giving of professional advice by an attorney acting in the capacity of a legal advisor to those who can act on it as well as the giving of information to the lawyer to enable counsel to give sound and informed advice." PSD Counsuling, Inc. v. Frank Mercede & Sons, Inc., 267 Conn. 279, 329 (2004).

7

{W1610365}

1. **There is No Real Need for Plaintiff's Counsel to Depose Attorney Ward.**

Attorney Torre has absolutely no need to depose Attorney Ward. This is merely an attempt to continue to harass and annoy City officials and to cause unnecessary expenses to be incurred.[5] Whatever reasons the City has for refusing to indemnify Mr. Wearing in this action is not relevant to Mr. Wearing's ability to post bond. As previously asserted, the City is not legally obligated to indemnify Mr. Wearing. This factor weighs heavily in favor of the non-party respondent.

2. **Attorney Ward Has Been Actively Involved In This Matter For Several Months, and Questions Posed By Counsel Would Likely Seek Privileged Communications.**

Although Attorney Ward never represented Mr. Wearing, he has nevertheless been directly involved in the City's renewed discussions with Mr. Wearing's counsel regarding indemnification of their client. Forcing Attorney Ward to testify about the City's decision not to indemnify would not only implicate attorney-client privileged information with respect to this case, but also substantially prejudice the City with respect to the action soon to be pending in the New Haven Superior Court, Wearing v City of New Haven et al..[6] If the Court orders Attorney Ward to be deposed, his testimony will be used in the Wearing action, which will create substantial prejudice to the defendants in that action. These factors weigh heavily in favor of the non-party

---

[5] In the event that the Court denies this motion, Attorney Hugh Keefe, the City's outside counsel, will defend Attorney Ward's deposition. It is also assumed that Attorney Torre will seek additional attorney's fees and costs.

[6] On the afternoon of June 23, 2008, Attorney Ward was provided a courtesy copy of a summons and complaint that will be served on the City, Mayor DeStefano, Attorney Beamon and Attorney Ude within the next few days. The complaint alleges, *inter alia*, various claims of misrepresentation. (Attached as Exhibit G)

8
{W1610365}

respondent.

### 3. Plaintiff's Counsel Has Already Questioned Attorney Ude and Mr. Wearing's Trial Counsel Regarding Indemnification.

During hearings held in spring 2006, Plaintiff's counsel questioned both Attorneys Ude and Beamon regarding the City's position on indemnification. On March 28, 2006, Attorney Ude testified that the City is not legally authorized to pay punitive damages on behalf of Mr. Wearing.[7] (3/26/06 Tr. at pp.144, 155, 158). Attorney Ude also testified that *post verdict*, Attorney Rhodes made a recommendation to settle the case to the City's Litigation Settlement Committee ("LSC"), which ultimately has the authority to indemnify Mr. Wearing. (Id. at p. 167). The LSC flatly rejected Attorney Rhodes' recommendation. (Id.) Attorney Beamon also testified that the City determined that it would not indemnify Mr. Wearing after the verdict was rendered, and thus a conflict arose. (3/26/06 Tr. at pp. 254-255).

Plaintiff's counsel has already been provided an adequate opportunity to question two City attorneys about the City's decision not to indemnify Mr. Wearing. There are numerous pages of testimony that was given during the March 28, 2006 hearing that relate almost exclusively to indemnification. Furthermore, the LSC has already rejected a *post verdict* settlement offer to pay punitive damages on behalf of Mr. Wearing. The Committee's rejection of the settlement offer, in practical effect, was another indication that the City would not indemnify Mr. Wearing. Contrary to counsel's assertion, the City's position on indemnification of Mr. Wearing has long been established. Attorney

---

[7] Although Attorney Ude testified that he did not make a decision whether to indemnify Mr. Wearing, he relied on Connecticut statutory law regarding a municipality's lack of obligation to pay punitive damages. Moreover, City's outside counsel, Attorney Keefe, stated on the record on three separate occasions that the City was not paying punitive damages. (3/28/06 Tr. at pp. 139, 178, 180).

Ward's letter to Attorney Santos stating that the City would not post the bond and indemnify Mr. Wearing is consistent with the prior testimony that was provided by Attorneys Ude and Beamon. Thus, counsel has already sought and obtained testimony regarding indemnification. This factor also heavily weighs in favor of the non-party respondent.

Accordingly, under the standard set forth in <u>Dennis Friedman</u>, the deposition of Attorney Ward is inappropriate and the Court should Quash the Subpoena and enter a Protective Order to prevent such a deposition.

## IV. <u>CONCLUSION</u>

Based on the foregoing arguments, Attorney Ward respectfully requests that the Court grant the instant motions.

THE NON-PARTY RESPONDENT,
ATTORNEY JOHN R. WARD

/s/_____
Vikki Cooper
Deputy Corporation Counsel
City of New Haven
Office of Corporation Counsel
165 Church Street
New Haven, CT 06510
(203) 946-7963
Fax: (203) 946-7942
E-mail: vcooper@newhavenct.net
Fed. Bar #ct27470
His Attorney

**CERTIFICATE OF SERVICE**

      This is to certify that on this 25th day of June, 2008, a copy of the foregoing was caused to be mailed via U.S. Regular mail to:

Karen Lee Torre, Esq.
Norman Pattis, Esq.
Law Offices of Norman A. Pattis
129 Church Street, 4th Floor
Suite 405
New Haven, CT 06510

Hugh Keefe, Esq.
Lynch, Traub, Keefe and Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Hubert Santos, Esq.
Sandra L. Snaden, Esq.
Santos & Seeley, P.C.
51 Russ Street
Hartford, CT 06106

Joseph D. Garrison
Alexandra K. Block, Esq.
Garrison Levin-Epstein Chimes
& Richardson
405 Orange Street
New Haven, CT 06511

                                                        /s/_____
                                                        Vikki Cooper

11
{W1610365}