| | |
|---|---|
| EXEMPTION CLAIM FORM<br>FINANCIAL INSTITUTION EXECUTION<br>JD-CV-24A Rev. 4-06<br>C.G.S. 31-58(j), 52-321a, 52-350a, 52-352b,<br>52-361a, 52-367b, 29 U.S.C. 206(a)(1)      SEE INSTRUCTIONS ON BACK/PAGE 2 | STATE OF CONNECTICUT<br>SUPERIOR COURT<br>www.jud.ct.gov  |

**NAME AND ADDRESS OF JUDGMENT DEBTOR OR ATTORNEY**
*(To be completed by judgment creditor or attorney)*

TO:  MELVIN H. WEARING, SR.
     17 Kilborn Street
     West Haven, CT 06516

---

**SECTION I** *(To be completed by judgment creditor)*

☐ Judicial District   ☐ Housing Session   ☐ G.A. No. ____

NAME AND ADDRESS OF COURT: UNITED STATES DISTRICT COURT, DISTICT OF CT
141 Church Street, New Haven, CT 06510

| NAME OF CASE | NAME OF JUDGMENT DEBTOR | DOCKET NO. |
|---|---|---|
| ARPAD TOLNAY | MELVIN H. WEARING, SR. | 3:02 CV-01514 (EEB) |

**SECTION II** *(To be completed by financial institution - see instructions on back/page 2)*

NAME AND ADDRESS OF FINANCIAL INSTITUTION TO WHICH EXEMPTION CLAIM (IF ANY) IS TO BE RETURNED: Peoples United Bank 850 Main St RC 5-691 Bridgeport CT 06604

DATE OF MAILING TO JUDGMENT DEBTOR: _____

| DESCRIPTION OF ACCOUNT (Including account no.) | AMOUNT REMOVED PURSUANT TO EXECUTION | AMOUNT AND TYPE OF READILY IDENTIFIABLE EXEMPT FUNDS **NOT** REMOVED |
|---|---|---|
| checking | $11,944.00 | |

☐ Additional sheet(s) attached hereto and made a part hereof *(if necessary)*.

**SECTION III — NOTICE TO JUDGMENT DEBTOR**

As a result of a judgment entered against you, the attached execution has been issued against funds deposited by you in the financial institution named above. In compliance with this execution, the financial institution has removed the amount of money indicated above from the account(s) enumerated above.

**THE MONEY IN YOUR ACCOUNT(S) MAY BE EXEMPT FROM EXECUTION** - The money in your account(s) may be protected from execution by state statutes or by other laws or regulations of this state or of the United States. A checklist and a description of the most common exemptions established by law are set forth below.

**HOW TO CLAIM AN EXEMPTION ESTABLISHED BY LAW.** If you wish to claim that the money in your account(s) is exempt by law from execution, you must fill out and sign before a proper official the Affidavit of Claim of Exemption below and mail or deliver this exemption claim form to the financial institution at the above address. This form must be received by the financial institution no later than 15 days from the DATE OF MAILING TO THE JUDGMENT DEBTOR indicated above.

Upon receipt of this form the financial institution will forward it to the Superior Court and the court clerk will notify you and the judgment creditor of the date on which a hearing will be held by the court to determine the issues raised by your claim.

**SECTION IV — AFFIDAVIT OF CLAIM OF EXEMPTION ESTABLISHED BY LAW**

I, the judgment debtor named above, hereby claim and certify under the penalty of false statement that the money in the above account is exempt by law from execution as follows: ("X" all that apply to the funds contained in this account)

☐ Social Security benefits (§52-352b(g))
☐ Unemployment benefits (§52-352b(g))
☐ Worker's Compensation benefits (§52-352b(g))
☐ Veteran's benefits (§52-352b(g))
☐ Public Assistance payments (§52-352b(d))
☒ Wages* (§52-361a)
☐ Wages earned by a public assistance recipient under an incentive earnings or similar program (§52-352b(d))
☐ Court-ordered child support payments (§52-352b(h))
☐ Alimony and support other than child support* (§52-352b(n))
*See Note Regarding Exemption for Wages and Alimony on back/page 2.

☐ Private pension, trust, retirement, or medical savings account payments (§§52-321a, 52-352b(m))
☐ Health or disability insurance payments (§52-352b(e))
☒ An amount in the bank not to exceed $1000 (§52-352b(r))
☐ Other claim of exempt funds *(Explain basis for claim of exemption)*: _____

Amount claimed to be exempt if less than the entire amount: _____

| SIGNED X *[signature]* | DATE SIGNED 7-7-08 | TELEPHONE NO. (203) 9__-8739 |
|---|---|---|

COMPLETE MAILING ADDRESS OF JUDGMENT DEBTOR: 17 Kilborn St. WEST HAVEN Ct, 06516

| Subscribed and sworn to before me on: | DATE 7-7-08 | AT (Town) Westport | SIGNED *(Notary Public, Commissioner of Superior Court)* X *[signature]* |
|---|---|---|---|

Page 1 of 2

## INSTRUCTIONS TO FINANCIAL INSTITUTION UPON RECEIPT OF A FINANCIAL INSTITUTION EXECUTION WHEN JUDGMENT DEBTOR IS A NATURAL PERSON

1. If any funds are removed from the judgment debtor's account pursuant to subsection (c) of section 52-367b of the general statutes, complete section II of the Exemption Claim Form and send, forthwith, 2 copies of both this form and the Exemption Claim Form to the judgment debtor and to any secured party that is a party to a control agreement between you and such secured party under article 9 of title 42a of the general statutes, postage pre-paid, at the last known address of the judgment debtor and of any such secured party with respect to the affected accounts on the records of your institution.

2. Remove from the judgment debtor's account the amount of any debts due from you to the judgment debtor not exceeding the Total Amount Unpaid as appears on page 1 of this form plus interest and other court ordered postjudgment costs or fees and the serving officer's fee, before your midnight deadline, as defined in section 42a-4-104 of the general statutes. If electronic direct deposits that are readily identifiable as exempt federal veterans' benefits, social security benefits, including, but not limited to, retirement, survivors' and disability benefits, supplemental security income benefits or child support payments processed and received pursuant to Title IV-D of the Social Security Act were made to the judgment debtor's account during the thirty-day period preceding the date that the execution was served on you, you shall leave the lesser of the account balance or one thousand dollars in the judgment debtors' account; provided nothing in this subsection shall be construed to limit your right or obligation to remove such funds from the debtor's account if required by any other provision of law or by a court order. The judgment debtor shall have access to such funds left in the judgment debtor's account. You may notify the judgment creditor that funds have been left in the judgment debtor's account pursuant to this provision. Nothing herein shall alter the exempt status of funds which are exempt from execution under subsection (a) of section 52-367b of the general statutes or under any other provision of state or federal law, or the right of a judgment debtor to claim such exemption. Nothing herein shall be construed to affect any other rights or obligations of the financial institution with regard to the funds in the judgment debtor's account.

3. You must hold the amount removed from the judgment debtor's account pursuant to this execution for fifteen days from the date you mail the copies of this form and the Exemption Claim Form to the judgment debtor and any secured party. During such fifteen day period you must not pay the officer serving this execution.

4. If the judgment debtor returns the Exemption Claim Form or other written notice that an exemption is being claimed, and if any secured party delivers to you written notice of such secured party's claim of a prior perfected security interest in such deposit account, you must, within two business days of receipt of such notice, send a copy of such notice to the clerk of the court which issued the execution. You must continue to hold the amount removed from the judgment debtor's account for forty-five days or until a court order is received regarding disposition of the funds, whichever occurs earlier. If no order is received within forty-five days of the date you send a copy of the Exemption Claim Form or notice of exemption or a secured party claim notice to the clerk of the court, you must return the funds to the judgment debtor's account.

5. If you do not receive a claim of exemption or secured party claim notice within fifteen days of the mailing to the judgment debtor and any secured party of the execution and Exemption Claim Form you must, upon demand, forthwith pay the serving officer the amount removed from the judgment debtor's account.

6. if no exemption claim or secured party claim notice is filed or if the court orders you to pay the serving officer an amount removed from the judgment debtor's account not exceeding the amount due on the execution and you fail or refuse to do so, you shall be liable in an action therefor to the judgement creditor(s) named in the execution for the amount of nonexempt monies which you fail or refuse to pay over. If no exemption claim is filed or if the court orders you to pay the serving officer an amount removed from the judgment debtor's account not exceeding the amount due on the execution and you fail or refuse to do so, you shall be liable in an action therefor to the judgment creditor(s) name in the execution for the amount of nonexempt monies which you fail or refuse to pay over, excluding funds of up to one thousand dollars which you in good faith allowed the judgment debtor to access pursuant to subsection (c) of section 52-367b of the general statutes.

7. If you pay exempt monies from the account of the judgment debtor contrary to these instructions, or the provisions of section 52-367b of the general statutes, you shall be liable in an action therefor to the judgment debtor for any exempt monies so paid. If you pay exempt monies from the account of the judgment debtor contrary to these instructions, or the provisions of section 52-367b of the general statutes, you shall be liable in an action therefor to the judgment debtor for any exempt monies so paid and you shall refund or waive any charges of fees by you, including, but not limited to, dishonored check fees, overdraft fees or minimum balance service charges and legal process fees, which were assessed as a result of such payment of exempt monies.

## INSTRUCTIONS

### TO FINANCIAL INSTITUTION

1. Complete section II of this form and send 2 copies of this form and the financial institution execution form to the judgment debtor and to any secured party that is party to a control agreement between the financial institution and such secured party under article 9 of title 42a pursuant to section 52-367b of the General Statutes.

2. If this claim of exemption is returned completed, fill out section VI of this form and mail, within two business days, to the issuing clerk's office at the address of court indicated on the front side. See additional instructions on the financial institution execution form.

### TO CLERK

1. Attach this form to each financial institution execution issued in a civil or family matter against a judgment debtor that is a natural person.
2. Deliver the execution along with this form to the judgment creditor requesting the execution.
3. If judgment debtor completes and returns this form claiming an exemption, enter the appearance of the judgment debtor with address set forth on page 1.
4. Set matter down for short calendar hearing.
5. Complete section VII below.
6. Send file-stamped copy of this form to judgment debtor and judgment creditor.
7. After hearing, send copy of any order entered to the financial institution.

### NOTE REGARDING EXEMPTION FOR WAGES AND ALIMONY

*The amount of wages and alimony that may be subject to levy or other withholding for payment of a judgment is the lesser of (1) twenty-five per cent of the individual's disposable earnings for that week, or (2) the amount by which the individual's disposable earnings for that week exceed forty times the higher of (A) the federal minimum hourly wage under Section 6(a)(1) of the Fair Labor Standards Act of 1938, U.S.C. tit. 29, Section 206(a)(1), or (B), the state minimum hourly wage under subsection (j) of Section 31-58, in effect at the time the earnings are payable.*

*C.G.S. 52-350a(4) defines "disposable earnings" as that part of the earnings of an individual remaining after the deduction from those earnings of amounts required to be withheld for payment of federal income and employment taxes, normal retirement contributions, union dues and initiation fees, group life insurance premiums, health insurance premiums and federal tax levies.*

### SECTION V — PROPER OFFICER MUST COMPLETE THIS SECTION

| NAME AND TITLE OF PROPER OFFICER | DATE OF SERVICE ON FINANCIAL INSTITUTION | TELEPHONE NO. |
|---|---|---|
| | | |

### SECTION VI (To be completed by financial institution upon return of exemption claim form)

| DATE CLAIM RECEIVED | DATE MAILED TO COURT | NAME OF FINANCIAL INSTITUTION | TELEPHONE NO. |
|---|---|---|---|
| 07-10-08 | 07-10-08 | People's United BAnk | 203-338-3838, 4-2 |

### SECTION VII — NOTICE TO JUDGMENT DEBTOR AND JUDGMENT CREDITOR

**The assets in dispute are being held for (1) forty-five days from the date the exemption claim form was received by the financial institution designated on the front of this form or (2) until disposition is ordered by the court at a hearing to be held at short calendar on the date set forth below, whichever occurs earlier.**

| DATE OF HEARING | TIME OF HEARING | a.m. / p.m. | COURTROOM |
|---|---|---|---|
| | | | |

| SIGNED (Assistant Clerk) | DATE SIGNED |
|---|---|
| | |

### ORDER

The Court/Magistrate, having held a hearing to determine the issues raised by this claim, hereby orders that:

| BY THE COURT (Name of Judge/Family Support Magistrate/Magistrate) | | | |
|---|---|---|---|
| | ☐ Judge | ☐ FSM | ☐ Magistrate |
| SIGNED (Judge/Family Support Magistrate/Magistrate/Assistant Clerk) | DATE SIGNED | | |