IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARPAD TOLNAY | : | CIVIL ACTION NO. |
|     Plaintiff | : | 3:02-CV-1514 (EBB) |
| | : | |
| V. | : | |
| | : | |
| MELVIN WEARING | : | |
|     Defendant | : | July 15, 2008 |

**<u>DEFENDANT'S EMERGENCY MOTION FOR IMMEDIATE STAY OF EXECUTION AND ENFORCEMENT OF JUDGMENT AND TO VACATE ORDERS GRANTING APPLICATION FOR WAGE EXECUTION, APPLICATION FOR AND WRIT OF EXECUTION - FINANCIAL INSTITUTION AND APPLICATION FOR AND WRIT OF EXECUTION - PROPERTY</u>**

On or about June 26, 2008, the court granted the plaintiff's Application for Wage Execution and Application for a Writ of Execution to be served on Financial Institutions. The defendant now moves for the court to order an immediate stay of the execution and enforcement of the Amended Judgment because on July 2, 2008, the City of New Haven Litigation Settlement Committee approved a measure to post a supersedeas bond in the amount of the punitive damages plus accrued interest and the City's insurance carrier will post a supersedeas bond in the amount of compensatory damages and attorney's fees plus accrued interest.

The court should immediately stay the execution and enforcement of the Amended Judgment because the defendant's bank accounts have already been frozen and his family is without any way to pay their bills. The plaintiff has also obtained a writ of execution on the defendant's wages and a writ of execution on personal property. The defendant does not know if these writs have been served. Additionally, if execution is not immediately stayed, the marshal will incur fees which will be deducted from the seized assets. These fees are in the amount of 15% of the seized assets. The accrual of these fees is wholly unnecessary in light of the above-mentioned recent developments and would represent nothing more than the squandering of the

defendant's personal assets. Therefore, the defendant will be subjected to unnecessary and irreparable financial injury if execution and enforcement of the Amended Judgment is not immediately stayed. Entry of a temporary stay for three weeks until the bonds are approved and posted is reasonable under the circumstances.

The defendant does not and cannot control the processing of the bond application materials. This two to three week timetable is controlled by the bonding company, the City of New Haven and the insurance company. The plaintiff will not be harmed by this temporary stay as there is no evidence that the defendant has transferred any assets since the date of the judgment. However, the defendant would clearly be harmed if the executions continued while the bonds are being prepared.

Counsel for the defendant has twice contacted Attorney Torre and requested that she cease her ongoing collections efforts. These requests have been denied, making the present motion necessary.

The defendant also moves the court to vacate the writs of execution issued to date as they do not comply with Federal Rule of Civil Procedure 69, Connecticut General Statute 52-361(a) and Section 17-26 of the Connecticut Rules of Court because the defendant has not defaulted on an order of weekly payments.

Pursuant to Federal Rule 69, money judgments are enforced by a writ of execution which must accord with the procedure of the state where the court is located. Therefore, the Federal Rules of Civil Procedure have adopted the rules and statutes of the State of Connecticut. Pursuant to Connecticut General Statute Section 52-361a(a), a judgment creditor may only apply to the court for a wage execution if the judgment debtor has failed to comply with an installment payment order. Further, pursuant to Connecticut General Statute Section 52-361d(a), when judgment is rendered against a natural person, the judgment creditor may move for an order for

2

installment payments. Finally, Connecticut Rules of Court Section 17-26 entitled "Order for Weekly Payments", states that a judgment creditor may seek an order for weekly payments for a reasonable sum if the moving party is entitled to an order for payments in excess of a nominal amount.

In the present case, the plaintiff has never moved for an order of weekly payments and is not entitled to a wage execution until he has moved for an order for weekly payments, the court has granted the order, and the defendant has subsequently failed to comply with the order. This process allows a judgment creditor to make voluntary payments and avoid the additional expense associated with marshal's fees that are deducted from the garnished funds.

Further, while the statutes pertaining to bank executions and property executions do not expressly require that the judgment debtor fail to comply with weekly payments, the execution on bank assets would constitute a wage garnishment that would impair or completely eliminate the judgment debtor's ability to make voluntary weekly payments. Consequently, logic and equity dictate that a judgment debtor must fail to comply with a weekly payment order before a bank execution is issued.

In the present matter, the Amended Judgment is the subject of a pending appeal. The plaintiff, through his counsel, represented to the Court on June 20, 2008, that any assets of the defendant would be safely held in an interest bearing account, thus, avoiding any irreparable harm to the defendant. However, this representation was wrong. If the plaintiff is permitted to execute on wages and bank accounts, funds will be lost to the marshal in fees for services rendered. If the defendant is successful in his appeal, he would naturally seek reimbursement for these fees from the plaintiff in order to be made whole. Therefore, the executions should be vacated in order to comply with Connecticut law and avoid the unnecessary waste of funds associated with involuntary seizures of the defendant's personal assets.

Respectfully submitted,

**DEFENDANT
MELVIN WEARING**

By: _____
Robert A. Rhodes, Esq.
CT Fed. Bar No. 13583
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
Tel:   (203) 227-2855
Fax:   (203) 227-6992
E-Mail:  rhodes@halloran-sage.com
His Attorneys

4

## **CERTIFICATION**

This is to certify that on this 15th day of July, 2008, a copy of the foregoing was caused to be served via U.S. Mail to:

Karen Lee Torre, Esq.
Norman A. Pattis, Esq.
Law Offices of Norman A. Pattis
129 Church Street, 4th Floor
Suite 405
New Haven, CT 06510

Hugh F. Keefe, Esq.
Lynch, Traub, Keefe and Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Hubert J. Santos, Esq.
Sandra L. Snaden, Esq.
Santos & Seeley, P.C.
51 Russ Street
Hartford, CT 06106

Joseph D. Garrison, Esq.
Garrison Levin-Epstein Chimes
  Richardson
405 Orange Street
New Haven, CT 06511

_____
Robert A. Rhodes

1205928

1205928v1

5